FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALETA BUSSELMAN,<br><br>                Plaintiff,<br><br>     v.<br><br>BATTELLE MEMORIAL INSTITUTE, an Ohio nonprofit corporation,<br><br>                Defendant. | No. 4:18-cv-05109-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO MODIFY SCHEDULING ORDER** |

Before the Court is Defendant Battelle Memorial Institute's Motion for a Protective Order and to Modify the Scheduling Order, ECF No. 32, as corrected by ECF Nos. 35, 35-1. Plaintiff Aleta Busselman opposes three aspects of Defendant's motion. *See* ECF No. 41, as corrected by ECF Nos. 43, 43-1. Because oral argument is unnecessary, the Court decides Defendant's motion without it. *See* LCivR 7(i)(3)(B)(iii). Having reviewed the file in this matter, the Court finds good cause to grant Defendant partial relief.

The scope of discovery generally encompasses

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). But for good cause, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "A party asserting good cause bears the burden . . . of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy th[is] test." *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

If a protective order is warranted, the Court may forbid the discovery sought, limit its scope, or specify certain terms or methods governing it. Fed. R. Civ. P. 26(c)(1)(A)–(D). If a protective order is unwarranted, either in whole or in part, the Court may order, on just terms, that a party or person provide or permit the discovery sought. Fed. R. Civ. P. 26(c)(2).

**A.    Defendant's motion is moot as to Plaintiff's withdrawn discovery requests.**

Plaintiff has withdrawn interrogatories 3, 5, and 11, and requests for production 17, 19, and 25. ECF No. 43-1 at 12–13. Therefore, the Court denies as moot Defendant's motion concerning Plaintiff's withdrawn discovery requests.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO MODIFY SCHEDULING ORDER **-** 2

**B.  Defendant's motion is moot as to Plaintiff's request for production 2.**

Plaintiff has narrowed request for production 2 and Defendant has agreed to produce the designated personnel files. ECF No. 43-1 at 10; ECF No. 44 at 7. Therefore, the Court denies as moot Defendant's motion concerning Plaintiff's request for production 2.

**C.  Defendant's motion is moot as to Plaintiff's requests for production 5 and 30.**

The parties no longer dispute Plaintiff's requests for production 5 and 30 because Defendant has produced the requested emails. ECF No. 43-1 at 8; ECF No. 44 at 9. Therefore, the Court denies as moot Defendant's motion concerning Plaintiff's requests for production 5 and 30.

**D.  Defendant demonstrates good cause to limit Plaintiff's interrogatories 7, 8, and 9, and requests for production 22 and 23.**

Plaintiff asks Defendant to identify every employee who, in the past ten years, has "complained" about John LaFemina, Cindy Doyle, or Marty Conger. ECF No. 33-1 at 13–14. Plaintiff provides the following definition of "complained":

> "complained" . . . means for an employee to communicate to you or to a third party a concern about Battelle, which may include actions or inactions by Battelle which imply unfair, discriminatory, retaliatory, or harassing treatment by you against an employee. This includes both oral and written communications received by you, directly or indirectly (i.e., a communication from a government agency notifying you of a complaint).

*Id.* at 3.

For each employee who made such a complaint, Plaintiff asks Defendant to "[s]tate the nature of the alleged mistreatment;" "[s]tate the date(s) of the alleged mistreatment;" "[i]dentify all documents related to the alleged mistreatment;" "[i]dentify all documents that relate to [Defendant's] response to the alleged mistreatment;" "[s]tate whether any adverse action occurred after the person asserted mistreatment, and the date and nature of the adverse action." *Id.* Additionally, Plaintiff asks Defendant to "produce any and all documents related to [its] answer to the previous interrogatory." *Id.* at 13–15.

Defendant argues that Plaintiff's definition of "complained" is overbroad and unworkable. ECF No. 35-1 at 10–11. The Court agrees. This definition could capture even trivial concerns that employees expressed orally to remote third parties—information disproportionate to Plaintiff's needs and likely beyond Defendant's access in most instances. To the extent Defendant could compile this information, the burden and expense of doing so outweighs its likely benefit to Plaintiff. Therefore, the Court finds good cause to protect Defendant from undue burden and expense by limiting Plaintiff's definition of "complained."

