Mark N. Bartlett, WSBA No. 15672
Gillian Murphy, WSBA No. 37200
Arthur A. Simpson, WSBA No. 44479
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington  98104
Telephone:  206.622.3150
Facsimile:  206.757.7700

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

ALETA BUSSELMAN,

                     Plaintiff,

          v.

BATTELLE MEMORIAL
INSTITUTE, an Ohio nonprofit
corporation,

                     Defendant.

No. 4:18-cv-05109-SMJ

DEFENDANT'S REPLY
STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE

10/17/2019
With Oral Argument: 11:30 a.m.
Richland U.S. Courthouse &
Federal Building
825 Jadwin Avenue, Room 189
Richland, WA  99352

        For the Court's convenience, this submission includes a compilation of

both parties' respective statements of undisputed and disputed material facts,

which accounts for its length.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 1
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

## I.    BATTELLE'S REQUEST TO STRIKE INADMISSIBLE EVIDENCE

Pursuant to the Court's December 26, 2019 Scheduling Order, ECF No. 31 at 8:6-18, and LCR 56(c)(1), Battelle makes the following requests to strike inadmissible evidence from **(1)** Plaintiff's Statement of Disputed Material Facts, ECF No. 139-1, **(2)** the Declaration of Aleta Busselman, ECF No. 134, and **(3)** the two Declarations of Mark Rose, ECF Nos. 136, 137.

Battelle offers this detailed analysis in an effort to assist the Court with sorting through the voluminous materials Plaintiff submitted in opposition to Battelle's Motion for Summary Judgment.  Plaintiff's opposition materials total 1,330 pages, including Plaintiff's 63-page Declaration and 81 exhibits attached to the two Declarations of Mark Rose, one of her attorneys ("Rose Exhibits"), which total 949 pages.  Plaintiff's submissions are notably similar to summary judgment opposition materials Plaintiff's counsel previously filed in two related cases before Judge Thomas Zilly.  *See Davis v. City of Seattle*, 2008 WL 202708, at *1 (W.D. Wash. Jan. 22, 2008), *aff'd*, 343 Fed. Appx. 230 (9th Cir. 2009) ("plaintiff's declaration alone is 81 pages long with 900 pages of exhibits"); *Richards v. City of Seattle*, 2008 WL 2570668, at *1 (W.D. Wash. June 26, 2008), *aff'd*, 342 Fed. Appx. 289 (9th Cir. 2009) ("[P]laintiff's counsel has confusingly filed three declarations of his own, containing a total of 1,622 pages of exhibits").  As in those cases, Plaintiff cites to only a fraction of the materials she has submitted.  *Id.* at *1

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 2
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

("notwithstanding the yet again mountainous amount of materials, the majority of which plaintiff does not cite or justify including in the record . . . .").

As in *Davis* and *Richards*, Plaintiff's materials are also rife with evidentiary issues that "generally fall within one of [three] categories: (i) evidence lacking proper foundation or authentication or otherwise specifically barred; (ii) plaintiff's summaries or interpretations of documents or deposition testimony . . . and [(iii)]) hearsay for which plaintiff has failed to meet her burden of establishing an applicable exception." *Davis*, 2008 WL 202708, at *11; *accord Richards*, 2008 WL 2570668, at *1 ("plaintiff relies primarily upon inadmissible hearsay, innuendo, and shear speculation"). As such, both cases provide an instructive roadmap for parsing the admissibility of Plaintiff's voluminous submissions.

**A.    The Rose Declarations Fail to Authenticate 68 Exhibits.**

**Request to Strike 1:** The two Rose Declarations purport to authenticate 84 Exhibits, although three are "omitted" (*i.e.*, 26, 32, 78).  ECF Nos. 136, 137. Of the remaining 81, Battelle acknowledges that the 13 documents Battelle has already authenticated through witness deposition excerpts are authenticated as to all parties (*i.e.*, Rose Exhibits 2, 3, 5, 7, 13, 25, 54, 58, 59, 68, 71, 77, and 84).  *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 776, 777 (9th Cir. 2002) ("[W]hen a document has been authenticated by a party, the requirement of authenticity is satisfied as to that document with regards to all parties").

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 3
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

However, the other 68 should be stricken because the Rose Declarations fails to authenticate them. Fed. R. Evid. 901(a)(1); *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment. We hold that ***such documents may not be relied upon to defeat a motion for summary judgment***.) (citations omitted) (emphasis added).

Plaintiff does not attach to her Declaration any documents for authentication, instead relying solely upon her attorney to authenticate documentary evidence. However, "Declarations by attorneys are sufficient only if the facts stated are matters of which the attorney has knowledge, such as matters occurring during the course of the lawsuit, such as authenticity of a deposition transcript." *Clark v. Cty. of Tulare*, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010). Battelle does not dispute that "documents produced by a party in discovery [are] deemed authentic when offered by the party-opponent." *Orr*, 285 F.3d at 777. Of the 68 unauthenticated Rose Exhibits, 13 ostensibly fall within this category (*i.e.*, 8, 9, 10, 11, 12, 18, 19, 60, 62, 67, 74, 75, 83). However, even as to these 16 Exhibits, Mr. Rose fails to attest they are true and correct copies of the documents Battelle produced in discovery, even though he makes that representation as to deposition transcript excerpts attached to his Declarations. *See Carter v. Boeing Co.*, 2016 WL 4595164, at

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 4
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*2 (W.D. Wash. Sept. 2, 2016) ("With respect to one group of documents,
Plaintiff fails to even state they are true and correct.  Accordingly, the Court
declines to consider any of the Exhibits attached to [the] Declaration");
*Sherwin-williams Co. v. Performance Auto Body, Inc.*, 2014 WL 12558844, at
*2 (C.D. Cal. Jan. 29, 2014) (same).

As Plaintiff's lawyer, Mr. Rose lacks the necessary personal knowledge
to authenticate the 44 unauthenticated Exhibits his Declarations identify only
as "document[t]s that Plaintiff Bates stamped" (*i.e.*, 1, 4, 14, 15, 16, 17, 33, 34,
35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56,
57, 61, 63, 64, 65, 66, 69, 70, 72, 73, 76, 79, 80, 81, 82).  Mr. Rose cannot
authenticate them solely by virtue of being Plaintiff's counsel.  *Kische USA
LLC v. Simsek*, 2017 WL 3895545, at *3 (W.D. Wash. Sept. 6, 2017)
("although [plaintiff's counsel] can attest that the emails exist, he is not
competent to testify that the exhibits are true and correct copies of the
emails").  Mr. Rose also fails to attest they are true and correct copies of the
originals.  Mr. Rose's Declarations similarly fail to authenticate 13 purported
DOE documents (*i.e.*, Exhibits 6, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 52, 65).
Mr. Rose does not purport to have personal knowledge of DOE materials
generally or these documents in particular, which he does not attest are true
and correct copies.  *E.g.*, *Byrd v. USAA Cas. Ins. Co.*, 2018 WL 8244612, at *4
(E.D. Wash. Nov. 7, 2018) (Mendoza, J.) ("Plaintiffs' counsel certainly lacks

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 5
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

personal knowledge and is not 'someone through whom the documents could be admitted at trial'").

It is settled law that Plaintiff's election to have Mr. Rose purport to authenticate these Exhibits despite his lack of personal knowledge forecloses alternative means of authentication under either Fed. R. Evid. 901 or 902. *E.g., Orr,* 285 F.3d at 777–78 ("Had Orr submitted the letter by attaching it to an exhibit list (rather than to [her attorney's] affidavit), the alternative means to authentication permitted by [Fed. R. Evid.] 901(b) and 902 would have to be considered"); *Logan v. City of Pullman*, 392 F. Supp. 2d 1246, 1251 (E.D. Wash. 2005) ("the Court cannot consider whether Exhibit E is self-authenticating under [Fed. R. Evid.] 902"); *Byrd*, 2018 WL 8244612, at *4 n.3 ("Because the documents were submitted along with counsel's declaration instead of attached to an exhibit list,' the alternative means to authentication permitted by [Fed. R. Evid.] 901(b) and 902' are not considered").  Therefore, Battelle respectfully requests that the Court strike as unauthenticated Rose Exhibits 1, 4 , 6, 8, 9, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 56, 57, 60, 61, 62, 63, 64, 65, 66, 67, 69, 70, 72, 73, 74, 75, 76, 79, 80, 81, 82, and 83.  Battelle also requests that the Court strike citations to and quotations from these Exhibits from Plaintiff's Statement of Disputed

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 6
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Material Facts, Plaintiff's Declaration, and Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment.  ECF Nos. 133, 134, 139-1.

**B.     Plaintiff's Declaration Is Rife With Inadmissible Testimony.[1]**

As in *Davis* and *Richards*, Plaintiff's Declaration "[is] replete with hearsay and double-hearsay, as well as speculative statements and assertions

_____

[1] Plaintiff's Declaration contains numerous quotations from and characterizations of the Rose Exhibits.  However, Plaintiff's effort to establish applicable hearsay exceptions for the Rose Exhibits is limited to her Declaration's assertion that, "[u]nless stated otherwise, the exhibits attached to Mark Rose's declaration are true and correct copies of documents made and kept in the usual course of business at Battelle/PNNL.  There are also public documents created for a public purpose, which is the work done by Battelle/PNNL as a contractor for DOE."  ECF No. 134 at 1:23-2:5.  Plaintiff does not purport to have reviewed the 81 Rose Exhibits.  Fed. R. Evid.602; *Blain Helicopters, Inc.*, 831 F.2d at 925 (9th Cir. 1987) ("documents must be authenticated by ***and attached to an affidavit*** that meets the requirements of [Fed. R. Civ. P.] 56(e)") (emphasis added); *see also Richards*, 2008 WL 2570668, at *1 ("plaintiff's declaration inappropriately attempts to provide the foundation for the missing documents").

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 7
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

lacking proper foundation." *Davis*, 2008 WL 202708, at *11; *accord Richards*, 2008 WL 2570668, at *1 ("plaintiff relies primarily upon inadmissible hearsay, innuendo, and shear speculation"). Battelle respectfully requests that the Court strike the below-underlined passages from Plaintiff's Declaration (which are identified by the corresponding paragraph) for the below-stated reasons. Battelle also requests that Plaintiff's citations to and quotations from these passages be stricken from Plaintiff's Statement of

_____

Further, Plaintiff fails to establish the foundation for the business-records hearsay exception. *Leach v. NCO Fin. Sys., Inc.*, 2015 WL 5675794, at *4 (W.D. Wash. Sept. 25, 2015) ("[the witness] does not testify that he is the custodian of the letters at issue or has any knowledge of [defendant's] record-keeping procedures such that he could be considered an otherwise 'qualified witness' under the business records exception . . ."); *accord Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1183 (9th Cir. 1988) ("These facts must be proved through the testimony of the custodian of the records or other qualified witness"). Moreover, Plaintiff's assertion that Battelle documents constitute "public documents" under Fed. R. Evid. 803(8) fails because "[r]ecords of private entities, even those that 'work closely with state agencies' are not covered by the exception." 30B Jeffrey Bellin, *Fed. Prac. & Proc. Evid.* § 6882 (2018 ed.) (citations omitted).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 8
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Undisputed Facts and Summary Judgment Response.  A copy of Plaintiff's

Declaration with proposed strikes is attached to the Supplemental Simpson

Declaration ("Sup. Simpson Dec.") as Exhibit CC.

4.      "***I was responsible for all occurrence reporting requirements <u>as</u>***

***<u>outlined in DOE Order 232.A and the External DOE O 227.1A Independent</u>***

***<u>Oversight Program</u>***."  ECF No. 134 at 3:15-18.

**Request to Strike 2:  *First***, Plaintiff's characterization of documents is not

evidence.  *Davis*, 2008 WL 202708, at *11 ("The Court . . . does not regard as

evidence plaintiff's quotations from documents or her characterizations of

deposition testimony.  The written materials and transcripts speak for

themselves.") (citing Fed. R. Evid. 1002).  ***Second***, Plaintiff's vague reference

to these documents is for the truth of the matters asserted; however, these

documents have not been authenticated and Plaintiff has not established an

applicable hearsay exception.  Fed. R. Evid. 801, 802, 901.  ***Third,*** Plaintiff

has not established a foundation supporting this conclusory assertion.  For

example, Plaintiff has not asserted that reviewing or interpreting DOE Orders

was part of her job responsibilities or that she has ever reviewed these

documents.  In fact, Plaintiff's Declaration describes her job duties in project

management, which have seemingly nothing to do with reviewing or

interpreting DOE Orders: "My past 20+ years, I performed in the capacity as a

'consultant' on applying project controls principles and methodologies and

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 9
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

putting reasonable processes in place that provided assurance that the project deliverables would be successfully delivered."  ECF No. 55:11-17.  *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602); *accord U.S. v. Whittemore*, 776 F.3d 1074, 1082 (9th Cir. 2015) ("Witnesses are not 'permitted to speculate, guess, or voice suspicions").  ***Fourth***, Plaintiff cannot offer a lay opinion on the legal interpretation of DOE Orders because "lay opinion . . . cannot be based on "scientific, technical, or other specialized knowledge."  *Lee v. City of Stockton, California*, 58 Fed. Appx. 297, 299 (9th Cir. 2003) (citing Fed. R. Evid. 701(c)).

7.      ***The Primary DOE Orders that required integrated Assessment and Issues Management implementations includes: DOE O 2261.B Contractor Assurance (H-27 contract clause), DOE 227.1A Independent Oversight Program, DOE O 414.1D Quality Assurance, DOE O 232.2A Occurrence Reporting and Processing of Operations Information, DOE O 413.1B Internal Control Program, Clause I-76 DEAR 970-5204-1 Laws, regulations, and DOE Directives, Clause 1-9 FAR 52-203-13 Contractor Code of Business ethics and conduct***."  ECF No. 134 at 5:5-14.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 10
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 3:**  *First*, Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).  *Second*, Plaintiff's vague reference to these documents is for the truth of the matters asserted, but these materials have not been authenticated and Plaintiff has not established an applicable hearsay exception.  Fed. R. Evid. 801, 802, 901.  **Third,** Plaintiff has not established she has personal knowledge regarding the requirements or applicability of any of these DOE documents, regulations, or other materials.  Plaintiff does not indicate she reviewed them or that her job responsibilities required her to review, interpret, or apply them.  Fed. R. Evid. 602.  If Plaintiff was familiar with these materials, she would presumably have been aware, for example, that "DOE O 2261.B" does not exist and that "DOE O 414.1.D, Quality Assurance" was a non-binding guidance document that was superseded on May 8, 2013.  (Sup. Simpson Dec. at ¶ 8, Ex. DD).  **Fourth**, Plaintiff cannot offer a lay opinion regarding the legal interpretation of these materials because "lay opinion . . . cannot be based on "scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701(c).

8.      "*Dr. LaFemina cancelled my scheduled appointment to become qualified several days after the report was sent through approvals.  Only after I complained to DOE Employee Concerns, did he reschedule the*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 11
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  *qualification board meeting to get me qualified as a Laboratory Cause*

2  *Analyst.*"  ECF No. 134 at 5:15-19.

3  **Request to Strike 4:**  Plaintiff does not provide any foundation for this

4  conclusory assertion.  For example, Plaintiff does not indicate Dr. LaFemina

5  communicated any such cancellation to Plaintiff, much less any purported

6  reasons for doing so.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

7  11.    "*When I began, I interviewed my direct reports and observed their*

8  *work.  I learned that there was reluctance to participate in controversial root*

9  *cause analysis activities because there was pressure from management to*

10  *change the results of the cause analysis team's final conclusions.  I learned*

11  *from my direct reports that there was reluctance to participate in*

12  *controversial root cause analysis activities because there was pressure from*

13  *management to change the results of the cause analysis team's final*

14  *conclusions.*"  ECF No. 134 at 6:18-7:2.

15  **Request to Strike 5:**  Plaintiff's vague assertions that unidentified "direct

16  reports" communicated to her that unidentified management figures had

17  allegedly exerted such pressure—and that there was resultant "reluctance"—

18  are being offered for the truth of the matters asserted.  Fed. R. Evid. 801.

19  However, Plaintiff has not and cannot establish an applicable hearsay

20  exception.  Fed. R. Evid. 802; *Carden v. Westinghouse Elec. Corp.*, 850 F.2d

21  996, 1002 (3d Cir. 1988) ("by failing to identify the unknown 'they', [plaintiff]

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 12
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

failed to meet the evidentiary requirements of both Fed. R. Evid. 801(d)(2)(D) and 805"); *accord Davis*, 2008 WL 202708, at *13 ("the statements at issue cannot be tested through the crucibles of deposition or cross-examination, and this type of unreliable proffer represents exactly what the Rules of Evidence were designed to exclude").

11.    "***I was aware that DOE's Enforcement Coordinator Handbook, under the heading 'General Principles,' states in relevant part, 'The Office of Enforcement generally expects a contractor conducting an investigation/causal analysis to ensure that … the personnel who conduct the investigation are sufficiently independent of involvement in the event and adequately trained and qualified.' See Rose Dec., Ex. 52. DOE's Enforcement Coordinator Handbook further states that '[a]n effective causal analysis is essential' and that 'contractors should … investigate whether organizational and management issues contributed to the failure.' Id. at 29***." ECF No. 134 at 7:2-13.

**Request to Strike 6:  *First*,** Plaintiff's recitation of the contents of documents is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). *Second*, Plaintiff seeks to use the quoted passages for the truth of the matters asserted; however, Plaintiff failed to authenticate this document (which is not attached to her Declaration) and has failed to establish any hearsay exception. Fed. R. Evid. 801, 802, 901.  ***Third***, Plaintiff appears to lack personal

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 13
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

knowledge of the contents of this handbook.  Plaintiff does not assert she has read it.  Fed. R. Evid. 602.  If Plaintiff had, she presumably would have known it is merely "a ready reference and source of guidance" as opposed to a set of binding requirements.  ECF No. 137-11 at 7.

11.    "***Issue owners and/or their management (unless they are part of the cause analysis team) are not qualified or trained to make substantive changes to the root or contributing causes of issues, but I learned that such changes were being ordered and supported by my management in varying circumstances prior to Mr. LaFemina's management change as the Director of LPPM.***"  ECF No. 134 at 7:14-20.

**Request to Strike 7:  *First,*** Plaintiff's conclusory and categorical assertion that every member of PNNL management lacks the qualifications or training "to make substantive changes to the root or contributing causes of issues" lacks foundation.  Plaintiff does provide any substantiation for this assertion; nor has Plaintiff submitted (or attempted to submit) into evidence any policy, rule, regulation, or order that supports it.  ***Second***, Plaintiff fails to provide any foundation for her assertion that she learned "such changes were being ordered and supported by management."  Plaintiff does not recount a single relevant experience regarding herself or any other identified person.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at **9, 11 ("Plaintiff offers absolutely no factual support for her contention").

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 14
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

11.    "***it was known by those conducting these analysis activities that such changes were prohibited to preserve the independent analysis of the qualified teams chartered to discover the root causes of the issue.***"  ECF No. 134 at 7:23-8:2.

**Request to Strike 8:**  Plaintiff does not provide any foundation to support this conclusory assertion.  Plaintiff does not assert that any individual ever communicated such an understanding to Plaintiff.  Instead, Plaintiff purports to testify about the knowledge of other, unidentified persons, which she cannot do.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

11.    "***As to SDMF 34, a formal HDI description has not been published on the use of reference or mandatory procedures.  The belief that it is mandatory is driven from a QA Order that means every step within the procedure is required to produce Reproducible results.***"  ECF No. 134 at 8:9-13.

**Request to Strike 9:**  ***First,*** Plaintiff does not provide any foundation for her conclusory assertion that "a formal HDI description has not been published."  Plaintiff does not assert that reviewing such documents is part of her job duties, or even that she searched for such a "description."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff's assertion regarding "beliefs" held by other persons is not based upon her own personal knowledge.  Fed. R. Evid. 602.  ***Third***, Plaintiff's characterization of the vaguely referenced

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 15
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

"QA Order" is not evidence and, in any event, that document is not attached to her Declaration and has not otherwise been authenticated. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901.

11. "***The IM-09 procedure had flexibility in some of its sections (i.e., determining the significance of an unwanted condition) and therefore could not be mandatory for the entire procedure. The fact is that in HDI in the Gather Facts and Determine Cause of Event or Unwanted Condition - it specifically says: Conduct the analysis per internal procedures and according to Laboratory requirements. If the HDI standards based management system says it, it is required to be followed. See HDI Create or Update Procedures and Other Work Instructions***." ECF No. 134 at 8:13-22.

**Request to Strike 10:** *First*, Plaintiff's argumentative assertions are not evidence. *See Moussouris v. Microsoft Corp.*, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018) ("Such argument goes beyond what is appropriate for a declaration") (citing Fed. R. Civ. P. 56(e)). *Second*, Plaintiff's characterization of IM-09 is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); *id.* at *1 ("To support her arguments, plaintiff has consistently relied upon . . . misinterpretations of written materials"). *Third*, Plaintiff has not attached to her Declaration the various documents she references for the truth of the matters asserted. In any event, they have not

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 16
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

been authenticated and Plaintiff has not established any hearsay exception

applies.  Fed. R. Evid. 801, 802, 901.

12.    "***In my position, I became aware that issue owners would not***

***necessarily propose or be amenable to meaningful corrective actions based***

***upon the cause analysis results . . . .***"  ECF No. 134 at 9:1-3.

**Request to Strike 11:**  Plaintiff does not provide any foundational facts for

this conclusory assertion.  Indeed, Plaintiff does not recount a single relevant

personal experience; nor does Plaintiff assert any other PNNL employees

recounted their own such experiences to Plaintiff.  Fed. R. Evid. 602; *Davis*,

2008 WL 202708, at *11.

13.    "***The Issue Team is not chartered to change root cause findings—only***

***qualified cause analysis personnel like Kathy Pryor can make such***

***changes***."  ECF No. 134 at 9:8-12.

**Request to Strike 12:  *First,*** Plaintiff does not provide any foundation to

support this conclusory assertion.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708,

at *11.  Plaintiff has neither referred to nor attached to her Declaration any

document from any source that reflects this supposed proscription.  ***Second***,

Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL

202708, at *11 (citing Fed. R. Evid. 1002).

14.    "***It was common knowledge that the Quality and Assurance Director***

***Bryan Mohler retired because upper management investigated and learned***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 17
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*that he had been changing the language of root cause analysis results and other subsequent deliverable results (i.e., corrective action plans, independent oversight results) associated with fixing Laboratory Level issues.*" ECF No. 134 at 9:18-24.

**AND**

46.    "*This was common knowledge among members of the AIM team.*" ECF No. 134 at 26:25.

**AND**

68.    "*Ms. Doyle's manager, Bryan Mohler, was removed from his position and replaced by Mr. LaFemina in 2015.*" ECF No. 134 at 38:23-24.

**Request to Strike 13:  *First*,** Plaintiff does not provide any foundation indicating she has personal knowledge as to either the reason Mr. Mohler retired or whether there was any such "investigation" or related misconduct. Plaintiff does not assert any person communicated to her about these topics or that she reviewed related documents.  ***Second*,** Plaintiff cannot testify as to what other people supposedly knew, and her purporting to do so is "shear speculation."  Fed. R. Evid. 602; *Richards*, 2008 WL 2570668, at *1.  ***Third***, Plaintiff's insinuation that Mr. Mohler was "removed" contradicts her prior assertion that Mr. Mohler "retired."  ECF No. 134 at 9:18-23.

16.    "*[I] was also formally assigned the official role of the PNNL Enforcement Coordinator as outlined in the Office of Enterprise*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 18
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*Assessments document dated April 2015, titled, 'Safety and Security Enforcement Coordinator Handbook.*'"  ECF No. 134 at 10:13-14.

**Request to Strike 14:**  *First*, Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

*Second*, Plaintiff refers to this handbook (which is not attached to her Declaration) for the truth of the matter asserted; however, Plaintiff failed to authenticate it and failed to establish any hearsay exception.  Fed. R. Evid. 801, 802, 901.  *Third*, Plaintiff seems to lack personal knowledge of the handbook, which states it is merely "a ready reference and source of guidance" as opposed to mandatory.  *See* ECF No. 137-11 at 7.  Fed. R. Evid. 602.

17.    "*Upon assuming my new duties in October 2015, I immediately began to formalize and implement policies and procedures to ensure that managers were held accountable for correcting issues.*"  ECF No. 134 at 10:17-20.

**Request to Strike 15:**  *First*, Plaintiff has not provided any foundation for her conclusory assertion that managers were not previously "held accountable for correcting issues."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

*Second*, this is a conclusory allegation from Plaintiff's Complaint.  *See* ECF No. 1 at 9:3-7.  However, "the object of [Fed. R. Civ. P. 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 19
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

18.      *In October 2015, I formalized the "Issue Team Charter," <u>which was a written procedure that brought in high-level managers and subject matter experts to oversee the quality and completeness of proposed corrective actions and effectiveness evaluation results.  The Issue Team's purpose was as follows:</u>*

> <u>*Issue Teams are the approving body for corrective action plans of medium significance or higher. Issue Teams provide balanced and broad-based knowledge to the review and approval of proposed corrective actions and then later they review and confirm the results of effectiveness evaluations prior to recommending issue closure.  These reviews verify that PNNL has effectively demonstrated appropriate action in response to significant issues and that acceptable and sustainable performance improvement has been achieved, resulting in reasonable assurance that recurrence of the unwanted condition is unlikely.*</u>

ECF No. 134 at 10:21-11:14.

**Request to Strike 16:  *First,*** Plaintiff's quotations from and characterization of documents is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).  ***Second***, Plaintiff cites to this document, which is not attached to her Declaration, for the truth of the matters asserted; however, this document has not been authenticated and Plaintiff has not established an applicable hearsay exception.  Fed. R. Evid. 801, 802, 901.

18.      "<u>*IM-09 does not stand alone.  It is a means to directly express to management established policies, procedures, regulations and contract terms that guide the Integrated Issue Management implementation requirements*</u>

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 20
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

_**(including cause analysis activities), which prohibits management**_ _**manipulation of cause analysis results.**_" ECF No. 134 at 12:2-8.

**Request to Strike 17:** _**First,**_ Plaintiff's characterization of documents is not evidence. _Davis_, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). _**Second**_, Plaintiff's assertion is inappropriately conclusory: Plaintiff fails to identify a single provision of IM-09 or any other "established policies, procedures, regulations [or] contract terms" that "prohibits management manipulation of cause analysis results" (notwithstanding that the undisputed facts demonstrate that is not what occurred). _Lujan_, 497 U.S. at 888; _Davis_, 2008 WL 202708, at *11; Fed. R. Evid. 602. _**Third**_, Plaintiff's insinuation that she drafted IM-09, and is therefore familiar with the drafter's intent, contradicts Plaintiff's deposition testimony:

> Q. Part of this, when you talk about the policies, you had drafted a policy, correct?
>
> A. So the policy that I had was a -- I mean, it was drafted before I got there. And so I finalized it in every -- I think every year I reviewed it and updated it, yes, according to how we do business at the lab.

ECF No. 85-31 pg. 71:01-08.

> Q. This is the March 1st, 2017 version of your process; this is the procedure that you set up, correct?
>
> A. That I helped improve, yes. I didn't create it.

ECF No. 85-31 pg. 72:07-11.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 21
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

*Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony"); Fed. R. Evid. 602.

19.    "***and in October 2016, taking in to consideration the multiple roles that I now had to manage as the AIM Division Director <u>and also my responsibility to 'truly' fix the Laboratories issues from an institutional-level standpoint</u>***"  ECF No. 134 at 12:12-15.

**Request to Strike 18:**  Plaintiff fails to assert any foundation supporting her conclusory assertion that her responsibility was to "'truly' fix the Laboratory's issues from an institutional-level standpoint."  Plaintiff has not attached to her Declaration a job description stating that; nor has Plaintiff asserted that any PNNL manager ever conveyed to her that expectation or responsibility.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

19.    "***<u>I created a formal written procedure (based on past procedures that were in various states of completeness and accuracy) that prohibited managers from making changes to the root cause of the issue or the contributing causes of the issues in reports generated by the chartered Lead Cause Analyst</u>***."  ECF No. 134 at 12:15-21.

**Request to Strike 19:  *First*,** Plaintiff's assertion directly contradicts her deposition testimony:

> Q. This is the March 1st, 2017 version of your process; this is the procedure that you set up, correct?

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 22
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

A. That I helped improve, yes. *I didn't create it*.

ECF No. 85-31 pg. 72:07-11 (emphasis added). *Yeager*, 693 F.3d at 1080 (sham affidavit rule). ***Second***, Plaintiff's misinterpretation of documents is not evidence. Plaintiff cannot identify a single passage of IM-09 that "prohibited managers from making changes to the root cause of the issue" (granted, the undisputed facts demonstrate that is not what occurred). *Davis*, 2008 WL 202708, at *10 ("Plaintiff . . . has misstated the deposition testimony and misinterpreted the photographs").

19.    "*Per the IM-09, Issues Management Procedure, the process in the event of a dispute was as follows:*

> *In cases where the Issue Owner does not agree with the results of the [root cause] analysis, the Laboratory Senior Cause Analyst will work with the Lead Cause Analyst, line management, the Lab-level Issue Team, and other independent technical experts as necessary, to resolve the issue(s). If the issue(s) cannot be resolved, the cause analysis team's results will remain the final documented root cause analysis, and the lack of consensus will be documented in the Issue Tracking System (ITS).*"

ECF No. 134 at 12:20-13:9.

**Request to Strike 20:** Plaintiff's quotations from and characterization of documents is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

19.    "*Only a trained and qualified independent cause analyst can have the final say on the root cause statement and cause codes following a fact-based*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 23
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    ___*discussion with only those on the team that has been chartered to do the*___

2    ___*cause analysis activity.*___"  ECF No. 134 at 13:18-21.

3    **Request to Strike 21:**  Plaintiff fails to establish a foundational basis for that

4    conclusory assertion that "only those on the team that has been chartered to do

5    the cause analysis activity" may participate in such "a fact-based discussion."

6    For example, Plaintiff does not identify any policy, procedure, rule, law,

7    regulation, or contract provision that somehow prohibits others from even

8    participating in such a "fact-based discussion."  Fed. R. Evid. 602; *Davis*, 2008

9    WL 202708, at *11.

10    19.    "___*It is true that in the past, PNNL has done this, and has run into*___

11    ___*major issues when management made executive decisions regarding cause*___

12    ___*analysis reports.  This policy was supposed to stop after Marty Conger and*___

13    ___*other senior level Executive Leadership was reprimanded by Battelle/PNNL*___

14    ___*for doing so on November 1st, 2006. Rose Dec., Exhibit 8.*___"  ECF No. 134 at

15    14:5-10.

16    **Request to Strike 22:  *First*,** Plaintiff fails establish any foundation for her

17    conclusory assertion that "in the past, PNNL has done this, and has run into

18    major issues."  Plaintiff does not recount any relevant personal experiences.

19    ***Second***, Plaintiff fails to establish any foundation that "this policy was

20    supposed to stop" after Mr. Conger and others were supposedly "reprimanded"

21    in 2006.  Plaintiff does not claim to have been party to any such conversation

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 24
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

or correspondence.  Indeed, Plaintiff asserts this supposed "reprimand" occurred 8 years *before* she began working in an Assessment and Issues Management role.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  **Third**, Plaintiff has neither authenticated nor established an applicable hearsay exception for Rose Exhibit 8 (ECF No. 136-8), which she claims supports her assertions.  Fed. R. Evid. 801, 802, 901; *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1182–83 (9th Cir. 1988) ("These documents . . . are copies of memoranda addressed to third parties by other third parties.  Neither Vogel's affidavit nor Baptiste's testimony is sufficient to authenticate the documents").  **Fourth**, Plaintiff is misrepresenting the document's contents, which do not support her novel interpretation.  *Davis*, 2008 WL 202708, at *1 ("plaintiff has consistently relied upon inadmissible hearsay [and] misinterpretations of written materials").

19.    "*There is a connection between the reprimand of Marty Conger and other Executive Leaders within Battelle Management in 2006 and a significant reform of the system with regard to regulatory compliance assurance.  On October 1, 2008, the lab director Michael Kluse announced that there would be a significant reform to strengthen the compliance assurance system.  On page 3 of the enclosure to his letter, Rose Dec., Exhibit 9)  DOE indicates six areas that needed strengthening, all of which fell under my authority including:*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 25
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*• **The need for senior management to recalibrate and develop standards for corrective action plans,***

*• **Senior management demonstrate awareness and support for DOE Regulatory Compliance Program,***

*• **Refocus to better account for issues pertaining to the 'How Do I' system***

*• **Facilitating senior management awareness of safety and security conditions and the status of corrective action taken in response to noncompliant conditions***

*• **PNNL has developed a detailed and rigorous standard for the qualification of causal analysts.***

*• **Expertise associated with nuclear safety lessons learned and causal analysis processes is being applied to the evaluation of security noncompliances.***"

ECF No. 134 at 14:11-15:13.

**Request to Strike 23:** ***First,*** Plaintiff does not establish a foundation for her assertions that there was any "reprimand" or that there was a "significant reform" as a result. Nor does Plaintiff allege she was a party to any of the communications or supposed decisions she references. Once again, Plaintiff purports to have personal knowledge regarding events that precede her joining the Assessment and Issues Management group in 2014. "[P]laintiff relies primarily upon inadmissible hearsay, innuendo, and shear speculation." *Richards*, 2008 WL 2570668, at *1. ***Second,*** Plaintiff has neither authenticated Rose Exhibit 9 (ECF No. 136-9) nor established a hearsay exception. ***Third***, Plaintiff misinterprets Rose Exhibit 9, which states as to the

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 26
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

six above-referenced categories: "The following **general program strengths** were noted." ECF No. 136-9 at 6. *Davis*, 2008 WL 202708, at *1.

19.    "*<u>Disagreement may go to management to verify facts and get support for the process, but not to change root cause statements. Only qualified CA's can do this. And this is why PNNL has them trained and qualified in front of a board. If PNNL doesn't trust them - why train and qualify them?</u>*" ECF No. 134 at 15:14-18.

**Request to Strike 24:  First,** Plaintiff does not provide any foundation as to this conclusory assertion. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. Plaintiff neither refers to nor attaches any policy, procedure, or other document reflecting such a proscription. ***Second***, Plaintiff's argumentative assertions are not facts. *See Moussouris*, 2018 WL 3328418, at *10. ***Third***, Plaintiff's assertion contradicts her deposition testimony that PNNL employees who are not qualified cause analysts, ***including Plaintiff***, draft cause analysis reports, which necessarily entails drafting and revising root cause statements:

> Q.  During the time that you weren't qualified, but you were still doing causal analyst as part of your work, you worked closely with Steve Cooke, correct?
>
> A.  Yes.

ECF No. 85:31 pg. 41:15-24.

> Q.  Ms. Busselman, during your work, you had been the lead on a causal analysis process, correct?
>
> A.  In training, yes.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 27
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Q.  And how many times were you the lead in training?

A.  I think I had nine or -- eight or nine causals that -- I don't know the exact number, but it  was quite a few before you can be qualified.

Q.  That you were the lead on, not just participated in?

A.  I was the lead and then Kathy and/or Adrian or whoever was -- we had quite a few turnovers in that assignment, but the lead trained qualified person would then say, yes, you're good to go, Aleta.

Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 213:5-18).  *Yeager*, 693 F.3d at 1080 (sham affidavit rule).

20.    "***This is the message behind Plaintiff's complaint.  This was the abuse of authority and power that was exerted on Plaintiff and Ms. Pryor and her team to hide the facts or completely disregard the facts just so they could claim allowability of the lost taxpayer money.  Rose Dec. Exhibit 8. Accord Exhibit 9.***"  ECF No. 134 at 15:23-16:4.

**Request to Strike 25:**  Plaintiff's insertion of her attorneys' legal argument into her Declaration is inappropriate.  *King Cty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) ("Declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around the page limitations . . . by including legal arguments outside of the briefs.") (citing Fed. R. Civ. P. 56(e)).

28.    "***Under The Terms Of Its Contract With DOE, Battelle/PNNL Management Is Responsible For Preventing Fraud And Has Experienced External Fraud Attempts for years.***"  ECF No. 134 at 18:15-18.

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 28
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

**Request to Strike 26:** *First*, Plaintiff does not provide any foundation for these conclusory assertions. Plaintiff does not assert she read the contract, and she does not identify any relevant provisions; nor does Plaintiff recount any personal experiences regarding any such external fraud attempts. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. *Second*, Plaintiff's characterization of documents is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). *Third*, Plaintiff relies upon the operating contract, which is not attached to her Declaration, for the truth of the matter asserted but has neither authenticated that document nor established an applicable hearsay exception. Fed. R. Evid. 801, 802, 901.

29.    "***The Battelle/PNNL operating contract with DOE requires that it comply with various federal policies and guidelines for combatting fraud—both internal and external***." ECF No. 134 at 18:19-22.

**Request to Strike 27:** *First,* Plaintiff has not provided any foundation for this conclusory assertion. Fed. R. Evid. 602; Davis, 2008 WL 202708, at *11. Plaintiff does not assert she reviewed the contract; nor does Plaintiff assert she is familiar with the federal policies or guidelines she vaguely references. *Second*, Plaintiff's characterization of documents is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). *Third*, Plaintiff relies upon the operating contract, which is not attached to her Declaration, for the truth of

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 29
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

the matter asserted but has neither authenticated that document nor established an applicable hearsay exception.  Fed. R. Evid. 801, 802, 901.

29.    "***The Office of Management and Budget ('OMB') provides guidance on improving accountability and effectiveness of program operations to combat fraud (see OMB Circular A-123), as does the Government Accountability Office's (GAO) Standards for Internal Control in the Federal Government (the "Green Book") and the FMFIA guidance specifically calls out the need to review both internal and external fraud related risks to combat fraud.***"  ECF No. 134 at 18:22-19:5.

**Request to Strike 28: *First,*** Plaintiff has not provided any foundation as to these conclusory assertions.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  Plaintiff does not assert she has reviewed these documents or that she is familiar with their contents; nor does Plaintiff assert doing so was part of her job responsibilities.  ***Second***, Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).  ***Third***, Plaintiff relies upon these documents, which are not attached to her Declaration, for the truth of the matters asserted but has neither authenticated them nor established an applicable hearsay exception applies.  Fed. R. Evid. 801, 802, 901.

29.    "***Battelle/PNNL has advertised several Lessons Learned activities on unclassified cyber security warnings and training that is specific to spear***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 30
Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*__phishing, OIG reports were conducted that pointed out internal control__*
*__weaknesses that happened over the last 10 years about this vector of fraud__*
*__that has existed for quite some time.__*" ECF No. 134 at 19:5-10.

**Request to Strike 29:**  ***First,*** Plaintiff fails to provide any foundation as to these conclusory assertions.  Plaintiff does not assert she reviewed any such OIG reports or "advertisements." Plaintiff does not assert she participated in any such trainings.  Plaintiff does not assert she was involved with any occurrence of "this vector of fraud."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).  ***Third***, Plaintiff is citing these materials, which are not attached to her Declaration, for the truth of the matters asserted but has neither authenticated them nor established a hearsay exception.  Fed. R. Evid. 801, 802, 901.

30.    "*__At Battelle/PNNL, management is responsible for developing policies__*
*__and procedures to combat fraud, both internal and external, and for__*
*__ensuring that those policies and procedures are developed, implemented, and__*
*__effective.__*"  ECF No. 134 at 19:11-15.

**Request to Strike 30:**  Plaintiff has not provided any foundation as to this conclusory assertion.  Plaintiff does not identify the source of this responsibility and does not assert any participation in that process.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 31
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

30.    "***and the Battelle Independent Audit organization (at that time headed by Kevin Ensign) delivered a report to the Lab Director and DOE PNSO in 2015 that said IA had discovered and recommended that Mike Schlender put in a Fraud Prevention Plan with the help of PNNL Office of General Council to look at both internal and external fraud risks for the Laboratory (since PNNL was lacking one at the institutional level).*** *SDMF12, 49-50, 55.*" ECF No. 134 at 19:17-20:1.

**Request to Strike 31:** *First,* Plaintiff has not provided any foundation as to these conclusory assertions. Plaintiff does not assert she received the report, that she reviewed the report, or that she was involved with its drafting or transmission. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. ***Second***, Plaintiff's characterization of documents is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). ***Third***, Plaintiff references these materials, which are not attached to her Declaration, for the truth of the matters asserted but neither authenticated them nor established a hearsay exception. Fed. R. Evid. 801, 802, 901.

31.    "***Efforts by other fraudulent external entities to defraud the government through false invoices have been an ongoing issue at Battelle/PNNL since at least 2015. Since then, on a monthly basis, those other fraudulent external entities have been soliciting consumer electronics using the Battelle/PNNL Procurement Director's name as well as the***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 32
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*__Laboratory Directors name (Jeff Leaumont said this in deposition).  About__*
*__ten vendors shipped consumer goods to the fraudulent entities.__*"  ECF No.
134 at 20:2-10.

**Request to Strike 32:**  *First,* Plaintiff has not provided any foundation as to
these assertions.  Plaintiff does not assert her job responsibilities required her
to investigate these supposedly ongoing fraudulent efforts or that she was
otherwise made aware of them.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at
*11.  *Second*, Plaintiff's mischaracterization of Mr. Leaumont's deposition
testimony is not evidence.  *Davis*, 2008 WL 202708, at *11 ("The Court . . .
does not regard as evidence plaintiff's . . . characterizations of deposition
testimony.") (citing Fed. R. Evid. 1002).  As Mr. Leaumont explained at his
deposition:

> Q.  So you were also the contract manager at the time of the
> incident where 530,000 was taken, right?
>
> A.  Yes.
>
> Q.  So could you explain again in layperson terms whether the
> two types of efforts to defraud Battelle were similar in design or
> were they different?
>
> A.  ***Well, they're fundamentally different because one was not
> trying to defraud Battelle, they were trying to defraud
> independent vendors, most of which had no relation to Battelle
> at all***.  So that was the -- that was the fraud where people were
> pretending to be me and represent themselves at Battelle.  But
> Battelle never has – has never suffered a loss.  I have never
> suffered a personal loss.  Vendors, a few vendors have suffered
> losses by delivering goods to illegitimate parties.  But that fraud
> was not attempting to defraud Battelle.  Where the fraud in

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 33
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

1

2

question for 530,000, they were trying to take a legitimate
payment and have it diverted to an illegitimate bank account.
That was a fraud where Battelle very much lost a lot of money.

3

Sup. Simpson Dec. at ¶ 3, Ex. 15 (Leaumont Dep. at 10:13-11:7).

4

32.    "***Battelle/PNNL management have been actively training others at***

5

***Battelle/PNNL of these types of external fraud efforts and has had a series***

6

***of notifications from FMFIA / OMB A-123, as well as financial***

7

***management weaknesses since at least early 2007.***"  ECF No. 134 at 20:11-
16.

8

**Request to Strike 33:  *First,*** Plaintiff has not provided any foundation as to

9

these conclusory assertions.  Plaintiff does not assert she participated in or

10

provided any such trainings.  Plaintiff does not assert she received or reviewed

11

any of the "notifications" she claims Battelle has received since 2007 or that

12

her job responsibilities required her to do so.  Fed. R. Evid. 602; *Davis*, 2008

13

WL 202708, at *11.  ***Second***, Plaintiff's characterization of documents is not

14

evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).  ***Third***,

15

Plaintiff references these "notifications," which are not attached to her

16

Declaration, for the truth of the matters asserted but has neither authenticated

17

them nor established an applicable hearsay applies.  Fed. R. Evid. 801, 802,
901.

18

34.    "***Under my supervision, a cause analysis team (made up of members***

19

***of the AIM Team) was assigned to determine the causes for the event that led***

20

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 34
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*to $530,000 improper payment to a fraudulent entity that was posing as a*

*subcontractor to Battelle/PNNL.*"  ECF No. 134 at 20:21.

**Request to Strike 34:**  Plaintiff's assertion that the Fowler Fraud cause

analysis team was operating under her "supervision" contradicts her deposition

testimony:

> Q.  Prior to Marty coming down to your office, how much editing
> and work had you done on the March causal?
>
> A.  So I am not part of the causal analysis team.  So I would not
> be doing that.  I would be like reviewing, mentoring, coaching,
> Kathy perhaps, but Steve Cooke and, you know, I really depend
> on Steve to help with that.

ECF No. 85-31 pg. 55:9-16.

> Q.  In this instance, did you put the fraud team together?
>
> A.  No.  So Kathy Pryor's always going to be part of that team
> because she's the lead for the laboratory, so she makes final
> decisions.

ECF No. 85-31 pg. 45:25-46:4.  *Yeager*, 693 F.3d at 1080 (sham affidavit).

> Plaintiff's Declaration similarly asserts ***Ms. Pryor*** actually supervised

cause analysis teams:

> Kathy Pryor was the . . . AIM Laboratory Senior Cause Analyst
> (LSCA) [which] is owner of all things cause analysis, from
> determining scope for charters, to identification **and oversight of
> all cause analysis activities (including other assigned cause
> analysts)**, and finalization of the cause analysis deliverables that
> are delivered to the AIM Manager per IM-09

ECF No. 134 at 13:9-15 (emphasis added).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 35
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

39.    "***In March 2017, following two separate comment sessions by Mr.***
***Cooke, the AIM Team finalized a Cause Analysis Report ('March Cause***
***Analysis Report'), which made findings regarding the direct cause, the root***
***cause, and identified certain relevant facts, which led to the outcome.***"  ECF
No. 134 at 21:15-20.

**Request to Strike 35:**  ***First***, Plaintiff's assertion that the draft Fowler Fraud

Report was "finalized" in March 2017 contradicts her deposition testimony:

> Q.  So looking at the email we have been talking about, the
> ***March 31st email at 11:00 a.m.*** --
>
> A.  Uh-huh.
>
> Q.  -- it's clear to you when you say:  You need to get away from
> this.  We'll talk next week when I come back?
>
> A.   Uh-huh.
>
> Q.  ***The actual root cause and the causal analysis is still being***
> ***edited; there are still changes being made, people are still***
> ***making suggestions, correct***?
>
> A.  ***Correct***.

Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 157:6-12).

 (emphasis added).  *Yeager*, 693 F.3d at 1080 (sham affidavit rule).  ***Second***,

Plaintiff fails to establish a foundation for her conclusory assertion that

"certain relevant facts . . . led to the outcome."  Plaintiff does not assert she

was involved with the drafting of or revisions to the Fowler Fraud Report or

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 36
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

1   with the cause analysis team's analysis.  Fed. R. Evid. 602; *Davis*, 2008 WL

2   202708, at *11.

3   40.    "***Under my supervision, in the March Cause Analysis Report, the AIM***

4   ***Team determined that the direct cause was:***

5       ***The Accounts Payable Vendor Coordinator verified the***
        ***information on the ACH request that was specifically required***
6       ***by the Vendor Management Process Desk Guide against the***
        ***information in the Vendor Master File; the Accounts Payable***
7       ***Vendor Coordinator unknowingly changed the bank account to***
        ***the one that belonged to the fraudulent entity and the invoice***
        ***was paid by ACH into that bank account.***"

8   ECF No. 134 at 21:21-22:3.

9   **AND**

10  41.    "***Under my supervision, in the March Cause Analysis Report, the AIM***

11  ***Team determined that the root cause was:***

12      ***Business Systems Directorate (BSD) management did not***
        ***clearly define adequate controls regarding the identification,***
13      ***detection and response to potential fraudulent activities by***
        ***external criminal entities in the Vendor Management Process;***
14      ***primarily relying on individual staff members to identify and***
        ***respond to potential external threats.***"

15  ECF No. 134 at 22:4-10.

16  **AND**

17  42.    "***Under my supervision, in the March Cause Analysis Report, the AIM***

    ***Team listed relevant facts, some of which included the following facts:***
18
        ***There is no segregation of duties between the Contracts Vendor***
19      ***Coordinator and the Accounts Payable Vendor Coordinator; the***
        ***same person currently fills both roles.***

20  DEFENDANT'S REPLY STATEMENT
    OF MATERIAL FACTS NOT IN
    DISPUTE - 37
    Case No. 4:18-cv-05109-SMJ
    4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*__Transition of key staff out of both the AP and Contracts organizations resulted in some staff assuming additional responsibilities while maintaining their normal work load.__*

*__In the Accounts Payable and Contracts organizations, some staff indicated they felt that the work load was impacting the completeness and accuracy of their work.__*

*__The current Accounts Payable Manager has been in the role for approximately 1.5 years; this manager is less familiar with the identities of the vendors/POCs.__*

*__Battelle/PNNL relies on individual staff members to identify and respond to potential fraudulent activity by external sources; however, this is not a written expectation.__*

*__The training was informal and included 'tribal knowledge' of processes and expectations; it did not include the personal best practice of confirming changes with the listed vendor POCs."__*

ECF No. 134 at 22:11-23:2.

**Request to Strike 36:** *First*, Plaintiff's conclusory assertion that the cause analysis team was operating under her "supervision" contradicts both Plaintiff's deposition testimony and her Declaration.  ECF No. 85-31 pg. 55:9-16; ECF No. 85-31 pg. 45:25-46:4; ECF No. 134 at 13:9-15.  *Yeager*, 693 F.3d at 1080.  *Second*, Plaintiff's quotation of the contents of documents is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

43.    "*__Mr. Cooke provided confirmation that this root cause statement was acceptable based on the facts and the objective evidence that was provided by the team.  Mr. Cooke initialed each of the March drafts that he provided comments on and a true and exact copy of his handwritten notes are__*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 38
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    *attached as Exihibit_____ to Mark Rose's declaration.  These reflect his notes*

2    *on a draft on March 2017.*"  ECF No. 134 at 22:3-10.

3    **Request to Strike 37:**  *First*, Plaintiff does not provide any foundation for

4    these assertions, and to the extent she is purporting to testify as to Mr. Cooke's

5    thinking, it is "shear speculation."  Fed. R. Evid. 602; *Davis*, 2008 WL

6    202708, at *11.  *Second*, Plaintiff does not provide any foundation supporting

7    her purported authentication of Mr. Cooke's "handwritten notes," such as a

8    purported familiarity with Mr. Cooke's handwriting.  *See* Fed. R. Evid. 901

9    (b)(2).  Moreover, "[P]laintiff appears to be describing exhibits that are

10    appended to and identified in plaintiff's counsel's first declaration; however,

11    plaintiff's declaration inappropriately attempts to provide the foundation for

the missing documents."  *Richards*, 2008 WL 2570668, at *1

12    43.    "*Following the completion of the cause analysis results, I learned that*

13    *Battelle/PNNL management was dissatisfied with the root cause finding, and*

14    *sought to make changes.  I opposed changes to the root cause.*"  ECF No.

134 at 22:10-13.

15    **Request to Strike 38:**  *First*, Plaintiff does not provide any foundation for

16    these vague and conclusory assertions.  For example, Plaintiff does not

17    identify which aspect of the "root cause finding" with which the unspecified

18    management figures were "dissatisfied," what changes they "sought to make,"

19    or how Plaintiff "opposed" those "changes."  *Second*, this is merely a

20    DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 39
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

recitation from Plaintiff's Complaint.  ECF No. 1 at 17:1-4.  However, "the

object of [Fed. R. Civ. P. 56(e) is not to replace conclusory allegations of the

complaint or answer with conclusory allegations of an affidavit." *Lujan*, 497

U.S. at 888.

44.    "***On March 24, 2017, Mr. Conger sent an e-mail to Mr. Ensign (the***

***Chief Audit Executive) with his concerns about the Fraud Cause Report***

***results***."  ECF No. 134 at 23:14-17.

**Request to Strike 39:  *First***, Plaintiff does not provide any foundation for this

assertion.  Plaintiff does not assert she was a party to this email or that she

otherwise reviewed it.  Plaintiff also does not identify the "concerns" that were

expressed.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***,

Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL

202708, at *11 (citing Fed. R. Evid. 1002).  ***Third***, this email is not attached to

Plaintiff's Declaration, has not been authenticated, and Plaintiff is relying upon

it for the truth of the matter asserted but has not established an applicable

hearsay exception for either the email or its contents.  Fed. R. Evid. 801, 802,

805 901; *see also Davis*, 2008 WL 202708, at *12 ("As the proponent of the

evidence, plaintiff bears the burden of laying an adequate foundation.  The

mere fact that a person is an officer, manager, or supervisor does not itself

imply that he or she has authority to speak for the employer concerning the

subject at hand") (citations omitted) (collecting cases).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 40
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

44.    "***On March 28, 2017, Marty Conger brought down a two-page list of DOE contract requirements and expressed his concern, in front of my staff, over the initial results of the root cause report.***"  ECF No. 134 at 23:17-19.

**Request to Strike 40:**  Plaintiff does not provide any foundation for this conclusory assertion.  Plaintiff does not assert she was present when this event occurred.  Plaintiff also does not identify what concerns Mr. Conger expressed or to whom he expressed them.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

44.    "***On March 29, 2017, Marty Conger continued to express his concern in a meeting with Mr. Ensign present, over the language of the root cause results, and began to exert pressure on me to change the language, because he felt that the language made management look bad.  He specifically told me that the way the root cause was written would not put the Lab in a good light, and that the way it was written right now made them look like they were asleep at the wheel.  In addition, Mr. Conger explained to me that even Mr. Ensign will change results when he asks him to and felt that I needed to change the report results, as well.***"  ECF No. 134 at 23:19-24:5.

**Request to Strike 41:  *First*,** Plaintiff does not provide any foundation for her conclusory assertion that Mr. Conger was "exert[ing] pressure" on Plaintiff.  *Davis*, 2008 WL 202708, at *2 n.2 ("plaintiff complains that, during the interview process, [her manager] 'belittled' her answers to questions and tried

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 41
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

to humiliate and embarrass her.  Plaintiff, however, offers no details.").

Similarly, Plaintiff cannot establish her personal knowledge as to what Mr.

Conger "felt."  Fed. R. Evid. 602.  ***Second***, Plaintiff's assertion that Mr.

Conger "pressured" her during this conversation contradicts Plaintiff's

deposition testimony:

> Q. And given your tone, my understanding is it was an unpleasant conversation that you had with Mr. Conger that morning?
>
> A. ***I wouldn't say it was unpleasant***.  It was a stern discussion about policies and procedures on how we do cause analysis at the laboratory, and there was quite a bit of:  You need to change this, Kevin Ensign changes stuff for me, you need to change this.  And I, basically, just reiterated what the policies and procedures were, and ***I empathized with him, and told him this was the process, and that we would, you know, look at facts and make a decision***.

Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 160:18-161:04).

(emphasis added).  *Yeager*, 693 F.3d at 1080 (sham affidavit rule).  ***Third***,

Plaintiff's assertion regarding Mr. Conger allegedly communicating to her that

"Mr. Ensign will change results when he asks him and felt that I needed to

change the report results, as well" is an out-of-court statement Plaintiff seeks

to use for the truth of the matter asserted.  However, Plaintiff has not

established an applicable hearsay exception.  Fed. R. Evid. 801, 802; *Davis*,

2008 WL 202708, at *12.

44.    "***<u>Following my meeting with Mr. Conger and Mr. Ensign, Mr. Conger</u>***

***<u>proceeded to work with Mr. Cooke (the Battelle Lawyer) to change the root</u>***

***<u>cause results and Mr. Cooke even stated that he was working with Mr.</u>***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 42
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

___***Conger to calm him down and that he did see that there could be an allowable and unallowable concern based on how the root cause statement was currently worded.***___" ECF No. 134 at 24:5-12.

**Request to Strike 42:** *First*, Plaintiff does not provide any foundation for these assertions. Plaintiff does not assert she was a party to any such conversations or that any such communications were made to her. Plaintiff does not assert she was present when Mr. Conger and Mr. Cooke worked together to allegedly "change the root cause results." Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. *Second*, Plaintiff is purporting to recite out-of-court statements made by Mr. Cooke and Mr. Conger for the truth of the matters asserted, but Plaintiff has not established the applicability of any hearsay exception. Fed. R. Evid. 801, 802; *Davis*, 2008 WL 202708, at *12.

44.    "___***This was a clear conflict of interest with upper management. SDMF#12, 48, 50-51, 55.***___" ECF No. 134 at 24:12-13.

**Request to Strike 43:** *First,* Plaintiff does not provide any foundation facts for this conclusory assertion. *Lujan*, 497 U.S. at 888. Plaintiff fails to indicate what standard she supposedly applied to make this conclusory determination. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. *Second*, Plaintiff's insertion of her attorneys' legal argument into her Declaration is inappropriate. *Rasmussen*, 299 F.3d at 1082. (citing Fed. R. Civ. P. 56(e)).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 43
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

44.     "***As to MDMF 84, the facts I raised in my complaints to management between March and June 2017 support a finding of a gross mismanagement of a federal contract even if I didn't use those words.***"  ECF No. 134 at 24:14-17.

**AND**

44.     "***As to MDMF 85, the facts I raised in my complaints to management between March and June 2017 support a finding of a gross waste of federal funds even if I didn't use those words.***"  ECF No. 134 at 24:18-21.

**AND**

44.     "***As to MDMF 87, the facts I raised in my complaints to management between March and June 2017 support a finding a violation of law, rule, or regulation related to a federal contract even if I didn't use those words.***"  ECF No. 134 at 24:22-25:1.

**AND**

44.     "***As to MDMF 88, the facts I raised in my complaints to management between March and June 2017 support a finding of an abuse of authority relating to a federal contract even if I didn't use those words.***"  ECF No. 134 at 25:2-5.

**Request to Strike 44:  *First*,** Plaintiff's insertion of her attorneys' legal argument into her Declaration is inappropriate.  *Rasmussen*, 299 F.3d at 1082. (citing Fed. R. Civ. P. 56(e)); *Yakima Valley Mem'l Hosp. v. Washington State*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 44
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

*Dep't of Health*, 2012 WL 12951705, at *3 (E.D. Wash. May 18, 2012) ("the Court will not consider legal conclusions in declarations"). ***Second***, to the extent Plaintiff purports to offer these assertions as lay opinions, they are inadmissible because they are not rationally based upon Plaintiff's perceptions and require specialized legal knowledge. Fed. R. Evid. 701.

45.    "*Over the days that followed, I attended several meetings and exchanged numerous emails with management seeking to protect my staff from being pressured to change the language of the root cause findings.*" ECF No. 134 at 25:6-9.

**Request to Strike 45:  *First*,** Plaintiff has not provided any foundation for this conclusory assertion. Plaintiff has not specified the timeframe to which she refers and fails specify with whom she exchanged these "numerous emails" and with whom she met. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. ***Second***, this is merely a conclusory regurgitation of an allegation from Plaintiff's Complaint. *See* ECF No. 1 at 19:13-17. *Lujan*, 497 U.S. at 888.

45.    "*Management is not qualified to reach root cause decisions, however, this root cause pointed at management and therefore having management change the results is a clear conflict of interest and against the Issues Management Life-Cycle Process approved policies and procedures, HDI requirements, the Laboratories quality assurance, and contractor assurance requirements for independence." **SDMF 61-69**.*" ECF No. 134 at 25:10-17.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 45
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**AND**

67.    "***It was a conflict of interest for Battelle/PNNL management to change the root cause, because the Cause Analysis Team's root cause found that Battelle/PNNL management 'did not clearly define adequate controls.' Management's actions to change the root cause language was in violation of Battelle/PNNL policy.***"  ECF No. 134 at 38:13-18.

**Request to Strike 46:**  Plaintiff has not provided any foundation for these conclusory assertions.  Plaintiff fails to identify anybody in management who was supposedly "chang[ing] results" (as opposed to offering proposed draft language to Ms. Pryor for her consideration), how management was supposedly "chang[ing] the results", and why they were "not qualified to reach root cause decisions."  Similarly, Plaintiff's fails to identify the various policies, procedures, and other documents to which she vaguely refers, much less the specific provisions she claims were violated.  Plaintiff also has not indicated what standard she applied to make the conclusory determination there was a conflict of interest.  Fed. R. Evid. 602, 701; *Davis*, 2008 WL 202708, at *11.

46.    "***On March 31, 2017, I wrote to Mr. LaFemina and opposed management's efforts to pressure my staff into changing the root cause language.  I wrote:***

> ***Per our HDI requirements and cause analyst qualification process, this is not how we do cause analysis at our Lab. We do***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 46
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

*__not just let concerned stakeholders manipulate root causes at the end of the process to make us sound better. Steve Cooke looked at this report twice before it came to Marty/Iris. Marty has yet to bring the team together to discuss how they got to the end results.__*

*__That (changing root causes and results at the 11th hour) was the Mohler-way. Not doing it and I am not going to have this cause analysis team think that we have returned to the "old" way of doing business. Otherwise, why bother .... I am not going to make this team sign a product they can't stand behind.__*

ECF No. 134 at 25:18-26:6.

**Request to Strike 47:** *First,* Plaintiff does not offer any foundation for the conclusory assertion that unidentified persons in "management" were "pressur[ing] her staff into changing the root cause language. Plaintiff does not explain what actions or statements constituted this "pressure," who was allegedly exerting it, or upon whom it was being exerted. *Second,* Plaintiff's quotations from and characterizations of documents are not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). *Third*, to the extent Plaintiff is quoting the contents of her own email for the truth of the matter asserted, Plaintiff has failed to demonstrate an applicable hearsay exception. Fed. R. Evid. 801, 802, 805 (double hearsay rule).

47. "*__Later in the day Mr. LaFemina wrote back as follows:__*

*__I understand your concerns and agree that we are not going backwards. I just spoke to Marty and let him know that I am reviewing the report and that after spring break I will bring us together to discuss our path forward. I also asked him to stop negotiating with Steve. Steve does not negotiate for us. Steve is in a meeting but I am talking to him after his meeting and I will tell him the same.__*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 47
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    <u>*Rose Dec., Exhibit 7. Copies of the Cooke drafts are at Rose Dec., Exhibits*</u>

2    <u>*74 and 75*</u>*.*"  ECF No. 134 at 26:7-15.

3    **Request to Strike 48:  *First*,** Plaintiff's quotations from documents are not

4    evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

5    ***Second***, Plaintiff does not provide any foundation supporting her purported

6    authentication of the "Cooke's drafts," which are not attached to her

     Declaration.  Fed. R. Evid. 901.

7    48.    "*I believed that Mr. LaFemina would come to our rescue <u>and stop</u>*

8    <u>*Battelle/PNNL management from changing the root cause.*</u>"  ECF No. 134 at

9    26:17-18.

10   **Request to Strike 49:**  Plaintiff has not provided any foundation for the

11   conclusory assertion that "management [was] changing the root cause."

     Plaintiff fails to identify anybody in management who was supposedly

12   "changing the root cause" (as opposed to offering proposed draft language to

13   Ms. Pryor for her consideration) or how they were supposedly "changing the

14   root cause."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

15   48.    "*I emailed Kathy Pryor <u>telling her about Mr. LaFemina's response</u>*

16   <u>*and told management to cease and desist trying to influence Ms. Pryor and*</u>

17   <u>*others.  Rose Dec., Exhibit 13*</u>."  ECF No. 134 at 26:18-22.

18   **Request to Strike 50:  *First*,** Plaintiff fails to establish a foundation for this

19   conclusory assertion.  Plaintiff does not identify who she told to "cease and

20   DEFENDANT'S REPLY STATEMENT
     OF MATERIAL FACTS NOT IN
     DISPUTE - 48
     Case No. 4:18-cv-05109-SMJ
     4843-0422-0582v.5 0021368-000014

     Davis Wright Tremaine LLP
     LAW OFFICES
     920 Fifth Avenue, Suite 3300
     Seattle, WA 98104
     206.622.3150 main · 206.757.7700 fax

desist." **Second**, Plaintiff's characterizations of documents are not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). **Third**, Plaintiff mischaracterizes the email she references, which does not say anything about "trying to influence Ms. Pryor and others." ECF No. 136-13 at 2 ("Cease and desist please. No more communication with Kathy and the team until I return").

48.    "*As to SDMF 56, Mr. LaFemina said he was only getting involved to help keep integrity in the process as my manager (which is what Plaintiff was doing for Kathy Pryor) AND Plaintiff was leaving on vacation and needed him to protect the team until she got back. And he is not qualified to change root cause statements - so Plaintiff would have never expected him to ever do that.*" ECF No. 134 at 26:22-27:6.

**Request to Strike 51:** **First**, Plaintiff's argumentative dialogue with Battelle's court filings are not facts. *See Moussouris*, 2018 WL 3328418, at *10. **Second**, Plaintiff has not provided any foundation regarding what, exactly, she claims Dr. LaFemina communicated, how he communicated it, or when she claims he communicated it. **Third**, Plaintiff has not provided any foundation for her conclusory assertion that Dr. LaFemina "is not qualified to change root cause statements." Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. To the extent Plaintiff is contending only qualified cause analysts may draft or revise root cause statements, Plaintiff's assertion contradicts her

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 49
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

deposition testimony that unqualified individuals, including herself, draft cause analysis reports.  ECF No. 85:31 pg. 41:15-24; Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 213:5-18).  *Yeager*, 693 F.3d at 1080 (sham affidavit rule).

50.    "***On April 10, 2017 at 10:46am Mr. Conger and Mr. Cooke discuss how I am 'PO'd' about them changing results of the Fraud Cause report and that Mr. Conger is going to go to talk to Mr. LaFemina about me, because Mr. LaFemina 'gets it' .  Ex. 62.***"  ECF No. 134 at 27:9-13.

**Request to Strike 52:  *First***, Plaintiff has not provided any foundation for this assertion.  Plaintiff does not assert that she was a party to any such conversation or correspondence with Mr. Conger or Mr. Cooke.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).  ***Third***, Plaintiff's vague reference to Rose Exhibit 62 (ECF No. 137-21 at 2), is for the truth of the matters asserted; however, that document has not be authenticated and Plaintiff has not established an applicable hearsay exception for the document itself or for any of statements therein.  Fed. R. Evid. 801, 802, 805, 901.  ***Fourth***, Plaintiff has "relied upon [the] misinterpretation[] of written materials."  *Davis* , 2008 WL 202708, at *1.  Rose Exhibit 62 reflects, instead, that Mr. Conger stated, "I'll chat with John about achieving closure. I had already had a brief discussion with him and he gets it."  ECF No. 137-21 at 2.  Mr. Conger did not write that he was going to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 50
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

talk to Dr. LaFemina about Plaintiff; instead, Rose Exhibit 62 demonstrates Mr. Conger was asking about "the root cause." *Id.* ("Did we find common ground on the root cause?").

50.    "*__At 2:34pm, on April 10, 2017, upon returning from my vacation, Mr. LaFemina sends me a calendar appointment entry for April 11, which did not have a subject line. I asked for an agenda so I could prepare, and I received an e-mail from Mr. LaFemina that he had made a decision to reorganize and that he had an opportunity for me.  Less than 10 minutes later, Mr. LaFemina notified myself and Kathy Pryor that he wanted to revisit the description on the Fraud causal results and work with Marty [Conger] to rewrite it.  The message said Marty has been told to stop trying to 'rewrite' the root cause. Missing part of that e-mail that says - John may come down and ask a couple of questions that he had - just for clarification.__*"  ECF No. 134 at 27:13-28:1.

**Request to Strike 53:** Plaintiff's characterization of these referenced emails and calendar invitations, which are not attached to her Declaration and have not been authenticated, are not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901.  Moreover, Plaintiff has not established an applicable hearsay exception for either these missing documents or their contents.  Fed. R. Evid. 801, 802.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 51
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

51.    "***It begs the question as to why he didn't have this conversation first thing Monday morning on April 10, 2017 before I provided my strategy to the entire LPPM management team related to the IO weaknesses.***"  ECF No. 134 at 28:15-18.

**Request to Strike 54:**  Plaintiff's argumentative assertions are not facts.  *See Moussouris*, 2018 WL 3328418, at *10.

52.    "***I was further informed that I would no longer have any management responsibilities and that the Core Business Process Steward role, OIT co-Lead with Randy Hansen, and the LPPM Directorate objective would all go to Ms. Doyle.***"  ECF No. 134 at 28:25-29:1.

**Request to Strike 55:**  Plaintiff's assertion that Dr. LaFemina informed her that she would no longer have any management responsibilities contradicts Plaintiff's deposition testimony that Dr. LaFemina specifically proposed that Plaintiff remain the Lab's Enforcement Coordinator and the lead of the Issues Management program, which conducts cause analyses:

> Q.  So in this email, he's saying, actually, you're going to keep in that position, right, you're going to keep in the position of being issues management lead and PNNL coordinator for the Office of Enforcement, correct?
>
> A.  That's what he's saying here.
>
> Q.  And that's what you told you; he said you could keep that part of your job?
>
> A.  Reporting to Cindy Doyle.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 52
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Q.  So it was your choice not to accept this because you did not want to report to Cindy Doyle; that was your choice?

A.  I didn't have a choice.  I needed a job.

Q.  But in this email, he's saying, you get to keep the issues management; the -- my understanding, the job that you have told us all day, this was the job you wanted to have and must have?

A.  Not true.  Issues management is where all the events happen. This is where all of the, you know, bad things happen in issues management, so --

Q.  Isn't this the job you want-- isn't this the job you want back right now?  Isn't this what the lawsuit is about?

A.  I want the assessment and issues management job back.

Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 325:6-328:7).

52.   "***There was no negotiation or opportunity for me to voice any concerns.  Mr. LaFemina had already made the decision and that was that.***"

ECF No. 134 at 29:3-9.

**Request to Strike 56:**  Plaintiff's assertion that Dr. LaFemina did not provide any "opportunity for [Plaintiff] to voice any concerns" contradicts her deposition testimony that she walked out of that meeting:

BY MR. BARTLETT:

Q.  And what is this?

A.  This was John's original proposal that he sent out when I went in there for the first time, and he told me that he was removing all of my duties, and that I would be reporting to Cindy.  ***And I, basically, got up and left***, and then he followed up with this as the announcement that would be going out.

ECF No. 85-31 pg. 105:22-106:11 (emphasis added).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 53
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Q.  Well, he didn't strip you of all of your duties, Ms. Busselman, because right here he is saying: You will continue as the issues management lead and PNNL coordinator for the Office of Enforcement.  So why do you keep saying he stripped you of all our your duties?  He gave you the position that you have told us over and over and over again this is the position you want.

MR. SHERIDAN:  Objection, argumentative.

THE WITNESS:  It is, yeah.  That's not true.

 BY MR. BARTLETT:

Q.  So this email is -- this is an honest email; he sent this to you?

MR. SHERIDAN:  Objection, argumentative.

THE WITNESS:  It is a draft email that he proposed --

 BY MR. BARTLETT:

Q.  And he would have sent it out if you'd agreed --

A.-- *and I walked out*.

Q.  -- you if you allowed him?

Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 325:6-328:7).

 (emphasis added).  *Yeager*, 693 F.3d at 1080 (sham affidavit rule).

52.    "***While before my March whistleblower complaint the hostility came from Ms. Doyle, these actions indicate that now Mr. LaFemina was engaging in the mistreatment as well.  He was actively using Ms. Doyle and our troubled relationship as a means to retaliate against me.***"  ECF No. 134 at 29:9-13.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 54
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 57:** Plaintiff does not provide any foundation for these conclusory assertions. Plaintiff does not provide a single specific example of either Ms. Doyle or Dr. LaFemina being "hostile" toward Plaintiff or somehow "mistreating" her. Plaintiff also has not asserted any facts regarding how she would know what Dr. LaFemina was allegedly thinking, much less that he had any retaliatory intent against her. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

53. "***At 3:01 pm that same day, after being told of my reassignment and after I had requested time to process the changes <u>that he was demanded that I take immediately, I received an e-mail from Mr. LaFemina pressuring me to agree to an April 24th resignation letter from the AIM Division Director duties and take the new opportunity (Mr. LaFemina later unilaterally changed the resignation date to April 17, 2017).</u>***" ECF No. 134 at 29:14-21.

**Request to Strike 58:** *First*, Plaintiff does not provide any foundation for the conclusory assertion that Dr. LaFemina was demanding that Plaintiff accept a reassignment "immediately." For example, Plaintiff does not assert whether, where, or how Dr. LaFemina personally communicated to her any such "demand." Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. *Second*, Plaintiff's characterization of the referenced emailed, which is not attached to her Declaration, is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002). *Third*, to the extent Plaintiff is referring to Battelle Exhibit Z,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 55
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

ECF No. 85-26 at 4 (April 11, 2017 email from Dr. LaFemina at 3:01 p.m.), she is relying upon "misinterpretations of written materials." *Davis*, 2008 WL 202708, at *1. Dr. LaFemina is clearly not exerting any "pressure" in that communication.

53.     "***Ms. Taylor, National Security Directorate Chief Operations Officer and the mentor that John set me up with in December 2016, never reached out to me during this timeframe and only until I reached out to her on April 12, 2017 <u>did we discuss that I was being retaliated against and the specifics of the removal from my job duties.  At this time, she told me she felt I should not go demand my job back from Mr. LaFemina, and instead take the new assignment.  In these conversations, Tammy never mentioned that she had already consulted with Mr. LaFemina the night before my arrival to this meeting</u>***." ECF No. 134 at 29:21-30:6.

**Request to Strike 59:  *First***, Plaintiff is referring to Plaintiff and Ms. Taylor's out-of-court statements for the truth of the matters asserted, but Plaintiff has not established any applicable hearsay exceptions.  Fed. R. Evid. 801, 802, *Davis*, 2008 WL 202708, at *12.  ***Second***, Plaintiff has not provided any foundation for her conclusory assertion that Ms. Taylor and Dr. LaFemina "consulted" the night before.  Fed. R. Evid. 602; *Richards*, 2008 WL 2570668, at *1.  Plaintiff does not indicate how she claims to have become aware of this

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 56
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

"consultation" much less provide any indication of what the "consultation" concerned.

54.    "***There was no negotiation on any of the reassignment, there was no formal job description or position that I would be filling or applying for, and there was no opportunity for me to help shape this new role before my removal from my job - which was 3 days after being notified of my reassignment.  Mr. LaFemina simply told me what was happening and showed me the memo he was sending out to my team along with the LPPM management team.***"  ECF No. 134 at 30:7-16.

**Request to Strike 60:  *First*,** Plaintiff does not provide any foundation for her conclusory assertions regarding her new role.  Plaintiff does not assert she requested a job description or was asked to submit a job application.  ***Second***, Plaintiff's assertions contradicts her deposition testimony that Dr. LaFemina proposed that Plaintiff remain the lead of the Issues Management program as well as PNNL's Enforcement Coordinator, but Plaintiff rejected his proposal because she refused to report to Ms. Doyle.  Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 325:6-328:7).  *Yeager*, 693 F.3d at 1080.

54.    "***I did not want to remove any of my duties, I wanted his support to either let me do my assigned job or give me Ms. Doyle's Contractor Assurance System Management and Operations Program Manager (CAS***

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 57
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

***M&O PM) duties so that I could apply more project execution activities to***

***that role***.” ECF No. 134 at 30:15-21.

**Request to Strike 61:** Plaintiff's assertion that she "did not want to remove

any of my duties" contradicts her deposition admission that she suggested to

Dr. LaFemina that two of her areas of responsibility, CBP and Independent

Assessment, should be transferred to Ms. Doyle:

> Q. And you suggested that CBP might make more sense under
> Cindy?
>
> A. I may have said that.

ECF No. 85-31 pg. 81:9-11

> Q. And you felt the assessment program also might fit better
> under Cindy's current duties and it would make sense to move
> that over to her?
>
> A. Not true. So the assessment -- so the way we were divided, I
> have assessment, which is independent oversight, which was
> Nancy Sargent, and she was actually the lead of independent
> oversight. Very good friends with Cindy Doyle.
>
> [] Q. And you had, based on the Nancy Sargent issues and a
> variety of other things, you mentioned to John during this March
> 30th meeting that you thought assessment might fit better under
> Cindy?
>
> A. No. I said that Nancy might fit better under Cindy. She is
> one-man band. So Nancy Sargent.

ECF No. 85-31 pg. 10:3-. *Yeager*, 693 F.3d at 1080 (sham affidavit rule).

54. "***HR Manager Casey Pittman told me she didn't know anything about***

***Plaintiff's removal from her prior position***." ECF No. 134 at 30:21-22.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 58
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 62:**  *First*, Plaintiff fails to provide any foundation for this conclusory assertion, such as when or where this supposed vague communication occurred.  Fed. R. Evid. 602.  *Second*, Plaintiff cites this supposed out-of-court statement for the truth of the matter asserted but has not established an applicable hearsay exception.  Fed. R. Evid. 801, 802; *Davis*, 2008 WL 202708, at *12; *see also id.* at *9 ("plaintiff does not provide a declaration from Ms. Rose, and he fails to establish that Ms. Rose's statement to him is admissible hearsay").

54.      "***On May 6, 2017, Ms. Doyle's Administrative Assistant informed me that 'she was sorry for what they were doing to me'.***"  ECF No. 134 at 31:2-4.

**Request to Strike 63:**  Plaintiff cites this supposed out-of-court statement from this unidentified individual for the truth of the matter asserted but has not established an applicable hearsay exception.  Fed. R. Evid. 801, 802.  *Davis*, 2008 WL 202708, at *13.

54.      "***On Monday May 8, 2017, I went to see Mr. Pietrok at DOE PNSO and asked for his help because I was being retaliated against and he directed me to Mr. Madera at DOE Employee Concerns.***"  ECF No. 134 at 31:3-7.

**Request to Strike 64:**  Plaintiff cites both her own out-of-court statement and this supposed statement from Mr. Pietrok for the truth of the matters asserted but has not established an applicable hearsay exception.  Fed. R. Evid. 801, 802.  *Richards*, 2008 WL 2570668, at *9.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 59
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

55.    "***I observed that Ms. Doyle was struggling in her CAS M&O Program Manager role and in meeting her performance goals specific to the seven performance management standards for M&O performance.***"  ECF No. 134 at 31:9-12.

**Request to Strike 65:**  Plaintiff does not provide any foundation for her conclusory assertion that she observed the late Ms. Doyle "struggling" to perform her job duties.  Plaintiff does not indicate how she "observed" Ms. Doyle's performance, what Ms. Doyle's performance goals were, or how Ms. Doyle was failing to meet them.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11

55.    "***This is evidenced by the Independent Oversight Internal Verification and Validation report that was conducted on her M&O earlier in the year that showed 5 out of 7 of her performance areas had weaknesses.***"  ECF No. 134 at 31:11-16.

**AND**

92.    "***I again mentioned that the CAS M&O Program being managed by Cindy Doyle (of which both Mr. LaFemina and Ms. Doyle had been informed that 5 out of 7 performance management standards in this area had weaknesses) might be better . . . .***"  ECF No. 134 at 58:22-59:1.

**Request to Strike 66:**  *First*, Plaintiff's characterization of this report regarding the M&O Program the late Ms. Doyle managed is not evidence.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 60
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

*Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).  ***Second***,

Plaintiff's vague reference to this report is for the truth of the matter asserted;

specifically, that Ms. Doyle's M&O program was deficient in "5 out of 7

performance management standards." However, this document is not attached

to Plaintiff's Declaration, has not been authenticated, and Plaintiff has not

established an applicable hearsay exception.  Fed. R. Evid. 801, 802, 901.

55.    "***Mr. LaFemina and Ms. Doyle would not sign the report that my IO***
***team conducted and then, when it came down to it, Mr. LaFemina changed***
***the results and then still wouldn't sign it because Ms. Doyle was upset that***
***we said 5 out of 7 areas had findings that needed corrective action. Mr.***
***LaFemina and Ms. Doyle finally signed the changed report after DOE***
***PNSO was notified that it had not been signed (Mr. LaFemina's February***
***2017 version) in Late September 2017 after the Laboratories Performance***
***Evaluation was complete and DOE awarded the Lab a 97% fee for their***
***performance.***"  ECF No. 134 at 31:15-32:1.

**Request to Strike 67:**  *First*, Plaintiff does not provide any foundation for

these conclusory assertions.  Plaintiff does not assert Dr. LaFemina or Ms.

Doyle made any such communications to Plaintiff.  Plaintiff does not assert

she drafted or reviewed the report or observed Dr. LaFemina making any such

changes.  Plaintiff also does not assert any facts indicating she has personal

knowledge that Ms. Doyle was "upset" or that Dr. LaFemina was aware Ms.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 61
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Doyle was "upset." Plaintiff also does not provide any facts indicating that she was privy to any communications to or from DOE PNSO regarding the report or any fee award to PNNL. Fed. R. Evid. 602; *Richards*, 2008 WL 2570668, at *1. ***Second***, and to the extent Plaintiff is relying solely upon other individuals' out-of-court statements, it is hearsay and Plaintiff has not established any hearsay exception. Fed. R. Evid 801, 802; *Davis*, 2008 WL 202708, at *13 ("Ms. Eng . . . passed away . . . . Plaintiff has offered no evidence that Ms. Eng participated in the decision not to promote her or that Ms. Eng had the authority to discuss or express views about the promotional process. Therefore, plaintiff may not treat Ms. Eng's alleged statements as admissions by a party-opponent.").

55.    "***As to SDMF 123, Mr. LaFemina asked me how to make the organization better, and in response I said that Cindy and could swap some job duties—I would take M&O because she was struggling with it, and I would have more work after the swap.***" ECF No. 134 at 32:2-6.

**AND**

94.    "***As to SDMF 135, the statement is not true. Ms. Busselman would have taken on more work by taking on M&O.***" ECF No. 134 at 61:3-5.

**Request to Strike 68:** ***First***, Plaintiff's argumentative dialogue with Battelle's court filings are not facts. *See Moussouris*, 2018 WL 3328418, at *10. ***Second***, Plaintiff does not provide any foundation as to the conclusory

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 62
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

assertion that Ms. Doyle was struggling in her role.  **Third**, Plaintiff's

assertion, "I would have more work after the swap" that she asserts she

proposed to Dr. LaFemina is speculation.  Fed. R. Evid. 602; *Richards*, 2008

WL 2570668, at *1.

55.     "***As to SDMF 124, I said that if Doyle doesn't transfer to me the***
***appropriate knowledge and required duties to the scope that Mr. LaFemina***
***has assigned me - I will not be successful.***"  ECF No. 134 at 32:7-10.

**Request to Strike 69:  *First*,** Plaintiff's argumentative dialogue with

Battelle's court filings are not facts.  *See Moussouris*, 2018 WL 3328418, at

*10.  ***Second***, Plaintiff does not provide any foundation for these conclusory

assertions, and without factual context, Plaintiff's assertion is unintelligible.

Fed. R. Evid. 602.

55.     "***As to SDMF S125, due to Cindy not transferring over those duties.***"
ECF No. 134 at 32:11.

**Request to Strike 70:  *First*,** Plaintiff's argumentative dialogue with

Battelle's court filings are not facts and are unintelligible without context.  *See*
*Moussouris*, 2018 WL 3328418, at *10.  ***Second***, Plaintiff's conclusory

assertion, which appears to be in regard to Ms. Doyle, lacks any foundation.

Plaintiff does not indicate which "duties" she claims Ms. Doyle should have,

but did not, transfer to Plaintiff.  Fed. R. Evid. 602; *Richards*, 2008 WL

2570668, at *1.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 63
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

56.    "*On April 13, 2017, following e-mail exchanges with Mr. LaFemina and a meeting held at 1:00pm in the afternoon, <u>I was pressured to lie to my team immediately after this meeting at 3:00 pm</u>; he and I rehearsed a statement that was to be given to the team to the effect that I had input into the decision to leave AIM and to pursue a 'great opportunity' that Mr. LaFemina had found for me.  I read out loud the rehearsed speech to my Team <u>on the promise that I would not be demoted and would not be placed under Ms. Doyle's supervision.</u>*"  ECF No. 134 at 32:13-22.

**Request to Strike 71:**  Plaintiff does not provide any foundation as to her conclusory assertions.  For example, Plaintiff does not assert who allegedly "pressured [her] to lie to [her team]," what those supposed lies were, or how they allegedly did so.  Similarly, Plaintiff does not assert who allegedly promised Plaintiff she "would not be demoted and would not be placed under Ms. Doyle's supervision" or when that alleged promise was made.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *2 n. ("plaintiff complains that . . . [her manager] 'belittled' her answers to questions and tried to humiliate and embarrass her.  Plaintiff, however, offers no details [and] no indication that any boorish behavior was related to her gender . . . .").

56.    "*<u>Mr. LaFemina then used the announcement to justify moving the AIM team under Ms. Doyle, claiming budget reasons as the motivation for the reorganization.</u>*"  ECF No. 134 at 32:22-25.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 64
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 72:** Plaintiff does not provide any foundation to support the conclusory assertion that she has personal knowledge of Dr. LaFemina's motivation for the reorganization.  Fed. R. Evid. 602; *Richards*, 2008 WL 2570668, at *1.

56.    "***Mr. LaFemina stated loudly and very directly to my team that 'Aleta' would not be coming back and that I would need to find work somewhere else by October, which is the beginning of the new fiscal year.***"  ECF No. 134 at 32:25-33:4.

**Request to Strike 73:** Plaintiff does not establish a foundation for this assertion.  Plaintiff does not assert that she was present when Dr. LaFemina made this supposed statement to her unidentified team members.  Nor does Plaintiff assert her unidentified team members conveyed this information to Plaintiff, which would be inadmissible hearsay, in any event.  Fed. R. Evid. 602, 801, 802.

57.    "***On Friday April 14, 2017, I met the Manager of the 'special assignment' in Mr. LaFemina's office for the first time and was poised to fully engage on the activity on Monday April 17, 2017.  I quickly realized that the Manager of the special assignment was not amenable to engaging me on the activity (following several failed attempts to get engaged on the assignment).***"  ECF No. 134 at 33:5-10.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 65
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 74:**  Plaintiff does not provide any foundation to support her conclusory assertion that this unnamed "Manager" was "not amenable to engaging [her]."  Plaintiff does not assert this unnamed "Manager" ever communicated that sentiment to Plaintiff, nor can Plaintiff otherwise possess personal knowledge of this unidentified person's thoughts or feelings.  Plaintiff also does not provide any specific factual assertions regarding the supposed "several failed attempts to get engaged."  Fed. R. Evid. 602; *Richards*, 2008 WL 2570668, at *1.

57.    "*Also during this time, I was encouraged to work in an internally facing non-suitable white-walled working space with no windows.  Mr. LaFemina was very clear through an e-mail that I needed to work in this space, regardless of my complaints of its unsuitability for working purposes.*"  ECF No. 134 at 33:11-16.

**Request to Strike 75:**  *First,* Plaintiff fails to provide any foundation to support her conclusory assertion that she was "encouraged" to work in an "non-suitable . . . working space with no windows."  Plaintiff does not indicate who she claims encouraged her to do so or how they supposedly did so.  *Second*, Plaintiff's conclusory characterization of the referenced email, which is not attached to her Declaration and has not been authenticated, is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 801, 802, 901.  ***Third***, Plaintiff's assertion contradicts her deposition

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 66
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

testimony that ***Plaintiff*** requested that her office be moved and that she was only in the windowless office for ***a single day***:

> Q.  And one of the things you put down is: Moved to a windowless office in April of 2017?
>
> A.  Yes.
>
> Q.  And how many days did you work in that office at the EMSL?
>
> A.  ***One***.
>
> [] Q.  You chose to leave the ROB Building, correct, excuse me -- the ROB Building, right?
>
> A.  Okay.  So I was co-located with my team.  So my entire team was around me --
>
> Q.  Right.
>
> A.  -- in one hallway.  There was no way that I was going to be able to work there and not tell them the truth that I'd just lied to them.  There was no way I was going to be able to do that, and I told John that, that I could not work there at that office.
>
> Q.  But he kept that office for you; he didn't tell you to move to a different office?
>
> A.  He didn't have to.  There was no way I was going to work in that office with everybody around me and trying to act normal.

Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 302:11-303:21).

58.    "***I became aware (but by then I had already been removed and was powerless to do anything), that Battelle/PNNL management pressured the cause analysis team to change the language of the root cause analysis to***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 67
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*water down management 's responsibility (by including "flowery" context"*

*according to Ms. Pryor testimony) . . . ."*  ECF No. 134 at 33:17-22.

**Request to Strike 76:**  ***First,*** Plaintiff has not provided any foundation

regarding these conclusory assertions.  Plaintiff does not identify who in

management supposedly pressured the cause analysis team, how they

supposedly did so, what the change to the root cause analysis was, or how it

"watered down management's responsibility."  Similarly, Plaintiff does not

assert how she "became aware" of these supposed facts.  Plaintiff does not

assert that any member of the cause analysis team communicated any such

beliefs to Plaintiff.  ***Second***, Plaintiff's characterization of Ms. Pryor's

deposition testimony is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing

Fed. R. Evid. 1002).  ***Third***, Plaintiff's assertion that she had "already been

removed and was powerless to do anything" contradicts her deposition

testimony, in which she admits Dr. LaFemina specifically proposed that

Plaintiff remain the lead of the Issues Management program, which conducts

cause analyses, but she rejected that proposal.  Sup. Simpson Dec. at ¶ 2, Ex.

14 (Busselman Dep. 302:11-303:21).  *Yeager*, 693 F.3d at 1080.

58.    "***which then appeared in the April 2017 Cause Analysis Report as***

***follows:***

    ***Business Systems Directorate management had a primary focus***
    ***on controls over internal fraud risks in response to DOE's***
    ***annual risk statements in the Accounts Payable area (which did***
    ***not specifically address external fraud risks) and based on the***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 68
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*majority of previous experience involving internal fraud.*
*Consequently, the controls for the identification, detection and*
*response to evolving fraudulent activities by external criminal*
*entities in the Vendor Management Process were less than*
*adequate.*"

ECF No. 134 at 33:22-34:6.

**Request to Strike 77:**  Plaintiff's quotations from documents are not evidence.

*Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

58.    "*Without my approval and without consulting me, Battelle/PNNL*

*management also deleted the following relevant fact statements from the*

*April 2017 Cause Analysis Report as follows:*

> *DELETED: There are no segregation of duties between the*
> *Contracts Vendor Coordinator and the Accounts Payable*
> *Vendor Coordinator; the Same person currently fills both roles.*
>
> *DELETED: [In the Accounts Payable and Contracts*
> *organizations,] some staff indicated they felt that the work load*
> *was impacting the completeness and accuracy of their work.*
>
> *DELETED: The current Accounts Payable Manager has been*
> *in the role for approximately 1.5 years; this manager is less*
> *familiar with the identities of the vendors/POCs.*
>
> *DELETED: [The training was informal and included 'tribal*
> *knowledge' of processes and expectations;] it did not include the*
> *personal best practice of confirming changes with the listed*
> *vendor POCs.*

ECF No. 134 at 34:11-22.

**Request to Strike 78:**  Plaintiff offers no foundation for this conclusory and

speculative assertion.  Plaintiff does not indicate who in management made

these supposed deletions, when they did so, how they did so, or how Plaintiff

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 69
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

claims to have become aware of the same.  Fed. R. Evid. 602; *Richards*, 2008 WL 2570668, at *1.

58.      "<u>*As to SDMF 53, plaintiff did say this in the e-mail however it was later discovered that the facts that were removed were later deemed critical – because Mr. Conger reinstituted these internal controls that the former APManager had in place. Rose Dec., Exhibit 61.*</u>"  ECF No. 134 at 34:23-35:2.

**Request to Strike 79:  *First*,** Plaintiff's argumentative dialogue with Battelle's court filings are not facts.  *See Moussouris*, 2018 WL 3328418, at *10.  ***Second*,** Plaintiff has not offered any foundation to support these conclusory assertions. Plaintiff does not assert how she "later discovered that the facts were removed," who "deemed them critical," how she became aware they were deemed critical, what internal controls Mr. Conger "reinstituted," or how she became aware of that supposed reinstitution.  Fed. R. Evid. 602. ***Third***, Rose Exhibit 61, ECF No. 137-20 at 2-4, is unauthenticated hearsay and, in any event, appears to be a document related to employee performance evaluations, which is not relevant.  Fed. R. Evid. 402, 801, 802, 901.

58.      "<u>*DOE PNSO agreed with Marty and made Battelle/PNNL pay the $430,167 back (unallowable) per Rose Dec., Exhibit 17.*</u>"  ECF No. 134 at 35:2-5.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 70
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 80:**  *First*, Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not assert how she became aware of DOE PNSO's "agreement" with Mr. Conger or how she became aware that DOE deemed this amount unallowable.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  *Second*, Rose Exhibit 17, which Plaintiff references for the truth of the matter asserted, is unauthenticated hearsay.  Fed. R. Evid. 801, 802, 901. *Third*, Plaintiff's characterization of this document (which does not refer to Mr. Conger) is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

59.    "*On May 1, 2017, I was notified that the 'special assignment' was not a legitimate opportunity (which was later confirmed by Ms. Taylor in an email communication to Mr. LaFemina on June 9th ).*"  ECF No. 134 at 35:6-9.

**Request to Strike 81:**  *First,* Plaintiff has not provided any foundation for these conclusory assertions.  Plaintiff does not assert who provide her with this supposed notification, what it said, or how the opportunity was not "legitimate."  *Second*, Plaintiff does not indicate that she was a party to the supposed email from Ms. Taylor, or how Ms. Taylor provided the supposed confirmation.  *Third*, the supposed email Plaintiff refers to is not attached to Plaintiff's Declaration, has not been authenticated, and is hearsay within hearsay.  Fed. R. Evid. 801, 802, 805, 901; *Richards*, 2008 WL 2570668, at

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 71
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*1. ***Fourth***, Plaintiff's characterization of this supposed email is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

59.    "***Also on May 1, 2017, I was formally reorganized under Ms. Doyle and she had full access to my past performance reviews that discussed our hostile relationship and she deleted my approved FY17 goals from my electronic personnel file***."  ECF No. 134 at 35:9-13.

**Request to Strike 82:**  Plaintiff has not provided any foundation for her conclusory assertions that the late Ms. Doyle had "full access" to her past performance reviews and somehow "deleted [her] approved FY17 goals." Plaintiff provides no indication of how she claims to have been made aware of these supposed facts.  This is "shear speculation."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at **1, 11.

59.    "***On May 1, 2017, Marty Conger and Iris Anderson discuss how they are going to tell PNSO about the report and how they will ask for allowability of the lost funds that they paid to a fraudulent subcontractor***."  ECF No. 134 at 35:13-17.

**Request to Strike 83:  *First*,** Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not assert she was a party to any such conversation or correspondence.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, this is hearsay being offered for the truth of the matter

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 72
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

asserted, and Plaintiff has not established any hearsay exception.  Fed. R. Evid. 801, 802; *Davis*, 2008 WL 202708, at *12.

59.    "*After being assigned to a windowless office, when working from home, my email files regarding Mr. Cooke was deleted from my email account.*"  ECF No. 134 at 35:18-21.

**Request to Strike 84:**  Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not assert how these emails were deleted, how she learned of their deletion, or why this supposed deletion is somehow attributable to Battelle.  This is "shear speculation." *Richards*, 2008 WL 2570668, at *1; Fed. R. Evid. 602.

59.    "*I applied for a Manager Position within Mr. LaFemina's organization, and shortly thereafter, the opportunity was withdrawn on 6/26/18.*"  ECF No. 134 at 35:21-22.

**Request to Strike 85:**  Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not assert when she submitted such an application, how she learned the opportunity was withdrawn, or why it was withdrawn.  Fed. R. Evid. 602; *Richards*, 2008 WL 2570668, at *1.

61.    "*For months, I was not able to find a special opportunity for me to fill or a full-time charge code to bill my time to.*"  ECF No. 134 at 36:3-5.

**Request to Strike 86:**  Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not describe in any fashion her efforts to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 73
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

find "a special opportunity" at PNNL or whether, when, or how those efforts were rebuffed.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

61.    "***Since my departure, Mr. LaFemina was very clear that I would need to find work by October 1, 2017*** <u>***and with all of the publicity of possibly laying off 1000's of people at the end of the fiscal year via the Battelle/PNNL Laboratory Director, I saw the writing on the wall.***</u>"  ECF No. 134 at 36:4-10.

**Request to Strike 87:  *First*,** Plaintiff has not provided any foundation for her conclusory assertions.  Plaintiff does not describe the source or content of any of the "publicity" regarding these layoffs.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff's attribution of this to the "Laboratory Director" is an out-of-court statement for which Plaintiff has failed to establish a hearsay exception.  Fed. R. Evid. 801, 802; *Davis*, 2008 WL 202708, at *12.

61.    "<u>***I was looking for meaningful work at the Laboratory, but had been met with constant barriers and rejections due to my high charge out rate and the tense environment at the Laboratory.***</u>"  ECF No. 134 at 36:10-13.

**Request to Strike 88:  *First*,** Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not describe in any fashion the supposed "constant barriers and rejections."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff's insinuation that unidentified PNNL employees communicated these supposed rejections because of Plaintiff's "high charge out rate and the tense environment" is hearsay for which Plaintiff

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 74
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

has not established any exception.  Fed. R. Evid. 801, 802; *Carden*, 850 F.2d at 1002; *Davis*, 2008 WL 202708, at *13.

61.    "***I had been humiliated over and over again on a daily basis as my 30-year network of professional relationships at the Laboratory asked me 'What happened with your Division Director role?' and 'Why are you looking for work?***'"  ECF No. 134 at 36:13-17.

**Request to Strike 89:  *First*,** Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does identify a single individual who she claims posed such questions, nor does she recount a single specific conversation. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  *Second*, Plaintiff's attribution to unidentified individuals the question "Why are you looking for work" is being offered for the truth of the matter asserted and is inadmissible hearsay.  Fed. R. Evid. 801, 802; *Carden*, 850 F.2d at 1002; *Davis*, 2008 WL 202708, at *13.

61.    "***I was encouraged by Ms. Taylor to downgrade my Manager role to a specialist role in order to lower my cost and thus making me more attractive to others to employ me on their project.***"  ECF No. 134 at 36:17-20.

**Request to Strike 90:  *First*,** Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does explain how Mr. Taylor "encouraged" her to do so or when she did so.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  *Second*, Plaintiff is offering this statement for the truth of the matter

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 75
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

asserted but has not established any hearsay exception.  Fed. R. Evid. 801, 802; *Carden*, 850 F.2d at 1002; *Davis*, 2008 WL 202708, at *13.

62.    "*On or about May 10, 2017, I filed a DOE employee concerns complaint on this subject matter, <u>in addition to another Information Technology cyber breach concern that was raised to my attention earlier in the year by several concerned Battelle/PNNL staff</u>.*"  ECF No. 134 at 36:21-37:1.

**Request to Strike 91:  First,** Plaintiff has not provided any foundation for the conclusory assertion that there was another "cyber breach concern."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  **Second**, Plaintiff's attribution to unidentified individuals of this "cyber breach concern" is being offered for the truth of the matter asserted and is inadmissible hearsay.  Fed. R. Evid. 801, 802; *Carden*, 850 F.2d at 1002; *Davis*, 2008 WL 202708, at *13.

63.    "*On or about May 12, 2017, I notified Mr. LaFemina that I did not agree with his decision to remove me and that I filed an employee concern with DOE.  <u>Rather than fix this, his response was to send me an email in an effort to rewrite the facts to state that this was my decision to leave the organization</u>.*"  ECF No. 134 at 37:5-7.

**Request to Strike 92:  First,** Plaintiff has not provided any foundation for the conclusory assertion regarding Dr. LaFemina's supposed response.  Plaintiff does not offer any specifics regarding how Dr. LaFemina's email was an

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 76
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

"effort to rewrite the facts."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at

*11.  **Second**, Plaintiff's characterization of this referenced email, which is not

attached to her Declaration and has not otherwise been authenticated, is not

evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R.

Evid. 901.

64.    "***On May 31, 2017 and again on June 5, 2017, I reached out to the***

***Battelle/PNNL Employee Concerns Specialist (Marnae Litke Collins)*** <u>***to tell***</u>

<u>***her that I was being retaliated against and that I needed her protection.  She***</u>

<u>***informed me that Mike Schlender (Deputy Director of Operations) is***</u>

<u>***probably already aware of my situation and that Marty Conger has a***</u>

<u>***reputation for bad behavior at the Laboratory.***</u>"  ECF No. 134 at 37:9-15.

**Request to Strike 93:**  ***First***, Plaintiff is relying upon her own out-of-court

statements and those she attributes to Ms. Collins for the truth of the matters

asserted, but Plaintiff has not established an applicable hearsay exception.

Fed. R. Evid. 801, 802; *Davis*, 2008 WL 202708, at *13.  ***Second***, even if Ms.

Collins purported statement was admissible, Plaintiff has not demonstrated that

Ms. Collins had personal knowledge of Mr. Schlender's personal knowledge.

Fed. R. Evid. 602.  ***Third***, Plaintiff's inadmissible hearsay assertion regarding

Mr. Conger's supposed bad reputation "[is] reputation and propensity evidence

only, with no foundation anchoring it to one of the limited purposes specified

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 77
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

in Rule 404(b)." *U.S. v. McDuffie*, 2009 WL 10673271, at *2 (E.D. Wash. Apr. 24, 2009).

64.    "***On June 9, 2017, Mr. LaFemina and Ms. Taylor discussed further demotion of my position, that there was no job opportunity all along and that Mr. Spradling was not engaging me on purpose.***"  ECF No. 134 at 37:15-18.

**Request to Strike 94:  *First***, Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not assert she was a party to any such conversation or correspondence. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff is using these supposed out of court statements for the truth of the matters asserted, but Plaintiff has not established an applicable hearsay exception for what appear to be two levels of hearsay.  Fed. R. Evid. 801, 802, 805; *Davis*, 2008 WL 202708, at *13.  Once again, this is "innuendo[] and shear speculation." *Richard*, 2008 WL 2570668, at *1.

65.    "***On June 12, 2017, I wrote a detailed email to the Battelle/PNNL Lab Director Steven Ashby and copied Mike Schlender, John LaFemina, Cheri Wideman, and Marnae Litke Collins to notify Battelle/PNNL management that I had been retaliated against for opposing the improper efforts to change the root cause on the fraud case, and gave management until June 16, 2017, to reinstate me to my position, to ensure that in the future, I and my team would not be pressured to make changes to the root causes of any investigation, and that the root cause given on the April 2017 Cause Analysis***

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 78
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

***<u>Report (approved on 5/1/17), would be changed to reflect the root cause as written in the Team's March 2017 Cause Analysis Report (prior to the 4/13/17 draft report).</u>***" ECF No. 134 at 37:19-38:6.

**Request to Strike 95:** *First*, Plaintiff's characterization of this referenced email, which is not attached to her Declaration and has not been authenticated, is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901. *Second*, it is inadmissible hearsay to the extent Plaintiff relies upon her own out-of-court statements for the truth of the matters asserted. Fed. R. Evid. 801, 802.

66.    "***<u>Battelle/PNNL management lacked training and expertise to change the language of the root cause</u>***." ECF No. 134 at 38:10-11.

**Request to Strike 96:** *First***,** Plaintiff has not provided any foundation for this conclusory assertion. Plaintiff does not indicate which members of management she is referring to, how they lacked training and expertise, or how they were changing the root cause language (as opposed to submitting proposed drafts to Ms. Pryor for her consideration). Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11. *Second*, to the extent Plaintiff is contending that only qualified cause analysts may draft or revise root cause statements, Plaintiff's assertion contradicts her deposition testimony that unqualified individuals, including herself, draft cause analysis reports. ECF No. 85:31 pg. 41:15-24; Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 213:5-18).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 79
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

68.    "***Cindy continued to bushwhack us and by not allowing me a seat on the Internal Controls Site Assessment Team, or on the Research Operations Committee, and she continuously sabotaged me and my team by not providing the necessary information or appropriate transfer of knowledge to be successful.  Lots and lots of examples from multiple team members.***"

ECF No. 134 at 39:2-9.

**Request to Strike 97:  *First*,** Plaintiff has not provided any foundation for the conclusory assertions that the late Ms. Doyle "bushwhacked" and "sabotaged" Plaintiff.  Plaintiff does not explain how Ms. Doyle "did not allow her a seat" on the referenced team or committee or how this was "bushwhacking."  Similarly, Plaintiff does not explain how Ms. Doyle "sabotaged" her by not providing necessary information.  Indeed, Plaintiff does not provide a single specific example.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

***Second***, the vague attribution of out-of-court statements to unidentified "team members" are hearsay for which Plaintiff failed to establish an exception.  Fed. R. Evid. 801, 802; Fed. R. Evid. 801, 802; *Carden*, 850 F.2d at 1002; *Davis*, 2008 WL 202708, at *13.

69.    "***This reorganization made me a peer manager to Ms. Doyle who was extremely vocal about her belief that Mr. LaFemina had made a poor decision in terms of the reorganization (to the point that she herself applied for a different position in a different directorate at the Laboratory and***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 80
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   _**created post-it notes and distributed to both my new team and hers - that said**_

2   _**'welcome to crazy town').**_"  ECF No. 134 at 39:10-17.

3   **Request to Strike 98:**  _First,_ Plaintiff has not provided any foundation for

4   these conclusory assertions.  For example, Plaintiff does not assert she ever

5   personally heard the late Ms. Doyle express any such beliefs.  Similarly,

6   Plaintiff does not provide any indication she possesses personal knowledge

    that Ms. Doyle applied for a different position, much less Ms. Doyle's

7   purported motivations for doing so.  Fed. R. Evid. 602; _Davis_, 2008 WL

8   202708, at *11.  _**Second**_, Plaintiff's vague assertions apparently rely upon one-

9   or-more layers of hearsay for which Plaintiff has failed to establish an

10  exception.  Fed. R. Evid. 801, 802, 805.  _Davis_, 2008 WL 202708, at *13

11  ("plaintiff may not treat [the deceased] Ms. Eng's alleged statements as

12  admissions by a party-opponent").

    69.    "_**I believe Ms. Doyle was jealous of my advancement and possibly felt**_

13  _**threatened that her former subordinate was now her peer.**_"  ECF No. 134 at

14  39:17-20.

15  **Request to Strike 99:**  Plaintiff's speculative assertion that the late Ms. Doyle

16  felt "jealous of" and "threatened" by Plaintiff are not based upon Plaintiff's

17  personal knowledge.  Fed. R. Evid. 602; _Davis_, 2008 WL 202708, at *11.

18  69.    "_**She began to lash out at both myself and my team by finding every**_

    _**opportunity she could to criticize the work we were doing – unprofessional**_

19

20  DEFENDANT'S REPLY STATEMENT
    OF MATERIAL FACTS NOT IN
    DISPUTE - 81
    Case No. 4:18-cv-05109-SMJ
    4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    ***behavior given that Ms. Doyle was no longer my manager or responsible for***

2    ***the work that we were conducting.***"  ECF No. 134 at 39:19-24.

3    **AND**

4    70.    "***This constant hostility that Ms. Doyle created culminated in an***

5    ***incredibly stressful work environment for me as I learned the ropes of my***

6    ***Assessment and Issues Management Division Director position.***"  ECF No.

    134 at 39:25-40:2.

7    **AND**

8    70.    "***The hostility emanated by Cindy Doyle certainly had an effect on the***

9    ***morale of both my team and myself in the years and months in particular***

10    ***leading up to my 2017 whistleblower complaint.***"  ECF No. 134 at 40:10-13.

11    **Request to Strike 100:  *First,*** Plaintiff has not provided any foundation for

12    these conclusory accusations against the late Ms. Doyle.  For example,

    Plaintiff fails to provide a specific example of Ms. Doyle's "lashing out" or

13    "criticizing" Plaintiff or her "team."  Similarly, Plaintiff does not offer any

14    specific examples of the "hostility" she claims Ms. Doyle "emanated."  Fed. R.

15    Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff does not possess

16    personal knowledge regarding the "morale" of unidentified members of her

17    "team" and, to the extent she is ascribing that knowledge to out-of-court

18    statements, they are being offered for the truth of the matter asserted and are

19

20    DEFENDANT'S REPLY STATEMENT
    OF MATERIAL FACTS NOT IN
    DISPUTE - 82
    Case No. 4:18-cv-05109-SMJ
    4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

inadmissible hearsay.  Fed. R. Evid. 602, 801, 802; *Carden*, 850 F.2d at 1002;

*Davis*, 2008 WL 202708, at *13.

70.     "***I confided in Mr. LaFemina on several occasions (in face-to-face***

***meetings and through e-mail communications) <u>about Cindy's</u>***

***<u>unprofessional behavior towards me</u>; however, <u>he did little to support me in</u>***

***<u>this regard despite agreeing it was a problem</u> and vaguely suggesting that he***

***was 'willing to help in any way necessary' to see that Cindy and I develop a***

***more positive working relationship.  See Exhibit 2.***"  ECF No. 134 at 40:2-10.

**Request to Strike 101:  *First*,** Plaintiff has not established a foundation for

her conclusory assertion that the late Ms. Doyle engaged in "unprofessional

behavior towards [Plaintiff].  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at

*11.  ***Second***, Plaintiff is referring to her own alleged out-of-court statement

for the truth of the matters asserted but has not established an applicable

hearsay exception.  Fed. R. Evid. 801, 802.  ***Second***, Plaintiff's reference to

"Exhibit 2" is inexplicable, as there are no exhibits attached to her Declaration

and Rose Exhibit 2, ECF No. 136-2, is an excerpt from the deposition of Marty

Conger.  ***Third***, Plaintiff's assertion that Dr. LaFemina "did little to support

me" contradicts her deposition testimony:

> Q.  So you're criticizing them, but [Dr. LaFemina] still going to
> leave this -- wouldn't you agree that most people would assume
> this is the first thing they would take from you?
>
> MR. SHERIDAN:  Objection, calls for speculation.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 83
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

THE WITNESS:  So, you know, I get what you're saying, but the fact of the matter is that ***before I left on vacation, John LaFemina supported me in everything I was doing with that position***.

ECF No. 85-31 pg. 110:5-23 (emphasis added). *Yeager*, 693 F.3d at 1080 (sham affidavit rule).

70.    "***Many of the implied negative aspects mentioned in my performance review from 2016 prior to my whistleblower complaint can be attributed to the outcomes of this behavior by Cindy Doyle and not a lack of desire to fully and passionately perform the essential duties of my position.***"  ECF No. 134 at 40:13-18.

**Request to Strike 102:  *First,*** Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff neither identifies these "implied negative aspects" nor explains why they can be attributed to "this behavior by Cindy Doyle."  Plaintiff also does not provide any specific examples of Ms. Doyle's "behavior." Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second,*** Plaintiff does not have personal knowledge as to what other persons were thinking when they provided input regarding her 2016 performance review. Fed. R. Evid. 602.  Once again, this is "shear speculation." *Davis*, 2008 WL 202708, at *1.

71.    "***As to the February 24, 2017 email characterization, that was one email fixed in time.  While I was on travel obtaining training from the DOE Office of Enterprise Assessment Director and his team, my February 24, 2017 email to Mr. LaFemina was triggered by an email that Ms. Doyle had***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 84
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*sent to me, along with several others, <u>openly attacking my team and their</u> <u>management of the critique process during my absence.  This email</u> <u>suggested that there were issues with the critique processes when, in fact, we</u> <u>were following an industry standard best practice following a set of</u> <u>corrective actions that were put in to place in late 2013 after Ms. Doyle</u> <u>conducted a survey on the critique process and had a Lean Six Sigma review</u> <u>of the critique process.</u>*"  ECF No. 134 at 40:19-41:6.

**Request to Strike 103:**  ***First,*** Plaintiff's characterizations of the emails she claims Ms. Doyle sent her at an unspecified point in time, which are not attached to her Declaration and have not otherwise been authenticated, are not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901.  ***Second***, Plaintiff has not otherwise provided any foundation for her conclusory assertion that Ms. Doyle was "attacking" her team.  Fed. R. Evid. 602.

72.    "***Following Cindy's email, I sent several to Mr. LaFemina <u>indicating</u>*** <u>***that my team simply did not have the resources to implement the changes***</u> <u>***that Cindy was suggesting.  I explained that we were 'tapped out' and that***</u> <u>***'…it's a prioritization activity.  If we take on new things, then we stop doing***</u> <u>***other things.***</u>*'*"  ECF No. 134 at 41:19-42:1.

**Request to Strike 104:**  ***First,*** Plaintiff is misinterpreting the email to which she refers.  Plaintiff attributes to herself the statement from Battelle Exhibit V,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 85
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

ECF No. 85-22 at 4, "it's a prioritization activity.  If we take on new things, then we stop doing other things.'"  However, the referenced document demonstrates Dr. LaFemina wrote that to Plaintiff on February 24, 2017, at 6:44 p.m.  *Id.*  Plaintiff's misinterpretations of documents are not evidence. *Davis*, 2008 WL 202708, at *10 ("Plaintiff . . . has misstated the deposition testimony and misinterpreted the photographs"); Fed. R. Evid. 1002.  ***Second***, Plaintiff is relying upon her own out-of-court statements for the truth of the matters asserted.  Fed. R. Evid. 801, 802.

73.    "***The email I sent to Mr. LaFemina on February 24, 2017, <u>was in regards to Cindy's mistreatment of me and mischaracterization of the work my Team was doing, not dissatisfaction with my position generally</u>.  Ms. Doyle's email had been humiliating to me <u>and I believed she intentionally sent it in order to paint me in a bad light</u>. In the email to Mr. LaFemina, I did say I was 'stressed out' but I clarified this by saying that 'to have Cindy pick on what I consider our best process (the critique process) is super humiliating and depressing…'"***  ECF No. 134 at 42:2-11.

**AND**

74.    "***<u>I was unhappy with the treatment and public humiliation Cindy was subjecting me to</u>.***"  ECF No. 134 at 43:16-17.

**Request to Strike 105:**  ***First,*** Plaintiff has not provided any foundation for her conclusory assertions that Ms. Doyle subjected her to "public humiliation,"

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 86
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

"mistreated" her, or "mischaracterized" her team's work. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *2 n.2 ("plaintiff complains that, during the interview process, [her manager] 'belittled' her answers to questions and tried to humiliate and embarrass her.  Plaintiff, however, offers no details").  ***Second***, Plaintiff's speculation that Ms. Doyle "intentionally sent it in order to paint me in a bad light" is "shear speculation."  *Davis*, 2008 WL 202708, at *1.  ***Third***, Plaintiff's characterizations of these emails are not evidence because the documents speak for themselves, ECF No. 85-22.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

73.    "*As to SDMF 102, what I said on June 23rd was in order to be successful in my role as the AIM Manager and soon to be Enforcement Coordinator I will need to be included on these discussions.*"  ECF No. 134 at 42:13-16.

**Request to Strike 106:**  Plaintiff's argumentative dialogue with Battelle's court filings are not facts.  *See Moussouris*, 2018 WL 3328418, at *10.  Without context, this assertion is unintelligible.  To the extent Plaintiff is referencing Paragraph 102 of Battelle's SUMF, it is unclear why Plaintiff refers to June 23 but, in any event, Plaintiff is contradicting her deposition testimony:

Q.  Had you talked to him about how unhappy you had been at your job?

A.  About Cindy Doyle.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 87
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Q.  Only about Cindy Doyle?

A.  About how they were getting in my way to be able to be an effective enforcement coordinator for the laboratory.

ECF No. 85-31 pg. 92:2-8. *Yeager*, 693 F.3d at 1080 (sham affidavit rule).

73.    "*[A]nd then again on June 24th I said 'I have and will talk to her again - as you have probably noticed I have a little bit of a different style when it comes to leading my staff and I am protective of the positive team environment that I am attempting to created after years of inconsistency and turnover in the group.  I really want them to feel / genuinely know that they are respected and part of the solution and that we have clear boundaries and stability associated with how we conduct our business based upon our graded approach. Cat's paw anyone? See Specific e-mails to LaFemina about this conflict.*"  ECF No. 134 at 42:17-43:2.

**Request to Strike 107:**  *First*, Plaintiff quotes at length from unknown emails, which are not attached to her Declaration, for the truth of the matters asserted; however, these documents have not be authenticated and Plaintiff has not established an applicable hearsay exception for the emails or their contents. Fed. R. Evid. 801, 802, 901.  *Second,* Plaintiff's quotations from and characterizations of documents are not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

74.    "*The February 24, 2017 e-mail that is being taken out of context by Battelle is asserting that I wanted a new job.  This is not true.  I was stressed*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 88
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*__out, but that did not mean that I didn't want my job, it just meant that I had__*
*__a lot on my plate and the team was busting at the seams.__*" ECF No. 134 at
43:5-16.

**Request to Strike 108:** Plaintiff's argumentative dialogue with Battelle's
court filings is not evidence. *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ.
P. 56(e)).

75.    "*__First and foremost, it's important to acknowledge that Mr.__*
*__LaFemina's feedback was largely positive.  In fact, he began his review by__*
*__stating: 'Aleta, for your first year in this management position you__*
*__accomplished much and had a very good year…your overall performance__*
*__met the high expectations for someone at your level and so your 2016__*
*__performance rating is Achieved Expectations (AE).__*'" ECF No. 134 at 43:24-
44:6.

**Request to Strike 109:** Plaintiff's quotations from and characterizations of
documents are not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R.
Evid. 1002).

75.    "*__This statement, signed by Mr. LaFemina on November 18, 2016, is__*
*__completely at odds with the Battelle characterization of my 2016__*
*__performance evaluation__*." ECF No. 134 at 44:6-9.

**Request to Strike 110:** Plaintiff's argumentative dialogue with Battelle's
court filings is not evidence. *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 89
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

P. 56(e)).  Moreover, it is unclear what supposed "characterizations" Plaintiff

is referring to.

75.    "***After Mr. LaFemina provided me less than 24 hours to review the***

***written document and after I rebutted many of his statements and***

***accusations.***"  ECF No. 134 at 44:9-12.

**Request to Strike 111:**  Plaintiff has not provided any foundation for these

conclusory assertions.  Plaintiff does not assert Dr. LaFemina actually

informed Plaintiff she had less than 24 hours to review this her performance

review.  Nor does Plaintiff explain what alleged "statements and accusations"

she claims to have rebutted, or how she claims to have done so.  Indeed, the

"Staff Member Comments" section of Plaintiff's 2016 performance review is

blank.  ECF No. 85-21 at 6.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *2

n.2.

76.    "***Many of the anonymous quotations taken from my performance***

***review indicate a need to continue to familiarize myself with my newly***

***acquired role in management, rather than performance shortcomings or a***

***weakness in my interactions.  For example, one source writes:***

> ***'Aleta is working very hard with limited resources. She has a***
> ***positive attitude, is open to help, and willing to learn. Her***
> ***improvement challenges are to increase her confidence and***
> ***learn how to lead by influence. She would benefit from a***
> ***mentor.***'"

ECF No. 134 at 44:18-45:1.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 90
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**AND**

77.    "***Although Battelle has chosen to highlight many of the more negative anonymous quotes, the review itself is also full of positive feedback including the following:***

> ***'I really enjoy working with and for Aleta. She is the best manager I've ever had. She's easy to talk to, encourages our team, empowers us to take responsibility for our programs, and gives us feedback in a timely manner.'***"

ECF No. 134 at 45:4-11.

**Request to Strike 112:    *First,*** Plaintiff's argumentative dialogue with Battelle's court filings is not evidence.  *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)).  Further, it is unclear to what Plaintiff is referring, as Battelle did not "highlight" or otherwise address any anonymous quotes from her 2016 performance review.  *See* ECF 85-21.  ***Second,*** Plaintiff seeks to use anonymous persons' out-of-court statement from her performance review, ECF No. 85-21, for the truth of the matters asserted but has not established a hearsay exception.  Fed. R. Evid. 801, 802, 805; *Carden*, 850 F.2d at 1002; *Davis*, 2008 WL 202708, at *13.  ***Third***, Plaintiff's quotations from and characterizations of documents are not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

78.    "***In 2016 Mr. LaFemina also acknowledges that my 'engagement with the PMOD Forum [was] very positive and [he] hope[s] that [I] see that this gives [me] the opportunity to influence change.***'"  ECF No. 134 at 45:12-15.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 91
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 113:**  Plaintiff's quotations from and characterizations of documents are not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002).

79.    "***Many of the more negative feedback cited by Mr. LaFemina concerns my relationship and interactions with Cindy Doyle***."  ECF No.134 at 45:16-20.

**Request to Strike 114:**  Plaintiff has not provided the foundational assertions necessary to support this conclusory assertion, which is unintelligible.  It is unclear what Plaintiff means by "cited by [Dr.] LaFemina."  Fed. R. Evid. 602.

80.    "***Per the Battelle/PNNL Conduct Annual Performance Evaluation requirements – the criteria for the given performance rating was described as follows: Total performance consistently met expectations; achieved success in accomplishing job responsibilities and meeting goals; and demonstrating core competencies. I achieved these objectives***."  ECF No. 134 at 45:21-46:1.

**Request to Strike 115:**  ***First***, Plaintiff's characterization of this referenced document, which is not attached to her Declaration and has not been authenticated, is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901.  ***Second***, Plaintiff has not established an applicable hearsay exception for the referenced document, which she quotes for the truth of the matter asserted.  Fed. R. Evid. 801, 802.  ***Third***, Plaintiff

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

has not provided the necessary foundation for her conclusory assertion "I achieved these objectives," which is unintelligible as a result.  Fed. R. Evid. 602.

81.    "*Mr. LaFemina followed up my performance review with an email stating: 'Thanks again for a great year!*'"  ECF No. 134 at 46:2-3.

**Request to Strike 116:**  Plaintiff's characterization of this referenced documents, which is not attached to her Declaration and has not been authenticated, is not evidence.  *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901.  Plaintiff also has not established an applicable hearsay exception for this unauthenticated email, which she seeks to use for the truth of the matter asserted.  Fed. R. Evid. 801, 802.

81.    "*Mr. LaFemina and Battelle were not only satisfied, but thankful, of the work I was doing for the company. See Exhibit 2.*"  ECF No. 134 at 46:3-6.

**Request to Strike 117:**  Plaintiff has not asserted any foundation for this conclusory assertion, and she cannot possess personal knowledge of what Dr. LaFemina or Battelle thought or felt.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  Moreover, there is no Exhibit 2 attached to Plaintiff's Declaration, and Rose Exhibit 2, ECF No. 136-2, does not support this assertion.  *Davis*, 2008 WL 202708, at *1 ("plaintiff has consistently relied upon . . . misinterpretations of written materials and deposition testimony").

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 93
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

81.    "***This performance review was in alignment with prior performance reviews I had received from Battelle.  See Exhibit 4.***"  ECF No. 134 at 46:6-8.

**Request to Strike 118:**  Plaintiff has not asserted any foundation for this conclusory assertion.  Plaintiff has not described her prior performance reviews or explained what she means by "in alignment."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at \*11.  Further, there is no Exhibit 4 attached to Plaintiff's Declaration, and Rose Exhibit 4, ECF No. 136-4, does not support this assertion.  *Davis*, 2008 WL 202708, at \*1.

82.    "***Please also see my specific performance timeline and compensation history between December 1, 2014 and May 1, 2017 provided as Exhibit 3. This is illustrative of Battelle/PNNL's eagerness to encourage the work I was doing***."  ECF No. 134 at 46:9-13.

**Request to Strike 119:**  Plaintiff's characterization of the referenced document, which is not attached to her Declaration and has not been authenticated, is not evidence.  *Davis*, 2008 WL 202708, at \*11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901.  Moreover, Plaintiff is apparently not referring to Rose Exhibit 3, ECF No. 136-3, which is a deposition excerpt.

82.    "***It begs the question as to why I would have received this compensation had I really displayed the shortcomings detailed in the Battelle's critique of my performance review received in 2016***."  ECF No. 134 at 46:13-18.

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 94
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

**Request to Strike 120:**  Plaintiff's argumentative dialogue with Battelle's court filings is not evidence.  *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)).  Moreover, it is unclear to what Plaintiff is referring because Battelle has not filed any "critique" of her 2016 performance review.

83.    "***As to SDMF 94, I was given Division Director Job on 3/1/16.  I was required by HDI requirements to tell my manager that I applied for another job.***"  ECF No. 134 at 47:4-7.

**AND**

84:    "***I was required to notify Mr. LaFemina of the job interview per Battelle/PNNL HDI requirements***."  ECF No. 134 at 50:19-21.

**Request to Strike 121:** *First*, Plaintiff's argumentative dialogue with Battelle's court filings is not evidence.  *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)).  *Second*, Plaintiff has not provided a foundation for her conclusory assertion regarding what "HDI requirements" required.  Plaintiff has not identified any such requirements.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  *Third*, Plaintiff has not attached any such requirements to her Declaration, much less authenticated them or established an applicable hearsay exception.  Fed. R. Evid. 801, 802, 901.

83.    "***Cindy Doyle had also applied for another job.***"  ECF No. 134 at 47:7.

**AND**

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 95
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

83.    "**_NOTE: Cindy Doyle was also exploring other opportunities at the Lab._**"  ECF No. 134 at 48:25-49:1.

**Request to Strike 122:**  Plaintiff has not provided any foundation for her conclusory assertions that Ms. Doyle "applied for another job" and was "exploring other opportunities."  Plaintiff does not assert Mr. Doyle or anybody else ever communicated that to her or that Plaintiff has any other basis establishing her own personal knowledge.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

83.    "**_I DID NOT KNOW THAT JEFF DEAL WOULD BE IN THE INTERVIEW.  He sexually harassed Sarah Timmons, I turned him in and then he created a hostile work environment for both of us.  See email Jeff Deal Sex Harrass._**"  ECF No. 134 at 47:16-21.

**Request to Strike 123:**  ***First*,** Plaintiff has not provided any foundation for her conclusory assertions that Mr. Deal "sexually harassed Sarah Timmons" and "created a hostile work environment for both of us."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff has neither attached a "Jeff Deal Sex Harrass" email to her Declaration nor authenticated it.  Fed. R. Evid. 901.  ***Third***, Plaintiff has not established any applicable hearsay exception for that email or its contents, although she apparently cites it for the truth of the matter asserted.  Fed. R. Evid. 801, 802.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 96
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

83.    "***As to SDMF 95, Previous discussion was taken out of context.***"  ECF No. 134 at 48:2.

**Request to Strike 124:** Plaintiff's argumentative dialogue with Battelle's court filings is not evidence. *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)).

83.    "***Both were directly tied to Jeff Deal and I would never get to do either why he is around...***"  ECF No. 134 at 48:6-7.

**Request to Strike 125:**  Plaintiff's assertion is "shear speculation." *Richards*, 2008 WL 2570668, at *1; Fed. R. Evid. 602.

83.    "***John even followed up with an e-mail on my e-mail about Jeff Deal on 1/8/16 on that Jeff Deal could have been managing the Project management area better.***"  ECF No. 134 at 48:7-10.

**Request to Strike 126:**  Plaintiff's characterization of this referenced email, which is not attached to her Declaration and has not otherwise been authenticated, is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901.  Further, Plaintiff refers to this email for the truth of the matter asserted but has not established a hearsay exception.  Fed. R. Evid. 801, 802, 805.

83.    "***AND THEN JOHN PROMOTED ME TO DIVISION DIRECTOR on 3/1/16.  So he knew Jeff was not performing.  Clearly my disclosure of***

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 97
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*__sexual harassment and hostile work environment was acceptable behavior by__*

*__John - since he never did anything.__*" ECF No. 134 at 48:10-16.

**Request to Strike 127:** ***First,*** Plaintiff does not possess personal knowledge

of what Dr. LaFemina knew about or believed with regard to Mr. Deal's

performance. Plaintiff's assertion is "shear speculation." *Richards*, 2008 WL

2570668, at *1; Fed. R. Evid. 602. ***Second***, Plaintiff has not provided a

foundation to support her conclusory assertion that Dr. LaFemina "never did

anything." For example, Plaintiff has not asserted Dr. LaFemina and Mr. Deal

are even in the same organization at PNNL or that addressing such issues was

within Dr. LaFemina's purview at PNNL. Fed. R. Evid. 602; *Davis*, 2008 WL

202708, at *11.

83. "*__and then we put together a path forward plan for my AIM role on__*

*__7/1/16. See Email PMOD Job.__*" ECF No. 134 at 48:17-20.

**Request to Strike 128:** Plaintiff's characterization of this referenced email,

which is not attached to her Declaration and has not otherwise been

authenticated, is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R.

Evid. 1002); Fed. R. Evid. 901.

83. "*__As to SDMF 96, I did say that in an e-mail… I also said that I wanted__*

*__him to be first to know that I was exploring this area…and that I would__*

*__continue down the path of making sure the AIM team is meeting their__*

*__deliverables and making him proud.__*" ECF No. 134 at 48:21-25.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 98
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 129:** *First,* Plaintiff's argumentative dialogue with Battelle's court filings is not evidence. *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)). *Second*, Plaintiff's quotations from and characterizations of documents are not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002)

83. "*Cindy was changing documentation without consulting me and going around me consistently.*" ECF No. 134 at 49:1-2.

**Request to Strike 130:** Plaintiff has not provided any foundation for this conclusory assertion. Plaintiff does not specifically recount a single relevant incident. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

83. "*As to SDMF 98, Due to the fact that the AIM Team could not get anyone at the Laboratory to help do cause analysis activities and I knew that the manager was going to fight us on anything we came up for a root cause on this 16 year old that had unlimited access to 5-6 labs that had hazardous materials in them. Her line manager was grossly negligent in supervising her and she could have lost an eye. This was a near miss!!! I knew that Alison Campbell and SCOTT TINGEY would fight me on saying this was a willful misconduct. So I took it from Kathy Pryor.*"" ECF No. 134 at 50:23-50:8.

**Request to Strike 131:** *First,* Plaintiff's argumentative dialogue with Battelle's court filings is not evidence. *Rasmussen*, 299 F.3d at 1082 (citing

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 99
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Fed. R. Civ. P. 56(e)).  **Second,** Plaintiff has not provided any foundation for these conclusory and speculative assertions.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  **Third,** to the extent Plaintiff purports to offer the assertion that there was "gross negligence" as a lay opinion, it is inadmissible because it is not rationally based upon Plaintiff's perceptions and requires specialized legal knowledge.  Fed. R. Evid. 701.

84.    "*In the Spring of 2016 Cindy and I were in constant battle mode due to HER not delegating her previous roles to me.*"  ECF No. 134 at 50:8-10.

**Request to Strike 132:**  Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not identify any role Ms. Doyle failed to "delegate" to Plaintiff much less assert the basis for why she believed Ms. Doyle was supposed to do so.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

84.    "*I was continually asking Mr. LaFemina for his help and he kept saying that we had to work it out – even though Cindy had all of the power in this arrangement.*"  ECF No. 134 at 50:11-13.

**Request to Strike 133:**  Plaintiff has not provided any foundation for the conclusory assertion that "Cindy had all of the power in this arrangement."  It is unclear why Plaintiff believed that to be the case.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 100
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

84.     "*At that point due to the frustration, I did look at this opportunity <u>and was assured by my peers that it would not be used against me to explore the opening</u>.*"  ECF No. 134 at 50:13-16.

**Request to Strike 134:**  Plaintiff's assertions regarding what her unidentified peers "assured" her is hearsay.  Fed. R. Evid. 801, 802; *Carden*, 850 F.2d at 1002; *Davis*, 2008 WL 202708, at *13.

85.     "<u>*In the past, this Manager had retaliated against me for turning him in for sexual harassment of a subordinate.  Despite my disclosure, upper management and HR did nothing to fix this.  Eventually, both the woman that was harassed and I left that organization to get away from this Manager*</u>."  ECF No. 134 at 51:1-5.

**Request to Strike 135:**  Plaintiff has not provided any foundation for her conclusory assertions that Mr. Deal "retaliated against [her]" or sexually harassed a subordinate."  Plaintiff has not asserted a single supporting fact.  Nor has Plaintiff provided any foundation for her assertion that she disclosed this alleged behavior or that "HR did nothing to fix this."  Indeed, Plaintiff provides no detail whatsoever.  *Richards*, 2008 WL 2570668, at *1; Fed. R. Evid. 602.

85.     "<u>*This is not true. I never said this. I am the Breadwinner of the family. It would make no sense to leave a well-paying job that I have put in over 30+ years of service and pension and go back to school.  I have two kids in*</u>

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 101
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*college – I need a job.  Perhaps the 'Doctor' in him thought I should go back to school.  I certainly don't need any more schooling at 50 years of age - certifications are good litmus tests for knowledge and experience.  I prefer those over expensive education that doesn't really prove anything about your skills and talents - except that you can commit to executing a plan to complete deliverables - I think I have that down.  Never one of my career aspirations includes hoping to be called Dr. Busselman.*"  ECF No. 134 at 51:14-52:2.

**Request to Strike 136:** *First*, Plaintiff contradicts her deposition testimony:

> Q.  During your March 30th review, did you talk to John that you were thinking about possibly leaving the lab and going back to school?
>
> A.  Again, a long-term discussion about getting certifications, you know, would you want to go back to school?  John is very, you know, he's a doctor, right, so he's very academic and he likes degrees.  So I guess that could have been a possibility.
>
> Q.  Did you raise that as a possibility that you were thinking of possibly leaving the lab and returning to school?
>
> A.  It's possible we had that conversation.  Those conversations are all pie in the sky.

ECF No. 85-31 pg. 92:9-21.  *Yeager*, 693 F.3d at 1080 (sham affidavit rule).

*Second*, Plaintiff does not possess personal knowledge of what Dr. LaFemina thought.  Fed. R. Evid. 602.

85.    "*As to SDMF 133, I say this to every boss.  If I make a commitment to do something- I would never leave anyone in a lurch.  I even said that to the*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 102
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

_**sexual harasser in an e-mail - and I think most reasonable people would understand if you just walked out on that kind of situation - but I DON'T WALK OUT and leave things undone.  That is why I have such a good reputation - I make sure that whatever I do that I always have policies and procedures in place in case I get hit by a beer truck.**_"  ECF No. 134 at 52:3-12.

**Request to Strike 137:**  *First,* Plaintiff's argumentative dialogue with Battelle's court filings is not evidence.  *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)).  ***Second,*** Plaintiff has not provided any foundation for these conclusory assertions, including that somebody was a "sexual harasser" or the "situation."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Third,*** Plaintiff fails to establish the requirements for "habit" evidence under Fed. R. Evid. 406.  *Mathes v. The Clipper Fleet*, 774 F.2d 980, 984 (9th Cir. 1985) ("It is only when the examples offered to establish such pattern of conduct or habit are 'numerous enough to base an inference of systematic conduct' ... that they are admissible to establish pattern or habit") (citations omitted).  ***Fourth,*** Plaintiff's opinion regarding her "good reputation" is not admissible.  *U.S. v. Candoli*, 870 F.2d 496, 506 (9th Cir. 1989) ("Pursuant to Rules 404(a)(3) and 608(a), evidence of [the witness's] reputation should have been limited to evidence of [his] reputation for *truthfulness*").

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 103
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

86.    "*Unbeknownst to me at the time, the mentor that Mr. LaFemina set me up with in December 2016, Tammy Taylor, was his close friend as well as a friend of Cindy Doyle.*"  ECF No. 134 at 52:23-53:1.

**Request to Strike 138:**  Plaintiff has not provided any foundation for these conclusory assertions.  Plaintiff does not indicate how she claims to have learned these purported facts.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

87.    "*At the beginning of our relationship, I gave Ms. Taylor my performance review information and my goals for the next year and asked her for help to work with Cindy Doyle, she seemed sincere in her words of encouragement and she claimed that we would get along very well because Mr. LaFemina had told her that I could not lie and she claimed she was a strong Christian woman, like me.  Each of our subsequent meetings were about how I was doing and if there were challenges that I was facing with my AIM Division Director role.  Cindy Doyle was a common topic in most of these meetings and she never mentioned that these frequent confrontations were because 'I' was not performing well or not behaving in a professional manner to alleviate the conflicts with Cindy.  However, she did tell me several times that Cindy was very powerful and important to the Lab.*"  ECF No. 134 at 53:2-17.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 104
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 139:** *First***,** Plaintiff seeks to use these out of court statements by Plaintiff and Ms. Taylor for the truth of the matters asserted, including Ms. Taylor's supposedly recounting to Plaintiff that Ms. Doyle "was very powerful" as well as Dr. LaFemina's purported second-hand opinion that Plaintiff "could not lie." However, Plaintiff has not demonstrated the applicability of any hearsay exception. Fed. R. Evid. 802, 803. *Second*, Plaintiff cannot use evidence of her Christian faith to support her credibility. Fed. R. Evid. 610.

87.    "*[Ms. Taylor] wrote an e-mail back and forth with Mr. LaFemina about how Mike Spradling's treatment of me was not surprising and that she talked to me about downgrading my manager role to a specialist role on June 9th.*" ECF No. 134 at 53:21-54:1.

**Request to Strike 140:** *First*, Plaintiff does not establish a foundation for this conclusory assertion. Plaintiff does not assert she was a party to such an email, or that she even reviewed such an email. Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11 *Second*, Plaintiff's characterizations of this email, which is not attached to her Declaration and has not been authenticated, is not evidence. *Davis*, 2008 WL 202708, at *11 (citing Fed. R. Evid. 1002); Fed. R. Evid. 901. *Third*, Plaintiff seeks to use this email and the alleged statements therein for the proof of the matters asserted, but Plaintiff has not established a

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 105
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

hearsay exception for either the email or the statements she claims it contains. Fed. R. Evid. 801, 802, 805.

87.    "***As to SDMF 120, they leave out that Ms. Brandon writes, 'tough job and then pressure from pushy Ops Managers.  Not fun.  The e-mail says this in parts and pieces, but it isn't what they are trying to make it out to be.  This is a normal thing for me and my friends to throw around (it's banter) and Jill was from the AIM organization - she understands the organization history of high stress because of bad management.  Ms. Busselman included more background on the John's son push.***"  ECF No. 134 at 54:7-16.

**Request to Strike 141:  *First,*** Plaintiff's argumentative dialogue with Battelle's court filings is not evidence.  *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)).  ***Second,*** Plaintiff has not provided any foundation for the conclusory assertions that "the organization [had] a history of high stress because of bad management."  ***Third***, Plaintiff does not have personal knowledge of what Ms. Brandon "understands."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

88.    "***I am a certified Project Management Professional and I use project management best practices in whatever I do.  This is a fact.***"  ECF No. 134 at 54:18-20.

**Request to Strike 142:**  Plaintiff fails to establish the requirements for "habit" evidence under Fed. R. Evid. 406.  *Mathes*, 774 F.2d at 984.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 106
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

89.    "*I felt that being put under Cindy Doyle was retaliation <u>based on her</u> <u>hostile behavior towards me and my team and he was very aware of this fact.</u> <u>Ms. Taylor and Mr. LaFemina had full knowledge of the degradation of my</u> <u>relationship with Ms. Doyle at this time.</u>*"  ECF No. 134 at 56:15-21.

**Request to Strike 143:**  Plaintiff has not provided any foundation supporting her conclusory assertion that Mr. Doyle engaged in "hostile behavior towards me and my team."  Nor does Plaintiff have personal knowledge of what either Dr. LaFemina or Ms. Taylor supposedly knew.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

90.    "*<u>In fact, Ms. Doyle had just the day before this meeting, changed the</u> <u>name of my assigned CBP to a different name, without involving me in the</u> <u>approvals for that change.</u>*"  ECF No. 134 at 57:1-3.

**Request to Strike 144:**  Plaintiff has not provided any foundation for this conclusory assertion.  Plaintiff does not assert how Ms. Doyle supposedly did so or how Plaintiff claims to have become aware of this fact.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

90.    "*<u>However, [Ms. Doyle] had proven over and over again that she was</u> <u>not covering the Assessment and Issues Management Division areas with</u> <u>accuracy and it was impacting my team and the Laboratories ability to</u> <u>properly fix their long list of events and trends of unwanted conditions</u>.*" ECF No. 134 at 57:11-20.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 107
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**Request to Strike 145:**  Plaintiff has not provided any foundation for her conclusory accusations regarding the late Ms. Doyle's professional competence or performance.  Nor does plaintiff provided any assertions regarding how this supposed issue was impacting the Laboratory or Plaintiff's team.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

91.    "***the specialist and Cindy are friends and often discuss these Lab-level management assessments and take specific actions without including me in those discussions.***"  ECF No. 134 at 57:23-58:1.

**Request to Strike 146:**  Plaintiff has not provided any foundation for her conclusory accusations regarding the unnamed "IO Specialist" or the late Ms. Doyle having discussions "without including [Plaintiff]" or how Plaintiff claims to have learned of this.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

92.    "***If John would have acted on any of these random thoughts or fact-based opinions to obtain continuous improvements within his organization, the changes would have increased my work load not decreased it.***"  ECF No. 134 at 59:11-16.

**Request to Strike 147:**  Plaintiff's conclusory assertion that her workload would have increased if Dr. LaFemina had reorganized the LPPM in the fashion that she preferred is purely speculative.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 108
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

93.    "***Prior to my March 2017 whistleblower complaint, <u>my relationship</u>*** <u>***with Ms. Doyle, specifically her dislike of me, caused problems that***</u> <u>***management was more than willing to ignore.***</u>"  ECF No. 134 at 60:6-10.

**Request to Strike 148:    *First*,** Plaintiff does not establish any foundation for her conclusory assertion that Ms. Doyle's supposed dislike of her "caused problems that management was more than willing to ignore."  Plaintiff does not provide any specific assertions regarding any such problems.  ***Second***, Plaintiff does not possess personal knowledge of whether the late Ms. Doyle "disliked" Plaintiff.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at \*11.

93.    "<u>***I continued to get positive feedback on my performance evaluations,***</u> <u>***raises, and overall had no indication that I wasn't fulfilling Battelle's high***</u> <u>***expectations of me. See Exhibit 2. See Exhibit 4.***</u>"  ECF No. 134 at 60:10-13.

**Request to Strike 149:    *First*,** Plaintiff has not provided any foundation for this conclusory assertion.  There are no specific assertions regarding her "positive feedback" or raises.  ***Second***, Plaintiff cites to these performance reviews, which are not attached to her Declaration, for the truth of the matters asserted; however, these documents have not be authenticated and Plaintiff has not established an applicable hearsay exception.  Fed. R. Evid. 801, 802, 901.  ***Third***, Plaintiff's characterization of documents is not evidence.  *Davis*, 2008 WL 202708, at \*11 (citing Fed. R. Evid. 1002).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 109
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

93.    "*After my March 2017 whistleblower complaint, <u>this was no longer the case.  Management was no longer willing to work with me or support my continued success within the company.</u>*"  ECF No. 134 at 60:13-17.

**Request to Strike 150:**  *First*, Plaintiff does not provide any foundation for these conclusory assertions.  Plaintiff does not provide any specific assertions regarding how management "was no longer willing to work" with Plaintiff or "support [her] continued success."  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  *Second*, Plaintiff does not have personal knowledge as to what "management" thought, felt, or believed.  This is "shear speculation." *Davis v*, 2008 WL 202708, at *1.

94.    "<u>*As to SDMF 137, the statement is a total lie -*</u> *If anyone knows me - I am one of the biggest supporters of team building and continuous improvement – I would have totally been so happy to work with Cindy (we would have made an amazing team) -* <u>*but she refused to do so over and over because she was afraid I would take her empire away.*</u>"  ECF No. 134 at 61:6-12.

**Request to Strike 151:**  *First,* Plaintiff's argumentative dialogue with Battelle's court filings is not evidence.  *Rasmussen*, 299 F.3d at 1082 (citing Fed. R. Civ. P. 56(e)).  *Second,* Plaintiff has not provided any foundation for the conclusory assertions that the late Ms. Doyle "refused to do so over and over" and "was afraid [Plaintiff] would take her empire away."  Plaintiff does

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 110
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

not offer a single specific example of Ms. Doyle so "refusing" and does have personal knowledge of what the late Ms. Doyle thought or felt.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

94.     "***As to SDMF 143, I can't confirm this. But I can confirm that Spadling and Jarrett did not want to engage me in conversations.***"  ECF No. 134 at 61:13-14.

**Request to Strike 152:**  Plaintiff has not provided any foundation for the conclusory assertions that these individuals "did not want to engage me in conversations."  Plaintiff does not offer a single specific example in support. Moreover, Plaintiff does have personal knowledge of what "Spradling or Jarrett" thought or felt.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.

94.     "***As to SDMF 151, at 3:01pm which was less than 1.5 hours after I told him I need to think about things and that I was in shock.  He sends this e-mail to me.  He was in a hurry to get rid of me and didn't allow me any time to think.***"  ECF No. 134 at 61:19-22.

**Request to Strike 153:  *First,*** Plaintiff has not provided any foundation for the conclusory assertions that Dr. LaFemina "was in a hurry to get rid of [her] and didn't allow [her] any time to think."  Nor does Plaintiff have personal knowledge of what Dr. LaFemina was thinking.  Fed. R. Evid. 602; *Davis*, 2008 WL 202708, at *11.  ***Second***, Plaintiff is offering as evidence her "misinterpretations of written materials."  *Davis*, 2008 WL 202708, at *1.  The

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 111
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

referenced email from Dr. LaFemina in no way supports Plaintiff's interpretation.  *See* ECF No. 85-26 at 4.

94.    "***As to SDMF 154, I would never expect an unqualified individual to do any writing on a report.  He was there to help us get Marty to verify facts and support the team to keep integrity in the process – like her claimed he was doing before I went on vacation.***"  ECF No. 134 at 61:23-62:2.

**Request to Strike 154:**  Plaintiff's assertion that only qualified cause analysts are permitted "to do any writing on a report" contradicts her deposition testimony that unqualified individuals, including herself, draft cause analysis reports.  ECF No. 85:31 pg. 41:15-24; Sup. Simpson Dec. at ¶ 2, Ex. 14 (Busselman Dep. 213:5-18).  *Yeager*, 693 F.3d at 1080 (sham affidavit).

94.    "***As to SDMF 168, the fact that there is no independence or integrity in the process defeats the purpose of doing root cause analysis.***"

**Request to Strike 155:**  ***First***, Plaintiff's argumentative assertions are not facts.  *See Moussouris*, 2018 WL 3328418, at *10.  ***Second***, Plaintiff has not provided any foundation for the conclusory assertion that there was "no independence or integrity in the process."  For example, Plaintiff fails to indicate what standard she supposedly applied to make this conclusory determination.  Fed. R. Evid. 602, 701; *Davis*, 2008 WL 202708, at *11.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 112
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**C.    The Declarations of Mark Rose and Plaintiff Should Both Be Stricken Because They Do Not Comply With 28 U.S.C. § 1746.**

**Request to Strike 156:** "In ruling on a motion for summary judgment, a court may substitute an unsworn declaration for a sworn affidavit if the declaration complies with 28 U.S.C. § 1746."  *Hoffman v. PennyMac Holdings, LLC*, 2018 WL 6448779, at *3 (W.D. Wash. Dec. 10, 2018).  "Substantial compliance requires the declarant to make two assertions in the declaration: (1) that the statements in the declaration are made 'under penalty of perjury,' and (2) 'that the contents [a]re true and correct.'"  *Id.* (quoting *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995)).  Here, both Mr. Rose and Plaintiff's declarations instead recite, "I swear under penalty of perjury under the laws of the United States that the above statements ***are true to the best of my knowledge***."  ECF No. 134 at 62:6-7; ECF No. 137 at 10:4-5 (emphasis added).  Numerous courts have found such equivocal language is not in substantial compliance.  *See, e.g.*, *Hoffman*, 2018 WL 6448779, at *3; *Satterwhite v. Dy*, 2012 WL 748287, at *2 (W.D. Wash. Mar. 5, 2012); *Brown v. Pattison*, 2004 WL 1490302, at *4 (N.D. Tex. July 1, 2004), *report and recommendation adopted*,  2004 WL 1773652 (N.D. Tex. Aug. 5, 2004) ("they are [] fatally flawed by plaintiff's inclusion of the phrase 'to the best of my knowledge'").  Battelle respectfully requests that the Court strike Plaintiff and Mr. Rose's declarations.

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 113
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

## II.    DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

### B.    Factual Background

#### 1.    The Parties

**1.** Plaintiff is a current employee at Pacific Northwest National Laboratory ("PNNL" or the "Lab") who has worked at PNNL since she was 17 years old.  (Busselman Dep. 7:14-19)

SDMF 1.

**When referring to the defendant,  the plaintiff will use "Battelle/PNNL."  When referring to a particular process at Battelle/PNNL, she will use "PNNL."**

**Pacific Northwest National Lab ("PNNL")** is one of approximately seventeen national laboratories operated by the U.S. Department of Energy ("DOE").  Of those, Battelle Memorial Institute manages eight DOE national labs, **including "Battelle/PNNL."  Battelle/PNNL** employs about 4500 staff, has an annual budget of nearly $1 billion, and has been managed for the U.S. Department of Energy by the Ohio-based Battelle since the laboratories' inception in 1965.  Battelle.org and PNNL.gov (economic impact of PNNL) (Busselman Dec., ¶2).

Ms. Busselman has been a Battelle Memorial Institute (corporate parent organization from Columbus, Ohio) employee for over 30 years at the Richland, Washington campus. For the last seven years (10/1/2012 –present)  she has been

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 114
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

a group and / or project manager at Battelle/PNNL, which is a Federally Funded Research and Development Center (FFRDC) managed by Battelle. Ms. Busselman has worked for Battelle corporate her entire work career starting when she was 17 years old as cooperative office education student. Over the years that she worked with Battelle, she moved in between these two Battelle owned/managed entities (Battelle corporate and Battelle/PNNL) a couple of times but was always working for Battelle corporate and her years of employment at Battelle have been continuous for 33 years (from 9/1/86-present). (Busselman Dec. at ¶3).

In 2014, Battelle/PNNL selected Ms. Busselman to serve as the Quality and Assurance Consultant, Principal Level, which was to manage the assessment and issues management role in the Quality and Assurance Directorate (QAD) headed by the Quality and Assurance Associate Lab Director, Bryan Mohler. (Busselman Dec. at ¶4). Ms. Busselman's job duties included Strategic Laboratory Assessment activities (including Independent Oversight Functions) and she was responsible for all occurrence reporting requirements as outlined in DOE Order 232.2. (Busselman Dec. at ¶4).

In 2015, the QAD was renamed Laboratory Planning and Performance Management (LPPM), and John LaFemina replaced Mr. Mohler as Associate Lab Director. (Busselman Dec. at ¶13). It was common knowledge in the department that Mr. Mohler retired after upper management investigated and

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 115
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

learned that he had been changing the language of root cause analysis results and other subsequent deliverable results (i.e., corrective action plans) associated with fixing Laboratory Level issues. (Busselman Dec. at ¶14).  Although issue owners and/or their management (unless they are part of the cause analysis team) are not qualified or trained to make substantive changes to the root or contributing causes of issues, Ms. Busselman learned from her staff that such changes were being ordered and supported by her management prior to Dr. LaFemina's becoming the LPPM Associate Laboratory Director. (Busselman Dec. at ¶14).

**1. REPLY (REQUEST TO STRIKE 156)** – Battelle respectfully requests that the Court strike Plaintiff's "SDMF 1." ***First***, this section constitutes argumentative briefing in excess of the 25 pages specified by the Court's August 6, 2019 Order.  ECF No. 82. ***Second***, LCR 56(c)(1)(B) requires that a statement of disputed material fact "be set forth in serial fashion, not in narrative form."

**OBJECTION – *See* Request To Strike ("RTS") 2, 7, 8, and 13** at 9:4-10:11, 14:5-19, 15:1-9, 17:18-18:17 (Fed. R. Evid. 602, 801, 802, 901, 1002).

Nevertheless, Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *U.S. v. Pritchett Farms, Inc.*, No. CV-07-3090-FVS, 2008 WL 4282754, at *1 (E.D. Wash. Sept. 17, 2008) ("A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did not exist").  Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 116
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999)).

> **2.** Plaintiff obtained a bachelor's degree while working at PNNL, through a PNNL program that paid for her college education. (Busselman Dep. 7:25-8:14).

SDMF 2.

Plaintiff obtained a bachelor's degree while working at **Battelle/PNNL**, through a **Battelle/PNNL** program… (Busselman Dec. at ¶3).

**2. REPLY –** Plaintiff "cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806). Moreover, Plaintiff has not demonstrated any issue of fact that "require[es] a jury . . . to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

> **3.** In June 2017, when Plaintiff filed her administrative complaint related to her claim in this case, her salary was $151,000. (Busselman Dep. 8:15-19).

SDMF 3.

Plaintiff's salary was $151,089 (Busselman Dec. at ¶15).

**3. REPLY –** Plaintiff "cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 117
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

202708, at *13 (citing *Cleveland,* 526 U.S. at 806).

**4.** Since June 2017, Plaintiff's salary has increased to $156,000.  (Busselman Dep. 8:20-9:1).

SDMF 4.

Plaintiff's salary has increased to $157,810 (Busselman Dec. at ¶84).

**4. REPLY –** Plaintiff "cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement."  *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).

**5.** Plaintiff participates in Battelle's matching 401(k) plan and, in addition, will receive a pension when she retires.  (Busselman Dep. 11:19-25).

Plaintiff does not dispute this statement.

**5.  REPLY – This fact is undisputed.**

**6.** Plaintiff also receives between five and six weeks of paid vacation per year, in addition to paid holidays.  (Busselman Dep. 111:11-20).

Plaintiff does not dispute this statement.

**6.  REPLY – This fact is undisputed.**

**2.     Plaintiff's Previous Position at PNNL.**

**7.** In the fall of 2015, Ms. Busselman had been working under manager Cindy Doyle when Dr. LaFemina promoted Ms. Busselman to the AIM

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 118
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Team Manager, and Ms. Busselman and Ms. Doyle became peers. (Busselman Dep. 19:4-24).

SDMF 7.

Plaintiff was promoted on October 1, 2015 to the AIM Manager. (Busselman Dec. at ¶¶15-16). Ms. Busselman was promoted to Division Director, Level 2 manager (Manager Quality Assurance C Level). Id. As such, she was responsible for the same duties as before with the additional responsibility of being the Core Business Process Steward (Assess Performance CBP). Id. She reported to Mr. LaFemina in that position, id., and also served as the **Enforcement Coordinator** for Battelle/PNNL. Id. As Enforcement Coordinator, Plaintiff was the single point of contact for enforcement coordination and reporting into the DOE Noncompliance Tracking System (NTS), the system used by all Laboratories for notifying DOE's Office of Enterprise Assessment (EA), Office of Enforcement (OE) of events that exceed noncompliance risk limits and serves the purpose of communicating the contractor's compliance assurance processes such that DOE/OE may elect to exercise regulatory discretion and/or mitigate the possible sanctions associated with an enforcement proceeding. Id., ¶5.

On October 1, 2016, Ms. Busselman (having successfully acted in the capacity as the Enforcement Coordinator for the first year of her new role) was formally assigned the official role of the Battelle/PNNL Enforcement Coordinator

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 119
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

as outlined in the Office of Enterprise Assessments document dated April 2015, titled, "Safety and Security Enforcement Coordinator Handbook" (the Enforcement Coordinator Handbook). (Busselman Dec. at ¶16).

**7. REPLY (REQUEST TO STRIKE 157)** – Battelle respectfully requests that the Court strike Plaintiff's "SDMF 7." *First*, this section constitutes argumentative briefing in excess of 25 pages. *Second*, LCR 56(c)(1)(B) requires that a statement of disputed material fact "be set forth in serial fashion, not in narrative form." **OBJECTION – *See* RTS 14** at 18:18-19:9 (Fed. R. Evid. 602, 801, 802, 1002). Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff cannot create a genuine issue of fact by purporting to contradict her own deposition testimony. *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).

**8.** As AIM Team Manager, Plaintiff oversaw three PNNL programs: Assess Performance Core Business Processes ("CBP"); the Assessment program; and the Issues Management program. (LaFemina Dep. 14:2-13; 67:18-24); (Timmons Dep. 19:14-20:6).

SDMF 8.

As the AIM Division Director, the Plaintiff managed the Issues Management Program, the Independent Oversight Program (associated with DOE O 227.1A – Rose Dec. Exhibit 23), Occurrence Reporting and Processing Program

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 120
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  (associated with DOE O 232.2A – Rose Dec. Exhibit 24), and *PNNL's*

2  Independent Oversight Organization that was an internally facing program as

3  part of the PNNL Assessment Program) - all were integrated to makeup the

4  Assessment and Issues Management Division (under DOE O 226.1B and DOE O

5  414.1D – Rose Dec., Exhibits 21 and 28). (Busselman Dec. at ¶4).

6  Plaintiff had eight direct reports who were responsible for various aspects

   of independent oversight, assessment and issues management. (Busselman Dec. at

7  ¶7-9). They were referred to as the AIM Team, and consisted of trained and

8  qualified subject matter experts in the conduct of assessments, critiques and root

9  cause analysis. Id. To become qualified cause analysts, team members are

10  required to go through formal training, get vetted and approved by a Board of

11  Management, and may spend one or more years doing on-the-job training before

12  they can be considered a qualified cause analyst. Id. Ms. Busselman has been

13  approved by the Board of Management as a qualified cause analyst for the

    Laboratory. Id. The AIM team's focus is to investigate issues identified by

14  management that were categorized as "medium or high" level significance. Id. In

15  2014, there were ten such issues. Id. In 2015, there were ten such issues. Id. In

16  2016, there were seventeen such issues. Id. (Busselman Dec. ¶9).

17  Ms. Busselman learned from her direct reports that there was reluctance to

18  participate in controversial root cause analysis activities because there was

19  pressure from management to change the results of the cause analysis team's final

20  DEFENDANT'S REPLY STATEMENT
    OF MATERIAL FACTS NOT IN
    DISPUTE - 121
    Case No. 4:18-cv-05109-SMJ
    4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

conclusions. (Busselman Dec. ¶11). She was aware that DOE's Enforcement Coordinator Handbook, under the heading "General Principles," states in relevant part, "The Office of Enforcement generally expects a contractor conducting an investigation/causal analysis to ensure that … the personnel who conduct the investigation are sufficiently **_independent_** of involvement in the event and **_adequately trained_** and **_qualified_**." Id., Rose Dec., Ex. 52.   (AB000067-104).DOE's Enforcement Coordinator Handbook further states that "'[a]n effective causal analysis is essential" and that "contractors should … investigate whether organizational and management issues contributed to the failure." Id. at 29.

**8. REPLY (REQUEST TO STRIKE 158) –** Battelle respectfully requests that the Court strike Plaintiff's "SDMF 8." **_First_**, this section constitutes argumentative briefing in excess of 25 pages. **_Second_**, LCR 56(c)(1)(B) requires that a statement of disputed material fact "be set forth in serial fashion, not in narrative form." **OBJECTION – _See_ RTS 1, 2, 3, 4, 5, 6, and 8** at 3:12-7:2, 10:12-14:4, 15:1-8 (Fed. R. Evid. 602, 701, 801, 802, 901, 1002).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. _Pritchett Farms, Inc._, 2008 WL 4282754, at *1.  Even if they somehow did so, Plaintiff has not demonstrated an issue of fact that "require[es] a jury . . . to resolve the parties' differing versions of the truth at trial." _T.W. Elec. Serv., Inc._, 809 F.2d at 630.  Plaintiff cites Rose Exhibits 21,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 122
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  23, 24, 28, and 52, ECF Nos. 136-21, 136-23, 136-24, 137-11, for the truth of the

2  matters asserted, but these documents have not been authenticated and Plaintiff

3  has not established a hearsay exception.  Fed. R. Evid. 801, 802, 901.  Plaintiff

4  also provides only two pincites to specify which portions of these 142 pages of

5  documents she contends create a genuine issue of fact.  *Orr*, 285 F.3d at 774–75

6  (failure to cite record warrants exclusion at summary judgment).

7    **9.**  CBP assists organizations across PNNL with following processes and

8         procedures set by management.  (LaFemina Dep. 15:20-8).

9  SDMF 9. Plaintiff's PNNL Laboratory stewardship, mission accomplishment,

10  program delivery, and operational and financial management are delivered

11  through seven core business process areas called the Integrated Management

12  System (IMS). Rose Dec., Exhibit 50.  Per the IMS descriptions, CBP's

13  integrate implementation of requirements across the core business process and

14  they evaluate core business effectiveness and efficiency and continuously

15  improve the performance of the CBP processes. Id. The PNNL QA M&O

16  program description required by DOE O 414.1D (Rose Dec., Exhibit 28)

17  describes how the (Page 13) Assess (Evaluate) Performance Core Business

18  Process enables quality improvement at PNNL.

19  **9.  REPLY (REQUEST TO STRIKE 159) – OBJECTION –** *See* **RTS 1** at

20  3:12-7:2 (Fed. R. Evid. 801, 802, 901).  Battelle respectfully requests that the

    Court strike Plaintiff's "SDMF 9."  Plaintiff's assertion does controvert

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 123
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Even if it did, Plaintiff has not demonstrated an issue of fact that "require[s] a jury . . . to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. Moreover, these are not facts supported by competent evidence. *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1028 (9th Cir. 2001) ("To be cognizable on summary judgment, evidence must be competent."). Plaintiff has not cited to her own Declaration for a description of her job duties. Instead, Plaintiff cites only to Rose Exhibits 28 and 50, ECF Nos. 136-27 and 137-9, for the truth of the matters asserted. However, these documents have not been authenticated and Plaintiff has not established an applicable hearsay exception. Fed. R. Evid. 801, 802, 901. Moreover, Plaintiff offers—without a supporting declaration—an interpretation as to the meaning, import, and requirements of these documents. Fed. R. Evid. 602, 1002; *see also Unicon Fin. Servs., Inc. v. InterCept*, No. CV 04–07965 MMM (VBKx), 2006 WL 8431500, at *16–17 (C.D. Cal. Jan. 17, 2006) ("Although the document is sufficiently authenticated . . . [plaintiff's counsel] lacks the personal knowledge to testify to the meaning or import of the information it contains") (citations omitted).

**10.** The Assessment program sets requirements for individual organizations across the Lab to perform self-assessments, monitor assigned metrics, and gather information necessary to analyze their performance. The

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 124
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Assessments program also contained a function known as Independent Oversight ("IO").  (LaFemina Dep. 15:16-19; 33:21-34:8); (Timmons Dep. 20:21-21:5; 21:20-25; 21:16-22:8).

SDMF 10. The Assessment program was one of three entry points in to the Assess Performance Core Business process which was renamed on 3/29/17 to "Evaluate Performance" by Ms. Doyle two days before Plaintiff's scheduled vacation Rose Dec., Exhibit 19 and 40.  Assessment planning, Independent Assessment, and the occurrence of an event are the starting points for the utilization of the Assess (Evaluate) Performance CBP.   As the AIM Division Director, the Plaintiff managed the Independent Oversight Program (associated with DOE O 227.1A - Rose Dec., Exhibit 23), Occurrence Reporting and Processing Program (associated with DOE O 232.2A - Rose Dec., Exhibit 24), and *PNNL's* internal Independent Oversight Organization) as part of the PNNL Assessment Program. (under DOE O 226.1B – Rose Dec., Exhibit 22 and DOE O 414.1D - Rose Dec., Exhibit 28). (Busselman Dec. at ¶60).

The PNNL QA M&O program description (Rose Dec., Exhibit 14) required by DOE O 414.1D (Rose Dec., Exhibit 27) describes how the (Page 13) Assess (Evaluate) Performance Core Business Process (Rose Dec., Exhibit 19) enables quality improvement at PNNL.

**10.  REPLY – OBJECTION –** *See* **RTS 1** at 3:12-7:2 (Fed. R. Evid. 801, 802, 901).  Plaintiff's assertions do not create a genuine dispute of fact because they

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 125
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Even if they did, Plaintiff has not demonstrated an issue of fact that "require[es] a jury . . . to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. These are not facts supported by competent evidence. *Carmen*, 237 F.3d at 1028. Although these assertions purportedly address Plaintiff's job responsibilities, the only cited passage from Plaintiff's own Declaration is unrelated. *See* ECF No. 134 at 35:23-36:2. Plaintiff's assertions are otherwise supported only by citations (without pincites) to 209 pages of unauthenticated documents. Fed. R. Evid. 602, 901; *Orr*, 285 F.3d at 774–75 (failure to cite record warrants exclusion at summary judgment). Plaintiff cites these documents for the truth of the matters asserted but has not established any hearsay exception. Fed. R. Evid. 801, 802. These are factual assertions about the interpretation of these documents, DOE requirements, PNNL programs, and Plaintiff's job responsibilities without a supporting declaration. Fed. R. Evid. 602, 1002.

**11.** The Issues Management program helps PNNL line organizations conduct "fact-findings" when events occur, assists with "cause analysis" reports, and creates "corrective action plans." (LaFemina Dep. 15:6-15).

SDMF 11.

Once an unwanted condition or event is categorized as a low, medium, or high

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 126
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

level significant issue, The Integrated Issues Management Program staff help Issue owners to gather the facts, plan a critique, and plan the cause analysis charter, if it requires one per the Laboratories' graded approach. The trained and qualified Cause Analyst is responsible for independently conducting the cause analysis per the internal procedures (as identified in HDI). Once complete, the trained and qualified Cause Analyst will provide the results of why the issue occurred, so that Issue Owner can successfully fix the unwanted condition without reoccurrence. See Rose Dec, Exhibit 1. (AB003737-3743). (Busselman Dec. at ¶12, 20).

**11. REPLY – OBJECTION – *See* RTS 1, 11, and 12** at 3:12-7:2, 17:3-17 (Fed. R. Evid. 602, 801, 802, 901). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. These are not facts supported by competent evidence. *Carmen*, 237 F.3d at 1028. Although these assertions purportedly address Plaintiff's job responsibilities, the only relevant cited passage from Plaintiff's Declaration is, "Once the cause analysis team identifies a root cause, the issue owner is responsible for creating corrective actions to ensure that the issue is not repeated." ECF No. 134 at 8:13-9:1. Therefore, the balance of these assertions is an unsworn interpretation of Rose Exhibit 1, ECF No. 136-1. However, that document has not been authenticated and no hearsay exception has been established. Fed. R. Evid. 801, 802, 901,

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 127
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1002.  Moreover, some of Plaintiff's assertions regarding that document do not appear to have a textual basis in the cited Exhibit, specifically including the assertion, "The trained and qualified Cause Analyst is responsible for independently conducting the cause analysis."  Fed. R. Evid. 602, 1002.

### 3.    The Issues Management Program and Cause Analysis.

**12.** At PNNL, cause analysis is a management tool to self-assess and understand adverse conditions and issues that PNNL needs to address. Cause analysis is not an independent audit.  At PNNL, independent audit responsibilities are assigned to the Office of Audit Services group headed by Kevin Ensign.  That organization performs internal audits focused on compliance and whether costs charged to the Department of Energy ("DOE") are "allowable" under federal rules and regulations.  (LaFemina 19:25-20:14); (Ashby Dep. 20:23-21:19); (Ensign Dep. 6:24-7:18; 8:19-25; 9:1-18); (McCall. Dec. at ¶¶ 3-7).

SDMF 12.

Cause analysis is not a management tool.  Marty Conger admitted this in his deposition that PNNL Lawyer Steve Cooke indirectly told him to step back because he had a conflict of interest:

> 12 Q. Let me ask you this. Since he's an attorney, did
> 13 Mr. Cooke suggest to you that you needed to step away
> 14 because you had a conflict of interest?
> 15 A. So *I don't have control of what's -- of what gets*
> 16 *written in that final report. Others do. And I recognize*
> 17 *that.* And so I was having a discussion with him about

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 128

Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

18 whether her concern was valid or not.

Rose Dec, Exhibit 2 (Conger Dep. at 25:12-18; line 19 is hearsay FRE 802). Realizing that he could not control what was in the final report, he used his attorney, Steve Cooke, to advocate on his behalf, because through his actions, Mr. Cooke indirectly communicated to Mr. Conger that he needed to step away owing to a conflict of interest; however, Cooke agreed to take a shot at incorporating Conger's feedback to modify the root cause statement.  Rose Dec, Exhibit 2 at 25:20-26:10.  By March 30th, Conger violated Cooke's indirect advice, and began suggesting changes to the root cause statement directly to Ms. Pryor.  Rose Dec, Exhibit 3 at 85:10-86:5.  (Busselman Dec. ¶ 44)

Prior to Mr. Cooke working with Mr. Conger to change the language of the root cause statement, Mr. Cooke had twice reviewed and edited earlier drafts of the March root cause statement, and had not changed the substantive language of the root cause statement. (Rose Dec., Exhibits 74, at BMI CONGER000321; id., Exhibit 75, at BMI_CONGER000313; Busselman Dec. ¶ 43).

Cause analysis was never a management tool. Cause analysis is required by contract, laws, regulations, and PNNL policies and procedures to be independent.  For example, Performance Management Standards Glossary defines an independent assessment as:

**An assessment conducted by individuals within the organization or company but independent from the work or process being**

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 129
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**evaluated**, or by individuals from an external organization or company.(DOE O 414.1D, 6k; DOE G 414.1-1C, 3.5.2)

Criteria for independence includes **sufficient authority and freedom from line management for independent assessment teams, and that assessors are technically qualified and knowledgeable in the areas to be assessed**. (DOE O 414.1 D, Att. 2, 10) Independent Assessments may be completed by external entities or commissioned by Lab-level management and program requirements.

Rose Dec., Exhibit 4. (AB003865-3869).

Root Cause analysis is a tool to conduct investigations into unwanted conditions—not self-assess.  The lab does self-assessment before it has an event or unwanted condition. The whole reason for self-assessment is to make sure the lab are in compliance with requirements. Conversely, when you have an unwanted condition, you know you are out of compliance. The CA process is instituted to find out why you are out of compliance and make sure it doesn't happen again.

According to American Society of Quality (ASQ), auditing is defined as the on-site verification activity such as an inspection or examination of a process or quality system to ensure compliance to requirements.  An audit can apply to an entire organization or might be specific to a function, process, or production step. ISO 19011: 2018 defines an audit as a systematic, independent and documented process for obtaining audit evidence (records, statements of fact, or other information which are relevant and verifiable) and evaluating objectively to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 130
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

determine the extent to which audit criteria (a set of policies, procedures or requirements) are fulfilled.

There is a definition of Root Cause Analysis in the Federal Manager's Financial Integrity Act (FMFIA) and OMB A-123 Appendix A, Internal Control Over Financial reporting requirements document and the American Society of Quality Assurance. Rose Dec., Exhibit 6. Independent assessments and audits (DOE O 414.1D – Rose Dec., Exhibit 28) are conducted by the Audit Services function and the Independent Oversight function (Plaintiff's group), trained and qualified quality professionals, and qualified external reviewers (including DOE-PNSO). Kevin Ensign was recategorized from his Division Director role to a Program Manager and now reports to John LaFemina and is no longer independent audit, in regards to reporting structure. The Chief Audit Executive position was downgraded. Rode Dec., Exhibit 50. The PNNL QA M&O program description is required by DOE O 414.1D Rose Dec., Exhibit 28, accord Exhibit 14. Accord Rose Dec, Exhibit 4. (AB003865-3869**.**) (Busselman Dec. at ¶45).

**12. REPLY (REQUEST TO STRIKE 160) – OBJECTION –** *See* **RTS 1, 39 through 46** at 3:12-6:2, 40:3-46:14 (Fed. R. Evid. 602, 701, 801, 802, 805, 901, 1002, sham affidavit rule). Battelle respectfully requests that the Court strike Plaintiff's "SDMF 12." *First*, this section constitutes argumentative briefing in excess of 25 pages. *Second*, LCR 56(c)(1)(B) requires that a statement of disputed material fact "be set forth in serial fashion, not in narrative form."

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 131
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Plaintiff has not raised a genuine issue of disputed fact because these are not facts supported by competent evidence. *Carmen*, 237 F.3d at 1028.  Plaintiff does not cite any assertion in her own Declaration regarding the nature of cause analysis or its implementation at PNNL.  *See* ECF No. 134 at 23:3-25:17.

Moreover, Plaintiff misinterprets Mr. Conger's deposition because Mr. Conger did not provide any testimony that could reasonably be construed as an "admission" that PNNL's cause analysis program "is not a management tool" or that Mr. Cooke was "his attorney."  Battelle provides additional testimony from Mr. Conger for context:

Q.  All right.  So what position did Steve Cooke have at the time?

A.  He -- he's an attorney in the legal department that was responsible for these kind of processes.

Q.  Was he your -- were you his customer?

A.  At times.

Q.  So basically it was -- it was his responsibility to provide you with legal advice, right?

[] A.  ***That -- that was not the capacity***.  He is an expert in this.  He has got years and years of experience. He helped designed the processes that PNNL use in terms of root cause analysis and how it works.  ***So I viewed him, as did [Plaintiff], she sent me there, viewed him as the ultimate expert in this process.***

Q.  Move to strike the opinion.  All right.  So what did Mr. Cooke tell you?

A.  What he told me was that -- that he agreed that the cause statement as it -- the causal statement as it was written wasn't adequate or sufficient.

Q.  Okay.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 132
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

[]  A.  So he recognized the point that I was trying to make that you can't build a control or even know a risk exists until it has occurred.

2

3

Q.  Let me ask you this.  Since he's an attorney, did Mr. Cooke suggest to you that you needed to step away because you had a conflict of interest?

4

A.  So I don't have control of what's -- of what gets written in that final report.  Others do.  And I recognize that.  And so I was having a discussion with him about whether my concern was valid or not.  And he -- and he agreed that my concern was valid.

5

6

Q.  Did Mr. Cooke suggest that you needed to step away because you had a conflict of interest?

7

A.  So Mr. Cooke from my input then redrafted -- made some -- made a **suggested revision** to it, not me.

8

9

Q.  But with your input?

A.  After talking to me.  Did he say I needed to step away because it was a conflict of interest?  Not directly.

10

11

Q.  Did he indirectly suggest to you that you needed to step away because it was a conflict of interest?

12

A.  He -- based on his actions, yes, I would say he did.

13

Q.  Explain his actions that made you feel like that that was an indirect --

14

A.  Because he said **I will take a shot at** incorporating this feedback.  And I was very comfortable with that.

15

Sup. Simpson Dec. at ¶ 4, Ex. 16 (Conger Dep. at 23:14-26:18). Notwithstanding

16

that Mr. Conger's opinions regarding what Mr. Cooke thought—as conveyed by

17

his actions—are hearsay and not based upon personal knowledge, Fed. R. Evid.

18

602, 801, 802, this testimony cannot support Plaintiff's interpretation.

19

The remainder of Plaintiff's assertions supporting her contention that "[c]ause

20

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 133
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

analysis was never a management tool" are based only upon argumentative

assertions—many of which are not supported by any evidence—and Plaintiff's

purported interpretations of 171 pages of unauthenticated documents for which

no hearsay exception has been established and for which no specific page

citations are provided. Fed. R. Evid. 801, 901, 902, 1002; *Orr*, 285 F.3d at 774–

75. Most of these assertions do not relate to PNNL's Issues Management

program or cause analysis and instead regard other, different, PNNL programs.

For example, Plaintiff quotes for the truth of the matter asserted language from

Rose Exhibit 4, ECF No. 136-4, regarding the independent assessments program

without providing any competent evidence that it applies to cause analysis. The

document itself does not mention cause analysis. Similarly, Plaintiff cites Rose

Exhibit 50, ECF No. 137-9, for various assertions regarding PNNL's Office of

Audit Services group and Kevin Ensign. However, that document does not

address the subject matter for which it is cited. Plaintiff also provides no

substantiation for her contention that "[c]ause analysis is required by contract,

laws, regulations, and PNNL policies and procedures to be independent."

Plaintiff has not raised a genuine dispute of material fact as to whether cause

analysis is a "management tool."

**13.** The causal analysis process is "owned" by management, and cause

analysis teams are responsible for working with management "to reach a

consensus as to the [cause analysis] statement so that we all have a

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 134
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

common understanding of what needs to be done to rectify the situation."

(LaFemina 28:3-10); (Ashby Dep. 20:23-21:19); (McCall. Dec. at ¶¶ 3-7).

SDMF 13.

Causal analysis is not owned by management.  See SDMF 12, 39, 40. PNNL

management's purpose in changing the language of the March root cause

statement was not "so we all have a common understanding of what needs to be

done to rectify the situation."  The purpose was to appease Conger's concern that

the language made it look like his department was "asleep at the wheel." (Rose

Dec., Exhibit 2 at 62:5-23) (Busselman Dec. at ¶45). Mr. LaFemina admitted that

the March root cause statement <u>was accurate</u> and that the language change was

required because Conger disagreed with the language, and LaFemina admitted he

knew of no written policy to support his position.

```
13 Q. So, can you tell me whether anything in this
14 root cause in Exhibit 5, the March draft, if anything is
15 wrong, factually wrong?
16 A. No.
17 Q. It's accurate?
18 A. It is actually correct.
19 Q. All right. And it's true, is it not, that
20 had Marty Conger not come to you and complained about this
21 root cause draft as it is, you would not have changed it.
22 A. If there had been consensus between management
23 and the causal team in March, I would not have changed it.1 A. I
disagree. I did not.
                          . . . .

3 A. I changed it, but not to benefit Marty Conger.
4 I changed it so that we would reach consensus
```

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 135
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

5 amongst the Issue Team and the -- and management as to
6 what the actual cause was.
7 Q. Where does it say that, in any written policy
8 or procedure, that root cause has to be negotiated with
9 the people who made the mistake? Where's it say that?
10 A. So, our policy and practice at the Lab --
11 Short answer is I don't know.

(Rose Dec, Exhibit 5 at 28:13-23, 29:3-11.).  LaFemina is not qualified to do root

cause analysis.  Rose Dec., Ex. 5 (LaFemina Dep. at 12:23-25). Nor was his

boss, Lab Director Ashby; nor was Mary Conger. Rose Dec., Ex. 5 (LaFemina

Dep. at 20:19-21:11).  THE DEFENSE HAS OFFERED NO WRITTEN

POLICY SUPPORTING THE INTERVENTION OF AN UNQUALIFIED,

INTERESTED MANAGER INTO THE CAUSE ANALSYS PROCESS AT

PNNL.

Cause analysis processes are owned by the Laboratories Contractor Assurance

System and Quality Assurance Program (DOE 226.1B and DOE 414.1D – Rose

Dec., Exhibits 22 and 28)  which enables the contractor to provide DOE

reasonable assurance that the systems and controls are and will remain effective

and efficient.  CAS includes the core functions of the Lab performance

management, corporate governance, the DOE oversight functions. CAS is

predicated on Line Management being accountable for performance in such a

way that they are fully responsible for achieving assigned objectives in a manner

that is safe, secure, legally and ethically sound, as well as fiscally responsible –

IMS Description and 13 Eval Perform. Root Cause Analysis is defined in

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 136
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  FMFIA. (Rose Dec., Exhibit 6, at AB003801).

2  The trained and qualified cause analyst will provide the results of why the issue

3  occurred so that the Issue Owner can successfully fix the unwanted condition or

4  event without reoccurrence. See CA HDI Procedure at Rose Dec., Exhibit

5  1.(Busselman Dec. at ¶12).

6  **13. REPLY (REQUEST TO STRIKE 161) – OBJECTION –** *See* **RTS 1, 11,**

7  **12, 45, and 46** at 3:12-7:2, 17:3-17, 45:8-46:15 (Fed. R. Evid. 602, 701, 801,

8  802, 901, 1002). Battelle respectfully requests that the Court strike Plaintiff's

9  "SDMF 13." ***First***, this section constitutes argumentative briefing in excess of

10  25 pages. ***Second***, LCR 56(c)(1)(B) requires that a statement of disputed

11  material fact "be set forth in serial fashion, not in narrative form." Plaintiff fails

12  to create a disputed issue of material fact because these are not facts supported by

13  competent evidence. *Carmen*, 237 F.3d at 1028. Plaintiff does not cite any

14  assertion from her own Declaration regarding the nature of cause analysis or its

15  implementation at PNNL besides the unrelated, "Once the cause analyst team

16  identifies a root cause, the issue owner is responsible for creating corrective

17  actions to ensure that the issue is not repeated." *See* ECF No. 134 at 8:23-9:12,

18  25:6-17. The balance of Plaintiff's purported facts are argumentative assertions

19  regarding propositions unrelated to the nature of cause analysis at PNNL in

20  addition to unsupported interpretations of unauthenticated documents for which

no hearsay exception has been established. Fed. R. Evid. 602, 801, 802, 901,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 137
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1002.  Plaintiff asserts as a fact that "management['s] . . . purpose was to appease Conger's concern that the language made it look like his department was 'asleep at the wheel.'"  That does not speak to the nature of cause analysis at PNNL.  In any event, the only supporting evidence Plaintiff offers are a citation to the conclusory and inapposite Paragraph 45 from Plaintiff's Declaration, ECF No. 134 at 25:6-17, (which should be stricken) and testimony from Mr. Conger's deposition:

Q.  []  Did you talk with Mr. Ashby about this allegation in June of 2017?

A.  Yes.

Q.  Tell us what did he say to you and what did you say to him.

A.  He said, did you say this?  And I -- my response was not specifically that way.  I did use the term asleep at the wheel.  And I followed it by everyone I talked to in the industry and more broadly is -- disagrees that -- and believes that the controls that we had in place at that time were contemporary and adequate.

Sup. Simpson Dec. at ¶ 4, Ex. 16 (Conger Dep. at 62:4-62:23).  That does not support the proposition for which it is cited.  Similarly, Plaintiff's contention that Dr. LaFemina admitted at his deposition that "the language change was required because Conger disagreed with the language" misinterprets the transcript:

A.  *[I] changed it, but not to benefit Marty Conger.  I changed it so that we would reach consensus amongst the Issue Team and the -- and management as to what the actual cause was.*

[]  A.  []  So, that is our practice.  [I]f consensus can't be reached between management and the causal team, that that disagreement gets raised up a level of management.  If I had not been able to reach consensus between

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 138
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

the causal team and the issue owners, then it gets raised up another level, to Mike Schlender, who has the ultimate authority to make the call.

(Sup. Simpson Dec. at ¶ 5, Ex. 17 (LaFemina Dep. 27:24-30:17).  Plaintiff's counsel next asserts that Rose Exhibits 6, 22, and 28, ECF Nos. 136-6, 136-22, 137-27, demonstrate that the cause analysis program at PNNL is "owned by the Laboratories Contractor Assurance system and Quality Assurance Program" as opposed to management.  However, that sentiment does not appear once in these 90 pages of unauthenticated, hearsay documents.  Further, Plaintiff's argumentative assertions purporting to convey the meaning of these inadmissible documents is not competent evidence at summary judgment.

**14.**    At PNNL, an employee who drafts a formal cause analysis report must be a qualified cause analyst or work under the supervision of a qualified cause analyst. (Schliebe Dep. 12:9-14); (Pryor Dep. 19:7-11).

SDMF 14.  Agree, but LaFemina is not qualified to do root cause analysis. Rose Dec., Ex. 5(LaFemina Dep. at 12:23-25). Nor was his boss, Lab Director Ashby; nor was Mary Conger. Rose Dec., Ex. 5 (LaFemina Dep. at 20:19-21:11).

**14.  REPLY – This fact is undisputed.**  Plaintiff's cited evidence does not address whether Mr. Ashby or Mr. Conger were qualified cause analysts.

**15.**    At PNNL, there is a training process to become a qualified cause analyst. The trainee must perform a certain number of cause analyses under the

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 139
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

supervision of a qualified cause analyst, then lead a cause analysis, and then appear before a board that reviews the analyst's work product. (Pryor Dep. 17:10-18:1); (Busselman Dep. at 223:21-224:5); (LaFemina Dep. 13:1-13).

Plaintiff does not dispute this statement.

**15. REPLY – This fact is undisputed.**

16. However, not everybody at PNNL who works in the Issues Management program is a qualified cause analyst. For example, Plaintiff was not qualified until May 24, 2017, after the cause analysis report at issue in this lawsuit was completed. Plaintiff admits that Dr. LaFemina voted for Plaintiff to be qualified at that time. (Busselman Dep. 113:5-113:15; 114:15-20).

SDMF 16. Everyone in the Integrated Issues Management Program is not required to be a trained and qualified cause analyst. However, if a cause analysis is being conducted, that individual needs to be qualified and or work under the supervision of a qualified cause analyst. Dr. LaFemina cancelled Plaintiff's scheduled appointment to become qualified several days after the report was sent through approvals. Only after she complained to DOE Employee Concerns, did he reschedule the qualification board meeting to get her qualified as a Laboratory Cause Analyst. It is important to note that Cindy

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 140
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Doyle was the only member of the qualification board that did not approve Plaintiff's qualification as a Laboratory cause analyst. (Busselman Dec. at ¶8).

**16. REPLY– OBJECTION –** *See* **RTS 4** at 11:16-12:6 (Fed. R. Evid. 602). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806 (1999)).

**17.** Similarly, Connie Schliebe is PNNL's current Issues Management Specialist as well the "longest standing member of [I]ssues [M]anagement" and "keeper of all the documents and procedures" related to Issues Management. Yet Ms. Schliebe has never been a qualified cause analyst. (Schliebe Dep. 9:21-23; 12:15-22; 69:24-70:5); (Busselman Dep. at 107:4-16).

  SDMF 17. Plaintiff does not dispute this statement. Plaintiff respected her desire to not be a qualified cause analyst and the position that Ms. Schliebe held did not require her to be a qualified cause analyst.

**17. REPLY. This fact is undisputed.** Plaintiff has not cited any supporting evidence for this assertion.

**18.** PNNL's cause analysts consider PNNL attorney Steve Cooke to be their

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 141
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

primary resource in the cause analysis process. (Pryor Dep. 16:20-17:1)

("Steve basically is . . . the head . . . of the cause analysis discipline");

(Schliebe Dep. 26:21-27:13) ("He is a sounding board. He initially

established the training for . . . causal analyses . . . . So he's looked as an

experienced – I don't want to say expert, but we go to him to bounce

things off of"); (Busselman Dep. 145:19-22) ("I would say that Steve

Cooke is the one who probably put the [cause analysis process] into place

at the laboratory"); (Conger Dep. at 24:10-25).

8

9

10

11

12

13

14

15

16

17

18

SDMF 18. Steve Cooke is a lawyer working in the PNNL legal department,

and he works for, advocates for, and provides legal advice to his customer:

Marty Conger. Rose Dec., Exhibit 2 at 24:12-19. Although Steve may have

been the original champion for bringing in root cause analysis to the

Laboratory after several institutionalized programmatic breakdowns across the

Laboratory, this was in the 2005-2007 timeframe when Marty and other PNNL

executive leadership were not being good stewards of taxpayer money. Steve

is not the authority on how root cause analysis is done at the Laboratory today.

And Dr. LaFemina was very clear in saying that Steve Cooke should not have

been negotiating any kind of changes for the Fraud Cause Report. John

LaFemina e-mail clearly states this. Rose Dec., Exhibit 7. Accord Rose Dec.,

Exhibits 8-12. (Busselman Dec. at ¶47-48).

19

**18. REPLY – OBJECTION –** *See* **RTS 1, 48, 49, 50, and 51** at 3:12-6:2,

20

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 142
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff fails to create a genuine dispute of material fact because her factual assertions are not based on competent evidence.  *Carmen*, 237 F.3d at 1028.  Although it is beside the point, Plaintiff's assertion that Mr. Cooke "works for, advocates for, and provides legal advice to his customer: Marty Conger" misinterprets Mr. Conger's cited deposition testimony.  Sup. Simpson Dec. at ¶ 4, Ex. 16 (Conger Dep. at 23:14-26:18).  Although it is also beside the point, Plaintiff misinterprets Dr. LaFemina's March 31, 2017 email, which stated only that "Steve does not negotiate for us."  ECF No. 137-7.  Moreover, on March 29, 2017, Plaintiff agreed with Mr. Cooke's proposal that he work with Mr. Conger to propose a draft root cause statement to submit to Ms. Pryor for her approval, and Ms. Pryor agreed with that proposal on March 30, 2017.   ECF No. 85-6 at 4; ECF No. 85-9.  Plaintiff's remaining assertions regarding Mr. Cooke's supposed loss of authority and a supposed "programmatic breakdown" regarding taxpayer money are unsupported.  Plaintiff apparently cites Rose Exhibits 8 through 12, ECF Nos 136-8 through 136-12, for these propositions, which are unauthenticated hearsay being used to prove the truth of the matters asserted. Fed. R. Evid. 801, 802, 805, 902.  However, these Exhibits do not bear any apparent relationship to Plaintiff's purported facts.

**19.**  Mr. Cooke also trains PNNL employees on the cause analysis process.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 143
Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

(Pryor Dep. 17:6-9).

SDMF 19. Steve Cooke is a lawyer working in the PNNL legal department, and he works for, advocates for, and provides legal advice to his customer: Marty Conger.  Rose Dec., Exhibit 2 at 24:12-19.  Mr. Cooke is not the authority on how root cause analysis is done at the Laboratory.  Plaintiff was the authority over the process and put in a cease and desist with Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7. (Busselman Dec. at ¶47-48).

**19.  REPLY – OBJECTION –** *See* **RTS 1, 48, 49, 50, and 51** at 3:12-6:2, 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff has not created a genuine issue of material fact because her assertions do not controvert Battelle's stated fact that Mr. Cooke trains employees on the cause analysis process.  Therefore, Battelle will not rehash its positions from Reply Paragraph 18 but notes Plaintiff has not cited any evidence supporting her assertions that "Plaintiff was the authority over the process" or that she had authority to issue a "cease and desist."

**20.**  According to Plaintiff, "Steve Cooke is our mentor." (Busselman Dep. 117:2-7; 140:11-16).

SDMF 20. Mr. Cooke is not the authority on how root cause analysis is

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 144
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

done at the Laboratory. Plaintiff was the authority over the process and put in a cease and desist with Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report. John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7. (Busselman Dec. at ¶47-48).

**20. REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule). "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. 795, 806 (1999)). Moreover, Plaintiff has not submitted any evidence supporting her assertion that "Mr. Cooke is not the authority on how root cause analysis is done at the Laboratory" or that "Plaintiff was the authority over the process." Therefore, Battelle will not rehash its positions stated in prior Reply Paragraphs.

**21.** Cause analysts routinely submit their draft cause analysis reports to Mr. Cooke for his review and revision. (Pryor Dep. 17:1-3) ("[W]e usually had him review our work and kind of give it an independent review and see if it made sense"); (Schliebe Dep. 29:23-30:9) ("Majority of our causal analyses we run through him as being the . . . expert").

SDMF 21. Mr. Cooke is not the authority on how root cause analysis is done at the Laboratory. Plaintiff was the authority over the process and put in

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 145
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

a cease and desist with Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7. (Busselman Dec. at ¶47-48). This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is **suggesting that you should**
·4· **·write a root cause that you don't have the facts to back up**
·5· **·is very unusual**.· And I believe I communicated that to him.
·6· ·Verbally.

Rose Dec., Exhibit 3 at 85:2-6 (bolding added).

**21.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff has not submitted any evidence supporting her assertion that "Mr. Cooke is not the authority on how root cause analysis is done at the Laboratory" or that "Plaintiff was the authority over the process." Therefore, Battelle will not rehash its positions stated in prior Reply Paragraphs.  As the Court will see, Battelle's below-recited undisputed facts walk through the drafting and revision process of the Fowler Fraud Report step by step.  Therefore, for context, Battelle notes that Ms. Pryor's above-quoted testimony was that, at some point during the drafting and revision of the

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 146
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Fowler Fraud Report, she believes she expressed displeasure to Mr. Cooke, but is not sure:

> Q.  And in response to that, during this process, did you feel any hesitation to be very frank with Mr. Cooke about your views of his input?
>
> A.  I don't remember exactly what I said to him.  I believe I communicated that I wasn't happy with the back and forth thing.  And not happy with -- this was out of the ordinary in my experience.
>
> Q.  Correct.  Understood.
>
> A.  So going back and forth that many times, particularly when somebody is suggesting that you should write a root cause that you don't have the facts to back up is very unusual.  And I believe I communicated that to him.  Verbally.

(Sup. Simpson Dec. at ¶ 6, Ex. 18 (Pryor Dep. 84:19-85:6).  Nevertheless, Plaintiff has not created a disputed issue of material fact because she has not controverted the fact that cause analysts routinely submit their draft cause analysis reports to Mr. Cooke for his review and revision.

**22.**  Cause analysts also submit draft root cause statements to Mr. Cooke for his review and possible revisions. (Pryor Dep. 30:19-31:4; 43:18-45:12); (Busselman Dep. 148:4-13) ("We often asked Steve questions like that so we can get clarification around root cause ana—we want to have good statements when we're putting these things together").

SDMF 22. Mr. Cooke is not the authority on how root cause analysis is done at the Laboratory.  Plaintiff was the authority over the process and put in a cease and desist with Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 147
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.  (Busselman Dec. at ¶47-48).

**22.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement."  *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. 795, 806 (1999)).  Moreover, Plaintiff has not submitted any evidence supporting her assertion that "Mr. Cooke is not the authority on how root cause analysis is done at the Laboratory" or that "Plaintiff was the authority over the process."  Therefore, Battelle will not rehash its positions stated in prior Reply Paragraphs.

23.  Members of the former AIM Team testified it is common and unexceptional during the cause analysis process for PNNL management to engage in back-and-forth debate with cause analysts regarding their cause analyses. (Pryor Dep. 21:21-22:2) ("People do that all the time. But at some point you have to . . . kind of draw the line and say, Look, we're not going to spend any more time on this"); (Schliebe Dep. 13:4-18) ("[O]nce you get through the interviews and using the tools, there's a lot of vetting of the results. And not everyone agrees with the results so it takes some time"); (McCall. Dec. at ¶ 7).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 148
Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

SDMF 23. Objection, improper lay opinion. FRE 701 (Schliebe is not a qualified cause analysist) Objection FRE 403, 602 (McCall does not lay foundation for scope of "back-and-forth, which pertains to facts). Regardless of the initial discussions around facts and objective evidence disputes, the reason PNNL trains and qualifies analysts and requires independence in the process is to allow qualified cause analysts to determine the true root causes of the unwanted condition or event so that the Issue Owner can successfully fix the unwanted condition or event **without reoccurrence.** *See* Rose Dec., Exhibit 1. Accord Rose Dec, Exhibits 14-16. (Busselman Dec. at ¶¶11-12).

**23. REPLY – RESPONSE TO OBJECTIONS:** *First*, Ms. Schliebe can offer a lay opinion rationally based on her own work experience. There is no specialized knowledge required to offer a lay opinion. Fed. R. Evid. 701(c). *Second*, "[o]bjections to the statements on the basis of Federal Rules of Evidence 401, 402, and 403 are 'inapplicable at the summary judgment stage.'" *Kische USA LLC v. Simsek*, No. C16-0168JLR, 2017 WL 3895545, at *5 (W.D. Wash. Sept. 6, 2017) (collecting cases). *Third*, Mr. McCall has laid an adequate foundation for his Declaration, which is based on performing numerous cause analyses. ECF No. 86 at 2:4-13. **OBJECTION –** *See* **RTS 5, 6, 8, 9, 10, 11, 12** at 3:12-7:2, 12:6-17:18 (Fed. R. Evid. 602, 701, 801, 802, 901, 1002). There is no genuine issue of material fact because Plaintiff has not controverted Battelle's factual assertion. *Pritchett Farms, Inc.*, 2008 WL

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 149
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4282754, at *1.  Moreover, the distinction Plaintiff seeks to make regarding "the initial discussions around facts and objective evidence disputes" is not supported by the cited paragraphs of Plaintiff's Declaration.  Therefore, Plaintiff is apparently relying upon the four cited Rose Exhibits for the truth of the matter asserted, which are unauthenticated hearsay.  Fed. R. Evid. 801, 802, 901.  ECF No. 136-1, 136-14 through 136-16.  However, Plaintiff has not provided any pincites indicating which passages from these 59 pages of inadmissible document she believes support her contentions.  *Orr*, 285 F.3d at 774–75.

24.  Because of these inherent tensions, the cause analysis process is occasionally stressful for the cause analysis team. (Schliebe Dep. 68:16-69:8) ("It's really difficult as I said earlier to get people to do these, because . . . not everybody's really happy with what you end up with your results"); (Busselman Dep. 163:21-164:17) ("[N]obody likes to be told that their policies and procedures are not functioning the way they had intended. [] I mean, we're not really popular . . . because we're going in and telling them that they are not following their processes").

Plaintiff does not dispute this statement.

**24.  REPLY – This fact is undisputed.**

25.  PNNL management and cause analysts nonetheless attempt to achieve

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 150
Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

consensus in the event of a dispute over a draft cause analysis report.

(LaFemina Dep. 29:7-23); (McCall. Dec. at ¶ 7).

SDMF 25. Regardless of the initial discussions around facts and objective evidence disputes, the reason PNNL trains and qualifies and require independence in the process is to allow qualified cause analysts to determine the true root causes of the unwanted condition or event so that the Issue Owner can successfully fix the unwanted condition or event **without reoccurrence.** See Rose Dec., Exhibit 1; accord Exhibits 14-16. (Busselman Dec. at ¶12).

**25. REPLY – OBJECTION –** *See* **RTS 1, 11, and 12** at 3:12-7:2, 17:3-17 (Fed. R. Evid. 602, 801, 802, 901).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Although these assertions purportedly address Plaintiff's job responsibilities, the only relevant cited passage from Plaintiff's Declaration is: "Once the cause analysis team identifies a root cause, the issue owner is responsible for creating corrective actions to ensure that the issue is not repeated."  ECF No. 134 at 8:13-9:1. Therefore, the rest of these assertions are an unsupported interpretation of Rose Exhibits 1, 14, 15, and 16. ECF Nos. 136-1, 136-14, 136-16, and 136-16. However, these documents have not been authenticated and are inadmissible hearsay.  Fed. R. Evid. 801, 802, 901, 1002.  Further, Plaintiff's argumentative assertions are not competent evidence.  *See Ogden v. Pub. Util. Dist. No. 2 of*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 151
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*Grant Cty.*, 2016 WL 1274543, at *2 (E.D. Wash. Mar. 31, 2016), *aff'd sub nom.*, 722 Fed. Appx. 707 (9th Cir. 2018) ("Plaintiff's counsel attempts to create issues of material fact by arguing that Defendant's arguments are 'demonstrably false,' or by making other similar claims, instead of submitting evidence.")." Moreover, Plaintiff does not provide any pincites, so it is unclear which passages from these 59 pages of documents she contends support her assertions. *Orr*, 285 F.3d at 774–75.

**26.** PNNL management (including Plaintiff) approved an "Issue Team Charter" in October 2016, which states "[i]t is expected that *Issue Team reviews will result in consensus approvals or rejections and that the Issue Team will work diligently toward reaching consensus wherever possible*." (Simpson Dec. at ¶ 3, Ex. B at AB000021, 23) (emphasis added); (LaFemina Dep. 43:1-6).

SDMF 26. This particular statement does not apply to the independent results that are the result of a qualified and trained cause analyst investigation into an unwanted condition or event. The root cause statements and / or cause codes are determined by the qualified cause analyst. NOTE: This Issue Team Charter has NOTHING to do with cause analysis - outside of putting in corrective actions at the Lab level associated with root cause results. It only covers the corrective action plan and effectiveness reviews that follow a completed cause analysis activity. The plaintiff was given authority over the

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 152
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

2

3

Issue team through an August 16th discussion with Dr. LaFemina and subsequent rollout of the Issues Team Charter to the Laboratory.  Rose Dec., Exhibit 33; ECF No. 85-2; Busselman Dec. at ¶12, 18.

4

5

6

7

8

9

10

11

12

13

**26. REPLY – OBJECTION – *See* RTS 1, 11, 12 and 16** at 3:12-7:2, 17:3-18, 19:3-18 (Fed. R. Evid. 602, 801, 802, 901, 1002).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, Plaintiff apparently believes the Issue Team Charter is relevant to this lawsuit because she quotes it in her Complaint.  ECF No. 9:8-10:1.  Further, Plaintiff's argumentative assertions do not appear to have a basis in the cited paragraphs from her Declaration.  Plaintiff also cites to Rose Exhibit 33, ECF No. 136-31, for the truth of the matter asserted.  However, that document has not been authenticated and Plaintiff has not established an applicable hearsay exception.  Fed. R. Evid. 801, 802, 805, 901.

14

15

16

17

**27.**  The Issue Team Charter similarly states that "[i]n the event that a consensus cannot be reached, the AIM Manager will escalate the issue discussion to the LMMP Director, who holds final decision authority."  (Simpson Dec. at ¶ 3, Ex. B at AB000021) (emphasis added)

18

19

SDMF 27. LPPM not LMMP. This was taken out of context: the Issue Team Charter does not pertain to Cause Analysis at all; the Issue Team is dedicated to Corrective Actions and Effectiveness Evaluations.  Rose Dec.,

20

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 153
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Exhibit 33. ECF No. 85-2. Busselman Dec. at ¶12, 18).

**27. REPLY – OBJECTION –** *See* **RTS 1, 11, 12 and 16** at 3:12-7:2, 17:3-18, 19:3-18 (Fed. R. Evid. 602, 801, 802, 901, 1002).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Because Plaintiff's unsupported argumentative assertions are identical to those in the previous section, Battelle will not rehash its position from Reply Paragraph 26.

**28.**  Similarly, it has been PNNL's practice that, in the event consensus regarding a draft cause analysis report cannot be achieved, the disagreement gets elevated to the next level of management. (LaFemina Dep. 29:24-30:1; 72:21-24); (Pryor Dep. 66:9-67:3; 90:2-5); (McCall. Dec. at ¶ 7).

SDMF 28.

In his declaration, Adrian McCall says, "Further, it is expected that unresolved disagreements between cause analysts and line management will be resolved through an escalation process using senior management mediation." ECF 86, ¶7. It is true that in the past, PNNL has done this, and has run into major issues when management made executive decisions regarding cause analysis reports. This policy was supposed to stop after Marty Conger was reprimanded by Battelle/PNNL for doing so on November 1st, 2006. *See* Rose Dec., Exhibit 8. Ms. Busselman outlined the connection between the reprimand of Marty

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 154

Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Conger in 2006 with a significant reform of the system with regard to regulatory compliance assurance. *See* Busselman Dec., ¶19. On October 1, 2008, the lab director Michael Kluse announced that there would be a significant reform to strengthen the compliance assurance system. On page 3 of the enclosure to his letter, Rose Dec., Exhibit 9, DOE indicates six areas that needed strengthening, all of which fell under Ms. Busselman's authority.

Including:

- The need for senior management to recalibrate and develop standards for corrective action plans,
- Senior management demonstrate awareness and support for DOE Regulatory Compliance Program,
- Refocus to better account for issues pertaining to the "How Do I" system
- Facilitating senior management awareness of safety and security conditions and the status of corrective action taken in response to noncompliant conditions
- PNNL has developed a detailed and rigorous standard for the qualification of causal analysts.
- Expertise associated with nuclear safety lessons learned and causal analysis processes is being applied to the evaluation of security noncompliances.

Disagreement may go to management to verify facts and get support for the process, but not to change root cause statements. Only qualified CA's can do this. And this is why PNNL has them trained and qualified in front of a board. If PNNL doesn't trust them - why train and qualify them? Dr. LaFemina claimed he believed in truly committing to creating a world-class scientific research institution by basing our decisions on the foundation of data and not

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 155
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

feelings or intuition. He supported doing this by letting the data drive decisions, not the "highest paid person's opinion" (HIPPO). This is the message behind Plaintiff's complaint. This was the abuse of authority and power that was exerted on Plaintiff and Ms. Pryor and her team to hide the facts or completely disregard the facts just so they could claim allowability of the lost taxpayer money. (Busselman Dec. at ¶19; Rose Dec. Exhibit 8; *accord* Exhibit 9).

**28. REPLY – OBJECTION –** *See* **RTS 1 and 22 through 25** at 3:12-7:2, 24:11-28:18 (Fed. R. Evid. 602, 801, 802, 901, 1002 argumentative assertions, sham affidavit rule). Plaintiff's assertions do not create a genuine dispute of material fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff has not established a disputed issue of material fact because her asserted facts are not supported by competent evidence. *Carmen*, 237 F.3d at 1028. Battelle has addressed in detail the significant evidentiary issues with Plaintiff's assertions in Battelle's cited Requests to Strike and therefore will not rehash those arguments here.

**29.** During the relevant time period, disputes over cause analysis reports would be elevated to Dr. LaFemina and, above him, Mike Schlender, PNNL's Deputy Lab Director for Operations and Chief Operating Office. (Pryor Dep. 66:9-67:3); (LaFemina Dep. 30:2-5); (Schlender Dep. 5:24-6:18).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 156
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

SDMF 29. See answer to SDMF 28. Disputes were elevated up the management chain to verify facts and to get support for the process--not to change root cause statements.  Only qualified CA's can do this.  And this is why PNNL has them trained and qualified in front of a board.  If PNNL doesn't trust them - why train and qualify them? This is the message behind Plaintiff's complaint. This was the abuse of authority to hide the facts so they could claim allowability of the lost taxpayer money. Rose Dec. Exhibit 8. and 9.

**29.  REPLY – OBJECTION –** *See* **RTS 1** (Fed. R. Evid. 801, 802, 901). Plaintiff's assertions do not create a genuine dispute of material fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, Plaintiff has not established a disputed issue of material fact because her asserted facts are not supported by competent evidence.  *Carmen*, 237 F.3d at 1028.  Plaintiff cites as support only Rose Exhibits 8 and 9, ECF Nos. 136-8, 136-9.  Those documents, which are unauthenticated hearsay, have no apparent relation to Plaintiff's factual assertions.  Fed. R. Evid. 801, 802, 901. Moreover, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

### 4.    The Non-Binding Procedure at Issue In Plaintiff's Claim

**30.**  As AIM Team Manager, Plaintiff promulgated "Procedure No. IM-09," which is entitled the "Issues Management Life-Cycle Process." Plaintiff

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 157
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

testified IM-09 "was drafted before [she] got [to the AIM Team]" and that she only "finalized it" and "reviewed it and updated it . . . according to how we do business at the lab." (Busselman Dep. 184:2-8).

SDMF 30. As the AIM Division Director, the plaintiff took an older version of the procedure (IM-07) and combined several areas in to one overall life-cycle process. (Busselman Dec. at ¶19).

**30. REPLY – OBJECTION –** *See* **RTS 18 through 22** at 22:5-25:13 (Fed. R. Evid. 602, 1002, sham affidavit rule). Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).

**31.** IM-09 was originally circulated on October 7, 2016. (Schliebe Dep. 23:5-6).

SDMF 31. As the AIM Division Director, the Plaintiff took an older version of the procedure (IM-07) and combined several areas in to one overall life-cycle process. (Busselman Dec. at ¶19).

**31. REPLY – OBJECTION –** *See* **RTS 18 through 22** at 22:5-25:13 (Fed. R. Evid. 602, 1002, sham affidavit rule). Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 158
Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

1

*Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

2

**32.**  On February 3, 2017, Plaintiff sent an email to Ms. Doyle describing IM-09: "This took all of the misc pr[o]cedures that we had for internal back office stuff and combined into one procedure." (Simpson Dec. at ¶ 4, Ex. C); (Schliebe Dep. 19:18-20:5).

SDMF 32. As the AIM Division Director, the Plaintiff took an older version of the procedure (IM-07) and combined several areas in to one overall life-cycle process. (Busselman Dec. at ¶19).

**32. REPLY – OBJECTION –** *See* **RTS 18 through 22** at 22:5-25:13 (Fed. R. Evid. 602, 1002, sham affidavit rule). Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**33.**  A revised version of IM-09 was promulgated on March 1, 2017, which Plaintiff "helped improve" but "didn't create . . . ." (Simpson Dec. at ¶ 5, Ex. D); (Busselman Dep. 186:7-11).

SDMF 33. As the AIM Division Director, the Plaintiff took an older version of the procedure (IM-07) and combined several areas in to one overall life-cycle process. (Busselman Dec. at ¶19).

**33. REPLY – OBJECTION –** *See* **RTS 18 through 22** at 22:5-25:13 (Fed. R. Evid. 602, 1002, sham affidavit rule). Plaintiff's assertion does not create a

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 159
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

1   genuine dispute of fact because it does not controvert Battelle's asserted fact.

2   *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, "[a] party cannot

3   create a genuine issue of fact by simply contradicting his or her own previous

4   sworn statement."  *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S.

5   at 806).

6

7   **34.**  Revised IM-09 indicates it is for "reference" as opposed to "mandatory."
        (Simpson Dec. at ¶ 5, Ex. D at BMI_CONGER00021); (Schliebe Dep.
8        26:2-7).

9   SDMF 34. A formal HDI description has not been published on the use of

10  reference or mandatory procedures.   The belief that it is mandatory is driven

11  from a QA Order that means every step within the procedure is <u>required</u> to

12  produce Reproducible results.  The IM-09 procedure had flexibility in some of

13  its sections (i.e., determining the significance of an unwanted condition)  and

    therefore could not be mandatory for the entire procedure.  The fact is that in
14
    HDI in the Gather Facts and Determine Cause of Event or Unwanted Condition
15
    - it specifically says:  Conduct the analysis per internal procedures and
16
    according to Laboratory requirements. If the HDI standards-based management
17
    system says it, it is required to be followed. See HDI Create or Update
18
    Procedures and Other Work Instructions. Rose Dec., Exhibit 1 and 14.
19
    (Busselman Dec. at 11¶).

20  DEFENDANT'S REPLY STATEMENT
    OF MATERIAL FACTS NOT IN
    DISPUTE - 160
    Case No. 4:18-cv-05109-SMJ
    4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**34. REPLY – OBJECTION –** *See* **RTS 1, 5, 6, 7, 8, 9, 10** at 3:12-7:2, 12:6-17:2 (Fed. R. Evid. 602, 701, 801, 802, 901, 1002).  Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, Plaintiff cites Rose Exhibit 1 and 14, ECF Nos. 136-1 and 136-14, for the truth of the matter asserted, but they are unauthenticated and hearsay.  Fed. R. Evid. 801, 802, 901.  Plaintiff also does not provide pincites for these 35 pages of documents to indicate which provisions she believes create a factual dispute. *Orr*, 285 F.3d at 774–75.

**35.**  At PNNL, a procedure denominated as "mandatory" means that compliance with its terms is required. (Schliebe Dep. 23:17-25).

SDMF 35.  A formal HDI description has not been published on the definition of  reference or mandatory checked boxes. The portion of the IM-09 for conducting a cause analysis was mandatory because HDI (the Laboratories Standards Based Management System) required the Lead Cause Analyst to follow internal procedures.  Rose Dec., Ex. 1.

**35. REPLY – OBJECTION –** *See* **RTS 1** at 3:12-7:2 (Fed. R. Evid. 801, 802, 901).  Plaintiff's assertion does not create a genuine dispute of fact because her asserted facts are not supported by competent evidence.  *Carmen*, 237 F.3d at 1028.  Plaintiff cites as support Rose Exhibit, ECF No. 136-1.  Plaintiff relies on that document for the truth of the matter asserted, but it is unauthenticated

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 161
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

and inadmissible hearsay.  Moreover, it does not appear to support Plaintiff's assertions.  Plaintiff also does not provide a pincite.  *Orr*, 285 F.3d at 774–75.

**36.**  Conversely, a procedure with "reference" checked merely reminds employees how to proceed with certain tasks. (Schliebe Dep. 23:17-25); (Pryor Dep. 104:3-12).

SDMF 36. A formal HDI description has not been published on the definition of  reference or mandatory checked boxes. The portion of the IM-09 for conducting a cause analysis was mandatory because HDI (the Laboratories Standards Based Management System) required the Lead Cause Analyst to follow internal procedures. Rose Dec., Exhibit 1.

**36.  REPLY – OBJECTION –** *See* **RTS 1** at 3:12-7:2 (Fed. R. Evid. 801, 802, 901).  Plaintiff's assertion does not create a genuine dispute of fact because Plaintiff's asserted facts are not supported by competent evidence. *Carmen*, 237 F.3d at 1028.  Plaintiff cites as support Rose Exhibit, ECF No. 136-1. Plaintiff relies on that document for the truth of the matter asserted, but it is unauthenticated and inadmissible hearsay.  Moreover, it does not appear to support Plaintiff's assertion.  Plaintiff also does not provide a pincite.  *Orr*, 285 F.3d at 774–75.

**37.**  Ms. Schliebe testified "we think of these [reference procedures] as our desk guide. [] It's pretty much an internal procedure on . . . how we do our

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 162
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

job. So it's more of a desk procedure maybe isn't the right term, but that's the idea." (Schliebe Dep. 24:1-11); (Pryor Dep. 104:13-18).

SDMF 37. Objection, lay witness opinion FRE 701 (witness is not qualified cause analyst); no personal knowledge to justify "we" FRE 602. A formal HDI description has not been published on the definition of reference or mandatory checked boxes. The portion of the IM-09 for conducting a cause analysis was mandatory because HDI (the Laboratories Standards Based Management System) required the Lead Cause Analyst to follow internal procedures. Rose Dec., Exhibit 1.

**37. REPLY – RESPONSE TO OBJECTIONS:** Ms. Schliebe can offer a lay opinion rationally based on her own work experience. There is no specialized knowledge required to offer a lay opinion. Fed. R. Evid. 701(c). Moreover, Ms. Schliebe's testimony is admissible as to Ms. Schliebe's personal knowledge about her own understanding, which comports with Ms. Pryor's. **OBJECTION – *See* RTS 1** at 3:12-7:2 (Fed. R. Evid. 801, 802, 901). Plaintiff's assertion does not create a genuine dispute of fact because Plaintiff's asserted fact is not supported by competent evidence. *Carmen*, 237 F.3d at 1028. Plaintiff cites as support Rose Exhibit, ECF No. 136-1. Plaintiff relies on that document for the truth of the matter asserted, but it is unauthenticated and inadmissible hearsay. Moreover, it does not appear to support Plaintiff's assertion. Plaintiff also does not provide a pincite. *Orr*, 285 F.3d at 774–75.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 163
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**38.** Plaintiff checked the box for "reference" as opposed to "mandatory" on IM-09. (Busselman Dep. 187:3-9).

SDMF 38. A formal HDI description has not been published on the definition of reference or mandatory checked boxes. The portion of the IM-09 for conducting a cause analysis was mandatory because HDI (the Laboratories Standards Based Management System) required the Lead Cause Analyst to follow internal procedures. Rose Dec., Exhibit 1. (Busselman Dec. at ¶48). IM-09 does not stand alone. It is a means to directly express to management established policies, procedures, regulations and contract terms that guide cause analysis as follows, which prohibit management manipulation of cause analysis. (Busselman Dec. at ¶18).

**38. REPLY – OBJECTION –** *See* **RTS 1, 16, and 17** at 3:12-7:2, 20:1-22:3 (Fed. R. Evid. 602, 801, 802, 901, 1002 sham affidavit rule). "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806). Moreover, Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Rose Exhibit 1, ECF No. 136-1, is unauthenticated hearsay. Fed. R. Evid. 801, 802, 901.

**39.** Revised IM-09 does not address whether or not PNNL management may provide substantive input into either a draft cause analysis or a draft root

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 164
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

cause statement. (*See generally* Simpson Dec. at ¶ 5, Ex. D)

SDMF 39. IM-09 does not stand alone.  It is a means to directly express to management established policies, procedures, regulations and contract terms that guide cause analysis as follows, which prohibit management manipulation of  cause analysis.  (Busselman Dec. at ¶18). Pacific Northwest National Laboratory ("PNNL") is one of 42 federally funded research and development centers ("FFRDC"), a public-private partnership that conducts research for the United States Government and is administered in accordance with 48 C.F.R § 35.017 by a university or corporation. By law, "[b]ecause of this special relationship," the FFRDC must "be operated in the public interest with objectivity and independence, be free from organizational conflicts of interest, and have full disclosure of its affairs to the Department of Energy." **Rose Dec., Ex. 31** (Battelle's contract); 48 C.F.R. § 970.5235-1 (requiring same); *accord* 48 CFR § 35.017 ("The FFRDC is required to conduct its business in a manner befitting its special relationship with the government, to operate in the public interest with objectivity and independence, to be free from organizational conflicts of interest, and to have full disclosure of its affairs to the sponsoring agency.").

Any issue that PNNL discovers, either through an independent assessment or as the result of "an unplanned event or condition e.g., occurrence," are "managed via a **single integrated process**." Rose Dec., Ex. 65,

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 165
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

at AB003926. PNNL's integrated issues management process includes a cause analyst gathering facts to determine the cause of the event or unwanted condition and "conduct[ing] the analysis **per internal procedures**." *See* Rose Dec., Ex. 1 AB003737, 3739-40 (How Do I or "HDI").

The HDI documents states, "By following the **required steps** and information within this HDI content, you are meeting all applicable PNNL requirements, citing, for example: **10 C.F.R § 830**, Nuclear Safety Management; **Clause H-27** [*discussed in* ECF No. 20 (Order), at 11:19-12:7, *quoting* ECF No. 10-1, at 4-5, 12]; DOE CRD 232.2A, Occurrence Reporting and Processing of Operations Information [Rose Dec., Ex. 24]; *and* DOE CRD O 414.1D, Quality Assurance [*see* ECF NO. 10-1, at 49-50]. *See* Rose Dec., Ex. 1 at 3739-40. *See also* DOE O 226.1B, Implementation of Department of Energy Oversight Policy, ECF No. 10-1, at 26-27 (requiring Contractor Assurance System that includes "rigorous… and credible self-assessment" programs that are "formally described and documented," and "**issues management process that is formally described and documented**," and which will ensure a "thorough analysis of the underlying causal factors" for an issue); *and* Busselman Dec., ¶7 (listing the primary Orders requiring "integrated Assessment and Issues Management implementations").

Plaintiff was responsible for various aspects of independent oversight, assessment and issues management. *See* Busselman Dec., ¶¶ 7, 15. She had

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 166
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

eight direct reports who were referred to as the AIM Team, and consisted of

trained and or qualified subject matter experts in the conduct of assessments,

critiques and root cause analysis. *Id.*

The Court's Order further describes the regulatory and contractual

framework. *See* ECF No. 20, at 11:8-13:9:

> By regulation, an energy department contractor 'shall be responsible for maintaining, as an integral part of its organization, effective systems of management controls.' 48 C.F.R. § 970.5203-1(a)(1). These controls must 'reasonably ensure that . . . financial, statistical, and other reports necessary to maintain accountability and managerial control are accurate, reliable, and timely.' Id. Further, **these controls 'shall be documented** and satisfactory to [the energy department].' **§ 970.5203-1(a)(2).** Also, an energy department contractor '**shall be responsible for maintaining, as a part of its operational responsibilities, a baseline quality assurance program that implements documented** . . . **control and assessment techniques.' § 970.5203-1(b)**.
>
> **Defendant's contract contains identical provisions as the regulation** quoted above. ECF No. 10-1 at 6–7, 14–15. Additionally, the contract provides Defendant 'shall develop a Contractor assurance system that is . . . implemented throughout the Contractor's organization.' Id. at 4, 12. This system, '**at a minimum**, shall include the following key attributes,' as relevant here. *Id*. at 5, 12. First, this system must include '[a] **comprehensive description of the assurance system with processes**, **key activities, and accountabilities clearly identified**.' *Id*. Second, this system must include '[**r**]**igorous, risk-based, credible self-assessments,** . . . **including . . . independent reviews**.' *Id*. Finally, this system must include '[i]dentification and correction of negative . . . compliance trends.' *Id*.
>
> According to an energy department handbook, an Enforcement Coordinator's responsibilities include '[e]nsuring that contractor managers have a working knowledge of [the energy department]'s enforcement program,' '[m]onitoring contractor compliance assurance

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 167
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

program effectiveness and progress in moving toward a culture of critical self-evaluation and continuous improvement,' '[m]anaging or overseeing screening of problems, issues, findings, and conditions to identify noncompliances,' and, critically '[e]nsuring proper and timely reporting of noncompliances.' *Id.* at 106.

'Noncompliance' is '[a] condition that does not meet a[n energy department] regulatory requirement.' *Id.* at 102. Sometimes, 'noncompliances that led to the event may not be identified until the root cause analysis and preliminary inquiry have been completed.' *Id.* at 126. Thus, '[a]n effective causal analysis is essential.' *Id.* at 131.

Generally, 'a root cause analysis [is] appropriate for more significant or complex issues.' *Id.* at 129. But **regardless of the issue involved, the energy department 'expects a contractor conducting an investigation/causal analysis to ensure that . . . the personnel who conduct the investigation are sufficiently independent of involvement in the event and adequately trained and qualified.'** *Id.* '[C]ontractors should . . . investigate whether organizational and management issues contributed to the failure.' *Id.* at 131. And '[a]ny identified noncompliances should be reported . . . along with associated corrective actions developed from the causal/root cause analysis.' *Id.* at 126.

**39. REPLY (REQUEST TO STRIKE 162)** – Battelle respectfully requests that the Court strike Plaintiff's "SDMF 39." ***First***, this section constitutes argumentative briefing in excess of 25 pages. ***Second***, LCR 56(c)(1)(B) requires that a statement of disputed material fact "be set forth in serial fashion, not in narrative form." **OBJECTION –** *See* **RTS 1, 3, and 17** at 3:12-7:2, 10:12-11:15, 20:17-22:3 (Fed. R. Evid. 602, 701, 801, 802, 1002, sham affidavit rule). In any event, Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 168
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    *Farms, Inc.*, 2008 WL 4282754, at *1.

2

3    **40.**    However, IM-09 does state that a cause analysis team should

4    attempt to reach consensus with management if it can and provides a

5    mechanism for dispute resolution if it cannot:

6    > In cases where the Issue Owner does not agree with the
> results of the analysis, the Laboratory Senior Cause Analyst
> will work with the Lead Cause Analyst, line management
> [and] the Lab-level Issue Team . . . to resolve the issue(s).
> If the issue(s) cannot be resolved, the cause analysis team's
> results will remain the final documented root cause analysis,
> and the lack of consensus will be documented . . . .

9    This is the provision that Plaintiff alleges was violated in support of her

10   NDAA claim.  (Simpson Dec. at ¶ 5, Ex. D at BMI_CONGER000219);

11   (Busselman Dep. 188:17-189:9; 190:6-10).

SDMF 40.

12       IM-09 does not stand alone.  It is a means to directly express to

13   management established policies, procedures, regulations and contract

14   terms that guide cause analysis as follows, which prohibit management

15   manipulation of  cause analysis.  (Busselman Dec. at ¶18).

16       The language of IM-09 is consistent with the policies and procedures

17   outlined in SDMF 39. In his declaration, Adrian McCall says, "Further,

18   it is expected that unresolved disagreements between cause analysts and

19   line management will be resolved through an escalation process using

20   senior management mediation." ECF 86, ¶7.  Once the cause analysis

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 169
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

team identifies a root cause, the issue owner is responsible for creating corrective actions to ensure that the issue is not repeated. In Plaintiff's position, she became aware that issue owners would not necessarily propose or be amenable to meaningful corrective actions based upon the cause analysis results, so in 2015, she organized a formal "Issue Team" chartered by Dr. LaFemina and Mike Schlender, which provided overview of proposed corrective actions and ensured that the final corrective actions were meaningful and fixed the identified root cause. On October 1, 2016, she became the owner of the Issue Team per Dr. LaFemina's direction. The Issue Team is not authorized to change root cause findings—only qualified cause analysis personnel like Kathy Pryor can make such changes.  (Busselman Dec. at ¶12).

40. **REPLY – OBJECTION** – *See* **RTS 11, 12, and 13** at 17:3-17:17, 20:17-22:3 (Fed. R. Evid. 602, 1002, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**C.    Timeline One: The Fowler Fraud Cause Analysis Report Process.**

**1.    Background.**

41. The Charter for the Fowler Fraud Cause Analysis stated that Iris Anderson, PNNL Financial Operations Manager, "requested assistance in conducting a Level 2 root cause analysis to better understand the issues surrounding

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 170
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

the fraudulent payment for a subcontractor event." (Simpson Dec. at ¶ 6, Ex. E at BMI_000045); (Pryor Dep. 36:9-37:9).

Plaintiff does not dispute this statement.

**41. REPLY – This fact is undisputed.**

**42.** That Charter also stated that "the Lead Cause Analyst [Kathy Pryor] shall" among other items "[p]rovide draft results in a briefing to the issue owner," Iris Anderson, followed by "[s]ubmit[ing] a report for approval *to* the Issue Owner . . . ." (Simpson Dec. at ¶ 6, Ex. E at BMI_000046).

SDMF 42. It also says that the Lead Cause Analyst **shall**:  identify the causes (Direct, root, and any contributing) associated with the issues using accepted analytical techniques. ECF No. 85-2.  "Disagreement may go to management to verify facts and get support for the process, but not to change root cause statements." Busselman Dec., ¶19.

**42**. **REPLY – OBJECTION –** *See* **RTS 24** at 27:3-28:6 (Fed. R. Evid. 602, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1

**43.** Ms. Pryor—a qualified cause analyst and PNNL's Lead Cause Analyst at the time—was designated the lead cause analyst for the Fowler Fraud issue (Pryor Dep. 16:6-19); (Busselman Dep. 122:25-123:4; 123:18-22);

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 171
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

(Schliebe Dep. 16:3-11).

SDMF 43. Her title was Laboratory Senior Cause Analyst - The AIM Laboratory Senior Cause Analyst (LSCA) that is owner of all things cause analysis, from determining scope for charters, to identification and oversight of all cause analysis activities (includes other assigned cause analysts), and finalization of the cause analysis deliverables that are delivered to the AIM Manager per IM-09. *See* ECF No. 85-4, at 5; Busselman Dec., ¶19.

**43**. **REPLY – OBJECTION – *See* RTS 19** at 27:3-28:6 (Fed. R. Evid. 602, argumentative assertions, sham affidavit rule). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).

**44.** PNNL employees Stephanie Anderson and Donny Mendoza joined Ms. Pryor to form the Fowler Fraud Cause Analysis team. (Pryor Dep. 33:4-7; 39:12-21); (Leaumont Dep. 61:12-24); (Schliebe Dep. 15:1-8).

Plaintiff does not dispute this statement.

**44. REPLY – This fact is undisputed.**

**45.** Mr. Mendoza and Stephanie Anderson were "really new" to the cause

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 172
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

analysis process, and neither was a qualified cause analyst. (Busselman Dep. 123:14-20).

Plaintiff does not dispute this statement.

**45. REPLY – This fact is undisputed.**

**46.** Plaintiff was not part of this cause analysis team and, therefore, would "really depend on Steve [Cooke] to help" with drafting and editing the team's draft report. (Busselman Dep. 138:9-16).

SDMF 46. This statement is not applicable to the Fraudulent Payment to Subcontractor cause analysis activity because Steve should not have been negotiating any kind of changes for the Fraudulent Payment to subcontractor Cause Report, and plaintiff (who owns the process for the Laboratory) directed Mr. Cooke to cease and desist before going on vacation. Rose Dec., Exhibit 7, accord Exhibit 13.

**46. REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. at 806). For reference, Plaintiff did not send her "cease and desist" email until March 31, 2017, at 12:59 p.m. ECF No. 136-13. Battelle previously addressed Plaintiff's contention regarding Rose Exhibit 13.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 173
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

### 2.    March 29, 2017.

**47.**  By late March 2017, the draft Report was still a work in progress; there had been at least a couple drafts, Mr. Cooke had reviewed it, it was sent to Iris Anderson and her team for review and suggested edits, and edits were being made. (Busselman Dep. 134:22-136:17; 157:13-19; 169:14-19).

SDMF 47. This statement is not applicable to the Fraudulent Payment to Subcontractor cause analysis activity because Mr. Cooke should not have been negotiating any kind of changes for the Fraudulent Payment to subcontractor Cause Report and plaintiff (who owns the process for the Laboratory) directed Mr. Cooke to cease and desist before going on vacation. Rose Dec., Exhibit 7, accord Exhibit 13.

**47.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**48.**  Sometime during the morning of March 29, 2019, Plaintiff had a meeting with Mr. Conger and Mr. Ensign during which Mr. Conger wanted to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 174
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

discuss the factual accuracy of several items in the draft Report.

(Busselman Dep. 160:6-17).

SDMF 48. Mr. Conger wanted to talk about changing the root cause statement and that it didn't make him sound very good. Plaintiff told him he needed to do a fact check.  He also made sure Plaintiff knew that Kevin Ensign (Chief Audit Executive of independent Audit) would allow Mr. Conger to change report results for him when he asked him to.  Plaintiff asked Mr. Conger to let the team provide the facts for him to make sure they were correct and then if he still didn't agree with the root cause statement that the team could go to the dispute authority, starting with Dr. LaFemina, to determine how to document the dispute.  Rose Dec., Exhibit 18. Accord Rose Dec., Exhibits 53-56. (Busselman Dec. at ¶¶44-45).

**48**.  **REPLY – OBJECTION –** *See* **RTS 1, 39 through 43, 45, and 46** at 3:12-7:2, 40:3-43:17, 45:4-46:20 (Fed. R. Evid. 602, 801, 802, 901, 1002). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).  Nevertheless, several of Plaintiff's factual assertions are not supported by her Declaration citations (e.g., "Plaintiff asked Mr. Conger to let the team provide the facts for him to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 175
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

make sure they were correct and then if he still didn't agree with the root cause statement that the team could go to the dispute authority, starting with Dr. LaFemina, to determine how to document the dispute.")  Plaintiff also apparently cites five Rose Exhibits for the truth of the matters asserted, but they are not authenticated and are inadmissible hearsay within hearsay.  Fed. R. Evid. 801, 802, 805.

**49.**  Mr. Conger was concerned the draft Report did not recognize that the theft was the result of "an unknown vector of fraud at that time" because "you can't defend against something you don't know exists." Mr. Conger testified "we did not have adequate controls to prevent [the theft]. That's an absolute.  And that was never in dispute. The reason why was the area of dispute." (Conger Dep. 21:2-12; 34:1-4; 35:13-36:2; 38:8-24).

SDMF 49. Spear phishing has been around for more than a decade. Busselman Dec., ¶29. Stephanie Anderson (his staff member and part of the CA team) was able to reproduce the exact same situation (fake e-mail) that spoofed the individuals in under 10 minutes.  They didn't do any kind of checks or balances on the ACH change request. FMFIA put out new guidance that they needed to look at both internal and external risks. See FMFIA requirements. Rose Dec., Exhibit 6. *Accord* examples at Rose Dec., Exhibit 57. (Busselman Dec. at ¶30). FMFIA requires cause analysis as of March 4, 2016. Examples included from PNNL Lessons Learned activity, OIG report, PNSO

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 176
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

internal control weaknesses that happened over the last 10 years about this vector of fraud that has existed for quite some time. FMFIA should be publicly available - page 12 - Root Cause Analysis is defined. Rose Dec., Exhibit 6, at 12. Deficiencies defined on page 15 (*i.e.*, segregation of duties). *See also* Rose Dec., Ex. 57, at  AB003836.

(8/2/12: "Effective cyber security involves all PNNL staff members"), id., at AB003840 (8/30/12: "Phishing, smishing-all about scamming you");

49 Examples  and 49 FMFIA (AB003787-3847).  49 fraud lessons (AB001431-1433), unallowable awareness AB00982-983, (Busselman Dec. at ¶30).

Mr. Conger says, "the reason why was the area of dispute." That is why PNNL has trained and qualified root cause analysts to figure out the WHY. Marty Conger was not qualified and or should have ever been allowed to tailor the answer to WHY without supporting facts and data to support that WHY. The MARCH Root Cause statement says exactly what he states in his testimony. March RC Statement:  BSD Management did not clearly define adequate controls regarding the identification, detection, and response to potentially fraudulent activities by external criminal entities in the vendor management process primarily relying on individual staff members to identify and respond to potential external threats. (Busselman Dec. at ¶28-32) DOE PNSO agreed with Marty and made Battelle/PNNL pay the $430,167 back (unallowable). Rose Dec., Exhibit 17.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 177
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Iris Anderson is a Battelle/PNNL employee and is the manager of Financial Operations for PNNL.  Rose Dec., Exhibit 59 at 6:19-22.  In 2016 and 2017 she reported to PNNL CFO Marty Conger.  Rose Dec., Exhibit 59 at 6:23-8:3.  Mr. Conger reported to Lab Director Steve Ashby.  Rose Dec., Exhibit 59 at 11:21-24. In late 2016, Ms. Anderson learned that about $530,000 of taxpayer money was stolen from Mr. Conger's department in a scheme involving a fraudulent email sent to Conger's organization, which asked that a subcontractor payment be sent to a fraudulent bank account. Rose Dec., Exhibit 59 at 8:14-11:6, 15:3-16:2.  At Ms. Anderson's request, under Ms. Busselman's supervision, a cause analysis team (made up of members of the AIM Team) was assigned to determine the causes for an event that led to a $530,000 improper payment to a fraudulent entity that was posing as a subcontractor to PNNL.  Rose Dec., Exhibit 59 at 11:25-12:2. After learning of the theft of taxpayer monies, requested a root cause analysis because she is the steward of the government's assets and the issue owner:

> 5 A. So, her understanding of her responsibilities
> 6 in all regards is to be a steward of the government's
> 7 assets.
> 8 So, in order to be a good steward of the
> 9 government's assets, you need to make sure that you have
> 10 the necessary internal controls to safeguard those assets,
> 11 as well as have efficient and effective operations in
> 12 order to operate the Laboratory.

Rose Dec., Exhibit 59 at 12:5-12, 13:25-14:5. It's her department's job to

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 178
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

"keep up with criminals" and "to scan the environment to understand what kind of scams are going on." Rose Dec., Exhibit 59 at 21:15-22; *see also* Busselman Dec., ¶¶ 20-27.

**49.  REPLY (REQUEST TO STRIKE 163) – OBJECTION – *See* RTS 1, 26 through 32** at 3:12-7:2, 28:17-34:17 (Fed. R. Evid. 602, 801, 802, 901, 1002).  Battelle respectfully requests that the Court strike Plaintiff's "SDMF 49."  ***First***, this section constitutes argumentative briefing in excess of 25 pages.  ***Second***, LCR 56(c)(1)(B) requires that a statement of disputed material fact "be set forth in serial fashion, not in narrative form."  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Battelle merely stated what Mr. Conger testified his concerns were with the initial draft of the Fowler Fraud Report.  Nevertheless, Plaintiff's response presents as facts both argumentative statements and assertions with no apparent basis in Plaintiff's cited evidence (*e.g.*, "Stephanie Anderson (his staff member and part of the CA team) was able to reproduce the exact same situation (fake e-mail) that spoofed the individuals in under 10 minutes.  They didn't do any kind of checks or balances on the ACH change request.").  Plaintiff also cites to three unauthenticated Rose Exhibits, 3, 22, and 61 for truth of the matters asserted, but they are hearsay.  Fed. R. Evid. 801, 802, 901.  Plaintiff also does not provide pincites to identify what in their 86 pages she believes is relevant.  *Orr*,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 179
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

285 F.3d at 774–75.

**50.** Plaintiff produced in discovery a document entitled "Narrative Summaries By Date" that she characterizes as her "journal," which she testified she created between May 18, 2017, and May 25, 2017. (Busselman Dep. 38:15-39:8).

SDMF 50. Plaintiff does not dispute this statement.

**50. REPLY – This fact is undisputed.**

**51.** Plaintiff's "journal" entry regarding her March 29, 2017 meeting with Mr. Conger and Mr. Ensign states "I told [Mr. Conger] that the team is responsible to verify and confirm all facts and that they would do this and get back to him, but ***any changes to the root cause would need to go through the dispute authority (John LaFemina and Mike Schlender – if we needed Mike to be part of that decision***)." (Simpson Dec. at ¶ 7, Ex. F at AB000106) (emphasis added).

SDMF 51. Ms. Busselman's protected activity began on March 29, 2017. Mr. Conger wanted to talk about changing the root cause statement and that it didn't make him sound very good. *See* Conger reprimand letter at Rose Dec., Exhibit 6. Plaintiff told him he needed to do a fact check.  He also made sure Plaintiff knew that Kevin Ensign (Chief Audit Executive of independent Audit) would allow Mr. Conger to change report results for him when he asked him

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 180
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

too—which would also be improper.  Plaintiff asked Mr. Conger to let the team provide the facts for him to make sure they were correct and then if he still didn't agree with the root cause statement that the team could go to the dispute authority starting with Dr. LaFemina to determine how to document the dispute. Rose Dec., Exhibits 53, 54, 55, 56, 60. (Busselman Dec. at ¶44).

> 18    Q.    And Mr. Cooke, as you had mentioned,
> 19    indicates that eventually John -- John LaFemina and
> 20    Schlender will make the ultimate call; and your
> 21    response to that is, yep.
> 22    A.    Well, not necessarily true, no, because
> 23    when -- what dispute means is that they get to know
> 24    about it, and then they get to help us figure out **how**
> 25    **we're going to document** in the issue tracking system.

Rose Dec., Exhibit 58 (Busselman Dep., at 159:18-166:6).

**51**.  **REPLY – OBJECTION –** *See* **RTS 1, 39 through 43, 45, and 46** at 3:12-7:2, 40:3-43:17, 45:4-46:20 (Fed. R. Evid. 602, 801, 802, 901, 1002). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff also apparently cites six Rose Exhibits for the truth of the matters asserted, but they are not authenticated and are inadmissible hearsay within hearsay.  Fed. R. Evid. 801, 802, 805.  Moreover, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**52.**  At 11:09 a.m. that morning, Mr. Conger sent Plaintiff an email regarding

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 181
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

their earlier conversation. Mr. Conger conveyed his belief that some of the factual assertions in the draft Report were incorrect. (Simpson Dec. at ¶ 8, Ex. G at BMI_CONGER000007); (Busselman Dep. 159:14-159:22).

Plaintiff does not dispute this statement.

**52. REPLY – This fact is undisputed.**

53. At 12:22 p.m., Plaintiff responded to Mr. Conger, copying Dr. LaFemina, that "[t]his was not a critical fact for the conclusions" and informing Mr. Conger that Ms. Pryor is "updating the report" prior to its recirculation. (Simpson Dec. at ¶ 8, Ex. G at BMI_CONGER000006)

SDMF 53. Plaintiff did say this in the e-mail however it was later discovered that the facts that were removed were later deemed critical – because Mr. Conger reinstituted these internal controls that the former AP Manager had in place. Rose Dec., Exhibit 61. DOE PNSO agreed with Marty and made Battelle/PNNL pay the $430,167 back (unallowable) per Rose Dec., Exhibit 17. (Busselman Dec. at ¶58).

**53. REPLY – OBJECTION –** *See* **RTS 1, 76 through 80** at 3:12-7:2, 67:16-70:8 (Fed. R. Evid. 602, 801, 802, 901, 1002, sham affidavit rule). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff's assertion does not create a genuine dispute of fact because Plaintiff's asserted facts are not supported by competent evidence, as

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 182
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

addressed in detail in Battelle's cited Requests to Strike.  *Carmen*, 237 F.3d at 1028.  Also, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.  Further, Rose Exhibits 17 and 61, ECF Nos. 137-17 and 137-20, are unauthenticated hearsay and, Exhibit 61 appears unrelated to this topic.  Fed. R. Evid. 801, 802, 901.

**54.**  Ms. Pryor testified that, in these circumstances, the recirculation of a revised draft was "fairly normal." (Pryor Dep. 65:2-16).

SDMF 54. Ms. Pryor said this was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is suggesting that you should
·4· ·write a root cause that you don't have the facts to back up
·5· ·is very unusual.· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

Ms. Pryor also sent a variety of e-mails about feeling physically sick. Rose Dec., Exhibit 3 at 86:24-87:16.

**54**. **REPLY –** Plaintiff has not controverted Battelle's asserted fact.  Ms. Pryor testified that, as of March 29, 2017:

Q.   The process that Ms. Busselman is describing to Marty Conger in this E-mail that you're updating the report, it will be reviewed by herself, Mr. Cooke and the rest of your team, and then that report will go to Jeff. And I'm assuming that's Jeff Leaumont that she's referring to?

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 183
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

A.    Yeah.

Q.    Iris, Iris Anderson, Kevin Ensign and himself and John, John being?
A.    LaFemina, I'm sure.

Q.    And again, this is a normal process that you would --

A.    That -- yes.  That's -- that's fairly normal. There aren't always all the cast of thousands that end up reviewing it.

Q.    And then if you can read the last --

A.    Oh.  "I will schedule a meeting for us to discuss our differences, it won't be until next week, most of us are out of town.  Thanks, Aleta."

Q.    And this is March 29th --

A.    Yeah.

Sup. Simpson Dec. at ¶ 6, Ex. 18 (Pryor Dep. 65:2-65:22).  The fact that Ms. Pryor believes that she may have at some point communicated to Mr. Cooke that the process was "very unusual" does not controvert Ms. Pryor's other testimony.  Moreover, Plaintiff's counsel has misinterpreted the record.  Ms. Pryor sent **one** email to Plaintiff on March 31, 2017, at 11:01 a.m. that stated, "I'll be honest – this is making me feel physically ill.  I feel manipulated.  It's not so much what Marty wants me to say; it's the way he's going about it.  I'm just going to let this thing cool off for a week until you get back."  ECF No. 85-16.  Ms. Pryor read that email at her deposition.  That is the only mention of Ms. Pryor feeling ill in the record, and it is inadmissible hearsay.  Fed. R. Evid. 801, 802.

**55.**    In Dr. LaFemina's reply email to Plaintiff, he dropped the other recipients and asked Plaintiff to send him a copy of the next draft of the Report, to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 184
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

which Plaintiff replied, "Yes, that was the plan (since we are now in dispute space)." (Simpson Dec. at ¶ 8, Ex. G at BMI_CONGER000006).

SDMF 55. Mr. LaFemina was her Manager and she thought he would keep integrity in the process. Plaintiff felt that since Mr. Conger and Mr. Ensign (both at the same level as her Manager) were clearly ganging up on her, she needed Mr. LaFemina's support to continue to keep integrity in the process. Mr. Conger (the Chief Financial Officer for the Laboratory) wanted to talk about changing the root cause statement and that it didn't make him sound very good. Plaintiff told him he needed to do a fact check. He also made sure Plaintiff knew that Kevin Ensign (Chief Audit Executive of Independent Audit) would allow Mr. Conger to change report results for him when he asked him to. Plaintiff asked Mr. Conger to let the team provide the facts for him to make sure they were correct and then if he still didn't agree with the root cause statement that the team could go to the dispute authority, starting with Dr. LaFemina, to determine how the team would document the dispute. Rose Dec., Exhibits 53, 54, 55, 56, 60.

**55**. **REPLY – OBJECTION – *See* RTS 1** at 3:12-7:2 (Fed. R. Evid. 801, 802, 901). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff's assertion does not create a genuine dispute of fact because Plaintiff's asserted facts are not supported by competent

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 185
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

evidence. *Carmen*, 237 F.3d at 1028. Plaintiff cites only to five unauthenticated Rose Exhibits as support, but they are hearsay and, in any event, seemingly unrelated to her assertions. Fed. R. Evid. 801, 802, 901.

**56.** Dr. LaFemina understood this to be a request from Plaintiff for him to adjudicate disputes regarding the draft Report. (LaFemina Dep. 72:11-73:4).

SDMF 56. Objection, lay witness opinion FRE 701; no personal knowledge FRE 602. LaFemina said he was only getting involved to help keep integrity in the process as her manager (which is what Plaintiff was doing for Kathy Pryor) AND Plaintiff was leaving on vacation and needed him to protect the team until she got back. And he is not qualified to change root cause statements - so Plaintiff would have never expected him to ever do that. (Busselman Dec. at ¶48) Rose Dec., Exhibit 5 at 12:23-25 (not qualified)). LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John LaFemina,
> ·5· ·where was Aleta?
> ·6· · · · A.· · She had already been removed from her job.

Rose Dec., Exhibit 3 at 106:3-6.

**56. REPLY – RESPONSE TO OBJECTIONS:** Dr. LaFemina's subjective

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 186
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

understanding of what he believed Plaintiff had communicated to him in his capacity as her manager is not an impermissible lay opinion and is based on personal knowledge. Fed. R. Evid. 602, 701. **OBJECTION – *See* RTS 49, 50, 51** at 48:7-49:3 (Fed. R. Evid. 602, 1002, argumentative assertion, sham affidavit rule). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**57.** Plaintiff's "journal" entry for March 29, 2017, also states she had a conversation with Mr. Cooke that day in which Mr. Cooke informed her "that ***Steve [Cooke]/Marty [Conger] were going to revisit the root cause and let her team review their proposed changes. I told [Mr. Cooke] that Kathy Pryor (lead cause analyst and her team would need to understand what they are changing and agree).***" (Simpson Dec. at ¶ 7, Ex. F at AB000107) (emphasis added).

SDMF 57. And after several failed attempts with working with Mr. Conger and Ms. Pryor to get to a root cause statement that was reflective of the facts and objective evidence; the Plaintiff and the Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 7, Exhibit 13. This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 187
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·2· · · ·A.· · So going back and forth that many times,
·3· ·particularly when somebody is suggesting that you should
·4· ·write a root cause that you don't have the facts to back up
·5· ·is very unusual.· And I believe I communicated that to him.
·6· ·Verbally.

Rose Dec., Exhibit 3 at 85:2-6.

**57. REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff has not cited to any evidence supporting the assertion in the first clause of her response.

**58.** On March 29, 2017, at 3:07 p.m., Ms. Pryor emailed a revised draft of the Report to Mr. Mendoza and Stephanie Anderson, asking for their comments by "early tomorrow so that I can run this by Steve and [Plaintiff] before [Plaintiff] goes on vacation next week. [] ***It is very likely this will end up being adjudicated by LaFemina and Schlender. Don't be surprised, sometimes things go this way.***" (Simpson Dec. at ¶ 9, Ex. H at 1) (emphasis added); (Pryor Dep. 67:16-68:17).

SDMF 58. And after several failed attempts with working with Mr. Conger and Ms. Pryor to get to a root cause statement that was reflective of the facts and objective evidence; the Plaintiff and the Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 7, Exhibit 13.Ms. Pryor added the following to her statement, which defendant cut off:

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 188
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

14    Marty isn't happy

15· ·with me, but I think he's focusing on me and not the rest

16· ·of the team.· Looking forward to your review and comments.

17· ·Thanks.

Rose Dec., Exhibit 3 at 68:14-17.

**58. REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff has not cited to any evidence supporting the assertion in the first clause of her response.

## 2.    March 30, 2017.

**59.** On the morning of March 30, 2017, Mr. Mendoza responded to Ms. Pryor's email with a revised draft of the Report, stating, "Had three comments only. Looks good." At this point, the draft Report had numerous unaccepted redline edits in addition to Mr. Mendoza's comments. (Simpson Dec. at ¶ 9, Ex. H); (Pryor Dep. 68:18-69:3; 69:19-70:6; 71:2-22).

SDMF 59. And after several failed attempts with working with Mr. Conger and Ms.  Pryor to get to a root cause statement that was reflective of the facts and objective evidence; the Plaintiff and the Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke.  Rose Dec., Exhibit 7, Exhibit 13.

**59. REPLY –** Plaintiff's assertions do not create a genuine dispute of fact

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 189
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff has not cited to any evidence supporting the assertion in the first clause of her response.

**60.** As of the morning of March 30, 2017, the draft Report's root cause statement was:

> **Root Cause**: BSD Management did not clearly define adequate controls regarding the identification, detection and response to potential fraudulent activities by external criminal entities in the Vendor Management Process; primarily relying on individual staff members to identify and respond to potential external threats.

(Simpson Dec. at ¶ 9, Ex. H at 14).

SDMF 60. And after several failed attempts with working with Mr. Conger and Ms. Pryor to get to a root cause statement that was reflective of the facts and objective evidence; the Plaintiff and the Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 7, Exhibit 13. In the March 2017 Cause Analysis Report, the AIM Team determined that the **root cause** was that "**Business Systems Directorate (BSD) management did not clearly define adequate controls** regarding the identification, detection and response to potential fraudulent activities by external criminal entities in the Vendor Management Process; primarily relying on individual staff members to identify and respond to potential external threats." (June 12 email to Ashby), Rose Dec., Exhibit 2 at 62:4-23.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 190
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

After reviewing the draft report, Battelle/PNNL Associate Laboratory Director for Business Systems and Chief Financial Officer Marty Conger became concerned over the language of the root cause results, and exerted pressure to change it. He specifically told plaintiff that the way the root cause was written would not put the Lab in a good light, made them look like they were asleep at the wheel, and that he wanted to propose changes to the report. (Busselman Dec. at ¶44); (Rose Dec., Exhibit 2 at 62:5-23) Ms. Busselman attended several meetings and exchanged numerous emails with Battelle/PNNL management seeking to protect her staff from being pressured to change the language of the root cause finding. (Busselman Dec. at ¶45)

On March 31, 2017, Ms. Busselman emailed Director LaFemina, opposing management's efforts to pressure her staff into changing the root cause language, citing the HDI requirements, cause analysis qualification process, and the obvious conflict of interest. Plaintiff stated, "We do not just let concerned stakeholders manipulate root causes at the end of the process to make us sound better. … That … was the … Mohler-way. Not doing it and I am not going to have this cause analysis team think that we have returned to the 'old' way of doing business. Otherwise, why bother. … I am not going to make this team sign a product they can't stand behind." Mr. LaFemina replied, "I understand your concerns and agree that we are not going backwards."

Rose Dec., Exhibit 7.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 191
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

**60**. **REPLY – OBJECTION –** *See* **RTS 1, 39 through 43, 45, and 46** at 3:12-7:2, 40:3-43:17, 45:4-46:20 (Fed. R. Evid. 602, 801, 802, 901, 1002).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, Plaintiff has not cited to any evidence supporting the assertion in the first clause of her response, and Plaintiff's argumentative assertions are not evidence.  Plaintiff also cites to a "(June 12 email to Ashby)" but has not provided a record citation.

**61.** The draft's associated DOE cause code was "A4B1C01 – management problem – management methods LTA – management policy guidance/expectations not well-defined, understood or enforced." In cause analysis parlance, "LTA" means less than adequate. (Simpson Dec. at ¶ 9, Ex. H at 14); (McCall Dec. at ¶ 13).

Plaintiff does not dispute this statement.

**61. REPLY – This fact is undisputed.**

**62.** That same morning, Ms. Pryor emailed two versions of the then-current draft to Mr. Cooke: the redlined version and a "clean one because it would be easier to read." (Pryor Dep. 71:23-72:5).

Plaintiff does not dispute this statement.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 192
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**62. REPLY – This fact is undisputed.**

**63.** On March 30, 2017, at 10:01 a.m., Mr. Cooke emailed Plaintiff and Ms.

Pryor:

> ***I am trying to work with Marty to tweak ONLY the [root cause]
> statement with some wordsmithing.  When I get to some
> agreement, I will bring it back to your team and [Plaintiff].*** I
> prefer to wordsmith a little, stay true to the process, and keep
> from having a major management eruption. Let's see if I can
> pull it off.

(Simpson Dec. at ¶ 10, Ex. I at BMI_CONGER000304) (emphasis added);

(Pryor Dep. 71:9-73:14).

SDMF 63.

Prior to Mr. Cooke working with Mr. Conger to change the language of the

root cause statement, Mr. Cooke had twice reviewed and edited earlier drafts of

the March root cause statement, and had not changed the language of the root

cause statement.  (Busselman Dec. ¶ 46) (Rose Dec., Ex.7, 74, 75).

Mr. Cooke also discusses that if the root cause isn't worded correctly that "it

could lead to a $500K unallowable, when we are in fact the victim of an

outsider crime".  And after several failed attempts with working with Mr.

Conger and Ms.  Pryor to get to a root cause statement that was reflective of the

facts and objective evidence; the Plaintiff and the Dr. LaFemina directed a

cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr.

LaFemina was very clear that Mr. Cooke should not have been negotiating any

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 193
  Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly

states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48)

DOE PNSO agreed with Mr. Cooke and made Battelle/PNNL pay the $430,167

back (unallowable) Rose Dec., Exhibit 17.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy

with the process of going back and forth, and that this was out of the ordinary

in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is suggesting that you should
·4· ·write a root cause that you don't have the facts to back up
·5· ·is very unusual.· And I believe I communicated that to him.
·6· ·Verbally.

Rose Dec., Exhibit 3 at 85:2-6.

**63.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3

(Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham

affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Moreover, Plaintiff has not cited to any evidence

supporting the assertion in the first clause of her response, and Plaintiff's

argumentative assertions are not evidence.  Nor has Plaintiff cited any evidence

supporting her assertion that Mr. Cooke also discusses that if the root cause

isn't worded correctly that it could lead to a $500K unallowable, when we are

in fact the victim of an outsider crime."  Plaintiff also cited to Rose Exhibits

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 194
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

17, 74, and 75, but they have not been authenticated and Plaintiff cites them for the truth of the matters asserted.  Fed. R. Evid. 801, 802, 901.

**64.** Neither Plaintiff nor Ms. Pryor responded with any objection to Mr. Cooke's plan. To the contrary, Ms. Pryor responded at 10:03 a.m. "***Okay. I will stand by to see what you come up with and if we can stand behind it or not.***" (Simpson Dec. at ¶ 10, Ex. I at BMI_CONGER000304) (emphasis added); (Pryor Dep. 73:15-73:17).

SDMF 64. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Rose Dec., Exhibit 3 at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her. Rose Dec., Exhibit 3 at 86:24-87:16.  She understood that Dr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Rose Dec., Exhibit 3 at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Rose Dec., Exhibit 3 at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 195

Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

could look herself in the mirror after the change) Rose Dec., Exhibit 3 at 102:21-103:2.

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.  Rose Dec., Exhibit 3at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· <u>·write a root cause that you don't have the facts to back up</u>
> ·5· <u>·is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Rose Dec., Exhibit 3 at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John LaFemina,
> ·5· ·where was Aleta?
> ·6· · · · A.· · She had already been removed from her job.

Rose Dec., Exhibit 3 at 106:3-6.

And after several failed attempts with working with Mr. Conger and Ms.  Pryor

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 196
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

to get to a root cause statement that was reflective of the facts and objective evidence; the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke.  Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.   (Busselman Dec. at ¶47-48).

DOE PNSO directed Battelle/PNNL pay the $430,167 back (unallowable). Rose Dec., Exhibit 17.

**64.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Nevertheless, Plaintiff significantly misinterprets Ms. Pryor's deposition testimony.  *Davis*, 2008 WL 202708, at *1 ("[P]laintiff has consistently relied upon inadmissible hearsay, misinterpretations of written materials and deposition testimony, or just shear speculation").  Battelle will provide examples.  ***First***, Plaintiff cites to events (and purported events) from various points in time that are unrelated to Battelle's factual assertion.  *See generally* 136-6.  ***Second***, Ms. Pryor never testified she was "upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job."  *See*

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 197

Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*generally id.*  Nor has Plaintiff provided any other supporting evidence.  ***Third,*** Ms. Pryor never testified that "[s]he understood that Dr. LaFemina was coming to the rescue to ensure integrity in the process." *See generally id.*  ***Fourth***, Ms. Pryor never testified that "[s]he felt physically ill and manipulated at being pressured to change the root cause analysis." *See generally id.*  ***Fifth***, Ms. Pryor never testified that she was "thankful that Ms. Busselman was working to protect her." *See generally id.*  ***Sixth***, Ms. Pryor never testified that she changed the root cause because "Ms. Busselman [was not] there to protect her." *See generally id.*  ***Seventh***, Ms. Pryor never testified that she "was afraid that if she did not sign off on the changed language, she would be removed from her job." *See generally id.*

65.  At 11:18 a.m., Mr. Cooke emailed Plaintiff and Ms. Pryor a "Proposed New Root Cause":

> A previously unknown fraudulent scheme perpetuated by an external criminal entity was able to circumvent existing organizational controls in the Vendor Management Process, which primarily relied on individual staff members to detect and respond to such external threats, and which were ultimately inadequate to serve as a reliable control function. BSD Management and the DOE financial community have focused their primary enterprise risk/control strategies toward insider threats, and consistent with national industry practices for Accounts Payable functions, have been slow to respond to emerging threats by outsiders which suggests expanding controls to address such external threats.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 198
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

(Simpson Dec. at ¶ 11, Ex. J at BMI_CONGER000295)

SDMF 65. This statement appeared to blame DOE for PNNL's fraudulent payment to a subcontractor when FMFIA documentation clearly states that any risk to PNNL associated with Accounts Payable functions should have had appropriate controls in place in the Vendor Management Process for both internal and external threats. Rose Dec., Exhibit 6. Rose Dec., Exhibit 57 shows that this is something PNNL should have stopped because the lab was actively educating and training PNNL staff on these very tactics through the Unclassified Cyber Security training that is required on an annual basis. Mr. Cooke was not authorized to negotiate for the Integrated Issues Management Program and after several failed attempts in trying to change the root cause statement with Ms. Pryor's team to get to a root cause statement that was reflective of the facts and objective evidence; the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report. John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7. (Busselman Dec. at ¶47-48).

DOE PNSO directed Battelle/PNNL pay the $430,167 back (unallowable). Rose Dec., Exhibit 17.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 199
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**65.  REPLY – OBJECTION –** *See* **RTS 1, 48, 49, 50, and 51** at 3:12-7:2,47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, Plaintiff cites Rose Exhibits 5, 17, 57 for the truth of the matters asserted, but these documents have not been authenticated and Plaintiff has not established a hearsay exception.  Fed. R. Evid. 801, 802, 901.  Plaintiff also provides only two pincites to specify which portions of these 86 pages of documents she contends create a genuine issue of fact.  *Orr*, 285 F.3d at 774–75 (failure to cite record warrants exclusion at summary judgment).  Further, Plaintiff's argumentative assertions are not evidence, as many of her contentions are not based on any cited evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**66.**  At 11:21 a.m., Ms. Pryor responded to Mr. Cooke, copying Plaintiff, stating "Wow. That's a lot of words . . . Are you showing this to us before Marty has agreed to it?" At 11:23 a.m., Ms. Pryor asked to speak with Mr. Cooke in person.  (Simpson Dec. at ¶ 11, Ex. J at BMI_CONGER000294-95); (Pryor Dep.73:25-75:3).

SDMF 66. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 200
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her. Pryor Dep. at 86:24-87:16. She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated. Pryor Dep. at 87:22-88:25. Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes. Pryor Dep. at 93:8-23. Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened. Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is suggesting that you should
·4· ·write a root cause that you don't have the facts to back up
·5· ·is very unusual.· And I believe I communicated that to him.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 201
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause

statement happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John
LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**66.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Battelle

will not needlessly increase the volume of this document by repeating those

arguments each time Plaintiff repeats these unfounded assertions.

**67.**  During Ms. Pryor's subsequent conversation with Mr. Cooke, she

communicated she was upset "about the fact that I'm not even sure Marty

had read the whole report [and] that Marty only cared about the root

cause."  According to Ms. Pryor, Mr. Cooke told her "he kind of wanted to

calm everybody down, he didn't want [Mr. Conger] to have a stroke or

whatever.  ***And I told him that I would go off and see what I could do***.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 202
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

But I wasn't real happy with the fact . . . that he was negotiating with Marty kind of behind my back and the team's back." (Pryor Dep. 75:7-22) (emphasis added).

SDMF 67. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 203
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is <u>suggesting that you should</u>
·4· ·<u>write a root cause that you don't have the facts to back up</u>
·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

Due to this type of disagreement with Mr. Cooke and Mr. Conger's approach to not following the process, the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke.  Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 204
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**67.  REPLY — OBJECTION – *See* RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Battelle will not needlessly increase the volume of this document by repeating those arguments each time Plaintiff repeats these unfounded assertions.

**68.**  At 12:27 p.m., Ms. Pryor emailed Mr. Cooke, asking him to send her team any research substantiating the language in his proposed root cause statement "that [PNNL is] 'consistent with national industry practices for accounts payable functions.'" (Simpson Dec. at ¶ 12, Ex. K at BMI_CONGER000495); (Pryor Dep. 75:23-76:20).

SDMF 68. And she states, "we didn't do that same research and it would help to have at least some facts to back up the statement we are" consistent with national industry practices for accounts payable functions".  This is why PNNL doesn't allow anyone to change the root cause that isn't on the team that does the investigation.

Due to this type of disagreement with Mr. Cooke and Mr. Conger's approach to not following the process, the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke.  Rose Dec., Exhibit 13. Dr. LaFemina

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 205
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48).

**68.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**69.**  t 1:02 p.m., Mr. Cooke responded "Sorry, I just blasted around Google and didn't save anything." Ms. Pryor responded that she was "***willing to consider***" Mr. Cooke's proposed root cause statement "but we didn't do any research on these 2 points." (Simpson Dec. at ¶ 12, Ex. K at BMI_CONGER000495) (emphasis added); (Pryor Dep. 75:24-77:23).

SDMF 69. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 206
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 207
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·3· · · · Q.· ·The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· ·She had already been removed from her job.

Pryor Dep. at 106:3-6.

The Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke.  Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7. (Busselman Dec. at ¶47-48)(Busselman Dec. at ¶¶ 47-48).

**69.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.

**70.**  At 1:34 p.m., Ms. Pryor followed up, copying Plaintiff and telling Mr. Cooke that her team did not possess facts to support certain language in Mr. Cooke's proposed root cause statement. However, Ms. Pryor invited Mr. Cooke, Mr. Conger, or Iris Anderson to send her supporting facts. (Simpson Dec. at ¶ 12, Ex. K at BMI_CONGER000494); (Pryor Dep.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 208
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

78:2-17).

SDMF 70. Due to this type of disagreement with Mr. Cooke and Mr. Conger's approach to not following the process, the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report. John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48) Rose Dec., Exhibits 7 and 13.

Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She Ms. Pryor Ms. Pryor understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, and that he would meet with her, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 209
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed <u>longer</u> had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is <u>suggesting that you should</u>
·4· ·<u>write a root cause that you don't have the facts to back up</u>
·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 210
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**70. REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.

71. At 1:47 p.m., Ms. Pryor emailed Plaintiff, saying that "[m]y team is having some misgivings about the second sentence of the proposed root cause (which Steve negotiated with Marty[)]" but that "*[w]e are okay with the first sentence, even though it is pretty flowery – it contains our basic cause elements.*" (Simpson Dec. at ¶ 12, Ex. K at BMI_CONGER000494) (emphasis added); (Pryor Dep. 78:18-79:4).

SDMF 71. Due to this type of disagreement with Mr. Cooke and Mr. Conger's approach to not following the process, the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report. John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48). Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job. Ms. Pryor was upset that Steve Cooke was negotiating with Conger

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 211
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

behind her back on changing the language of the March draft of the root cause. Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated. Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23. Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is suggesting that you should
·4· ·write a root cause that you don't have the facts to back up
·5· ·is very unusual.· And I believe I communicated that to him.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 212
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·6·  ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause

statement happened after his removal of Ms. Busselman from her position:

·3·  · · · Q.·  · The first is, during all the time that this is
·4·  ·happening where you're dealing directly were John
LaFemina,
·5·  ·where was Aleta?
·6·  · · · A.·  · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**71.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3

(Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham

affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further,

Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL

1274543, at *2.

**72.**  At 1:48 p.m., Mr. Cooke responded to Ms. Pryor, copying Plaintiff,

stating, "I will ask Marty if he can get some backup. Otherwise the [root

cause] will be a single pithy sentence and it seems a bit light – begging for

another WHY?" Ms. Pryor responded to only Mr. Cooke "Or we could just

go back to the root cause that we wrote and that Marty hates. Just

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 213
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

sayin'…" (Simpson Dec. at ¶ 13, Ex. L at BMI_CONGER000299); (Pryor Dep. 79:6- 80:11); (McCall Dec. at ¶ 11).

SDMF 72. Due to this type of disagreement with Mr. Cooke and Mr. Conger's approach to not following the process, the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report. John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48). Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job. Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Pryor Dep. At 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her. Pryor Dep. At 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated. Pryor Dep. At 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. At 93:8-23. Without Ms. Busselman there to protect her, she changed the root cause

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 214
  Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

(saying she could look herself in the mirror after the change) (Pryor Dep. At 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened. Pryor Dep. At 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Pryor Dep. At 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John
> ·LaFemina,
> ·5· ·where was Aleta?
> ·6· · · · A.· · She had already been removed from her job.

Pryor Dep. At 106:3-6.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 215
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**72. REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative facts assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**73.** At 2:23 p.m., Mr. Cooke forwarded to Plaintiff and Ms. Pryor information Mr. Conger had sent to support the proposed root cause statement. (Simpson Dec. at ¶ 14, Ex. M at BMI_CONGER000283); (Pryor Dep. 82:15-83:3).

SDMF 73. Cause analysis is not a management tool.  Marty Conger admitted this in his deposition that PNNL Lawyer Steve Cooke indirectly told him to step back because he had a conflict of interest:

> 12 Q. Let me ask you this. Since he's an attorney, did
> 13 Mr. Cooke suggest to you that you needed to step away
> 14 because you had a conflict of interest?
> 15 A. So *I don't have control of what's -- of what gets*
> 16 *written in that final report. Others do. And I recognize*
> 17 *that.* And so I was having a discussion with him about
> 18 whether her concern was valid or not.

Rose Dec, Exhibit 2 (Conger Dep. at 25:12-18; line 19 is hearsay FRE 802).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 216
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Realizing that he could not control what was in the final report, he used his attorney, Steve Cooke, to advocate on his behalf, because through his actions, Mr. Cooke indirectly communicated to Mr. Conger that he needed to step away owing to a conflict of interest; however, Cooke agreed to take a shot at incorporating Conger's feedback to modify the root cause statement.  Rose Dec, Exhibit 2 at 25:20-26:10.

**73.  REPLY– OBJECTION –** Mr. Conger's opinions regarding what Mr. Cooke thought—as conveyed by his actions—are hearsay and not based upon personal knowledge, Fed. R. Evid. 602, 801, 802.  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.  Plaintiff misinterprets Mr. Conger's deposition because Mr. Conger did not provide any testimony that could reasonably be construed as an "admission" that PNNL's cause analysis program "is not a management tool" or that Mr. Cooke was "his attorney."  Sup. Simpson Dec. at ¶ 4, Ex. 16 (Conger Dep. at 23:14-26:18).

**74.**  At 2:25 p.m., Plaintiff emailed Ms. Pryor, "***We need to stand down and wait until John [LaFemina] has had his say in this matter at our [April 10] meeting.*** [] This has been through Steve [Cooke] twice – he thought it was okay both times, now all of a sudden (without extra facts to support it)

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 217
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

2

3

4

we are changing this. Not buying it." Plaintiff later added, "I would get all the facts in there though and just leave it as is until we talk next week." (Simpson Dec. at ¶ 15, Ex. N at BMI_CONGER000491) (emphasis added).

5

Plaintiff agrees with this statement.

6

**74. REPLY – This fact is undisputed.**

7

8

9

10

**75.** At 2:39 p.m., Mr. Cooke sent another email to Ms. Pryor with additional supporting information, and Ms. Pryor responded at 2:49 p.m. that she did not believe the information was helpful because "I believe we are looking more broadly . . . ." (Simpson Dec. at ¶ 16, Ex. O at BMI_CONGER0000302-303); (Pryor Dep. 83:21-84:3).

11

12

13

14

15

16

17

18

19

SDMF 75. Due to this type of disagreement with Mr. Cooke and Mr. Conger's approach to not following the process, the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report. John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48). Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job. Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.

20

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 218

Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated. Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23. Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

    ·2· · · · A.· · So going back and forth that many times,
    ·3· ·particularly when somebody is <u>suggesting that you should</u>
    ·4· ·<u>write a root cause that you don't have the facts to back up</u>
    ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
    ·6· ·Verbally.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 219
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause

statement happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John
> LaFemina,
> ·5· ·where was Aleta?
> ·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**75.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3

(Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham

affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further,

Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL

1274543, at *2.

**76.**  At 3:05 p.m., Mr. Cooke emailed Ms. Pryor "an alternate version" of the

draft root cause statement:

> BSD Management has focused its primary enterprise risk/control
> strategies toward insider threats consistent with other national
> laboratory practices for Accounts Payable functions, and the
> national laboratory community has been slow to respond to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 220
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

emerging threats by malicious outsiders.

(Simpson Dec. at ¶ 16, Ex. O at BMI_CONGER0000303); (Pryor Dep. 84:4-8).

SDMF 76. The Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke.  Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.  (Busselman Dec. at ¶47-48)

**76.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**77.**  Ms. Pryor responded "***Getting closer . . . thanks!***" (Simpson Dec. at ¶ 16, Ex. O at BMI_CONGER0000302) (emphasis added).

Plaintiff does not dispute this statement.

**77.  REPLY – This fact is undisputed.**

**78.**  At 4:49 p.m., Mr. Conger replied to Mr. Cooke and Ms. Pryor regarding Mr. Cooke's proposed revised root cause statement:

> I would suggest just ending it at the comma. The rest of the sentence just makes us sound like the labs are in the slow kids

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 221
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

class.  Reality is these threats are now just emerging and we
along with the rest of the labs (and industry) are adding
preventative controls as we understand the scheme being
perpetrated.

(Simpson Dec. at ¶ 17, Ex. P at AB001367-68); (Pryor Dep. 85:7-86:5).

SDMF 78.

Cause analysis is not a management tool.  Marty Conger admitted this in his

deposition that PNNL Lawyer Steve Cooke indirectly told him to step back

because he had a conflict of interest:

> 12 Q. Let me ask you this. Since he's an attorney, did
> 13 Mr. Cooke suggest to you that you needed to step away
> 14 because you had a conflict of interest?
> 15 A. So *I don't have control of what's -- of what gets*
> 16 *written in that final report. Others do. And I recognize*
> 17 *that.* And so I was having a discussion with him about
> 18 whether her concern was valid or not.

Rose Dec, Exhibit 2 (Conger Dep. at 25:12-18; line 19 is hearsay FRE 802).

Realizing that he could not control what was in the final report, he used his

attorney, Steve Cooke, to advocate on his behalf, because through his actions,

Mr. Cooke indirectly communicated to Mr. Conger that he needed to step away

owing to a conflict of interest; however, Cooke agreed to take a shot at

incorporating Conger's feedback to modify the root cause statement.  Rose Dec,

Exhibit 2 at 25:20-26:10.

**78.  REPLY– OBJECTION –** Mr. Conger's opinions regarding what Mr.

Cooke thought—as conveyed by his actions—are hearsay and not based upon

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 222
 Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

personal knowledge, Fed. R. Evid. 602, 801, 802.  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.  As previously stated, Plaintiff misinterprets Mr. Conger's deposition."  Sup. Simpson Dec. at ¶ 4, Ex. 16 (Conger Dep. at 23:14-26:18).

**79.**   At 5:06 p.m., Mr. Cooke replied to Mr. Conger and Ms. Pryor "Good suggestion. I will let Kathy [Pryor] and the team soak that up." (Simpson Dec. at ¶ 17, Ex. P at AB001367); (Pryor Dep. 86:6-23).

SDMF 79. Due to this type of disagreement with Mr. Cooke and Mr. Conger's approach to not following the process, the Plaintiff and Dr. LaFemina directed a cease and desist until further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.  (Busselman Dec. at ¶47-48) Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 223
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change) (Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 224
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**79.  REPLY – OBJECTION – *See* RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

3.      March 31, 2017.

**80.**   On March 31, 2017, at 11:01 a.m., Ms. Pryor forwarded Mr. Conger's 4:49 p.m. email to Plaintiff, stating "I feel manipulated. ***It's not so much what Marty wants it to say; it's the way he's going about it.*** I'm just going to let this thing cool off for a week until you get back." (Simpson Dec. at ¶ 17, Ex. P at AB001366-66) (emphasis added); (Pryor Dep. 86:24-87:9).

SDMF 80. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 225
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is suggesting that you should
> ·4· ·write a root cause that you don't have the facts to back up
> ·5· ·is very unusual.· And I believe I communicated that to him.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 226
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    ·6· ·Verbally.

2    Pryor Dep. at 85:2-6.

3    LaFemina's involvement in negotiating the language of the root cause statement

4    happened after his removal of Ms. Busselman from her position:

5    ·3· · · · Q.· · The first is, during all the time that this is
     ·4· ·happening where you're dealing directly were John LaFemina,
     ·5· ·where was Aleta?

6    ·6· · · · A.· · She had already been removed from her job.

7    Pryor Dep. at 106:3-6.

8    This is why the Plaintiff and Dr. LaFemina directed a cease and desist until

9    further notice to Mr. Cooke. Rose Dec., Exhibit 13. Dr. LaFemina was very

10   clear that Mr. Cooke should not have been negotiating any kind of changes for

11   the Fraud Cause Report.  John LaFemina e-mail clearly states this. Rose Dec.,

12   Exhibit 7.  (Busselman Dec. at ¶47-48).

13   **80.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed.

     R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit

14   rule).  Plaintiff's assertions do not create a genuine dispute of fact because they

15   do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL

16   4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition

17   testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's

18   argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at

19   *2.

20   DEFENDANT'S REPLY STATEMENT
     OF MATERIAL FACTS NOT IN
     DISPUTE - 227
     Case No. 4:18-cv-05109-SMJ
     4843-0422-0582v.5 0021368-000014

**81.**  At 12:54 p.m., Plaintiff emailed Dr. LaFemina. She now describes this email as her supposed "disclosure" under the NDAA:

> Per our HDI requirements and cause analyst qualification process, this is not how we do cause analysis at our Lab. We do not just let concerned stakeholders manipulate root causes at the end of the process to make us sound better. Steve Cooke looked at this report twice before it came to Marty/Iris. Marty has yet to bring the team together to discuss how they got to the end results.
>
> That (changing root causes and results at the 11th hour) was the Mohler-way. Not doing it and I am not going to have this cause analysis team think we have returned to the "old" way of doing business. Otherwise, why bother.
>
> [] **My recommendation**: Marty should take the facts and data collected to date and conduct an independent cause analysis with someone that he feels is qualified to conduct his root cause analysis. He has stated several times that he doesn't feel that any of her staff are qualified (including Steve Cooke – which is kind of ironic).
>
> Or try to get a variance from his Manager against our Issues Management HDI process – like we did with compensation.
>
> Are there any other remedies that could help with this situation from your perspective?

(Simpson Dec. at ¶ 18, Ex. Q at BMI_000839-840); (Busselman Dep. 171:23-172:4; 193:12-15); (McCall Dec. at ¶ 15).

No objection.

**81.  REPLY – This fact is undisputed.**

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 228
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

**82.**  Plaintiff testified "our HDI requirements" referred to revised IM-09.

(Busselman Dep. 188:17-189-9; 190:6-10).

SDMF 82

IM-09 is the "internal procedure" that outline the "required steps" under the relevant HDI. See Rose Dec., Exhibit 1 at AB003739. IM-09 does not stand alone.  It is a means to directly express to management established policies, procedures, regulations and contract terms that guide cause analysis as follows, which prohibit management manipulation of cause analysis.  (Busselman Dec. at ¶18); see SDMF 39.

**82.  REPLY – OBJECTION –** *See* **RTS 1, 16, and 17** at 3:12-7:2, 20:1-22:3 (Fed. R. Evid. 602, 801, 802, 901, 1002 sham affidavit rule).  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).  Moreover, Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Rose Exhibit 1, ECF No. 136-1, is unauthenticated hearsay.  Fed. R. Evid. 801, 802, 901.

**83.**  Plaintiff described this March 31, 2017 email to Dr. LaFemina as a "very getting-ready-for-vacation, got-to-protect-the team message." (Busselman Dep. 172:9-16).

SDMF 83. This is why the Plaintiff and Dr. LaFemina directed a cease and

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 229
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

desist until further notice to Mr. Cooke until I returned from her vacation to bring the team together and document the dispute, as needed. Rose Dec., Exhibit 13. Dr. LaFemina was very clear that Mr. Cooke should not have been negotiating any kind of changes for the Fraud Cause Report. John LaFemina e-mail clearly states this. Rose Dec., Exhibit 7.    (Busselman Dec. at ¶47-48)

**83.  REPLY – OBJECTION –** *See* **RTS 48, 49, 50, and 51** at 47:14-49:3 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002, argumentative assertions, sham affidavit rule).  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement."  *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).  Moreover, Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**84.**    Plaintiff admits she did not communicate to Dr. LaFemina that she believed there had been a gross mismanagement of a federal contract: "I did not specifically say those words, but I did say that we were definitely not in good space as far as ethics." (Busselman Dep. 190:11-21).

SDMF 84.  The facts Ms. Busselman raised in her complaints to management between March and June 2017 support a finding of a gross mismanagement of a

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 230
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

federal contract even if she didn't use those words.  (<u>Busselman Dec. at ¶44</u>).

**84.  REPLY – OBJECTION –** *See* **RTS 44** at 43:18-45:3 (Fed. R. Evid. 701, argumentative assertions).  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. at 806).  "To defeat summary judgment, she 'must respond with more than mere hearsay and legal conclusions.'" *Orr*, 285 F.3d at 783.  Moreover, Plaintiff has not provided any evidence that she held a subjective belief that "there had been a gross mismanagement of a federal contract."

**85.**   Plaintiff admits she did not communicate to Dr. LaFemina that she believed there had been a gross waste of federal funds: "I don't specifically call that out." (Busselman Dep. 194:12-18). Plaintiff also admits that, when she emailed Dr. LaFemina on March 31, 2017, "I didn't know exactly that that's what we were talking about . . . ." (Busselman Dep. 194:12-18).

SDMF 85.

   The facts Ms. Busselman raised in her complaints to management between March and June 2017 support a finding of a gross waste of federal funds even if she didn't use those words.  (Busselman Dec. at ¶44).

**85.  REPLY – OBJECTION –** *See* **RTS 44** at 43:18-45:3 (Fed. R. Evid. 701,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 231
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

argumentative assertions).  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. at 806).  "To defeat summary judgment, she 'must respond with more than mere hearsay and legal conclusions.'" *Orr*, 285 F.3d at 783.  Moreover, Plaintiff has not provided any evidence that she held a subjective belief that there had been a gross waste of federal funds.

**86.**  Plaintiff admits that she did not communicate to Dr. LaFemina that she believed there was a danger to public health or safety: "Not public health or safety, no." (Busselman Dep. 194:19-23).

No objection.

**86.  REPLY – This fact is undisputed.**

**87.**  Plaintiff admits she did not communicate to Dr. LaFemina that she believed there had been an alleged violation of law, rule, or regulation related to a federal contract: "I didn't specifically call it out." (Busselman Dep. 196:5-13).

SDMF 87.

The facts Ms. Busselman raised in her complaints to management between March and June 2017 support a finding a violation of law, rule, or regulation related to a federal contract even if I didn't use those words. (Busselman Dec. at

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 232
  Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

¶44).

**87.  REPLY – OBJECTION –** *See* **RTS 44** at 43:18-45:3 (Fed. R. Evid. 701, argumentative assertions).  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. at 806).  "To defeat summary judgment, she 'must respond with more than mere hearsay and legal conclusions.'" *Orr*, 285 F.3d at 783.  Moreover, Plaintiff has not provided any evidence that she held a subjective belief that there had been a violation of law, rule, or regulation related to a federal contract.

**88.**    Plaintiff admits she did not communicate to Dr. LaFemina that she believed there had been an abuse of authority relating to a federal contract: "Not specifically." (Busselman Dep. 196:15-24).

SDMF 88.

The facts Ms. Busselman raised in her complaints to management between March and June 2017 support a finding of an abuse of authority relating to a federal contract even if she didn't use those words.  (Busselman Dec. at ¶¶44, 19).

**88. REPLY – OBJECTION –** *See* **RTS 44** at 43:18-45:3 (Fed. R. Evid. 701, argumentative assertions).  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. at 806).  "To defeat summary

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 233
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

judgment, she 'must respond with more than mere hearsay and legal

2

conclusions.'" *Orr*, 285 F.3d at 783.  Moreover, Plaintiff has not provided any

3

evidence that she held a subjective belief that there had been a violation of law,

4

rule, or regulation related to a federal contract.

5

**89.**    At 12:59 p.m., Plaintiff emailed Mr. Cooke, "Cease and desist please. No

6

more communication with Kathy [Pryor] and the team until I return. I will

7

work this through her dispute authority process and determine the next

8

steps at that time." (Simpson Dec. at ¶ 19, Ex. R at

9

BMI_CONGER000288); (Busselman Dep. 169:20-170:1).

SDMF 89.

10

11

Kathy Pryor was upset and sickened by the bullying she experienced

12

while Ms. Busselman was on vacation and then after Mr. Busselman was

removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating

13

with Conger behind her back on changing the language of the March draft of the

14

root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at

15

being pressured to change the root cause analysis, and then thankful that Ms.

16

Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She

17

understood that Mr. LaFemina was coming to the rescue to ensure integrity in

the process, but she was disappointed when he did not meet with her as stated.

18

Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that

19

20

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 234
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2). Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.  Rose Dec, Exhibit 3 at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Id., at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John LaFemina,
> ·5· ·where was Aleta?
> ·6· · · · A.· · She had already been removed from her job.

Id., at 106:3-6.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 235
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**89. REPLY** – Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64. Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**90.** At 1:16 p.m., Dr. LaFemina responded to Plaintiff's prior email:

> I understand your concerns and agree that we are not going backwards. I just spoke with Marty and let him know that I am reviewing the report and that after spring break I will bring us together to discuss our path forward. I also asked him to stop negotiating with Steve [Cooke]. Steve does not negotiate for us. Steve is in a meeting but I am talking to him after his meeting and I will tell him the same.

(Simpson Dec. at ¶ 18, Ex. Q at BMI_000839).

Plaintiff does not dispute this statement.

**90. REPLY – This fact is undisputed.**

**91.** Plaintiff replied, "Thank you." (Simpson Dec. at ¶ 18, Ex. Q at BMI_000839).

Plaintiff does not dispute this statement.

**91. REPLY – This fact is undisputed.**

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 236
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**92.**  At 1:58 p.m., Plaintiff emailed Ms. Pryor:

> John [LaFemina] is on it.  He has told Steve [Cooke] to cease and desist.  Marty [Conger] has been told to stop trying to write the root cause.  We will meet on Monday the 10th (as scheduled). [***John LaFemina] is reading the report with a fine tooth comb.*** ☺ [] He supports the process and wants it to have integrity (the way it was designed).

(Simpson Dec. at ¶ 17, Ex. P at AB001365) (emphasis added); (Pryor Dep. 87:21-88:5).

---

SDMF 92.  The message said Marty has been told to stop trying to "rewrite" the root cause.  Missing part of that e-mail that says - John may come down and ask a couple of questions that he had - just for clarification—which he never did.  (Busselman Dec. at ¶50).

---

**92.  REPLY – OBJECTION – *See* RTS 52 and 53** at 50:4-51:18 (Fed. R. Evid. 602, 801, 802, 805, 901).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

---

**93.**  Plaintiff subsequently left for vacation. (Busselman Dep. 175:16-18).

Plaintiff admits that "[Dr. LaFemina] and I had a very good relationship up until I left on vacation.  [W]e had a very good working relationship."  (Busselman Dep. 25:17-26:7).

---

Plaintiff does not dispute this statement.

---

**93.  REPLY – This fact is undisputed.**

---

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 237
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

### D.    Timeline Two: Plaintiff's Difficulties in the AIM Team Manager Role

**94.** Plaintiff had been the AIM Team Manager for only approximately seven months when she emailed Dr. LaFemina on May 2, 2016, to inform him she had applied for another position at PNNL, consistent with a previous discussion she had with Dr. LaFemina about another job she might want: "I have been going back and forth and honestly I am an upfront planning kind of person and the back end (issue/event space) is hard on me. I'm struggling…. a lot." (Simpson Dec. at ¶ 20, Ex. S at 2); (LaFemina Dep. 55:12-56:7); (Busselman Dep. 20:3-12; 26:25-27:21).

SDMF 94. Ms. Busselman was given Division Director Job on 3/1/16. She was required by HDI requirements to tell her manager that she applied for another job.   Cindy Doyle had also applied for another job.  Jeff Deal was in charge of the Project Management organization and he was in the interview. Plaintiff did not know that Jeff Deal would be in the interview.  He sexually harassed Sarah Timmons, Ms. Busselman turned him in and then he created a hostile work environment for both Ms. Timmons and Ms. Busselman.    Also on 8/16/16 Dr. LaFemina was very supportive to provide Plaintiff the opportunity to be the Issues team owner.  (Busselman Dec. at ¶83).

**94.  REPLY – OBJECTION –** *See* **RTS 121 through 131** at 95:5-100:6 (Fed. R. Evid. 602, 701, 801, 802, 901, 1002, argumentative assertions).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 238
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**95.** Dr. LaFemina responded, "We should have a longer conversation about where you want to advance your career, and what I can do to help you do that." (Simpson Dec. at ¶ 20, Ex. S at 1).

SDMF 95. Previous discussion was taken out of context. Ms. Busselman told John LaFemina during a career planning discussion that there were two other areas that she might consider - the Project management office Director or Jeff Deals job (Project Life-cycle execution" manager. Both were directly tied to Jeff Deal and she would never get to do either while he is around. Mr. LaFemina even followed up with an e-mail on her e-mail about Jeff Deal on 1/8/16 on that Jeff Deal could have been managing the Project management area better. And then Mr. LaFemina promoted Plaintiff to division director on 3/1/16. So he knew Jeff was not performing. Clearly her disclosure of sexual harassment and hostile work environment was acceptable behavior by Mr. LaFemina - since he never did anything...After she had the interview - Ms. Busselman told John LaFemina the reason she would never take that job is because of Jeff Deal and the way he treated Sarah and her. And then they put together a path forward plan for her AIM role on 7/1/16. See Email PMOD Job. (Busselman Dec. at ¶83, 85).

**95. REPLY – OBJECTION – *See* RTS 121-131, 135-137** at 101:6-103:18 (Fed. R. Evid. 404, 406, 602, 608, 701, 801, 802, 901, 1002, argumentative

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 239
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

assertions, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**96.**  Plaintiff replied:

> The critical thinking behind this decision was due to me realizing that her current role, the [AIM] Manager, is more of an 'after the fact' type role and is truly more of a reactionary role versus a pro-active, well-thought out planning type role on how to conduct work successfully at the Lab.  For a project controls person – unexpected events are a bit unnerving – and this is all we have – unexpected events. [] I have felt like this for about a year now.
>
> Having participated on several cause analysis teams and after conducting numerous corrective action planning sessions this last 18 months, I am seeing now that her skills are probably most useful in planning, training, and helping project managers bring work in to the Lab (and keeping it at the lab) while delivering quality deliverables in a safe manner

(Simpson Dec. at ¶ 20, Ex. S at 1); (Busselman Dep. 20:14-25; 28:8-30:2).

SDMF 96.

Ms. Busselman did say that in an e-mail, but she also said that she wanted him to be first to know that she was exploring this area, and that she would continue down the path of making sure the AIM team is meeting their deliverables and making him proud.  NOTE: Cindy Doyle was also exploring

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 240
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    other opportunities at the Lab.  Cindy was changing documentation without

2    consulting Plaintiff and going around her consistently.  And Ms. Busselman

3    never applied for another job again. And they never posted a new job for her to

4    apply for, Even though LaFemina claimed a position existed. (Busselman Dec.

5    at ¶83).

6    **96.  REPLY – OBJECTION –** *See* **RTS 121 through 131** at 95:5-100:6 (Fed.

     R. Evid. 602, 701, 801, 802, 901, 1002, argumentative assertions).  Plaintiff's

7    assertions do not create a genuine dispute of fact because they do not controvert

8    Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

9    Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016

10   WL 1274543, at *2.

11   **97.**    Along similar lines, between the summer and fall of 2016 Plaintiff was the

12          lead on a cause analysis—under Ms. Pryor's supervision—regarding an

13          intern who had something splashed in her eye. (Busselman Dep. at 115:22-

14          116:20; 213:19-22; 214:25-215:5).

15          SDMF 97. There are no similarities of this cause analysis to the fraudulent

16   payment to subcontractor cause analysis.  This was a DOE O 232.2A

17   Occurrence reporting and processing of operations reportable event.  This 16-

     year-old minor was performing activities that were not reviewed or approved

18   through the Workplace Evaluation for Minors Form process, which resulted in

19   the unsupervised intern using hand tools and splashing an unknown solution (at

20   DEFENDANT'S REPLY STATEMENT
     OF MATERIAL FACTS NOT IN
     DISPUTE - 241
     Case No. 4:18-cv-05109-SMJ
     4843-0422-0582v.5 0021368-000014

1  the time of the event) int other eye.  The root cause was due to the mentor

2  failing to disclose scope changes to cognizant authorities before and after the

3  approved workplace evaluation for minors form was in place because he had a

4  need for her skillsets on another project and he allowed the intern to conduct

5  unauthorized and unsupervised activities.  This was a deliberate violation based

6  on facts and data.  Ms. Pryor was providing mentorship and guidance (per her

   job description) to Ms. Busselman.  (Busselman Dec. at ¶83).

7  **97.  REPLY – OBJECTION – *See* RTS 121 through 131** at 95:5-100:6 (Fed.

8  R. Evid. 602, 701, 801, 802, 901, 1002, argumentative assertions).  Plaintiff's

9  assertions do not create a genuine dispute of fact because they do not controvert

10 Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

11 Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016

12 WL 1274543, at *2.

13 **98.**  On September 23, 2016, Plaintiff emailed Ms. Pryor, "I won't be doing

14      any more [cause analyses] ever again.  Not something I am good at or

15      enjoy. So frustrating!!!!!" (Simpson Dec. at ¶ 21, Ex. T at

16      BMI_033456_Confidential-0002).

17      SDMF 98. Due to the fact that the AIM Team could not get anyone at the

   Laboratory to help do cause analysis activities and Ms. Busselman knew that the

18 manager was going to fight her team on anything they came up for a root cause

19 on this 16-year old that had unlimited access to 5-6 labs that had hazardous

20 DEFENDANT'S REPLY STATEMENT
   OF MATERIAL FACTS NOT IN
   DISPUTE - 242
   Case No. 4:18-cv-05109-SMJ
   4843-0422-0582v.5 0021368-000014

materials in them. Her line manager was grossly negligent in supervising her and she could have lost an eye. This was a near miss! hazardous materials knew that Alison Campbell and SCOTT TINGEY would fight her on saying this was willful misconduct. So she took it from Kathy Pryor. (Busselman Dec. at ¶83).

**98. REPLY – OBJECTION –** *See* **RTS 121 through 131** at 95:5-100:6 (Fed. R. Evid. 602, 701, 801, 802, 901, 1002, argumentative assertions). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**99.** That was the last cause analysis Plaintiff participated in, even though she remained the AIM Team Manager for another seven months. (Pryor Dep. 28:15-25).

SDMF 99.

Dr. LaFemina cancelled Ms. Busselman's scheduled appointment to become qualified several days after the report was sent through approvals. Only after she complained to DOE Employee Concerns, did he reschedule the qualification board meeting to get her qualified as a Laboratory Cause Analyst. It is important to note that Cindy Doyle was the only member of the qualification board that did not approve Ms. Busselman's qualification as a Laboratory cause analyst. Although being a qualified cause analyst was not part of the Division Director's

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 243
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

expected duties, after Ms. Busselman complained for cancelling the meeting that would have qualified Ms. Busselman as a Laboratory cause analyst, she was eventually approved by all of the Cause Analysis Qualification Board members except for Ms. Doyle, on May 24, 2017.  (Busselman Dec. at ¶8).

**99.  REPLY– OBJECTION – *See* RTS 4** at 11:16-12:6 (Fed. R. Evid. 602). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**100.** Plaintiff maintains that Ms. Doyle was "constantly . . . bushwhacking" her professionally. (Busselman Dep. 81:18-23).

No objection.

**100.  REPLY – This fact is undisputed.**

**101.** Plaintiff testified her conflicts with Ms. Doyle spanned the course of "years." (Busselman Dep. 250:16-25).

No objection.

**101.  REPLY – This fact is undisputed.**

**102.** Plaintiff told Dr. LaFemina she believed her conflicts with Ms. Doyle "were getting in her way to be able to be an effective enforcement

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 244
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

coordinator for the laboratory." (Busselman Dep. 246:2-8).

SDMF 102.

What Ms. Busselman said on June 23rd was in order to be successful in her role as the AIM Manager and soon to be Enforcement Coordinator Ms. Busselman will need to be included on these discussions. Ms. Busselman had a real problem with issues being discussed without her input, and then again on June 24th she said, "I have and will talk to her again - as you have probably noticed I have a little bit of a different style when it comes to leading her staff and I am protective of the positive team environment that I am attempting to create after years of inconsistency and turnover in the group. I really want them to feel / genuinely know that they are respected and part of the solution and that we have clear boundaries and stability associated with how we conduct our business based upon our graded approach." (Busselman Dec. at ¶¶73, 68-72).

**102. REPLY– OBJECTION –** *See* **RTS 97-107** at 80:1-88:17 (602, 801, 802, 805, 901, 1002, sham affidavit rule). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).

**103.** In Plaintiff's 2016 Performance Review, Dr. LaFemina states, in relevant

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 245
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

part,

> You and Cindy need to develop a positive working relationship (without me in the middle) in which you at least keep each other aware of, if not engaged in, nearly every aspect of the work of your groups.  I am willing to help in any way necessary to see that this happens, but it is an expectation for the coming year.

(Simpson Dec. at ¶ 22, Ex. U at BMI_000039); (Busselman Dep. 47:9-16; 56:6-21).

SDMF 103.

Cindy continues to bushwhack Ms. Busselman and, not allow a seat on the Internal Controls Site Assessment Team, or on the Research Operations Committee, she continuously sabotaged Ms. Busselman and her team by not providing the necessary information or appropriate transfer of knowledge to be successful. Lots and lots of examples from multiple team members. (Busselman Dec. at ¶¶68-72). Cindy Doyle is similarly situated to Ms. Busselman and she was unwilling to get along with Ms. Busselman and she was not a whistleblower, and she was not removed from her job.  Supervisor LaFemina testified:

> 1 And then I would either talk to her, talk to
>
> 2 her and talk to Cindy, find out, try to find out what
>
> 3 happened, and then try to reset her expectation that the
>
> 4 two of them work together productively.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 246
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

5 Q. All right. And did you ever assign blame to

6 one or the other?

7 A. No.

8 Q. Okay. And in February or beginning of March

9 before this whole thing happened with the $530,000 root

10 cause analysis theft, or theft, and the root cause

11 analysis, did you have any criticisms of Ms. Busselman's

12 performance, other than, you know, this thing with Cindy?

13 A. No.

LaFemina Dep. at 54.

23 Q. You decided she [Ms. Busselman] needed to go?

24 A. I decided that based on her unwillingness to

25 form a productive relationship with Cindy Doyle, that she

1 could no longer function in that position.

2 Q. Right. And it's true, is it not, that you

3 made that decision, that decision that you've just

4 expressed, that was the one that was made while she was on

5 vacation?

6 A. Yes.

7 Q. All right. So, really you got rid of her

8 because she couldn't get along with Cindy Doyle?

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 247
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

9 A. I got rid of her because she was unwilling to

10 fulfill the responsibilities of her job.

11 Q. Got it. And the whole problem was that --

12 Well, wasn't the issue of changing the root cause analysis

13 in connection with the March draft of the $530,000 theft,

14 wasn't this also happening at the very same time?

15 A. Yes. In April-ish, yeah. So, similar time

16 frames. But that didn't enter into this decision-making

17 process at all.

18 Q. I got it.

Rose Dec., Exhibit 5 (LaFemina Dep. at 71-72).

**103. REPLY– OBJECTION –** *See* **RTS 97-107** at 80:1-88:17 (602, 801, 802, 805, 901, 1002, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**104.** Dr. LaFemina also informed Plaintiff that he would be helping her identify a mentor to help her develop leadership skills and gain perspective on issues and behaviors.  (Simpson Dec. at ¶ 22, Ex. U at BMI_000039); (Busselman Dep. 56:22-57:18).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 248
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

SDMF 104.

Engaging a mentorship-type relationship with Tammy Taylor was one of the ways Ms. Busselman was actively working on improving her contentious relationship with Cindy Doyle. Unbeknownst to Ms. Busselman at the time, the mentor that Mr. LaFemina set her up with in December 2016, Tammy Taylor, was his close friend as well as a friend of Cindy Doyle.

At the beginning of their relationship, Ms. Busselman gave Ms. Taylor her performance review information and her goals for the next year and asked her for help to work with Cindy Doyle. She seemed sincere in her words of encouragement and she claimed that they would get along very well because Mr. LaFemina had told her that Ms. Busselman could not lie and she claimed she was a strong Christian woman, like Ms. Busselman.   Each of their subsequent meetings were about how Ms. Busselman was doing and if there were challenges that she was facing with her AIM Division Director role.  Cindy Doyle was a common topic in most of these meetings and she never mentioned that these frequent confrontations were because "Ms. Busselman" was not performing well or not behaving in a professional manner to alleviate the conflicts with Ms. Doyle.  However, she did tell Ms. Busselman several times that Cindy was very powerful and important to the Lab. After Mr. LaFemina fired Ms. Busselman  he told her that he talked to Ms. Taylor before Ms. Busselman went to go see her on April 12th, and Ms. Taylor never

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 249
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

mentioned it when Ms. Busselman went to her office sobbing

uncontrollably.  She wrote an e-mail back and forth with Mr. LaFemina about

how Mike Spradling's treatment of Ms. Busselman  was not surprising and that

she talked to Ms. Busselman  about downgrading her manager role to a

specialist role on June 9th.  (Busselman Dec. at ¶86-87).

**104.  REPLY– OBJECTION – *See* RTS 138-141** at 103:1-106:14 (602, 610,

801, 802, 805).  Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Moreover, "[a] party cannot create a genuine issue of

fact by simply contradicting his or her own previous sworn statement."  *Davis*,

2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806 ).

**105.** Both Plaintiff and Dr. LaFemina signed this Review on November 18,

2016. (Simpson Dec. at ¶ 22, Ex. U at BMI_000040); (Busselman Dep.

47:9-23).

SDMF 105.

After he provided Ms. Busselman less than 24 hours to review the written

document and after she rebutted many of his statements and accusations.

(Busselman Dec. at ¶¶75-82).

**105.  REPLY– OBJECTION – *See* RTS 109-120** at 89:6-94:4 (602, 801, 802,

805, 901, 1002).  Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 250
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

2008 WL 4282754, at *1.

**106.** After receiving this review, Plaintiff understood Dr. LaFemina expected her to improve her professional relationship with Ms. Doyle. (Busselman Dep. 55:16-56:21)

SDMF 106. Ms. Busselman expected that she and Cindy would work together to improve our professional relationship - this is what Mr. LaFemina told Ms. Busselman and he said that Cindy had something similar in her SDR. (Busselman Dec. at ¶¶75-82).

**106. REPLY– OBJECTION –** *See* **RTS 109-120** at 89:6-94:4 (Fed. R. Evid. 602, 801, 802, 805, 901, 1002). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. at 806 ).

**107.** Nevertheless, after Plaintiff's November 2016 performance review, Dr. LaFemina was aware of "continuing tension and challenges between [Plaintiff] and Ms. Doyle" because members of their respective teams would communicate to him that there was "an awful lot of tension" in the two groups' shared hallway. (LaFemina Dep. 52:10-53:6); (Timmons Dep.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 251
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

115:18-116:8).

SDMF 107. Objection, foundation FRE 602 and hearsay FRE 802. Cindy was ruthless in her bushwhacking and passive aggressiveness. (Busselman Dec. at ¶¶75-82). Cindy Doyle is similarly situated to Ms. Busselman and she was unwilling to get along with Ms. Busselman and she was not a whistleblower, and she was not removed from her job. Supervisor LaFemina testified:

1 And then I would either talk to her, talk to

2 her and talk to Cindy, find out, try to find out what

3 happened, and then try to reset her expectation that the

4 two of them work together productively.

5 Q. All right. And did you ever assign blame to

6 one or the other?

7 A. No.

8 Q. Okay. And in February or beginning of March

9 before this whole thing happened with the $530,000 root

10 cause analysis theft, or theft, and the root cause

11 analysis, did you have any criticisms of Ms. Busselman's

12 performance, other than, you know, this thing with Cindy?

13 A. No.

LaFemina Dep. at 54.

23 Q. You decided she [Ms. Busselman] needed to go?

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 252
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

24 A. I decided that based on her unwillingness to

25 form a productive relationship with Cindy Doyle, that she

1 could no longer function in that position.

2 Q. Right. And it's true, is it not, that you

3 made that decision, that decision that you've just

4 expressed, that was the one that was made while she was on

5 vacation?

6 A. Yes.

7 Q. All right. So, really you got rid of her

8 because she couldn't get along with Cindy Doyle?

9 A. I got rid of her because she was unwilling to

10 fulfill the responsibilities of her job.

11 Q. Got it. And the whole problem was that --

12 Well, wasn't the issue of changing the root cause analysis

13 in connection with the March draft of the $530,000 theft,

14 wasn't this also happening at the very same time?

15 A. Yes. In April-ish, yeah. So, similar time

16 frames. But that didn't enter into this decision-making

17 process at all.

18 Q. I got it.

Rose Dec., Exhibit 5 (LaFemina Dep. at 71-72).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 253
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**107. REPLY – RESPONSE TO OBJECTION.** Dr. LaFemina's testimony is not hearsay because it is being offered for the effect on the listener (*i.e.*, Dr. LaFemina). Dr. LaFemina has personal knowledge of what he was told.

**OBJECTION –** *See* **RTS 109-120** at 89:6-94:4 (602, 801, 802, 805, 901, 1002). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**108.** As a result, Dr. LaFemina had to mediate disputes between Plaintiff and Ms. Doyle:

> The way things would unfold typically was something would happen and [Plaintiff] would send me an e-mail that detailed what she thought the transgression was and why she was upset or stressed about something. And then I would either talk to her, talk to her and Cindy . . . try to find out what happened, and then try to reset my expectation that the two of them would work together productively.

(LaFemina Dep. 53:16-54:4).

SDMF 108. Cindy Doyle is similarly situated to Ms. Busselman and she was unwilling to get along with Ms. Busselman and she was not a whistleblower, and she was not removed from her job. Supervisor LaFemina testified:

1 And then I would either talk to her, talk to

2 her and talk to Cindy, find out, try to find out what

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 254
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

3 happened, and then try to reset her expectation that the

4 two of them work together productively.

5 Q. All right. And did you ever assign blame to

6 one or the other?

7 A. No.

8 Q. Okay. And in February or beginning of March

9 before this whole thing happened with the $530,000 root

10 cause analysis theft, or theft, and the root cause

11 analysis, did you have any criticisms of Ms. Busselman's

12 performance, other than, you know, this thing with Cindy?

13 A. No.

LaFemina Dep. at 54.

23 Q. You decided she [Ms. Busselman] needed to go?

24 A. I decided that based on her unwillingness to

25 form a productive relationship with Cindy Doyle, that she

1 could no longer function in that position.

2 Q. Right. And it's true, is it not, that you

3 made that decision, that decision that you've just

4 expressed, that was the one that was made while she was on

5 vacation?

6 A. Yes.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 255
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

7 Q. All right. So, really you got rid of her

8 because she couldn't get along with Cindy Doyle?

9 A. I got rid of her because she was unwilling to

10 fulfill the responsibilities of her job.

11 Q. Got it. And the whole problem was that --

12 Well, wasn't the issue of changing the root cause analysis

13 in connection with the March draft of the $530,000 theft,

14 wasn't this also happening at the very same time?

15 A. Yes. In April-ish, yeah. So, similar time

16 frames. But that didn't enter into this decision-making

17 process at all.

18 Q. I got it.

Rose Dec., Exhibit 5 (LaFemina Dep. at 71-72).

**108. REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**109.** February 24, 2017, Plaintiff emailed Dr. LaFemina

I am just soooo stressed out right now John. And to have Cindy pick on what I consider our best process (the critique process) is super humiliating and depressing – when we have so many other areas that are practically failing – I'm really struggling to be optimistic about my current situation.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 256
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

(Simpson Dec. at ¶ 23, Ex. V at 3); (Busselman Dep. 76:19-77:16; 80:4-12).

SDMF 109.

As to the February 24, 2017 email characterization, that was one email fixed in time. (Busselman Dec. at ¶¶71-74).

**109 REPLY– OBJECTION –** *See* **RTS 103, 104, 105, 106, and 107** at 84:16-89:6 (Fed. R. Evid. 602, 801, 802, 901, 1002, sham affidavit rule, argumentative assertions).  Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**110.** On February 26, 2017, Dr. LaFemina responded:

> I understand you are stressed.  But you cannot continue to take all things personally, which is what it looks like from my vantage point.  []  Yours is perhaps one of the leadership positions at the Laboratory with the highest levels of stress.  [I]f you are struggling, then we should chat about it.  You are very talented Aleta, but burning out is not healthy for you or the folks around you.  Let chat about how we can make sure that does not happen.  (sic)

(Simpson Dec. at ¶ 23, Ex. V at 2); (Busselman Dep. 76:19-77:16; 80:4-12; 82:1-11; 84:6-85:8).

SDMF 110.

As to the February 24, 2017 email characterization, that was one email fixed in time. (Busselman Dec. at ¶¶71-74).

**110.  REPLY– OBJECTION –** *See* **RTS 103, 104, 105, 106, and 107** at

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 257
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

84:16-89:6 (Fed. R. Evid. 602, 801, 802, 901, 1002, sham affidavit rule, argumentative assertions).  Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**111.** Plaintiff replied, "It would be good to talk when you get back and determine what is best for the lab."  (Simpson Dec. at ¶ 23, Ex. V at 2); (Busselman Dep. 86:19-86:25).

Plaintiff does not dispute this statement.

**111.  REPLY – This fact is undisputed.**

**112.** On March 10, 2017, a PNNL employee named Kami Lowry emailed Plaintiff, asking, "Will we get to do something more fun one of these days?"  (Simpson Dec. at ¶ 24, Ex. W at 2); (Lowry Dep. 13:13-14).

No objection.

**112.  REPLY – This fact is undisputed.**

**113.** That same day, Plaintiff responded, "I'm considering a career change. Found a really good book called [D]esigning [Y]our [L]ife and they said that it is never too late to find a career that gives you joy."  (Simpson Dec. at ¶ 24, Ex. W at 2); (Busselman Dep. 88:9-89:24).

SDMF 113.  This was tongue-in-cheek. Kami and Plaintiff joke around all

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 258
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

the time. They are friends. (Busselman Dec. at ¶87).

**113. REPLY –** Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**114.** The same day, Ms. Lowry replied, "I found a person here that does career mapping. She said she would do it with me. It sounds really neat. Maybe you should join us." (Simpson Dec. at ¶ 24, Ex. W at 2).

Ms. Busselman was referred to Ms. Duckworth by Tammy Taylor, her mentor, who also did career mapping with Ms. Duckworth. Rose Dep. Ex. 84 (Duckworth Dep. at 12:24-13:17).

**114. REPLY -** Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**115.** Within a minute, Plaintiff replied, "Yes please! And I'm serious. Let me know." (Simpson Dec. at ¶ 24, Ex. W at 1).

No objection.

**115. REPLY – This fact is undisputed.**

**116.** Ms. Lowry responded, "I just emailed her and will let you know what I hear. She got her PhD in this and has been applying her strategy to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 259
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

organizations across the lab.  I promised wine and food so maybe we can make a fun project out of it."  (Simpson Dec. at ¶ 24, Ex. W at 1).

No Objection.

**116.  REPLY – This fact is undisputed.**

**117.** Ms. Lowry's email was referring to Dr. Leesa Duckworth, a National Security Specialist at PNNL whose doctoral dissertation "was on the experience of midlife career change in women." (Duckworth 10:6-11; 12:24-13:17; 32:21-33:1; 35:17-23); (Lowry Dep. 37:2-22).

No objection.

**117.  REPLY – This fact is undisputed.**

**118.** Plaintiff's final email in that March 10 chain stated, "Sounds great!  I am willing to feed her and provide many bottles of wine if she can help me find her 'happy' place again.  Thanks for the words of encouragement. Been a little frustrating over here lately."  (Simpson Dec. at ¶ 24, Ex. W at 1); (Busselman Dep. 94:10-95:6).

No objection.

**118.  REPLY – This fact is undisputed.**

**119.** On March 24, 2017, Plaintiff responded to a work-related email from a PNNL employee named Jill Brandon, "I love my job!  Sigh…"  Plaintiff

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 260
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

admits this statement conveyed sarcasm.  (Simpson Dec. at ¶ 25, Ex. X at BMI_001219); (Busselman Dep. 96:15-97:14)

SDMF 119. Again Ms. Busselman was joking.  (Busselman Dec. at ¶87).

**119.  REPLY – OBJECTION –** *See* **RTS 141** 106:3-14 (Fed. R. Evid. 602, argumentative assertions).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**120.**  Plaintiff furthered that she was "[g]etting burned out – which I understand is a symptom of this job.  Thought I could beat that stigma, but…. I have a lot of issues right now."  (Simpson Dec. at ¶ 25, Ex. X at BMI_001219); (Busselman Dep. 95:8-95:13; 97:21-98:6).

SDMF 120.

They leave out that Ms. Brandon writes, "tough job and then pressure from pushy Ops Managers."  Not fun.  The e-mail says this in parts and pieces, but it isn't what they are trying to make it out to be.  This is a normal thing Ms. Busselman and her friends throw around and Jill was from the AIM organization - she understands the organization history of high stress because of bad management.   Ms. Busselman included more background on the John's son push.  (Busselman Dec. at ¶87).

**120.  REPLY – OBJECTION –** *See* **RTS 141** 106:3-14 (Fed. R. Evid. 602,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 261
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

argumentative assertions).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**E.      Timeline Two Culminates at Plaintiff's March 30, 2017 Midyear Review With Dr. LaFemina.**

**121.** On March 30, 2017, Plaintiff had her midyear review with Dr. LaFemina. (Busselman Dep. 203:12-16).

SDMF 121. This was a 30-minute discussion right before Ms. Busselman went on vacation after being attacked over and over by Cindy and Marty. (Busselman Dec. at ¶89).

**121.  REPLY – OBJECTION –** *See* **RTS 143** at 107:1-8 (Fed. R. Evid. 602). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, Plaintiff has not cited any admissible evidence supporting her assertion that she had been "attacked over and over by Cindy and Marty."

**122.** Plaintiff admits that, as of that date, "Cindy [Doyle] and I were definitely having conflict . . . ."  (Busselman Dep. 208:7-14).

SDMF 122

Cindy Doyle is similarly situated to Ms. Busselman and she was unwilling to get along with Ms. Busselman and she was not a whistleblower, and she was not removed from her job.  Supervisor LaFemina testified:

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 262
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1 And then I would either talk to her, talk to

2 her and talk to Cindy, find out, try to find out what

3 happened, and then try to reset her expectation that the

4 two of them work together productively.

5 Q. All right. And did you ever assign blame to

6 one or the other?

7 A. No.

8 Q. Okay. And in February or beginning of March

9 before this whole thing happened with the $530,000 root

10 cause analysis theft, or theft, and the root cause

11 analysis, did you have any criticisms of Ms. Busselman's

12 performance, other than, you know, this thing with Cindy?

13 A. No.

LaFemina Dep. at 54.

23 Q. You decided she [Ms. Busselman] needed to go?

24 A. I decided that based on her unwillingness to

25 form a productive relationship with Cindy Doyle, that she

1 could no longer function in that position.

2 Q. Right. And it's true, is it not, that you

3 made that decision, that decision that you've just

4 expressed, that was the one that was made while she was on

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 263
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

5 vacation?

6 A. Yes.

7 Q. All right. So, really you got rid of her

8 because she couldn't get along with Cindy Doyle?

9 A. I got rid of her because she was unwilling to

10 fulfill the responsibilities of her job.

11 Q. Got it. And the whole problem was that --

12 Well, wasn't the issue of changing the root cause analysis

13 in connection with the March draft of the $530,000 theft,

14 wasn't this also happening at the very same time?

15 A. Yes. In April-ish, yeah. So, similar time

16 frames. But that didn't enter into this decision-making

17 process at all.

18 Q. I got it.

Rose Dec., Exhibit 5 (LaFemina Dep. at 71-72).

**122. REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff has not cited any admissible evidence supporting her assertion that Ms. Doyle "was unwilling to get along with Ms. Busselman." Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 264
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**123.** Plaintiff also admits that, during their meeting, Plaintiff asked Dr. LaFemina to reorganize the division of duties within the LPPM organization, because she and Ms. Doyle "were in major conflict all the time." (Busselman Dep. 212:4-11).

SDMF 123.

Mr. LaFemina asked Ms. Busselman how to make the organization better, and in response she said that she and Cindy and could swap some job duties— Ms. Busselman would take M&O because Cindy was struggling with it, and Ms. Busselman would have more work after the swap. (Busselman Dec. at ¶55). In her deposition she states:

```
 9      Q.   And when you tell Ms. Schliebe "I'm not
10   going to be around here forever" that's because at this
11   point in time, as you have told numerous people, you're
12   thinking about changing jobs?
13           MR. SHERIDAN:  Objection, assumes facts not
14   in evidence.
15           THE WITNESS:  Not true.  So her role at --
16   you know, I have 25 years in project management.
17   There's two sides to the lab.  There's the M&O side
18   where they are all overhead, for the most part, and
19   then there's the PNNL side, right.  So they do all of
20   the projects that bring all the money into the lab that
21   feeds the M&O side of the house
```

Rose Dec., Exhibit 58 (Busselman Dep. at 108:9-21, 205:6-206:24).

Ms. Busselman states:

```
12      Q.   And that to resolve part of that major
```

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 265
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

13    conflict, Cindy should take over part of your duties?

14        A.    And she should give me the M&O program.

15            (The Court Reporter requested

16    clarification.)

17            THE WITNESS:  And she should give me the M&O

18    program.

*Id.*, Busselman Dep. at 212:12-18.

**123.  REPLY – OBJECTION – *See* RTS 65-70** at 60:1-63:19 (Fed. R. Evid.
602, 801, 802, 901, argumentative assertions).  Plaintiff's assertions do not
create a genuine dispute of fact because they do not controvert Battelle's
asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover,
Plaintiff cannot create a genuine issue of fact by purporting to contradict her
own deposition testimony. *Yeager*, 693 F.3d at 1080.

**124.** Plaintiff told Dr. LaFemina that "she felt like the way her position was
structured didn't allow her to be successful." (LaFemina Dep. 62:21-63:7).

SDMF 124. Ms. Busselman said that if Doyle doesn't transfer over to Ms.
Busselman the appropriate knowledge and required duties to the scope that he
assigned her – Plaintiff would not be successful.  (Busselman Dec. at ¶55).

**124.  REPLY – OBJECTION – *See* RTS 65-70** at 60:1-63:19 (Fed. R. Evid.
602, 801, 802, 901, argumentative assertions).  Plaintiff's assertions do not
create a genuine dispute of material fact because they do not controvert
Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Even

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 266
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

if Plaintiff somehow did create a disputed issue of fact, this is an issue of characterization that does not create an issue of fact that "require[es] a jury . . . to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 ).

**125.** In Plaintiff's "journal" entry for her midyear review with Dr. LaFemina, Plaintiff wrote, "[t]here was some additional discussion about the CBP role (a continuous topic for me – since I haven't rec'd clear direction for this role in over a year) and the struggles with being able to get any traction with the role."  (Simpson Dec. at ¶ 7, Ex. F at AB000107).

SDMF 125. Due to Cindy not transferring over those duties.  (Busselman Dec. at ¶¶ 55, 90).

**125.  REPLY – OBJECTION –** *See* **RTS 65-70, 144-145** at 60:1-63:19, 107:9-108:5 (Fed. R. Evid. 602, 801, 802, 901, argumentative assertions). Plaintiff's assertions do not create a genuine dispute of material fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**126.** Plaintiff admits she suggested to Dr. LaFemina that her management responsibilities over PNNL's CBP program "might make more sense under [Ms. Doyle]."  (Busselman Dep. 206:9-11).

SDMF 126. Ms. Busselman said that "if Doyle doesn't transfer over the

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 267
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

appropriate knowledge and required duties to the scope that he assigned Ms.

Busselman - I will not be successful."  (Busselman Dec. at ¶55).

**126.  REPLY – OBJECTION – *See* RTS 65-70** at 60:1-63:19 (Fed. R. Evid. 602, 801, 802, 901, argumentative assertions).  Plaintiff's assertions do not create a genuine dispute of material fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement."  *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806 ).

**127.** Plaintiff's "journal" entry also states "I also mentioned that Independent Oversight [led by Nancy Sargent] . . . might be a better fit under Cindy from a line perspective because Nancy and Cindy are friends and are often colluding without me on strategic assessments."  (Simpson Dec. at ¶ 7, Ex. F at AB000107).

SDMF 127. Ms. Busselman was discussing the friendship with Nancy Sargent and Cindy Doyle for the "internal independent oversight assessment function".    It is important to note that IO in her organization and IO from DOE perspective is different.  DOE perspective is the enforcement coordinator.  IO from Nancy Sargent perspective was a type of assessment at the Lab-level. PNNL Internal independent oversight Assessment program = Nancy Sargent,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 268
 Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

External DOE Program = Independent Oversight for Enterprise Assessments (DOE Order 227.1A). Ms. Busselman owned both. (Busselman Dec. at ¶91).

**127. REPLY – OBJECTION –** *See* **RTS 146** at 108:6-12 (Fed. R. Evid. 602). Plaintiff's assertions do not create a genuine dispute of material fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**128.** Dr. LaFemina similarly recalls that Plaintiff requested her responsibilities over the IO program be transferred to Ms. Doyle. (LaFemina Dep. 59:6-15).

SDMF 128.

See SDMF 127. (Busselman Dec. at ¶¶55, 92).

**128. REPLY – OBJECTION –** *See* **RTS 65-70, 147** at 60:1-63:19, 108:12-19 (Fed. R. Evid. 602, 801, 802, 901, argumentative assertions). Plaintiff's assertions do not create a genuine dispute of material fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**129.** In addition to these structural changes, Plaintiff also requested that Dr. LaFemina transfer to Plaintiff Ms. Doyle's management responsibilities

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 269
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

over the Contractor Assurance Management and Operations ("M&O")

program.  (LaFemina Dep. 60:6-12); (Busselman Dep. 206:9-24).

SDMF 129.

See SDMF 123 (Busselman Dec. at ¶¶55, 92).

**129.  REPLY – OBJECTION –** *See* **RTS 65-70, 147** at 60:1-63:19, 108:12-19

(Fed. R. Evid. 602, 801, 802, 901, argumentative assertions).  Plaintiff's

assertions do not create a genuine dispute of material fact because they do not

controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at

*1.

**130.** Dr. LaFemina did not want to do so, however, because he "was not about

to give [Plaintiff] more responsibility when she was telling me that she

wanted to give up her responsibilities."  (LaFemina Dep. 60:13-20).

SDMF 130.

See SDMF 123 (Busselman Dec. at ¶¶55, 92).

**130.  REPLY – OBJECTION –** *See* **RTS 65-70, 147** at 60:1-63:19, 108:12-19

(Fed. R. Evid. 602, 801, 802, 901, argumentative assertions).  Plaintiff's

assertions do not create a genuine dispute of material fact because they do not

controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at

*1.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 270
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**131.** Plaintiff and Dr. LaFemina discussed other assignments that Plaintiff might be interested in pursuing, including "business capture" functions. (LaFemina Dep. 54:19-55:11); (Busselman Dep. 245:12-17).

SDMF 131.

Mr. LaFemina and Ms. Busselman had a periodic staff performance review, which is a 30-minute conversation. This conversation was one day before she left on vacation. This is where management asks their staff about short-term, long-term, and other areas of improvement that staff could see implemented within the organizations they have authority over. Because her Manager opened up the discussion, she felt it was safe to have an open and honest discussion about shifting of roles from Doyle to her in regards to realignment. (Busselman Dec. at ¶89).

**131. REPLY – OBJECTION –** *See* **RTS 143** at 107:1-8 (Fed. R. Evid. 602). Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**132.** Plaintiff also informed Dr. LaFemina that she was considering leaving PNNL to return to school. (Busselman Dep. 246:9-21).

SDMF 132. This is not true. Ms. Busselman never said this. Ms. Busselman is the Breadwinner of the family. It makes no sense to leave a well-paying job that she had put in over 30+ years of service and pension and go

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 271
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

back to school. She had two kids in college – she needs a job.  She certainly doesn't need any more schooling at 50 years of age - certifications are good litmus tests for knowledge and experience.  Ms. Busselman prefers those over expensive education that doesn't really prove anything about ones' skills and talents - except that you can commit to executing a plan to complete deliverables - Ms. Busselman thinks she has that down.  She does not aspire to be called Dr. Busselman. (Busselman Dec. at ¶85).

**132.  REPLY – OBJECTION –** *See* **RTS 136** at 101:17 (Fed. R. Evid. 602, sham affidavit rule).  As addressed in detail in Battelle's cited Request to Strike, Plaintiff's Declaration contradicts testimony she gave at her deposition.  "A party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland,* 526 U.S. at 806).

**133.** According to Plaintiff's "journal" entry, "At the end of the meeting, I explicitly said that I was just exploring areas and that I would never leave him in a lurch."  (Simpson Dec. at ¶ 7, Ex. F at AB000107).

SDMF 133.

Ms. Busselman says this to every boss. If she makes a commitment to do something- she would never leave anyone in a lurch.  She even said that to the sexual harasser in an e-mail - and she thinks most reasonable people would

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 272
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

understand if you just walked out on that kind of situation - but she doesn't walk out and leave things undone.   That is why she has such a good reputation - she makes sure that whatever she does that she always has policies and procedures in place in case she gets hit by a beer truck.  It does not mean that she wanted to leave. She wanted to be successful at that job.  She was asking for LaFemina's help to help her with Cindy Doyle.  (Busselman Dec. at ¶85).

**133.  REPLY – OBJECTION –** *See* **RTS 137** at 102:18-103:18 (Fed. R. Evid. 602, 406, 404, argumentative assertion).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**134.** While Plaintiff was on vacation, Dr. LaFemina reflected upon Plaintiff's March 30, 2017 midyear review meeting.  (LaFemina Dep. 66:22-67:4).

SDMF 134. FRE 402, 403.

**134.  REPLY – RESPONSE TO OBJECTIONS:**  "Objections to the statements on the basis of Federal Rules of Evidence 401, 402, and 403 are 'inapplicable at the summary judgment stage.'" *Kische*, 2017 WL 3895545, at *5.  Plaintiff has not controverted Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**135.** Dr. LaFemina considered Plaintiff's request that she wanted to give two-thirds of her job responsibilities (i.e., CBP and the Assessment program*)* to

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 273
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    Ms. Doyle.  (LaFemina Dep. 66:22-67:14; 67:18-68:5).

2    SDMF 135. Objection, misleading. FRE 403. This is simply not true.  Mr.

3    LaFemina asked Ms. Busselman how to make the organization better, and in

4    response she said that she and  Cindy and could swap some job duties— Ms.

5    Busselman would take M&O because Cindy was struggling with it, and Ms.

6    Busselman would have more work after the swap.  (Busselman Dec. at ¶55). In

her deposition she states:

7       9      Q.   And when you tell Ms. Schliebe "I'm not
        10    going to be around here forever" that's because at this
8       11    point in time, as you have told numerous people, you're
        12    thinking about changing jobs?
9       13          MR. SHERIDAN:  Objection, assumes facts not
        14    in evidence.
10      15          THE WITNESS:  Not true.  So her role at --
        16    you know, I have 25 years in project management.
11      17    There's two sides to the lab.  There's the M&O side
        18    where they are all overhead, for the most part, and
12      19    then there's the PNNL side, right.  So they do all of
        20    the projects that bring all the money into the lab that
13      21    feeds the M&O side of the house

14
Rose Dec., Exhibit 58 (Busselman Dep. at 108:9-21, 205:6-206:24).

15
Ms. Busselman states:

16      12      Q.   And that to resolve part of that major
        13    conflict, Cindy should take over part of your duties?
17      14      A.   And she should give me the M&O program.
        15          (The Court Reporter requested
18      16    clarification.)
        17          THE WITNESS:  And she should give me the M&O
19      18    program.

20   DEFENDANT'S REPLY STATEMENT
     OF MATERIAL FACTS NOT IN
     DISPUTE - 274
     Case No. 4:18-cv-05109-SMJ
     4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Busselman Dep. at 212:12-18.  Ms. Busselman would have taken on more work by taking on M&O. (Busselman Dec. ¶¶89-94)

**135.  REPLY – RESPONSE TO OBJECTIONS:**  "Objections to the statements on the basis of Federal Rules of Evidence 401, 402, and 403 are 'inapplicable at the summary judgment stage.'" *Kische*, 2017 WL 3895545, at *5. – **OBJECTION – *See* RTS 65-70, 143-155** at 60:1-63:19, 108:12-19, 107:1-112:17 (Fed. R. Evid. 602, 801, 802, 901, argumentative assertions, sham affidavit).  Plaintiff fails to establish a genuine issue of material fact.  ***First***, Plaintiff cannot "create issues of material fact by arguing that Defendant's arguments are 'demonstrably false,' or by making other similar claims,  instead of submitting evidence."  *Ogden*, 2016 WL 1274543, at *2.  ***Second***, there is no dispute that, at Plaintiff's March 30, 2017 midyear review, she told Dr. LaFemina that her management responsibilities over PNNL's Independent Oversight program "might be a better fit under" Ms. Doyle's management.  ECF No. 134 at 58:21-23.  Plaintiff admitted at her deposition that she suggested her management responsibilities over the CBP program should also be transferred to Ms. Doyle. ECF No. 85-31 pg. 81:9-11.  Plaintiff also admits that she had "struggles with being able to get any traction" in that role, which she now blames on the late Ms. Doyle (without any competent evidence).  ***Third***, as outlined in detail in Battelle's referenced Requests to Strike, Plaintiff has not presented any competent evidence that Ms. Doyle was "struggling."  ***Fourth***, as

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 275
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

also outlined in Battelle's Requests to Strike, Plaintiff's assertion that she would

have "more work" is pure speculation.

**136.** Dr. LaFemina determined that, in that scenario, what would be left of

Plaintiff's AIM Team Manager role (i.e., only Issues Management) would

not constitute a full-time position.  (LaFemina Dep. 68:6-9).

SDMF 136.

See SDMF 135.

**136.  REPLY – OBJECTION –** *See* **RTS 65-70, 143-155** at 60:1-63:19,

108:12-19, 107:1-112:17 (Fed. R. Evid. 602, 801, 802, 901, argumentative

assertions, sham affidavit).  Plaintiff fails to demonstrate a genuine dispute of

fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**137.** Dr. LaFemina also concluded Plaintiff was unwilling to repair her

professional relationship with Ms. Doyle.  (LaFemina Dep. 66:22-67:14).

SDMF 137. Total lie - If anyone knows Ms. Busselman is one of the

biggest supporters of team building and continuous improvement - she would

have been happy to work with Cindy (we would have made an amazing team) -

but Cindy refused to do so over and over because she was afraid that Ms.

Busselman would take her empire away.  (Busselman Dec. at ¶94).

**137.  REPLY – OBJECTION –** *See* **RTS 151** at 110:10-111:3 (Fed. R. Evid.

602, argumentative assertion).  Plaintiff cannot "create issues of material fact by

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 276
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

arguing that Defendant's arguments are 'demonstrably false,' or by making other similar claims,  instead of submitting evidence."  *Ogden*, 2016 WL 1274543, at *2.  Plaintiff fails to controvert that this was Dr. LaFemina's conclusion. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**138.** Dr. LaFemina decided it was untenable to have an AIM Team Manager "who was not willing to work at creating a productive relationship with Cindy Doyle."  (LaFemina Dep. 67:15-17).

SDMF 138. Without talking to Ms. Busselman – LaFemina decided to remove her while she was on vacation.  (Busselman Dec. at ¶¶50-54).

**138.  REPLY – OBJECTION –** *See* **RTS 52-64** at 50:4-59:19 (Fed. R. Evid. 602, 801, 802, 901, 1002, argumentative assertions, sham affidavit rule). Plaintiff has not controverted Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**139.** Based upon that, Dr. LaFemina determined that Plaintiff "could no longer function in that position."  (LaFemina Dep. 71:23-72:1).

SDMF 139. Objection lay opinion FRE 701.

This was whistleblower retaliation.  (Busselman Dec. at ¶¶50-54).

**139.  REPLY –RESPONSE TO OBJECTIONS:**  Dr. LaFemina's personnel decision as a manager is not an impermissible lay opinion and is based on personal knowledge.  Fed. R. Evid. 602, 701. **– OBJECTION –** *See* **RTS 52-64**

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 277
 Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

at 50:4-59:19 (Fed. R. Evid. 602, 801, 802, 901, 1002, argumentative assertions, sham affidavit rule). Plaintiff cannot create a genuine issue of fact by asserting legal conclusions. *Orr*, 285 F.3d at 783 ("To defeat summary judgment, she 'must respond with more than mere hearsay and legal conclusions'").

**140.** Dr. LaFemina testified Plaintiff's complaint about Mr. Conger did not play any role in his decision. (LaFemina Dep. 54:14-18; 72:11-17).

SDMF 140. Objection, lay witness opinion FRE 701. In an April 10th Email between Cooke and Conger, Cooke writes "I got a cease & desist from Aleta before spring break. She was pretty PO'd. She wants to go forward with John L[aFemina] to find solution. I chatted with John [LaFemina] early last week and agreed to let him mediate." Conger replied, "FYI. I'll chat with John [LaFemina] about achieving closure. I had already had a brief discussion with him and he gets it." The fact that LaFemina "gets it" shows his retaliatory intent. See Rose Dec., Exhibit 62.

Under NDAA §10 U.S.C.A. § 2409(e)(1), the employee may demonstrate that the disclosure or protected activity was a contributing factor in the personnel action through circumstantial evidence, such as evidence that--**(A)** the official taking the personnel action knew of the disclosure or protected activity; and **(B)** the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action. Here, the facts are undisputed that on

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 278
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

April 1, 2019, Conger, Cooke, and LaFemina knew that Ms. Busselman was opposing Marty Conger's improper actions and that the time period is a matter of days between where opposition and her termination from the job.  See SDMF 139, 12, 13.  (Busselman Dec. at ¶¶50-54).

**140.  REPLY –RESPONSE TO OBJECTIONS:**  Dr. LaFemina's personnel decision considerations as a manager are not an impermissible lay opinion and is based on personal knowledge.  Fed. R. Evid. 602, 701.  **– OBJECTION –** *See* **RTS 1, 52-64** at 3:11-7:2, 50:4-59:19 (Fed. R. Evid. 602, 801, 802, 804 901, 1002, argumentative assertions, sham affidavit rule).  Plaintiff cannot create a genuine issue of fact by asserting legal conclusions.  *Orr*, 285 F.3d at 783.  Rose Exhibit 62, ECF no. 137-21, has not been authenticated and is inadmissible hearsay within hearsay that Plaintiff relies upon for the truth of the matter asserted.  Moreover, Plaintiff has "relied upon [the] misinterpretation[] of written materials."  *Davis* , 2008 WL 202708, at *1.  Rose Exhibit 62 reflects, instead, that Mr. Conger stated, "I'll chat with John about achieving closure. I had already had a brief discussion with him and he gets it."  ECF No. 137-21 at 2.  Mr. Conger did not write that he was going to talk to Dr. LaFemina about Plaintiff; instead, Rose Exhibit 62 demonstrates Mr. Conger was asking about "the root cause."  *Id.* ("Did we find common ground on the root cause?").

**141.** Dr. LaFemina consulted with PNNL Human Resources about his decision

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 279
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

during this time.  (LaFemina Dep. 68:25-69:12).

SDMF 141.

HR Manager Casey Pittman told Ms. Busselman she didn't know anything about Plaintiff's removal from her prior position. Ms. Busselman later learned that the transfer was into Cindy Doyle's organization.  Ms. Pittman  didn't sign the actual paperwork on Plaintiff's removal from her position until April 18th (one day after LaFemina announced Plaintiff was fired).  Plaintiff saw no e-mails that this communication existed and Casey Pittman was very clear she had no idea what was going on when Plaintiff talked to her on April 25, 2017. (Busselman Dec. at ¶54).

**141.  REPLY – OBJECTION –** *See* **RTS 52-64** at 3:50:4-59:19 (Fed. R. Evid. 602, 801, 802, 804 901, 1002, argumentative assertions, sham affidavit rule). Plaintiff's assertion regarding Ms. Pittman does not create a genuine dispute of fact because Plaintiff's asserted facts are not supported by competent evidence. *Carmen*, 237 F.3d at 1028.

**142.** PNNL's Deputy Director of Human Resources, Jim Blount, is unaware of any other PNNL manager who has requested to be relieved of job duties in a fashion that would constitute a material change to his or her job description and expectations.  (Blount Dec. at ¶¶ 2, 14).

SDMF 142. Objection, foundation.  FRE 602. Witness was not HR director at time of events (became HR Director July 2018, Blount Dec. ¶2), and unlike

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 280
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

the HR Manager in *Duggan* who investigated and found no similarly situated employees who had been disciplined three times, Mr. Blount didn't say he did an investigation—only that he is unaware of a similarly situated employee.  Id. Cindy Doyle is similarly situated to Ms. Busselman and she was unwilling to get along with Ms. Busselman and was not a whistleblower, and was not removed from her job.  Supervisor LaFemina testified:

1 And then I would either talk to her, talk to

2 her and talk to Cindy, find out, try to find out what

3 happened, and then try to reset her expectation that the

4 two of them work together productively.

5 Q. All right. And did you ever assign blame to

6 one or the other?

7 A. No.

8 Q. Okay. And in February or beginning of March

9 before this whole thing happened with the $530,000 root

10 cause analysis theft, or theft, and the root cause

11 analysis, did you have any criticisms of Ms. Busselman's

12 performance, other than, you know, this thing with Cindy?

13 A. No.

LaFemina Dep. at 54.

23 Q. You decided she [Ms. Busselman] needed to go?

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 281
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

24 A. I decided that based on her unwillingness to

25 form a productive relationship with Cindy Doyle, that she

1 could no longer function in that position.

2 Q. Right. And it's true, is it not, that you

3 made that decision, that decision that you've just

4 expressed, that was the one that was made while she was on

5 vacation?

6 A. Yes.

7 Q. All right. So, really you got rid of her

8 because she couldn't get along with Cindy Doyle?

9 A. I got rid of her because she was unwilling to

10 fulfill the responsibilities of her job.

11 Q. Got it. And the whole problem was that --

12 Well, wasn't the issue of changing the root cause analysis

13 in connection with the March draft of the $530,000 theft,

14 wasn't this also happening at the very same time?

15 A. Yes. In April-ish, yeah. So, similar time

16 frames. But that didn't enter into this decision-making

17 process at all.

18 Q. I got it.

Rose Dec., Exhibit 5. at 71-72.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 282
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**142.  REPLY – RESPONSE TO OBJECTIONS –** Mr. Blount's Declaration establishes his personal knowledge.  He has been in PNNL's Human Resources Department since 2009.  Fed. R. Evid. 602.  Plaintiff cannot create a genuine issue of fact by asserting arguments and legal conclusions that are not supported by the cited evidence.  *Orr*, 285 F.3d at 783 ("To defeat summary judgment, she 'must respond with more than mere hearsay and legal conclusions'").

**143.** Additionally, Dr. LaFemina discussed with PNNL's Mike Spradling a potential opportunity for Plaintiff in PNNL's "business capture" program. (LaFemina Dep. 69:13-15*)*

SDMF 143. Objection, hearsay FRE 802.  Plaintiff can't confirm this.  But Plaintiff can confirm that Spradling and Jarrett did not want to engage Ms. Busselman in conversations.  (Busselman Dec. at ¶94).

**143.  REPLY – OBJECTION –** *See* **RTS 152** at 111:4-10 (Fed. R. Evid 602).There is no genuine dispute of fact because Plaintiff admits she cannot controvert Battelle's factual assertion.  Further, Dr. LaFemina's testimony is not hearsay because it is being offered for the effect on the listener (*i.e.*, Dr. LaFemina):

> It was also during that time that I reached out and got a call from Mike Spradling about the business capture opportunity, ***and given the opportunity, okay, the best path forward was*** to move Aleta back down to a team lead, keep the issues management process and supplement that with the business capture opportunity, as well as we would figure out other opportunities moving forward, and continue the work we were doing

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 283
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

to get her opportunities outside of our organization, which is what she asked me to do.

ECF No. 85-35 at 38:13-22. *Tabbert v. Howmedica Osteonics Corp.*, No. 2:15-CV-00039-SMJ, 2017 WL 10316435, at *6 (E.D. Wash. Oct. 18, 2017) (Mendoza, J.) ("Often, an out-of-court-statement is relevant for the effect it had on someone who heard it").

**144.** Dr. LaFemina decided "the best path forward was to move [Plaintiff] back down to a team lead [while] keep[ing] the [I]ssues [M]anagement process," which would be supplemented by the business capture opportunity and additional opportunities going forward.  (LaFemina Dep. 69:13-22).

SDMF 144. Objection, FRE 701, 802.

In an April 10th Email between Cooke and Conger, Cooke writes "I got a cease & desist from Aleta before spring break. She was pretty PO'd. She wants to go forward with John L[aFemina] to find solution. I chatted with John [LaFemina] early last week and agreed to let him mediate." Conger replied, "FYI. I'll chat with John [LaFemina] about achieving closure. I had already had a brief discussion with him and he gets it."  The fact that LaFemina "gets it" shows his retaliatory intent. See Rose Dec., Exhibit 62.

**144.  REPLY –RESPONSE TO OBJECTIONS:**  Dr. LaFemina's personnel decision considerations as a manager are not an impermissible lay opinion and

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 284
  Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

are based on personal knowledge.  Fed. R. Evid. 602, 701.  **Moreover, this statement does not contain hearsay – OBJECTION – *See* RTS 1** at 3:12-7:11 (Fed. R. Evid. 801, 802, 805, 901).  Plaintiff cannot create a genuine issue of fact by asserting legal conclusions.  *Orr*, 285 F.3d at 783.  Rose Exhibit 62, ECF no. 137-21, has not been authenticated and is inadmissible hearsay within hearsay.  Moreover, Plaintiff has "relied upon [the] misinterpretation[] of written materials." *Davis*, 2008 WL 202708, at *1 as discussed in Battelle's Reply Paragraph 140.

**145.** Dr. LaFemina did not report to Mr. Conger; he reported to PNNL's Laboratory Director, Steven Ashby.  (LaFemina Dep. 12:6-14).  Mr. Conger did not participate in Dr. LaFemina's decision to move Plaintiff back to a team lead role.  (Conger Dep. 60:8-22).

SDMF 145.

In an April 10th Email between Cooke and Conger, Cooke writes "I got a cease & desist from Aleta before spring break. She was pretty PO'd. She wants to go forward with John L[aFemina] to find solution. I chatted with John [LaFemina] early last week and agreed to let him mediate." Conger replied, "FYI. I'll chat with John [LaFemina] about achieving closure. I had already had a brief discussion with him and he gets it." The fact that LaFemina "gets it" shows his retaliatory intent. See Rose Dec., Exhibit 62.

**145.  REPLY – OBJECTION – *See* RTS 1** at 3:12-7:11 (Fed. R. Evid. 801,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 285
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

802, 805, 901).  Plaintiff cannot create a genuine issue of fact by asserting legal conclusions.  *Orr*, 285 F.3d at 783Rose Exhibit 62, ECF no. 137-21, has not been authenticated and is inadmissible hearsay within hearsay.  Moreover, Plaintiff has "relied upon [the] misinterpretation[] of written materials" as discussed in Battelle's Reply Paragraph 140.  *Davis*, 2008 WL 202708, at *1.

## F.    Plaintiff Returns from Vacation.

**146.** Dr. LaFemina and Plaintiff had a meeting upon her April 10, 2017 return from vacation.  (LaFemina Dep. 66:22-67:1); (Busselman Dep. 175:16-18).

SDMF 146. Not true - (Busselman Dec. at ¶¶50-54).

**146.  REPLY – OBJECTION –** *See* **RTS 52-64** at 50:4-59:19 (Fed. R. Evid. 602, 801, 802, 901, 1002, argumentative assertions, sham affidavit rule). Plaintiff's assertion that Battelle's fact is "not true" does not create a disputed issue of material fact.  *See Ogden*, 2016 WL 1274543, at *2.  Moreover, Plaintiff's Declaration states she met with Dr. LaFemina "[o]n Tuesday April 11, 2017 (the day following my return from vacation)."  ECF No, 134 at 28:2-3, 19-22.  Plaintiff has not demonstrated an issue of fact that "require[es] a jury . . . to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 286
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**147.** Dr. LaFemina informed Plaintiff he was reorganizing the LPPM and that her group and Ms. Doyle's group would be collapsed into a single organization that would report to Ms. Doyle.  As a result, Plaintiff would also report to Ms. Doyle as her manager, as she had done previously. (Simpson Dec. at ¶ 26, Ex. Y); (Busselman Dep. 324:15-325:11; 327:24-328:7).

No objection.

**147.  REPLY – This fact is undisputed.**

**148.** Plaintiff admits Dr. LaFemina proposed she could remain as the lead of the Issues Management program as well as PNNL's Enforcement Coordinator for the DOE Office of Enforcement.  (Busselman Dep. 243:3-11; 324:18-325:11).

SDMF 148.

LaFemina said,

```
 9      Q.   His response, the first paragraph was:
10    Aleta, you are not, nor have you ever been a
11    disappointment to me.  I simply believe that there is a
12    significant mismatch between your talents and skills
13    and what is needed to be successful in this position.
14           That's what he told you?
15      A.   Yeah, he wanted a dishonest person without
16     integrity to run his assessment and issue management
17     team.
```
Rose Dec., Ex. 58 (Busselman Dep. at 242:22-244:17) (Busselman Dec. at ¶52).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 287
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**148.  REPLY – OBJECTION –** *See* **RTS 55-57** at 52:6-55:7 (Fed. R. Evid. 602, sham affidavit rule).  Plaintiff's assertion does not controvert Battelle's asserted fact, which is based on Plaintiff's deposition admission.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1 ("A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did not exist").  It is unclear whether Plaintiff even contends that it does dispute that fact.  In any event, Plaintiff's apparent assertion that Dr. LaFemina actually told her "he wanted a dishonest person without integrity" to run the AIM Team does not accurately reflect Plaintiff's deposition testimony.  Those were the words Plaintiff used to describe the late Ms. Doyle:

> Q.  But that was one of -- that was the option at that point that you were talking about, that you would remain on the AIM team as that, but you would report to Cindy?
>
> A.  Correct, after I told him she would retaliate against me.
>
> Q.  And your response, you actually bring up: Well, reporting to you or Cindy, correct?
>
> A.  Yep.
>
> []  Q.  His response, the first paragraph was: Aleta, you are not, nor have you ever been a disappointment to me.  I simply believe that there is a significant mismatch between your talents and skills and what is needed to be successful in this position. That's what he told you?
>
> A.  Yeah, he wanted a dishonest person without integrity to run his assessment and issue management team.

ECF No. 137:17 at 243:3-244:1.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 288
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

**149.** Plaintiff rejected Dr. LaFemina's proposal because she refused to report to Ms. Doyle and then walked out of the meeting. (Busselman Dep. 243:3-11; 324:5-11; 325:12-18; 327:18-328:7)

SDMF 149. Ms. Busselman looked at him and said I'm shocked, that I needed to think about things and that I was leaving." She really didn't say anything. She was literally in shock. She did decline to work under Cindy in a later message. (Busselman Dec. at ¶94).

**149. REPLY –OBJECTION –** *See* **RTS 94** at 111:11-112:2 (Fed. R. Evid. 602). Plaintiff's assertion does not create a genuine dispute of fact because it does not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1 ("A fact may be considered disputed if the evidence is such that the fact-finder could find that the fact either existed or did not exist"). Moreover, "[a] party cannot create a genuine issue of fact by simply contradicting his or her own previous sworn statement." *Davis*, 2008 WL 202708, at *13 (citing *Cleveland*, 526 U.S. at 806).

**150.** Plaintiff testified she refused to report to Ms. Doyle because "we didn't get along, and [Dr. LaFemina] knew on various occasions that we were in the room together or we discussed Cindy Doyle and her hostile environment that she created in her group . . . ." (Busselman Dep. 329:1-23).

SDMF 150. The assignment was retaliation. (Busselman Dec. at ¶¶50-54).

**150. REPLY – OBJECTION –** *See* **RTS 52-64** at 50:4-59:19 (Fed. R. Evid.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 289
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

602, 801, 802, 901, 1002, argumentative assertions, sham affidavit rule).

Plaintiff cannot create a genuine issue of fact by asserting legal conclusions.

*Orr*, 285 F.3d at 783 ("To defeat summary judgment, she 'must respond with

more than mere hearsay and legal conclusions'").

**151.** On April 11, 2017, Dr. LaFemina followed up with Plaintiff by email:

> Attached for your consideration is a draft note I would send
> to the AIM team after your conversation with them (should
> you choose to do that). It makes some assumptions about
> your continued leadership in key areas; I hope you will
> consider them.

(Simpson Dec. at ¶ 27, Ex. Z at 3); (Busselman Dep. 242:16-242:21).

SDMF 151. at 3:01pm, which was less than 1.5 hours after Ms. Busselman

told him she need to think about things and that she was in shock. He sends this

e-mail to Ms. Busselman. He was in a hurry to get rid of Ms. Busselman and

didn't allow Ms. Busselman any time to think.   (Busselman Dec. at ¶94).

**151.  REPLY –OBJECTION – *See* RTS 94** at 111:11-112:2 (Fed. R. Evid.

602).  Plaintiff's assertions do not create a genuine dispute of fact because they

do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL

4282754, at *1.

**152.** The attached note stated, among other things, that

> Aleta Busselman will continue as the Issues Management lead and
> PNNL Coordinator for the Office of Enforcement.  Aleta will also
> be taking on a business capture and proposal development role with

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 290
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

the team working on EMSL Triennial Review.

2

(Simpson Dec. at ¶ 26, Ex. Y).

3

SDMF 152.

4

At 3:01 pm that same day, after being told of her reassignment and after she had

5

requested time to process the changes that he demanded that Ms. Busselman

6

take immediately, she received an e-mail from Mr. LaFemina pressuring her to

7

agree to an April 24th resignation letter from the AIM Division Director duties

8

and take the new opportunity (Mr. LaFemina later unilaterally changed the

9

resignation date to April 17, 2017). Ms. Taylor, National Security Directorate

10

Chief Operations Officer and the mentor that Mr. LaFemina set her up with in

11

December 2016, never reached out to her during this timeframe and only until

12

she reached out to her on April 12, 2017 did they discuss that Ms. Busselman

13

was being retaliated against and the specifics of the removal from her job duties.

14

At this time, she told Ms. Busselman she felt Ms. Busselman should not go

15

demand her job back from Mr. LaFemina, and instead take the new assignment.

16

In these conversations, Tammy never mentioned that she had already consulted

with Mr. LaFemina the night before Ms. Busselman's arrival to this meeting.

17

(Busselman Dec. at ¶53).

18

**152.  REPLY –OBJECTION – *See* RTS 58-59** at 55:7-57:2 (Fed. R. Evid.

19

602, 801, 802 ).  Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

20

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 291
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

2008 WL 4282754, at *1.

**153.** On April 12, 2017, Plaintiff responded, among other things,

> Will I be reporting to you or Cindy? I am not comfortable with her being her manager? It has been a very unpleasant experience this last year and I have no confidence that I will not be retaliated against.

(Simpson Dec. at ¶ 27, Ex. Z at 3).

No objection.

**153. REPLY – This fact is undisputed.**

**154.** *That same day, Dr. LaFemina replied that*

> I simply believe there is a significant mismatch between your talents and skills and what is needed to be successful in this position. My intent in making this change is to try and get you into a position that better suits both your skills and your desired career path. [] From your comments below, I assume you are not interested in continuing to be the Issues Management program lead or Enforcement Coordinator since you would be reporting to Cindy in those roles. So, if you want to take the EMSL business capture opportunity, we can do that. In that role you will report to me. Your salary will be unaffected.

(Simpson Dec. at ¶ 27, Ex. Z at 3).

SDMF 154.

This job opportunity did not exist. . (*See* Busselman Dec. at ¶¶54, 56-57, 59, 60-61). See SDMF 156.

**154. REPLY –OBJECTION –** *See* **RTS 60-64, 71-75, 81-90** at 57:3-59:19, 63:1-67:15, 71:9-76:2. (Fed. R. Evid. 602, 801, 802, 901, 1002, sham affidavit rule). Plaintiff's assertions do not create a genuine dispute of fact because they

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 292
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1. Moreover, Plaintiff has not demonstrated a genuine dispute of material fact because Plaintiff offers no competent evidence to support this conclusory assertion, as addressed in detail in Battelle's cited Requests to Strike. *Carmen*, 237 F.3d at 1028.

**155.** On April 13, 2017, Plaintiff responded, in relevant part, "I am comfortable with the proposal listed below and ready to proceed as described below."

Plaintiff added

> I am glad to hear that I didn't piss someone off to get to this point and that although the timing and delivery of this feedback and excellent opportunity was way ahead of schedule ***in regards to my exit plan*** I do appreciate the 'open door' that I did not have before and ***I feel it in my heart that I will be much happier growing the Lab versus picking up the pieces after others (either made by bad choices or just unfortunate unplanned events)***.

(Simpson Dec. at ¶ 27, Ex. Z at 3) (emphasis added); (Busselman Dep. 246:25-247:20).

SDMF 155.

> 21        Q.   And that statement there that you feel in
> 22   your heart that you will be much happier growing the
> 23   lab versus picking up the pieces, this is a theme we've
> 24   seen before, that you feel your skill set is better
> 25   looking forward as opposed to doing the causal analysis
>
> 1   where you're picking up pieces; that is not the first
> 2   time that we've seen this from you, correct, Ms.
> 3   Busselman?

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 293
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

> 4      A.   So you have to remember at this time that
> 5   I'm broken.  So I am just trying to survive.  I am the
> 6   breadwinner of her family.  I need a job.  So I need to
> 7   figure out how I'm going to keep a job.
> 8          And so, you know, I was questioning herself,
> 9   you know.  And so at that point I'm, like, well, I
> 10   trust John, maybe.  Hopefully, there really is this job
> 11   that they say exists, and I was banking on trusting
> 12   him.

Rose Dec., Ex. 58 (Busselman Dep. at 247:21-248:12).

**155.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.

**156.** Plaintiff subsequently expressed her decision to find other opportunities elsewhere at PNNL instead of accepting Dr. LaFemina's proposal. (LaFemina Dep. 77:15-25).

SDMF 156. There was nothing to accept.  The job did not exist.  He cancelled Plaintiff's qualification meeting for CA qualification.  He never confirmed that there was a new opportunity and she found out on 5/1 that there wasn't an opportunity.   She had no Charge code to charge to.  He shoved her in a windowless office - told her to suck it up and work in there.  He put her under Cindy's group on 5/1.  Plaintiff tried to get work over and over again - John and Tammy both claimed they were helping but based on their actions (lack of action) they didn't care.  And then Cindy Doyle's administrative assistant told

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 294
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Plaintiff that "she was sorry for what they were doing to [her]" and this was when Plaintiff knew she was being retaliated against. On May 8, 2017, she went to see Ted Pietrok at DOE PNSO and asked for his help because she was being retaliated against and he directed her to Moses Madera at DOE Employee Concerns. (*See* Busselman Dec. at ¶¶54, 56-57, 59, 60-61).

On May 1, 2017, she was notified that the "special assignment" was not a legitimate opportunity (which was later confirmed by Ms. Taylor in an email communication to Mr. LaFemina on June 9th). Also on May 1, 2017, she was formally reorganized under Ms. Doyle and she had full access to her past performance reviews that discussed our hostile relationship and she deleted her approved FY17 goals. On May 1, 2017, Marty Conger and Iris Anderson discuss how they are going to tell PNSO about the report and how they will ask for allowability of the lost funds that they paid to a fraudulent subcontractor. (Busselman Dec. at ¶59).

In the following weeks, Mr. LaFemina repeatedly stated to Plaintiff that she will need to find work by October 1, 2017. She understood that Mr. LaFemina was communicating to her that failure to find work by October 1st will lead to her termination. (Busselman Dec. at ¶¶ 56, 60-61).

For months, she was not able to find a special opportunity to fill. Since her departure, Mr. LaFemina was very clear that Ms. Busselman would need to find work by October 1, 2017 and with all of the publicity of possibly laying off

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 295
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

thousands of people at the end of the fiscal year via the Battelle/PNNL Laboratory Director, Plaintiff saw the writing on the wall. She was looking for meaningful work at the Laboratory, but had been met with constant barriers and rejections due to her high charge out rate and the tense environment at the Laboratory.  Ms. Busselman had been humiliated over and over again on a daily basis as her 30-year network of professional relationships at the Laboratory asked her "What happened with your Division Director role?" and "Why are you looking for work?"  Ms. Busselman  was encouraged by Ms. Taylor to downgrade her Manager role to a specialist role in order to lower her cost and thus making her more attractive to others to employ Ms. Busselman on their project.  (Busselman Dec. at ¶ 61).

**156.  REPLY –OBJECTION – *See* RTS 60-64, 71-75, 81-90** at 57:3-59:19, 63:1-67:15, 71:9-76:2.  (Fed. R. Evid. 602, 801, 802, 901, 1002, sham affidavit rule).  Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Moreover, Plaintiff has not demonstrated a genuine dispute of material fact because Plaintiff offers no competent evidence to support this conclusory assertion, as addressed in detail in Battelle's cited Requests to Strike.  *Carmen*, 237 F.3d at 1028.

**157.** Plaintiff admits Dr. LaFemina did not reassign Plaintiff to a different office

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 296
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

space but, instead, she refused to stay in her current office because she did not want to work around LPPM employees. (Busselman Dep. 303:22-304:11)

SDMF 157. John LaFemina told Ms. Busselman she needed to work in the office that was assigned. He knew Plaintiff wasn't staying in the other office - because he made her lie to her team - he made her rehearse it and then Plaintiff sent an e-mail that told him she had moved out of her old office over the weekend. Rose Dec., Exhibit 64. (Busselman Dec. at ¶57, 59).

**157. REPLY –OBJECTION –** *See* **RTS 1, 60-64, 71-75, 81-90** at 3:12-7:11, 57:3-59:19, 63:1-67:15, 71:9-76:2. (Fed. R. Evid. 602, 801, 802, 901, 1002, sham affidavit rule) Plaintiff cannot create a genuine issue of fact by purporting to contradict her own deposition testimony. *Yeager*, 693 F.3d at 1080. Moreover, Plaintiff has not demonstrated a genuine dispute of material fact because Plaintiff offers no competent evidence to support these conclusory assertions, as addressed in detail in Battelle's cited Requests to Strike. *Carmen*, 237 F.3d at 1028. Rose Exhibit 64 has not been authenticated and is hearsay.

### G.    The AIM Team Approves the Final Draft of the Fowler Fraud Report.

**158.** Dr. LaFemina became involved in the revision of the Fowler Fraud root cause language on April 10, 2017, at Plaintiff's request. (LaFemina Dep. 72:11-21). Dr. LaFemina has previously drafted cause analysis reports but

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 297
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   is not currently a qualified cause analyst because his qualification lapsed.

2   (LaFemina Dep. at 12:23-13:15; 16:9-19).

3   SDMF 158.

4     LaFemina is not qualified to do root cause analysis.  Rose Dec., Ex. 5

5   (LaFemina Dep. at 12:23-25). Nor was his boss, Lab Director Ashby; nor was

6   Mary Conger. Rose Dec., Ex. 5 (LaFemina Dep. at 20:19-21:11).  Ms.

7   Busselman believed that Mr. LaFemina would come to their rescue and stop

8   Battelle/PNNL management from changing the root cause.  She emailed Kathy

9   Pryor telling her about Mr. LaFemina's response and told management to cease

10  and desist trying to influence Ms. Pryor and others.

    Rose Dec., Exhibit 13.

11  **158.  REPLY –**Plaintiff's assertions do not create a genuine dispute of fact

12  because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

13  2008 WL 4282754, at *1.  Plaintiff has not cited to any evidence supporting

14  these assertions.

15  **159.** Dr. LaFemina's involvement with the drafting process was pursuant to the

16      normal practice within the group to escalate disputes over cause analysis

17      reports to the next level of management who would attempt to help the

18      cause analysis team and issue owner reach consensus.  (LaFemina Dep.

19      72:21-24); (Pryor Dep. 90:2-5).

20  DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 298
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

SDMF 159. Objection.  Misleading (Pryor citation does not support statement).  Kathy Pryor testified that in this case, in changing the March root cause statement, they deviated from the normal process.  Pryor Dep. 99:7-22.  Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.  Pryor Dep. at 106:19-107:15.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 299
 Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.5 0021368-000014

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with

the process of going back and forth, and that this was out of the ordinary in her

experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is <u>suggesting that you should</u>
·4· ·<u>write a root cause that you don't have the facts to back up</u>
·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement

happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

No.  Ms. Busselman would never expect an unqualified individual to do any

writing on a report.  He was there to help them get Marty to verify facts and

support the team to keep integrity in the process - like he claimed he was doing

before she went on vacation. (Busselman Dec. at ¶94).

**159.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 300
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**160.** Ms. Pryor testified she had a meeting with Dr. LaFemina on April 10, 2017, during which Dr. LaFemina told her he had read the draft Report, thought her team picked incorrect DOE cause codes, and requested that her team consider rewriting the draft root cause statement. Ms. Pryor told Dr. LaFemina that "we weren't going to do it" but "[t]hat he could take a shot at it . . . ." (Pryor Dep. 93:1-23).

SDMF 160. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job. Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her. Pryor Dep. at 86:24-87:16. She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated. Pryor Dep. at 87:22-88:25. Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes. Pryor Dep. at 93:8-23. Ms. Pryor understood from Ms. Busselman that LaFemina would

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 301
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

meet with her to go through the facts, but instead, when he met with her, he only

challenged her cause codes.  Pryor Dep. at 93:8-23.

Without Ms. Busselman there to protect her, she changed the root cause (saying

she could look herself in the mirror after the change)(Pryor Dep. at 102:21-

103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she

would be removed from her job; she retired as soon as she could after this

incident, but would have stayed longer had this not happened.  Exhibit 3 at

106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with

the process of going back and forth, and that this was out of the ordinary in her

experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Id. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement

happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John LaFemina,
> ·5· ·where was Aleta?
> ·6· · · · A.· · She had already been removed from her job.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 302
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Id. at 106:3-6.

**160.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**161.** On the morning of April 12, 2017, Dr. LaFemina emailed Plaintiff and Ms. Pryor, "Sorry this is later than promised.  Attached is a revised root cause statement.  Please share with the team and let me know what you think." (Simpson Dec. at ¶ 28, Ex. AA at BMI_CONGER000027).

Plaintiff does not dispute this statement.

**161.  REPLY – This fact is undisputed.**

**162.** M*s.* Pryor replied, "We are discussing and have some proposed changes to it.  Will share with you when we come to consensus.  Thanks!"  (Simpson Dec. at ¶ 28, Ex. AA at BMI_CONGER000027); (Pryor Dep. 92:13-22; 94:6-13).

SDMF 162. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 303
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes. Rose Dec., Exhibit 3. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change) (Id. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.  Id. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is suggesting that you should
·4· ·write a root cause that you don't have the facts to back up
·5· ·is very unusual.· And I believe I communicated that to him.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 304
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·6·· Verbally.

Id. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement

happened after his removal of Ms. Busselman from her position:

> ·3···· Q.·· The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John LaFemina,
> ·5· ·where was Aleta?
> ·6···· A.·· She had already been removed from her job.

Id. at 106:3-6.

**162.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further,

Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL

1274543, at *2.

**163.** That afternoon, Ms. Pryor responded to Dr. LaFemina, copying Plaintiff,

> Okay, we've discussed as a team.  Here is what you propose:
>
> **Root Cause**: BSD Management made a risk decision to focus on internal fraud risks.  This decision was reinforced by DOE's annual risk statements which also focused predominantly on internal fraud risks, and our more than 50 years of operating experience with no instances of external fraud.  Consequently, the controls for the identification, detection and response to potential fraudulent activities by external criminal

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 305
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

entities in the Vendor Management Process were less than adequate.

Ms. Pryor then explains her critique of that draft root cause statement before adding:

> So here's our proposed rewrite of your proposed rewrite:
>
> **Root Cause**: BSD Management *made a risk decision to focus on* internal fraud risks in response to DOE's statements in the Accounts Payable area (which did not specifically address external fraud risks), based on the majority of previous experience involving internal fraud. Consequently, the controls for the identification, detection and response to *potential fraud* activities by external criminal entities in the Vendor Management Process were less than adequate.

(Simpson Dec. at ¶ 28, Ex. AA at BMI_CONGER000026) (emphasis added); (Pryor Dep. 92:13-96:16).

SDMF 163. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job. Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her. Pryor Dep. at 86:24-87:16. She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated. Pryor Dep. at 87:22-88:25. Ms. Pryor understood from Ms.

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 306
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.  Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is <u>suggesting that you should</u>
·4· ·<u>write a root cause that you don't have the facts to back up</u>
·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 307
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    Pryor Dep. at 106:3-6.

2    **163.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact

3    because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

4    2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

5    deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further,

6    Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL

7    1274543, at *2.

8    **164.** Ms. Pryor testified as to her team's revised language, "It's basically the

9    second sentence is the one that counts.  And so we could stand behind it.

10    And we didn't feel like we were making any . . .  statements in there that

11    couldn't be backed up by facts."  (Pryor Dep. 96:21-97:3).

12    SDMF 164. Kathy Pryor was upset and sickened by the bullying she

13    experienced while Ms. Busselman was on vacation and then after Mr.

14    Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke

15    was negotiating with Conger behind her back on changing the language of the

16    March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and

17    manipulated at being pressured to change the root cause analysis, and then

18    thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-

19    87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure

20    integrity in the process, but she was disappointed when he did not meet with her

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 308
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms.

Busselman that LaFemina would meet with her to go through the facts, but

instead, when he met with her, he only challenged her cause codes.  Pryor Dep.

at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root

cause (saying she could look herself in the mirror after the change)(Pryor Dep.

at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she

would be removed from her job; she retired as soon as she could after this

incident, but would have stayed longer had this not happened.  Pryor Dep. at .

Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with

the process of going back and forth, and that this was out of the ordinary in her

experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement

happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John LaFemina,
> ·5· ·where was Aleta?

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 309
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**164.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**165.** On April 13, 2017, Dr. LaFemina responded

> I have closed with Marty on the following language. Please let me know if you have any issues or concerns. If not, please use this draft language and send me a revised report[:]
>
> **Root Cause**: BSD Management *had a primary focus on controls over* internal fraud risks in response to DOE's *annual risk* statements in the Accounts Payable area (which did not specifically address external fraud risks), *and* based on the majority of previous experience involving internal fraud. Consequently, the controls for the identification, detection and response to *evolving fraudulent* activities by external criminal entities in the Vendor Management Process were less than adequate.

(Simpson Dec. at ¶ 28, Ex. AA at BMI_CONGER000025) (emphasis added); (Pryor Dep. 97:4-98:8).

SDMF 165. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 310
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.  Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is suggesting that you should
> ·4· ·write a root cause that you don't have the facts to back up

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 311
 Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·5· ·is very unusual.· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**165.  REPLY** – Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**166.** On April 14, 2017, Ms. Pryor replied to Dr. LaFemina "The team agreed with the negotiated root cause statement. [] So what now?  The team has limited enthusiasm for further revisions."  (Simpson Dec. at ¶ 28, Ex. AA at BMI_CONGER000024); (Pryor Dep. 99:5-22).

SDMF 166. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 312
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.  Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is suggesting that you should
> ·4· ·write a root cause that you don't have the facts to back up

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 313
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·5· ·is very unusual.· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement

happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**166.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further,

Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL

1274543, at *2.

**167.** Ms. Pryor testified that, with regard Dr. LaFemina's proposed revised root

cause statement, "the primary focus was slightly different.  But it was still

something that we talked about and could all agree on."  (Pryor Dep.

98:12-24; 102:1-16).

SDMF 167. Kathy Pryor was upset and sickened by the bullying she

experienced while Ms. Busselman was on vacation and then after Mr.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 314
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is <u>suggesting that you should</u>
·4· ·<u>write a root cause that you don't have the facts to back up</u>

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 315
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·5· ·is very unusual.· And I believe I communicated that to him.
·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement

happened after his removal of Ms. Busselman from her position:

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**167.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact

because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*,

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further,

Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL

1274543, at *2.

**168.** Plaintiff admits the change "from primary focus" to "focus controls"

"probably isn't in itself, by itself isn't a big deal" and would not affect the

resultant corrective action plan.  (Busselman Dep. 182:2-21).

SDMF 168. But the fact that there is no independence or integrity in the

process defeats the purpose of doing root cause analysis. (Busselman Dec. at

¶94).

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 316
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**168. REPLY – OBJECTION –** *See* **RTS 155** at 112:11-17 (argumentative assertion, Fed. R. Evid. 602, 701). Plaintiff cannot create a genuine issue of fact by purporting to contradict her own deposition testimony. *Yeager*, 693 F.3d at 1080.

**169.** Ms. Pryor also testified she would not have signed the Report if she disagreed with the final root cause statement. (Pryor Dep. 101:7-9; 105:2-21).

SDMF 169. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job. Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause. Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her. Pryor Dep. at 86:24-87:16. She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated. Pryor Dep. at 87:22-88:25. Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes. Pryor Dep. at 93:8-23. Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 317
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would have been removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

```
·2· · · · A.· · So going back and forth that many times,
·3· ·particularly when somebody is suggesting that you should
·4· ·write a root cause that you don't have the facts to back up
·5· ·is very unusual.· And I believe I communicated that to him.
·6· ·Verbally.
```

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

```
·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.
```

Pryor Dep. at 106:3-6.

**169.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 318
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**170.** Dr. LaFemina's final proposed root cause statement, which Ms. Pryor accepted, was used in the final Report that Ms. Pryor, Stephanie Anderson, and Mr. Mendoza all signed between April 24, 2017, and April 26, 2017. (Simpson Dec. at ¶ 29, Ex. BB at BMI_041321, 42); (Pryor Dep. 100:23-101:6).

SDMF 170. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 319
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.·</u> And I believe I communicated that to him.
> ·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

> ·3· · · · Q.· · The first is, during all the time that this is
> ·4· ·happening where you're dealing directly were John LaFemina,
> ·5· ·where was Aleta?
> ·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**170.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 320
 Case No. 4:18-cv-05109-SMJ

4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

**171.** Like the earlier drafts from March 2017, the final Report identified the root cause as BSD Management not having appropriate controls to prevent external criminal fraud.  (LaFemina Dep. 24:12-16).

SDMF 171. This was not like earlier drafts.  See SDMF 172.

**171.  REPLY –** Plaintiff's argumentative assertions cannot create a genuine issue of fact.  *See Ogden*, 2016 WL 1274543, at *2."

**172.** Ms. Pryor testified she signed the final Report because that remained the root cause, and, in her opinion, the other language was merely "flowery context."  (Pryor Dep. 102:21-103:2).

SDMF 172. Kathy Pryor was upset and sickened by the bullying she experienced while Ms. Busselman was on vacation and then after Mr. Busselman was removed from her job.  Ms. Pryor was upset that Steve Cooke was negotiating with Conger behind her back on changing the language of the March draft of the root cause.  Pryor Dep. at 75:7-22. She felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 321
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only challenged her cause codes.  Pryor Dep. at 93:8-23.   Without Ms. Busselman there to protect her, she changed the root cause (saying she could look herself in the mirror after the change)(Pryor Dep. at 102:21-103:2).

Ms. Pryor was afraid that if she did not sign off on the changed language, she would be removed from her job; she retired as soon as she could after this incident, but would have stayed longer had this not happened.   .Pryor Dep. at 106:19-107:15.

This was not a routine process. Ms. Pryor told Mr. Cooke she was unhappy with the process of going back and forth, and that this was out of the ordinary in her experience, and she said:

> ·2· · · · A.· · So going back and forth that many times,
> ·3· ·particularly when somebody is <u>suggesting that you should</u>
> ·4· ·<u>write a root cause that you don't have the facts to back up</u>
> ·5· ·<u>is very unusual.</u>· And I believe I communicated that to him.
> ·6· ·Verbally.

Pryor Dep. at 85:2-6.

LaFemina's involvement in negotiating the language of the root cause statement happened after his removal of Ms. Busselman from her position:

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 322
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

·3· · · · Q.· · The first is, during all the time that this is
·4· ·happening where you're dealing directly were John LaFemina,
·5· ·where was Aleta?
·6· · · · A.· · She had already been removed from her job.

Pryor Dep. at 106:3-6.

**172.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact. *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence. *See Ogden*, 2016 WL 1274543, at *2.

**173.** As Plaintiff admits, the final DOE cause code assigned to the root cause statement also remained unchanged from earlier drafts.  (Simpson Dec. at ¶ 29, Ex. BB at BMI_041321); (Busselman Dep. 183:20-184:1).

SDMF 173. Kathy Pryor felt physically ill and manipulated at being pressured to change the root cause analysis, and then thankful that Ms. Busselman was working to protect her.  Pryor Dep. at 86:24-87:16.  She understood that Mr. LaFemina was coming to the rescue to ensure integrity in the process, but she was disappointed when he did not meet with her as stated.  Pryor Dep. at 87:22-88:25.  Ms. Pryor understood from Ms. Busselman that LaFemina would meet with her to go through the facts, but instead, when he met with her, he only

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 323
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

challenged her cause codes.  Pryor Dep. at 93:8-23.

15· · · · · · · And instead he said that he had read the report.
16· ·And he didn't think we picked the right cause codes and he
17· ·whipped out a little cause code table and said, I think
18· ·it's this and this.· And I think you should essentially
19· ·rewrite the root cause statement to reflect those causes.
20· · · · · · · And I told him we weren't going to do it.· That
21· ·he could take a shot at it, but we were done writing root
22· ·causes because frankly, I was ready to -- not to sign the
23· ·report, I was ready to throw it out.

Id.

**173.  REPLY –** Plaintiff's assertions do not create a genuine dispute of fact because they do not controvert Battelle's asserted fact.  *Pritchett Farms, Inc.*, 2008 WL 4282754, at *1.  Plaintiff significantly misinterprets Ms. Pryor's deposition testimony, as addressed in Battelle's Reply Paragraph 64.  Further, Plaintiff's argumentative assertions are not evidence.  *See Ogden*, 2016 WL 1274543, at *2.

SDMF 174

On or about May 10, 2017, Plaintiff filed a DOE employee concerns complaint on this subject matter, in addition to another Information Technology cyber breach concern that was raised to her attention earlier in the year by several concerned Battelle/PNNL staff.

On or about May 12, 2017, Ms. Busselman notified Mr. LaFemina that she did not agree with his decision to remove me and that she filed an employee

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 324
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

concern with DOE.  Rather than fix this, his response was to send her an email in an effort to rewrite the facts to state that this was her decision to leave the organization.

On May 31, 2017 and again on June 5, 2017, Plaintiff reached out to the Battelle/PNNL Employee Concerns Specialist (Marnae Litke Collins) to tell her that she was being retaliated against and that she needed her protection.  She informed Ms. Busselman that Mike Schlender (Deputy Director of Operations) was probably already aware of her situation and that Marty Conger has a reputation for bad behavior at the Laboratory. On June 9, 2017, Mr. LaFemina and Ms. Taylor discussed further demotion of Plaintiff's position, that there was no job opportunity all along and that Mr. Spradling was not engaging her on purpose.

On June 12, 2017, Plaintiff wrote a detailed email to the Battelle/PNNL Lab Director Steven Ashby and copied Mike Schlender, John LaFemina, Cheri Wideman, and Marnae Litke Collins to notify Battelle/PNNL management that she had been retaliated against for opposing the improper efforts to change the root cause on the fraud case, and gave management until June 16, 2017, to reinstate her to her position, to ensure that in the future, she and her team would not be pressured to make changes to the root causes of any investigation, and that the root cause given on the April 2017 Cause Analysis Report (approved on 5/1/17), would be changed to reflect the root cause as written in the Team's

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 325
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

2

March 2017 Cause Analysis Report (prior to the 4/13/17 draft report).  When Battelle/PNNL management did not respond to the request, this action was filed.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

**174.  REPLY (REQUEST TO STRIKE 164) –** Battelle respectfully requests that the Court strike Plaintiff's "SDMF 174."  ***First***, this section constitutes argumentative briefing in excess of 25 pages.  ***Second***, LCR 56(c)(1)(B) requires that a statement of disputed material fact "be set forth in serial fashion, not in narrative form, and shall reference the moving party's asserted, numbered fact."  ***Third***, that Rule also requires that the opposing party provide citations to supporting evidence in the record.  Plaintiff has not cited to any supporting evidence for this section.  "If an attorney representing a party resisting summary judgment has not sufficiently cited in the response brief the critical evidence demonstrating a need for trial, the attorney cannot otherwise accomplish the task by merely heaping reams of paper upon the Court."  *Richards*, 2008 WL 2570668, at *1; *Carmen,* 237 F.3d at 1031 ("Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant").

18

19

SDMF 175

***CINDY DOYLE***

20

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 326
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Ms. Busselman would like to first address her relationship, or lack thereof, with Ms. Doyle *prior* to her March 31, 2017 whistleblower disclosure. In 2014, Ms. Doyle was her Direct Line Manager. Ms. Doyle's manager, Bryan Mohler, was removed from his position and replaced by Mr. LaFemina in 2015.  Mr. LaFemina decided to split the duties of the organization and promote Plaintiff to the position of Assessment and Issues Management Division Director.

This reorganization made Ms. Busselman a peer manager to Ms. Doyle who was extremely vocal about her belief that Mr. LaFemina had made a poor decision in terms of the reorganization (to the point that she herself applied for a different position in a different directorate at the Laboratory and created post-it notes and distributed to both her new team and hers -  that said "welcome to crazy town". Ms. Busselman believes Ms. Doyle was jealous of her advancement and possibly felt threatened that her former subordinate was now her peer. Ms. Doyle began to lash out at both Plaintiff and her team by finding every opportunity she could to criticize the work the team was doing - unprofessional behavior given that Ms. Doyle was no longer Ms. Busselman's manager or responsible for the work that the team was conducting.

This constant hostility that Ms. Doyle created culminated in an incredibly stressful work environment for Plaintiff as she learned the ropes of her Assessment and her Issues Management Division Director position. Ms. Busselman confided in Mr. LaFemina on several occasions (in face-to-face

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 327
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

meetings and through e-mail communications) about Cindy's unprofessional behavior towards her; however, he did little to support Ms. Busselman in this regard despite agreeing it was a problem and vaguely suggesting that he was "willing to help in any way necessary" to see that Cindy and she developed a more positive working relationship. The hostility emanated by Cindy Doyle certainly had an effect on the morale of both her team and Plaintiff herself in the years and months in particular leading up to her 2017 whistleblower complaint. Many of the implied negative aspects mentioned in her performance review from 2016 prior to her whistleblower complaint can be attributed to the outcomes of this behavior by Cindy Doyle and not a lack of desire to fully and passionately perform the essential duties of her position.

As to the February 24, 2017 email characterization, that was one email fixed in time. While Ms. Busselman was on travel obtaining training from the DOE Office of Enterprise Assessment Director and his team, her February 24, 2017 email to Mr. LaFemina was triggered by an email that Ms. Doyle had sent to Ms. Busselman, along with several others, openly attacking her team and their management of the critique process during her absence. This email suggested that there were issues with the critique processes when, in fact, they were following an industry standard best practice following a set of corrective actions that were put in to place in late 2013 after Ms. Doyle conducted a survey on the critique process and had a Lean Six Sigma review of the critique process.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 328
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

In fact, following these improvements (which were instituted by Ms. Doyle) the PNNL critique process was subsequently deemed a best-in-class process which other Labs hoped to emulate. Making any changes to this process was simply not a priority.

At that point in time, her team was incredibly busy, they were handling an increased amount of medium-level issues - 7 more than the previous two years - and her team was busting at the seams trying to keep ahead of the pressure to get all of the deliverables done. The changes Cindy was asking them to make would have meant more work for her team in order to alter a process that didn't need to be fixed. Following Cindy's email, Ms. Busselman sent several to Mr. LaFemina indicating that her team simply did not have the resources to implement the changes that Cindy was suggesting. Ms. Busselman explained that the team was "tapped out" and that "…it's a prioritization activity. If we take on new things, then we stop doing other things."

The email Ms. Busselman sent to Mr. LaFemina on February 24, 2017, was in regards to Cindy's mistreatment of Ms. Busselman and mischaracterization of the work her Team was doing, not dissatisfaction with her position generally. Ms. Doyle's email had been humiliating to Ms. Busselman and Ms. Busselman she believed she intentionally sent it in order to paint Ms. Busselman in a bad light. In the email to Mr. LaFemina, Ms. Busselman did say she was "stressed out" but she clarified this by saying that "to have Cindy pick on what Ms.

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 329
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Busselman consider our best process (the critique process) is super humiliating and depressing…"

**175.  REPLY (REQUEST TO STRIKE 165) –** Battelle respectfully requests that the Court strike Plaintiff's "SDMF 175" for the same reasons as "SDMF 174."

SDMF 176

*MS. BUSSELMAN  DID NOT PLAN ON LEAVING HER POSITION IN LATE FEBRUARY 2017*

The February 24, 2017 e-mail that is being taken out of context by Battelle is asserting that she wanted a new job.  This is not true.  Ms. Busselman was stressed out, but that did not mean that she didn't want her job, it just meant that she had a lot on her plate and the team was busting at the seams. She felt that they didn't need to be focusing on an already very polished critique process. Part of her job was that she was the person with the authority to make decisions regarding what her team's priorities were, not her peer manager Cindy. She had no intentions of leaving her position in February. Ms. Busselman wasn't looking for another job and Ms. Busselman wasn't unhappy with the work Ms. Busselman was doing. Ms. Busselman was unhappy with the treatment and public humiliation Cindy was subjecting Ms. Busselman to. A few weeks later, in March 2017, Mr. LaFemina. himself commended Ms. Busselman and her

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 330
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

team for a critique process that was well received by his son as one of the best training classes his son had ever taken.

**176.  REPLY (REQUEST TO STRIKE 166) –** Battelle respectfully requests that the Court strike Plaintiff's "SDMF 176" for the same reasons as "SDMF 174."

SDMF 177

### *MS. BUSSELMAN'S  PERFORMANCE APPRAISAL*

First and foremost, it's important to acknowledge that Mr. LaFemina's feedback was largely positive. In fact, he began his review by stating: "Aleta, for your first year in this management position you accomplished much and had a very good year…your overall performance met the high expectations for someone at your level and so your 2016 performance rating is Achieved Expectations (AE)." This statement, signed by Mr. LaFemina on November 18, 2016, is completely at odds with the Battelle characterization of her 2016 performance evaluation.

Many of the anonymous quotations taken from her performance review indicate a need to continue to familiarize herself with her newly acquired role in management, rather than performance shortcomings or a weakness in her interactions. For example, one source writes:

> *"Aleta is working very hard with limited resources. She has a* positive *attitude, is open to help, and willing to learn. Her improvement challenges are to increase her confidence and learn how to lead by influence. She would benefit from a mentor."*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 331
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Confidence in her role and an increased ability to lead by example is certainly something Ms. Busselman would have been able to improve on had Ms. Busselman had more time to grow and become accustomed to her position. Although Battelle has chosen to highlight many of the more negative anonymous quotes, the review itself is also full of positive feedback including the following:

> "I really enjoy working with and for Aleta. She is the best manager I've ever had. She's easy to talk to, encourages our team, empowers us to take responsibility for our programs, and gives us feedback in a timely manner."

In 2016 Mr. LaFemina also acknowledges that her "engagement with the PMOD Forum [was] very positive and [he] hope[s] that [I] see that this gives [Ms. Busselman] the opportunity to influence change."

Many of the more negative feedback cited by Mr. LaFemina concerns her relationship and interactions with Cindy Doyle. This is an area Ms. Busselman was actively working to improve on including agreeing to a mentorship-type relationship with Tammy Taylor, the National Security Directorate COO.

Per the Battelle/PNNL Conduct Annual Performance Evaluation requirements – the criteria for the given performance rating was described as follows: Total performance consistently met expectations; achieved success in accomplishing job responsibilities and meeting goals; and demonstrating core competencies. Ms. Busselman achieved these objectives.

Mr. LaFemina followed up her performance review with an email stating:

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 332
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

"Thanks again for a great year!"  Mr. LaFemina and Battelle were not only satisfied, but thankful, of the work Ms. Busselman was doing for the company. This performance review was in alignment with prior performance reviews Ms. Busselman had received from Battelle.

Please also see her specific performance timeline and compensation history between December 1, 2014 and May 1, 2017. This is illustrative of Battelle/PNNL's eagerness to encourage the work Ms. Busselman was doing. It is also important to note that during her short time under Mr. LaFemina as his Assessment and Issues Management Division Director he gave Ms. Busselman over $19,000 in raises. It begs the question as to why Ms. Busselman would have received this compensation had Ms. Busselman really displayed the shortcomings detailed in the Battelle's critique of her performance review received in 2016.  For comparison purposes, since Ms. Busselman have been removed from her Division Director role, Ms. Busselman have been able to maintain her achieved expectations ratings as Ms. Busselman await reinstatement, but Ms. Busselman have only been given $6,721 in compensation increases (total salary of $157,810) for the duration of her time away from the Division Director role (4/17/17-9/6/19).

**177.  REPLY (REQUEST TO STRIKE 167)** – Battelle respectfully requests that the Court strike Plaintiff's "SDMF 177" for the same reasons as "SDMF 174."

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 333
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

SDMF 178

### *DISCUSSION ABOUT FINDING SOMETHING DIFFERENT TO DO*

It is true that early in her new role (May 2016) as AIM Manager an opportunity for Project Management Office Director (PMOD), was available. Ms. Busselman was interested in checking out this role because it is a position that rarely becomes available and employees in these roles are highly respected and competent staff in regards to project life-cycle execution. Despite her interest in exploring the PMOD opportunity, Ms. Busselman was not interested in leaving her current role.

In the Spring of 2016 Cindy and Ms. Busselman were in constant battle mode due to HER not delegating her previous roles to Ms. Busselman. Ms. Busselman was continually asking Mr. LaFemina for his help and he kept saying that she and Ms. Doyle had to work it out – even though Cindy had all of the power in this arrangement. At that point due to the frustration, Ms. Busselman did look at this opportunity and was assured by her peers that it would not be used against Ms. Busselman to explore the opening. Ms. Busselman had told Mr. LaFemina that there were two areas that Ms. Busselman might consider someday, PMOD and the Project Life Cycle Execution Division Director role. Neither of these positions had anything to do with Business Capture. Ms. Busselman was required to notify Mr. LaFemina of

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 334
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

the job interview per Battelle/PNNL HDI requirements.

Shortly after the interview Ms. Busselman told Mr. LaFemina that Ms. Busselman could never do either of those roles because of the Manager Jeff Deal, who is the current Project Life Cycle Execution Division Director  whom interacts daily with the PMOD's. In the past, this Manager had retaliated against Ms. Busselman for turning him in for sexual harassment of a subordinate. Despite her disclosure, upper management and HR did nothing to fix this. Eventually, both the woman that was harassed and Ms. Busselman left that organization to get away from this Manager. In July 2016 Mr. LaFemina and Ms. Busselman talked about this dynamic, this Manager in particular, and he seemed sympathetic to the situation. Together they decided what the AIM manager responsibilities would look like moving forward and they developed action items for Ms. Busselman so that Ms. Busselman could meet those expectations, and he assured Ms. Busselman he would help her get access to the needed governance entities at the Laboratory to make sure the AIM Division was successful.

**178.  REPLY (REQUEST TO STRIKE 168)** – Battelle respectfully requests that the Court strike Plaintiff's "SDMF 178" for the same reasons as "SDMF 174."

SDMF 179

### *GETTING A MENTOR*

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 335
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Engaging a mentorship-type relationship with Tammy Taylor was one of the ways Ms. Busselman was actively working on improving her contentious relationship with Cindy Doyle. Unbeknownst to Ms. Busselman at the time, the mentor that Mr. LaFemina set Ms. Busselman up with in December 2016, Tammy Taylor, was his close friend as well as a friend of Cindy Doyle.

At the beginning of our relationship, Ms. Busselman gave Ms. Taylor her performance review information and her goals for the next year and asked her for help to work with Cindy Doyle, she seemed sincere in her words of encouragement and she claimed that she and Ms. Busselman would get along very well because Mr. LaFemina had told her that Ms. Busselman could not lie and she claimed she was a strong Christian woman, like Ms. Busselman.   Each of our subsequent meetings were about how Ms. Busselman was doing and if there were challenges that Ms. Busselman was facing with her AIM Division Director role.  Cindy Doyle was a common topic in most of these meetings and she never mentioned that these frequent confrontations were because "Ms. Busselman" was not performing well or not behaving in a professional manner to alleviate the conflicts with Cindy.  However, she did tell Ms. Busselman several times that Cindy was very powerful and important to the Lab. After Mr. LaFemina fired Ms. Busselman he told Ms. Busselman that he talked to Ms. Taylor before Ms. Busselman went to go see her on April 12th, and Ms. Taylor never mentioned it when Ms. Busselman went to her office

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 336
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  sobbing uncontrollably.  She wrote an e-mail back and forth with Mr. LaFemina

2  about how Mike Spradling's treatment of Ms. Busselman was not surprising and

3  that she talked to Ms. Busselman about downgrading her manager role to a

4  specialist role on June 9th.

**179.  REPLY (REQUEST TO STRIKE 169) –** Battelle respectfully requests

that the Court strike Plaintiff's "SDMF 179" for the same reasons as "SDMF

174."

SDMF 180

### INTEREST IN PROJECT MANAGEMENT

Ms. Busselman is a certified Project Management Professional and Ms.

Busselman use project management best practices in whatever Ms. Busselman

do.  This is a fact.  There was no job that was discussed that was specific to

Project Management.  In later March 2017, the Business Capture conversation

was mentioned as something Tammy Taylor thought Ms. Busselman would be

good at and could fill a need in this area, since it was considered a process that

had not been fully accepted by the Lab.  Ms. Busselman didn't really know

much about Business Capture or what it entailed to function in that capacity

outside of what Ms. Busselman heard from others and Mr. LaFemina. In regards

to their special assignments involving EMSL Business Capture activities, they

had described it as a fun "special assignment"  (not a permanent position)

experience. Ms. Busselman is always happy to help where needed and therefore,

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 337
 Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Ms. Busselman was more than willing to help them improve their processes, if her efforts were supported and would provide Laboratory management the assurance needed to implement business capture principles throughout the Laboratory.  Ms. Busselman never really thought much about it at that time. In the past 20+ years, Ms. Busselman performed in the capacity as a "consultant" on applying project controls principles and methodologies and putting reasonable processes in place that provided assurance that the project deliverables would be successfully delivered, the business capture discussion was just another one of those types of discussions in her day-to day normal operations of the AIM Division.  Ms. Busselman was extremely busy trying to make sure that the team was functioning as needed to meet the Assessment and Issues Division requirements.

**180.  REPLY (REQUEST TO STRIKE 170) –** Battelle respectfully requests that the Court strike Plaintiff's "SDMF 180" for the same reasons as "SDMF 174."

SDMF 181

### *TRANSFERRING DUTIES TO DOYLE*

One March 30, 2017, one day following the terse discussion with Mr. Conger and Mr. Ensign about changing root cause statements and after Ms. Busselman notified Mr. LaFemina that the team was in dispute space; Mr. LaFemina and Ms. Busselman had our periodic staff performance review, which

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 338
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

is a 30-minute conversation. This conversation was one day before

Ms. Busselman left on vacation.  This is where management asks their staff

about short-term, long-term, and other areas of improvement that staff could see

implemented within the organizations they have authority over.  Because her

Manager opened up the discussion, Ms. Busselman felt it was safe to have an

open and honest discussion about shifting of roles from Doyle to

Ms. Busselman in regards to realignment.  There were no requests or decisions

made during this discussion for Mr. LaFemina to do anything outside of just

something for him to ponder for future improvements and at no time did the

discussion include being moved under Cindy Doyle. Ms. Busselman felt that

being put under Cindy Doyle was retaliation based on her hostile behavior

towards Ms. Busselman and her team and he was very aware of this fact.

Ms. Taylor and Mr. LaFemina had full knowledge of the degradation of her

relationship with Ms. Doyle at this time.

In this very brief and hurried discussion, there was some additional

discussion about the Core Business Process (CBP) role and the struggles with

being able to get any traction. In fact, Ms. Doyle had just the day before this

meeting, changed the name of her assigned CBP to a different name, without

involving Ms. Busselman in the approvals for that change.  Ms. Busselman told

Mr. LaFemina again that the lack of invites to the critical Lab-level governance

committees put Ms. Busselman at a disadvantage highlighted by the fact that

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 339
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Ms. Busselman had asked multiple times to be part of the Research Operations Committee (ROC). This was important because it would have allowed Ms Busselman to provide clarification around areas of concern related to events and/or unwanted conditions that her team was actively working on.  In the past, when Ms. Busselman asked either Ms. Doyle or Mr. LaFemina that Ms. Busselman be included in these meetings, Ms. Busselman was told that Ms. Doyle was our representative and would have Ms. Busselman covered on her topics. However, she had proven over and over again that she was not covering the Assessment and Issues Management Division areas with accuracy and it was impacting her team and the Laboratories ability to properly fix their long list of events and trends of unwanted conditions.

Ms. Busselman also mentioned her belief that the internal Independent Oversight function, led by the current IO Specialist, might be a better fit under *Cindy's* management from a line perspective because the specialist and Cindy are friends and often discuss these Lab-level management assessments and take specific actions without including Ms. Busselman in those discussions. The "**internal**" Independent Oversight program was different than the "**external**" DOE order 227.1 Independent Oversight program, which was associated with her PNNL enforcement coordinator role.  The PNNL enforcement coordinator role and its subsequent DOE order requirements would have stayed with Ms. Busselman.  The "internal IO" program was very mature and led by

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 340
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

Ms. Doyle's friend (Ms. Sargent).

Because Ms. Busselman assumed that the periodic performance review activity that Mr. LaFemina had engaged Ms. Busselman in was a safe environment to talk frankly, Ms. Busselman again mentioned that the CAS M&O Program being managed by Cindy Doyle (of which both Mr. LaFemina and Ms. Doyle had been informed that 5 out of 7 performance management standards in this area had weaknesses) might be better served under someone that could apply more "project execution" style - someone that had time to review requirements (RODS), monitor deliverables, put together improvement agendas, reach out and team with Subject Matter Experts (SME's), etc. and based on these facts, Ms. Busselman did share her humble opinions with Mr. LaFemina that perhaps, the CAS M&O Program Owner would perhaps be a better fit under *Ms. Busselman*. However, there were no requests or decisions made during this discussion, it was simply a few random thoughts for Mr. LaFemina to ponder for future consideration. If John would have acted on any of these random thoughts or fact-based opinions to obtain continuous improvements within his organization, the changes would have increased her workload not decreased it. Ms. Doyle's M&O Program duties were an area that Ms. Busselman had experience and knowledge in from her previous positions at the Laboratory which qualified Ms. Busselman to be able to implement the needed controls (qualified staff, tools, and processes) to meet the rigorous

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 341
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

requirements of the Performance Management standards that were developed for managing M&O Programs. In addition to the M&O Program, Ms. Busselman would have still kept DOE O 227.1A Independent Oversight Program and the associated Battelle/PNNL enforcement coordinator role, the Core Business Process Steward role, and all other functions of the Assessment and Issues Management Division Programs

Ms. Busselman's job was to raise issues to management so that they could make informed decisions on how to continuously protect our people, our assets, and to meet our DOE contract requirements. Ms. Busselman did that. Based on increased turnover, it's well known that hers was not a popular position. Prior to her March 2017 whistleblower complaint, her relationship with Ms. Doyle, specifically her dislike of Ms. Busselman, caused problems that management was more than willing to ignore. Ms. Busselman continued to get positive feedback on her performance evaluations, raises, and overall had no indication that Ms. Busselman wasn't fulfilling Battelle's high expectations of Ms. Busselman. After her March 2017 whistleblower complaint, this was no longer the case. Management was no longer willing to work with Ms. Busselman or support her continued success within the company.

Ms. Busselman would also like to acknowledge that since these events transpired, Ms. Doyle has tragically passed away. It is not her wish to villainize Ms. Doyle or cause her family and loved ones undue harm. Ms. Busselman

DEFENDANT'S REPLY STATEMENT
OF MATERIAL FACTS NOT IN
DISPUTE - 342
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

respectfully ask that, when covering her perspective of events, any written document refer to her as her "peer manager" as much as possible or whichever term you see fit as opposed to her first and last name. Ms. Busselman believes this would minimize the harm that these truths could bring to her surviving friends and family as much as possible.

**181. REPLY (REQUEST TO STRIKE 171)** – Battelle respectfully requests that the Court strike Plaintiff's "SDMF 181" for the same reasons as "SDMF 174."

DATED this 23rd day of September, 2019.

Davis Wright Tremaine LLP
Attorneys for Defendant

By  *s/ Mark N. Bartlett*
Mark N. Bartlett, WSBA No. 15672
Gillian Murphy, WSBA No. 37200
Arthur A Simpson, WSBA No. 44479
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Telephone: 206.622.3150
Facsimile: 206.757.7700
Email:  markbartlett@dwt.com
          gillianmurphy@dwt.com
          arthursimpson@dwt.com

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS NOT IN DISPUTE - 343
Case No. 4:18-cv-05109-SMJ
4843-0422-0582v.5 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**PROOF OF SERVICE**

I hereby certify that on the 23rd day of September, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John P. Sheridan
The Sheridan Law Firm, P.S.
Hoge Building
705 Second Avenue
Seattle, WA 98104
jack@sheridanlawfirm.com

Attorney for Plaintiff

*s/ Mark N. Bartlett*
Mark N. Bartlett, WSBA No. 15672

DEFENDANT'S REPLY
STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

4843-0422-0582v.4 0021368-000014
4843-0422-0582v.5 0021368-000014