1  John P. Sheridan, WSBA No. 21473
   Mark W. Rose, WSBA No. 41916
2  The Sheridan Law Firm, P.S.
   705 Second Avenue, Suite 1200
3  Seattle, WA 98104
   Tel: 206-381-5949
4
   *Attorneys for Plaintiff*
5

6
                IN THE UNITED STATES DISTRICT COURT
7             FOR THE EASTERN DISTRICT OF WASHINGTON

8  ALETA BUSSELMAN, an individual,
                                          No. 4:18-cv-05109-SMJ
9          Plaintiff,
                                          PLAINTIFF'S REPLY RE:
10     vs.                                MOTION TO SEAL EXHIBITS 10,
                                          74 AND 75 ATTACHED TO
11 BATTELLE MEMORIAL                      DECLARATION OF MARK ROSE
   INSTITUTE, an Ohio nonprofit
12 corporation,                           10/9/2019, pursuant to ECF No. 131

13         Defendant.                     Without Oral Argument

14

15

16

17

18

19

20

PLAINTIFF'S REPLY RE:                          SHERIDAN LAW FIRM, P.S.
MOTION TO SEAL                                  Hoge Building, Suite 1200
Case No. 4:18-cv-05109-SMJ                         705 Second Avenue
                                                   Seattle, WA  98104
                                            Tel: 206-381-5949  Fax: 206-447-9206

1    Defendant does not oppose the motion to seal Exhibits 10, 74 and 75 attached to the Declaration of Mark Rose, stating that "[c]onsistent with the Court's Order Granting Defendant's Motion to Seal Documents Dated September 16, 2019 (EFC No. 151), Defendant respectfully requests that the Court grant [the] pending motion to seal to protect Defendant's confidential and security-sensitive information." ECF No. 156.

In response to the prior motion to seal, the Court considered Plaintiff's objections to sealing the draft Cause Analysis Report for Payment to a Fraudulent Subcontractor, which is one of the documents at issue again here. *See* ECF No. 148. In the context of that earlier motion to seal, the Court found that this "set of proposed sealed documents contains security-sensitive information related to U.S. Department of Energy programs involving Defendant[,]" found "a compelling need for confidentiality supported by these specific facts, and conclude[d] this need outweighs the public's interest in disclosure." *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)." ECF No. 151.

Plaintiff recognizes that the Court may well reach the same conclusion in response to the present motion, since part of the evidence at issue here (*i.e.*, Rose Dec., Exhibits 74 and 75) address similar documents—albeit not the same evidence.

PLAINTIFF'S REPLY RE: MOTION TO SEAL - 1
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA 98104
Tel: 206-381-5949  Fax: 206-447-9206

1   The documents are similar to the extent that the present motion to seal
2   concerns, in part, drafts of the Cause Analysis Report for Payment to a Fraudulent
3   Subcontractor. *See* ECF No. 132 and 132-1 (Rose Dec., Exhibits 74 and 75). It
4   differs from the earlier motion and the previously sealed documents in that the
5   draft reports now at issue contain handwritten edits by Steve Cooke, which show
6   that "[p]rior to Mr. Cooke working with Mr. Conger to change the language of
7   the root cause statement, Mr. Cooke had twice reviewed and edited earlier drafts
8   of the March root cause statement, and had not changed the substantive language
9   of the root cause statement." *See* SDMF 12 (ECF No. 135 at 13:12-17), citing
10  Rose Dec., Exhibit 74 (ECF No. 132) and Exhibit 75 (ECF No. 132-1).
11  The fact that Steve Cooke made handwritten edits to the draft report that did
12  not alter or change the language of the root cause statement is relevant to
13  Defendant's dispositive motion. Much of the defense's argument (including the
14  root cause modifications) is public in the summary judgment filing and will be at a
15  public trial. In considering the sealing of these documents at summary judgment,
16  sealing should be denied because the public has a right to know and see that
17  PNNL Attorney Steve Cooke did not see fit to change the March root cause
18  analysis in two edits he did in March. He only saw fit to change the root cause
19  later when Manager Marty Conger objected to the March root cause language.
20

PLAINTIFF'S REPLY RE:
MOTION TO SEAL - 2
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1    Since the draft cause report has already been a part of the public record for two
2    years, *see* ECF No. 149, ¶3, Plaintiff submits there is no compelling need to seal
3    the documents showing Mr. Cooke's handwritten edits, and she incorporates by
4    reference her previously stated objections to sealing the draft cause analysis
5    reports. *See* ECF No. 148.

6        The third proposed sealed document, Rose Dec., Ex. 10, is a three-page
7    excerpt from a Corrective Action Plan, issued in 2007, which is unrelated to the
8    fraudulent payment and causal analysis at issue in this case. The excerpt from the
9    2007 corrective action plan describes, *inter alia*, some of the root causes identified
10   in a different cause analysis, but does not provide detailed facts of the type found
11   in draft cause reports previously sealed by the Court. *See* ECF No. 132-2. For
12   such reason, the arguments Defendant presented for sealing the draft causal
13   analysis report—claiming that the Fowler draft causal analysis report "explore[s]
14   in … granular factual detail …system vulnerabilities," and claiming that it "could
15   … be used to attempt a similar fraudulent scheme against PNNL")—has no
16   application to Rose Dec., Ex. 10. As Defendant has offered no evidence or
17   argument in support of finding compelling reasons to seal the Corrective Action
18   Plan excerpt, the Court should not seal the document.

19       DATED this 30th day of September, 2019.

20

PLAINTIFF'S REPLY RE:
MOTION TO SEAL - 3
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

THE SHERIDAN LAW FIRM, P.S.

By:   s/John P. Sheridan
John P. Sheridan, WSBA # 21473
Mark W. Rose, WSBA # 41916
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA 98104
Phone: 206-381-5949
Fax: 206-447-9206
jack@sheridanlawfirm.com
mark@sheridanlawfirm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that on September 30, 2019, I electronically filed the above and foregoing pleading using the CM/ECF System. Notice of Electronic

PLAINTIFF'S REPLY RE:
MOTION TO SEAL - 4
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA 98104
Tel: 206-381-5949  Fax: 206-447-9206

1  Filing was provided to the following counsel:

2      Mark Nelson Bartlett
    Gillian Murphy
3      Arthur Simpson
    DAVIS WRIGHT TREMAINE, LLP
4      1201 Third Avenue, Suite 220
    Seattle, Washington 98101
5
    *Attorneys for Defendant*
6

7
    *s/Mark Rose*
8      Mark Rose, WSBA # 41916

9

10

11

12

13

14

15

16

17

18

19

20

PLAINTIFF'S REPLY RE:
MOTION TO SEAL - 5
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206