But the Court also agrees with Plaintiff that Defendant's proposed limitation is underinclusive, failing to account for any oral complaints management knew about but did not document. *See* ECF No. 43-1 at 12. To strike a proper balance, the Court narrows the definition as follows:

An employee has "complained" if, in the past ten years,

    (a) the employee disclosed actions or inactions by John LaFemina, Cindy Doyle, or Marty Conger that imply unfair, discriminatory, retaliatory, or harassing treatment against any employee; and

    (b) the employee communicated the disclosure in any manner to either

        (1) a government agency, or

        (2) a department of Battelle Memorial Institute or the Pacific Northwest National Laboratory responsible for receiving and responding to employee complaints or concerns (e.g., Human Resources, Labor Relations, Employee Concerns, Diversity and Inclusion, or Equal Employment Opportunity).

    (c) This definition is subject to the following limitations:

        (1) if the communication was written or memorialized in writing, this definition excludes any writing outside Defendant's possession, custody, or control; and

        (2) if the communication was oral and not memorialized in writing, this definition excludes any statement outside the knowledge of the people listed in Defendant's response to Plaintiff's interrogatory 1.

Accordingly, the Court grants Defendant's motion for a protective order regarding Plaintiff's interrogatories 7, 8, and 9, and requests for production 22 and 23.

**E.    Defendant demonstrates good cause to limit Plaintiff's request for production 20**

Plaintiff asks Defendant to produce all documents related to the thirty-seven

issues management identified that were categorized as medium- or high-level significance from 2014 to 2016. ECF No. 33-1 at 12. Specifically, Plaintiff asks Defendant to "produce the causal report for each issue, the various drafts of each causal report, and correspondence related to the drafting of each causal report." *Id.*

Defendant argues Plaintiff's discovery request "is overbroad, disproportionate, and unduly burdensome." ECF No. 35-1 at 12. To comply with it, Defendant "will have to gather, process, review, and produce dozens of voluminous draft reports and, presumably, thousands or tens of thousands of related emails." *Id.* As a compromise, Defendant proposes limiting Plaintiff's discovery request to evidence regarding the eighteen issues with which she was substantively involved. *Id.* Plaintiff rejects this limitation, arguing evidence regarding the remaining nineteen issues "may show management interference or the absence of interference, which is evidence critical to Plaintiff's retaliation claim." ECF No. 43-1 at 13.

The Court agrees with Defendant that the burden and expense of producing evidence regarding all thirty-seven issues outweighs its likely benefit to Plaintiff. Therefore, the Court finds good cause to protect Defendant from undue burden and expense by limiting Plaintiff's discovery request to evidence regarding the eighteen issues with which she was substantively involved.

Accordingly, the Court grants Defendant's motion for a protective order regarding Plaintiff's request for production 20.

**F.     Defendant demonstrates good cause to modify the Scheduling Order.**

The Court may modify a case schedule for good cause. Fed. R. Civ. P. 16(b)(4). This standard primarily considers the diligence of the party seeking to amend a case schedule. *See DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017). Thus, the Court may modify a case schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Defendant asks for a sixty-day extension of all remaining deadlines, arguing "it cannot reasonably be expected to comply with Plaintiff's expansive discovery requests by April 19, 2019" and also "will not be able to complete its noted depositions before the discovery cutoff because of Plaintiff's counsel's scheduling conflict." ECF No. 44 at 13. Plaintiff argues Defendant should not receive an extension of time because it has failed to act diligently and "instead has employed a strategy of foot-dragging." ECF No. 43-1 at 6. The Court finds the record does not support this accusation.

Thus, based on Defendant's representations, the Court finds good cause to extend all remaining deadlines by sixty days. And, because this extension of time cannot be accomplished without continuing the pretrial conference and trial, the Court resets them administratively considering its calendar.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO MODIFY SCHEDULING ORDER **-** 7

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for a Protective Order and to Modify the Scheduling Order, **ECF No. 32**, as corrected by ECF Nos. 35, 35-1, is **GRANTED IN PART** and **DENIED IN PART**.

    A. Defendant's motion is **GRANTED** as to Plaintiff's interrogatories 7, 8, and 9, and requests for production 20, 22, and 23. Defendant shall respond to these discovery requests, as limited by this Order, no later than **May 1, 2019**.

    B. Defendant's motion is **DENIED AS MOOT** as to Plaintiff's interrogatories 3, 5, and 11, and requests for production 2, 5, 17, 19, 25, and 30.

    C. Defendant's motion is **GRANTED** as to the Scheduling Order. An amended scheduling order will follow.

2. The motion hearing scheduled for April 11, 2019 is **STRICKEN**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of April 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO MODIFY SCHEDULING ORDER **-** 8