1  Mark N. Bartlett, WSBA No. 15672
   Gillian Murphy, WSBA No. 37200
2  Arthur A. Simpson, WSBA No. 44479
   Davis Wright Tremaine LLP
3  920 Fifth Avenue, Suite 3300
   Seattle, Washington  98104
4  Telephone:  206.622.3150
   Facsimile:  206.757.7700
5
   *Attorneys for Defendant*
6

7

8            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON
9

10 ALETA BUSSELMAN,

11              Plaintiff,                    No. 4:18-cv-05109-SMJ

12      v.                                    DEFENDANT BATTELLE
                                              MEMORIAL INSTITUTE'S
13 BATTELLE MEMORIAL INSTITUTE,               REPLY IN SUPPORT OF
   an Ohio nonprofit corporation,            OMNIBUS MOTIONS *IN LIMINE*
14
                Defendant.                    11/21/2019 (Pretrial Conference)
15                                            With Oral Argument 9:30 a.m.

16

17

18

19

20

21

22

23
   DEFENDANT'S REPLY I/S/O OMNIBUS MILs
   Case No. 4:18-cv-05109-SMJ

   Davis Wright Tremaine LLP
   LAW OFFICES
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98104
   206.622.3150 main · 206.757.7700 fax

1

2

# TABLE OF CONTENTS

**Page**

I.    SUMMARY OF REPLY ................................................................. 1

II.   BATTELLE'S REPLY REGARDING ITS MOTIONS *IN LIMINE* ............. 1

1.    The Court Should Exclude Non-Party Witnesses.  (Fed. R.
      Evid. 615).  ECF No. 161 at 9:16-10:9. ..................................... 1

2.    The Court Should Require Battelle's Witnesses to Appear
      Only Once.  (Fed. R. Evid. 611).  ECF No. 161 at 10:10-
      12:3. ....................................................................................... 1

3.    Plaintiff Should Be Prohibited From Testifying That She
      be Awarded a Specific Amount for Emotional Distress
      Damages.  (Fed. R. Civ. P. 26(a)(1)(A)(iii); Fed. R. Civ.
      P. 37(c)(1)(C)).  ECF No. 161 at 12:4-13:13. ........................... 3

4.    The Court Should Prohibit Plaintiff From Testifying
      About Her Emotional Distress In Terms That Indicate a
      Mental Health or Medical Condition.  (Fed. R. Evid. 403).
      ECF No. 161 at 13:14-15:3. ...................................................... 5

5.    Plaintiff's "Emotional Harm Chart" Should Be Excluded
      as Inadmissible Hearsay.  (Fed. R. Evid. 802).  ECF No.
      161 at 15:4-15:18...................................................................... 7

6.    The Court Should Exclude Evidence Regarding Former
      PNNL Employee Kim Anderson.  (Fed. R. Civ. P. 402,
      403, 404(b)(1)).  ECF No. 161 at 15:18-17:16. ........................ 7

7.    The Court Should Exclude Evidence Regarding Plaintiff's
      Uncorroborated Allegations of Past Retaliation,
      Harassment, and Discrimination.  (Fed. R. Evid. 402, 403,
      404(b)(1)).  ECF No. 161 at 17:17-20:22. ............................... 12

8.    The Court Should Prohibit Plaintiff from Offering
      Evidence Regarding the Reputation of PNNL Managers or
      PNNL, Generally.  ECF No. 161 at 21:1-22:5. ......................... 16

9.    The Court Should Prohibit Plaintiff From Using the
      Phrase "Hostile Work Environment."  (Fed. R. Evid. 403,
      701).  ECF No. 161 at 22:6-23:15. ........................................... 19

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - i
Case No. 4:18-cv-05109-SMJ

4841-6250-7689v.4 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

2

10.    The Court Should Exclude Evidence Regarding Plaintiff's Allegations of Subsequent Retaliation at PNNL. (Fed. R. Civ. P. 12(b)(1); Fed. R. Evid. 402, 403, 404(b)(1), 602). ECF No. 161 at 23:16-27:20. .................................................. 20

3

11.    The Court Should Exclude Plaintiff from Offering into Evidence or Otherwise Referencing Irrelevant Department of Energy Regulations, Policies, and Orders She has Identified as Trial Exhibits. (Fed. R. Evid. 403, 701). ECF No. 161 at 28:1-19. .......................................................... 26

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - ii
Case No. 4:18-cv-05109-SMJ

4841-6250-7689v.4 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

1
# TABLE OF AUTHORITIES

2
**Page(s)**

3
**Federal Cases**

4
*Beachy v. Boise Cascade Corp.,*
   191 F.3d 1010 (9th Cir. 1999).................................................................10

5
*Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.,*
   199 F.R.D. 487 (E.D.N.Y. 2001) .............................................................3

6

7
*Bultena v. Washington State Dep't of Agric.,*
   319 F. Supp. 3d 1215 (E.D. Wash. 2018) ................................................9

8
*DataTreasury Corp. v. Wells Fargo & Co.,*
   2010 WL 11538713 (E.D. Tex. Feb. 26, 2010) ......................................20

9
*Davis v. City of Seattle,*
   2008 WL 202708 (W.D. Wash. Jan. 22, 2008).........................................7

10
*DesRosiers v. Moran,*
   949 F.2d 15 (1st Cir. 1991) ....................................................................27

11

12
*E.E.O.C. v. Gen. Motors Corp.,*
   2009 WL 910812 (S.D. Miss. Apr. 1, 2009)............................................4

13
*E.E.O.C. v. OSI Rest. Partners, Inc.,*
   2010 WL 11519258 (D. Ariz. July 6, 2010) .......................................9, 15

14
*E.E.O.C. v. Wal-Mart Stores, Inc.,*
   276 F.R.D. 637 (E.D. Wash. 2011)..........................................................4

15

16
*Flythe v. D.C.,*
   4 F. Supp. 3d 222 (D.D.C. 2014) ...........................................................17

17
*French v. Providence Everett Med. Ctr.,*
   2009 WL 10676494 (W.D. Wash. Mar. 19, 2009) ...................................9

18
*Harris v. Wackenhut Servs., Inc.,*
   2009 WL 10715688 (D.D.C. Aug. 14, 2009) .......................................8, 15

19

20
*Heyne v. Caruso,*
   69 F.3d 1475 (9th Cir. 1995)..............................................................10, 11

21
*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
   2016 WL 7803893 (N.D. Cal. Nov. 15, 2016).........................................9

22
*Jones v. Southpeak Interactive Corporation of Delaware,*
   777 F.3d 658 (4th Cir. 2015)............................................................22, 23

23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*Perez v. U.S. Postal Service*,
  76 F. Supp. 3d 1168 (W.D. Wash. 2015)..................................................26

*Phillips v. Potter*,
  2009 WL 2588830 (W.D. Pa. Aug. 19, 2009) ......................................25

*Portes v. Wyeth Pharm., Inc.*,
  2007 WL 2363356 (S.D.N.Y. Aug. 20, 2007) ......................................20

*Roganti v. Metro. Life Ins. Co.*,
  2012 WL 2324476 (S.D.N.Y. June 18, 2012)........................................20

*Romero v. Cty. of Santa Clara*,
  666 Fed. Appx. 609 (9th Cir. 2016) (unpublished)...............................11

*Sandoval v. Am. Bldg. Maint. Indus., Inc.*,
  267 F.R.D. 257 (D. Minn. 2007)............................................................4

*Santos v. Peralta Community College District*,
  2009 WL 3809797 (N.D. Cal. Nov. 13, 2009). ECF No. 215 .............10

*Schmitz v. City of Wilsonville*,
  1999 WL 778586 (D. Or. Sept. 17, 1999).............................................11

*Sprint/United Mgmt. Co. v. Mendelsohn*,
  552 U.S. 379 (2008) ..............................................................................11

*Tamosaitis v. URS Inc.*,
  781 F.3d 468 (9th Cir. 2015).................................................................24

*U.S. v. Bailey*,
  696 F.3d 794 (9th Cir. 2012)...................................................................8

*U.S. v. Conners*,
  825 F.2d 1384 (9th Cir. 1987)...............................................................27

*U.S. v. Dimora*,
  843 F. Supp. 2d 799 (N.D. Ohio 2012) .................................................19

*U.S. v. Evans*,
  484 F.2d 1178 (2d Cir. 1973).................................................................19

*U.S. v. Johnson*,
  502 F.2d 1373 (7th Cir. 1974)...............................................................15

*U.S. v. Sine*,
  493 F.3d 1021 (9th Cir. 2007)...............................................................14

*U.S. v. Whitworth*,
  856 F.2d 1268 (9th Cir. 1988)...............................................................13

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - iv
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

*Wallace v. Tesoro Corporation*,
    796 F.3d 468 (5th Cir. 2015)........................................................................22, 23

*White v. Ford Motor Co.*,
    500 F.3d 963 (9th Cir. 2007).................................................................................6

*Willis v. Vie Fin. Grp., Inc.*,
    2004 WL 1774575 (E.D. Pa. Aug. 6, 2004)....................................................20, 24

**Administative Decisions**

*In the Matter of: William Messer, Complainant v. John Elway Dodge,*
    *Respondent*,
    2007 WL 7135746 (U.S. Dept. of Labor SAROX) ...............................21, 23, 24

**Federal Statutes**

41 U.S.C. § 4712 ..............................................................................................22, 25

**Federal Rules**

Fed. R. Civ. P.
    12(b)(1)................................................................................................................20
    26..........................................................................................................................3, 4
    37...........................................................................................................................3

Fed. R. Evid.
    401........................................................................................................................15
    402.............................................................................................................7, 12, 20
    403....................................................................................................................*passim*
    404...............................................................................................7, 8, 12, 15, 20
    602...................................................................................................................19, 20
    608...................................................................................................................17, 18
    611.........................................................................................................1, 2, 3
    615.........................................................................................................................1
    701...................................................................................................................19, 26
    801........................................................................................................................17
    802...........................................................................................................................7

**Other Authorities**

1 Christopher B. Mueller & Laird C. Kirkpatrick,
    *Federal Evidence* § 4:13 (4th ed. 2019)........................................................6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

Kenneth W. Graham, Jr.,
*Fed. Prac. & Proc. Evid.* § 5039.1 (2d ed. 2019)..................................................14

Victor J. Gold,
*Fed. Prac. & Proc. Evid.* § 6115 (2d ed. 2019)..................................................17

Victor J. Gold,
*Fed. Prac. & Proc. Evid.* § 6164 (2d ed. 2016)....................................................3

Victor J. Gold,
*Fed. Prac. & Proc. Evid.* § 6245 (2d ed. 2019)....................................................1

Victor J. Gold,
*Fed. Prac. & Proc. Evid.* § 8075 (1st ed. 2019)..................................................18

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - vi
Case No. 4:18-cv-05109-SMJ

4841-6250-7689v.4 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104
206.622.3150 main · 206.757.7700 fax

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

# I.    SUMMARY OF REPLY

Battelle respectfully requests that the Court grant as unopposed its Motions in Limine 1 and 5.  Battelle also respectfully requests that the Court grant Battelle's Motions in Limine 2, 3, 4, 6, 7, 8, 9, 10, and 11 for the below-stated reasons.

# II.    BATTELLE'S REPLY REGARDING ITS MOTIONS *IN LIMINE*

## 1.    The Court Should Exclude Non-Party Witnesses.  (Fed. R. Evid. 615).  ECF No. 161 at 9:16-10:9.

The Court should grant Battelle's unopposed Motion in Limine 1.  *See* ECF No. 215 at 8:1-12.  Although Plaintiff does not oppose Battelle's motion, she insinuates Battelle intends to "switch out its corporate designee so that the managers who are central to this case get to hear the testimony of other witnesses."  *Id.* Plaintiff has no basis to suggest that Battelle intends to circumvent Rule 615, and the Court should not prohibit Battelle from substituting its corporate designee in the event its original designee falls ill or is otherwise unable to attend trial for a legitimate reason.  29 Victor J. Gold, *Fed. Prac. & Proc. Evid.* § 6245 (2d ed. 2019) ("switching representatives during the trial normally should be permitted if there is a legitimate reason to make the switch").

## 2.    The Court Should Require Battelle's Witnesses to Appear Only Once.  (Fed. R. Evid. 611).  ECF No. 161 at 10:10-12:3.

The Court should grant Battelle's Motion in Limine 2 because Plaintiff's proposed order of proof will result in a waste of limited trial time and an unnecessarily burdensome imposition upon numerous witnesses.  Battelle will not belabor this issue, which Battelle addressed in its Motion in Limine 2, ECF No. 161

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 1
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

at 10:10-12:3, and in its response to Plaintiff's Omnibus Motion in Limine 1, ECF No. 209 at 3:3-5:8. Nevertheless, Battelle notes that Plaintiff fails to provide a practical justification for her request that the Court require 15 non-party witnesses to appear for examination twice,[1] including eight witnesses Plaintiff contends Battelle should be required to direct examine twice.[2] *See* ECF No. 215 at 8:13-11:2.

Despite Plaintiff's implicit assertion that her proposed order of proof reflects "the 'conventional' order of proof," it does not. ECF No. 215 at 8:15-9:8. Instead, Plaintiff's case in chief will apparently be comprised largely of her counsel's preemptive attempts to discredit Battelle's witnesses through cross-examination before Battelle calls them to testify on direct examination about who they are and what actually happened in this case. If the Court is inclined to permit Plaintiff to proceed in this unconventional and confusing fashion, Battelle requests that the Court exercise its broad discretion under Rule 611 and order that these 15 non-party witnesses need only appear once for examination, which will both expedite the trial

_____

[1] These are Iris Anderson, Stephanie Anderson, Marty Conger, Dr. Leesa Duckworth, Kevin Ensign, Mark Hadley, Peg Jarrett, Dr. John LaFemina, Jeff Leaumont, Donny Mendoza, Kathy Pryor, Connie Schliebe, Karla Smith, Mike Spradling, and Tammy Taylor. *Compare* ECF No. 154 at 2:2-5:17 *with* ECF No. 160 at 22:1-26:15.

[2] These are Iris Anderson, Marty Conger, Dr. Duckworth, Mr. Ensign, Dr. LaFemina, Mr. Leaumont, Mr. Spradling, and Ms. Taylor. ECF No. 175 at 3:16-4:19.

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 2
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    and minimize the burden upon these witnesses.  *See*, *e.g.*, 28 Victor J. Gold, *Fed.*

2    *Prac. & Proc. Evid.* § 6164 (2d ed. 2016) ("The courts frequently have exercised

3    their discretion under Rule 611(a) to permit deviations from this conventional order

4    of proof where it can save time, avoid confusion and prejudice, or accommodate

5    witnesses.").[3]

6            **3.      Plaintiff Should Be Prohibited From Testifying That She be**
                       **Awarded a Specific Amount for Emotional Distress Damages.**
7                      **(Fed. R. Civ. P. 26(a)(1)(A)(iii); Fed. R. Civ. P. 37(c)(1)(C)).  ECF**
                       **No. 161 at 12:4-13:13.**
8
            Plaintiff's response fails to address the straightforward premise of Battelle's
9
     Motion in Limine 3, which the Court should grant.  *Compare* ECF No. 161 at 12:4-
10
     13:13 *with* ECF No. 215 at 11:3-14:18.  Plaintiff has simply never disclosed to
11
     Battelle the amount of her claimed emotional distress damages or any supporting
12
     computation.  Fed. R. Civ. P. 26(a)(1)(A)(iii); ECF No. 217-2 at 3-6.  Nevertheless,
13
     Plaintiff's counsel admittedly intends to "suggest a specific amount [of emotional
14
     distress damages] or present a range at closing argument . . . ."  ECF No. 215 at
15
     11:5-9.  The Court should not permit Plaintiff to ignore Rule 26(a)(1)(A)(iii).
16
     _____
17
     [3] Plaintiff's quotation from *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip*
18
     *Morris, Inc.*, 199 F.R.D. 487, 490 (E.D.N.Y. 2001) is incomplete.  ECF No. 215 at
19
     9:18-10:2.  The complete quote is "***The formal Rules of evidence and procedure***
20
     ***are in tension with the traditional practice, under common law, that*** a party's
21
     presentation of a case ought not to be unduly interrupted or distracted."  *Blue Cross*
22
     *& Blue Shield*, 199 F.R.D. at 490 (emphasis added to omitted passage).
23
     DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 3
     Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    Under Rule 26, Plaintiff could elect to either disclose to Battelle a sum and a

2  supporting computation or, instead, let the jury decide the issue of damages without

3  her or her counsel's suggestions.  Plaintiff has elected the latter through her

4  intentional nondisclosure.  *See, e.g.*, *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D.

5  637, 639-40 (E.D. Wash. 2011) ("[I]f Plaintiff intends to suggest a specific amount

6  to the jury for emotional distress damages, yet fails to supplement its Rule 26

7  disclosures to provide Defendant with a computation of damages, Plaintiff may be

8  foreclosed from suggesting that specific amount for emotional distress damages to

9  the jury at trial"); *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282-83

10  (D. Minn. 2007) ("to the extent that plaintiffs intend to suggest a specific amount to

11  the jury for emotional distress damages, they shall . . . provide a calculation for

12  compensatory damages in compliance with Rule 26(a)(1)(C) . . . .  If plaintiffs do

13  not provide this information . . . they will not be allowed to suggest a specific

14  amount to the jury for emotional distress damages."); *E.E.O.C. v. Gen. Motors

15  Corp.*, 2009 WL 910812, at *2 (S.D. Miss. Apr. 1, 2009) ("if the plaintiff intends to

16  suggest a specific amount of emotional distress-related compensatory damages to

17  the jury, he or she must produce the disclosures required by Rule 26.  If, however,

18  the plaintiff intends to leave the determination of emotional distress-related

19  compensatory damages solely to the jury, a Rule 26 disclosure is not required.").

20

21

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 4
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

4.    **The Court Should Prohibit Plaintiff From Testifying About Her Emotional Distress In Terms That Indicate a Mental Health or Medical Condition.  (Fed. R. Evid. 403).  ECF No. 161 at 13:14-15:3.**

The Court should grant Battelle's Motion in Limine 4 because it would be unfairly prejudicial to permit Plaintiff to testify to the jury that she suffered severe emotional disturbance consonant with serious mental health diagnoses.  Plaintiff's testimony should instead be limited to what Plaintiff's counsel previously outlined in his sworn declaration: "[Plaintiff's] non-medical emotional harm damages will be proved through testimony addressing her levels of stress, loss of enjoyment of life, humiliation, embarrassment, fear, anxiety, and anguish/grief, resulting from Defendant's retaliation, on a scale of 1 to 10."  ECF No. 50 at 2:4-8.

Despite repeatedly making such representations to the Court, Plaintiff now opposes Battelle's request for an order barring her from testifying at trial that, among other things, she was: "emotionally destroyed (to the point of crying and throwing up all of the time) for months and months"; "so stressed out that [she] can't function in a normal social/intimate setting"; and reports feeling "triggered" by certain events.[4]  *Compare* ECF No. 161 at 14:11-21 *with* ECF No. 215 at 15:1-19:10.

---

[4]  Plaintiff's argument regarding Meriam-Webster's definition of "trigger" omits the relevant definition: "to cause an ***intense and usually negative emotional reaction*** in (someone) [Example: ] Water had a way of *triggering* my brother and making

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 5
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    According to Plaintiff, she should be permitted to offer such inflammatory

2  testimony because, she contends, it is "the truth about [her] actual lived experience

3  and the severity of her damages."  ECF No. 215 at 15:9-13.  Such gratuitous,

4  uncorroborated, and unchallengeable testimony is a textbook example of what Rule

5  403 was intended to exclude.  "Unfair prejudice means 'an undue tendency to

6  suggest decision on an improper basis, commonly, though not necessarily, an

7  emotional one.'"  *White v. Ford Motor Co.*, 500 F.3d 963, 977 (9th Cir. 2007).

8  "The greatest danger included in the notion of 'unfair prejudice' is the injection of

9  powerful emotional elements, brought by proof that is unnecessarily graphic or

10  overwhelming in depicting . . . suffering, pain, [or] sorrow."  1 Christopher B.

11  Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:13 (4th ed. 2019).

12    There is a high probability that such testimony from Plaintiff will evoke an

13  emotional response among the jurors, who will infer (without competent evidence)

14  that Plaintiff has one or more serious diagnosable mental health conditions

15  attributable to Battelle.  A jury presented with Plaintiff's uncorroborated testimony

16  of purported emotional devastation will be inclined to ignore the compelling

17  evidence supporting Battelle's defense and, instead, find for Plaintiff due to "the

18  injection of powerful emotional elements, brought by proof that is unnecessarily

19  graphic or overwhelming."  Permitting Plaintiff to offer such inflammatory

20  testimony would be particularly unfair in light of the Court's rulings that barred

21  _____

22  ordinary, everyday weather take a frightening turn for the worse."

23  https://www.merriam-webster.com/dictionary/trigger (emphasis added).

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 6
Case No. 4:18-cv-05109-SMJ
4841-6250-7689v.4 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  Battelle from obtaining admissible substantive evidence to rebut Plaintiff's

2  assertions.

3      **5.    Plaintiff's "Emotional Harm Chart" Should Be Excluded as
           Inadmissible Hearsay. (Fed. R. Evid. 802). ECF No. 161 at 15:4-

4           15:18.**

5      Battelle's unopposed Motion in Limine 5 should be granted. *See* ECF No.

6  215 at 19:5-10.

7      **6.    The Court Should Exclude Evidence Regarding Former PNNL
           Employee Kim Anderson. (Fed. R. Civ. P. 402, 403, 404(b)(1)).

8           ECF No. 161 at 15:18-17:16.**

9      The Court should grant Battelle's Motion in Limine 6. Plaintiff's response

10  demonstrates she intends to call Kim Anderson as a witness in order to put on a

11  confusing "trial within a trial" regarding Mr. Anderson's uncorroborated claim that

12  he was terminated for engaging in whistleblower activity. ECF No. 215 at 19:10-

13  23:11. Plaintiff's response further demonstrates that her contemplated mini-trial

14  has nothing to do with Plaintiff, Plaintiff's NDAA claim, Dr. LaFemina, the group

15  in which Dr. LaFemina and Plaintiff both worked, cause analysis, or any related

16  process at PNNL. *See id.* Moreover, a comparison of Plaintiff's response with

17  Plaintiff's excerpts of Mr. Anderson's deposition testimony demonstrates that, as

18  with Plaintiff's summary judgment submissions, Plaintiff continues to rely upon

19  "misinterpretations of . . . deposition testimony." *Davis v. City of Seattle*, 2008 WL

20  202708, at *1 (W.D. Wash. Jan. 22, 2008). *Compare* ECF No. 215 at 19:10-23:11

21  *with* ECF No. 217-3. Even if Plaintiff had accurately represented Mr. Anderson's

22

23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  deposition testimony, Mr. Anderson's trial testimony would still be inadmissible for

2  at least six independent reasons.

3      ***First***, Mr. Anderson's contemplated testimony is irrelevant because it has

4  nothing to do with Dr. LaFemina, who made the personnel decision Plaintiff

5  challenges in this lawsuit.  *Harris v. Wackenhut Servs., Inc.*, 2009 WL 10715688, at

6  *2 (D.D.C. Aug. 14, 2009) ("the proffered evidence is likely irrelevant given that

7  the plaintiff has not demonstrated any nexus between the proffered evidence and

8  participation of the same decisionmakers in events also involving claims of racial

9  discrimination").

10      ***Second***, Plaintiff seeks to admit Mr. Anderson's testimony as character

11  evidence that she falsely contends demonstrates an alleged institutional-level

12  discriminatory animus toward self-proclaimed "whistleblowers" at PNNL.  ECF

13  No. 215 at 20:3-6.  *But see U.S. v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)

14  ("Evidence of a person's character or a trait of character is not admissible for the

15  purpose of proving action in conformity therewith on a particular occasion.").

16  However, Plaintiff has not met her burden of establishing its admissibility under

17  Rule 404(b).  *See Bailey*, 696 F.3d at 799  ("In the Ninth Circuit, a four-part test is

18  used to determine the admissibility of evidence pursuant to Rule 404(b) . . . (1) the

19  evidence tends to prove a material point; (2) the other act is not too remote in time;

20  (3) the evidence is sufficient to support a finding that defendant committed the other

21  act; and (4) (in certain cases) the act is similar to the offense charged") (citations

22  omitted); *see also id.* at 802 ("In order for evidence of a prior accusation to be

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 8
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   admissible, there must be sufficient, independent evidence (besides the accusation
2   alone) to support a finding that the prior conduct occurred.").

3       **Third**, Plaintiff's introduction of Mr. Anderson's testimony would inevitably
4   lead to a time wasting mini-trial because Battelle would have to call as rebuttal
5   witnesses Mr. Anderson's former supervisors and coworkers to refute his self-
6   serving and unfounded accusations against Battelle. *See In re Cathode Ray Tube*
7   *(CRT) Antitrust Litig.*, 2016 WL 7803893, at *2 (N.D. Cal. Nov. 15, 2016) ("One
8   function of Rule 403 is to avoid the introduction of large quantities of extrinsic
9   evidence to create mini-trials regarding tangentially related matters.").

10      **Fourth**, such an unnecessary and irrelevant digression will inevitably confuse
11  the jury. *Bultena v. Washington State Dep't of Agric.*, 319 F. Supp. 3d 1215, 1221
12  (E.D. Wash. 2018) ("A jury would likely have difficulty understanding why they
13  are being asked to evaluate the context and severity of conduct directed at
14  individuals other than Bultena, who belong to classes to which Bultena does not,
15  perpetrated by individuals other than Bultena's direct managers.").

16      **Fifth**, that inevitable jury confusion would be unfairly prejudicial to Battelle
17  because the jurors "might think that they should 'punish' defendant for actions that
18  did not involve plaintiff." *French v. Providence Everett Med. Ctr.*, 2009 WL
19  10676494, at *3 (W.D. Wash. Mar. 19, 2009); *accord E.E.O.C. v. OSI Rest.*
20  *Partners, Inc.*, 2010 WL 11519258, at *4 (D. Ariz. July 6, 2010) ("Despite any
21  limiting instruction, there is a high risk that the jury will misuse Mr. Gibson's and
22  other non-class members' testimony by concluding that Mr. Rawson is the kind of
23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 9
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   person who harassed employees, so he must have harassed the class members.  The

2   jury may also conclude that Defendants are deserving of punishment for employing

3   a person of bad character like Mr. Rawson.").

4       ***Finally***, Plaintiff's case law citations do not support her position.  Plaintiff

5   cites *Santos v. Peralta Community College District*, 2009 WL 3809797, at \*5 (N.D.

6   Cal. Nov. 13, 2009).  ECF No. 215 at 19:16-19.  However, that court granted the

7   defendant-employer's motion for summary judgment, explaining, "[Plaintiff] has

8   failed to establish that there is a sufficient nexus between the alleged discrimination

9   against her and the conclusory testimony of [non-party witness] about

10  discrimination against Asian employees from which discrimination here may

11  reasonably be inferred."  *Id.* at \*6.  The court noted, "Given the lack of

12  substantiality of [non-party witness's] evidence and the concern here that such

13  evidence would require a trial within a trial, it is doubtful that this evidence would

14  even be admitted."  *Id.*

15      Also unhelpful is Plaintiff's citation to *Heyne v. Caruso*, 69 F.3d 1475, 1479

16  (9th Cir. 1995).  In *Heyne*, the court held that evidence regarding an ***individual***

17  ***supervisor's*** sexual harassment of other female employees was admissible in a Title

18  VII case "to prove ***his*** motive or intent in discharging [the plaintiff]."  *Id.* at 1480

19  (emphasis added).  Here, *Heyne* is inapposite because Mr. Anderson's proposed

20  testimony has nothing to do with Dr. LaFemina, and Plaintiff's claim is not for race

21  or gender discrimination.  Numerous courts—including the Ninth Circuit—have

22  thus limited *Heyne's* import.  *See, e.g.*, *Beachy v. Boise Cascade Corp.*, 191 F.3d

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 10
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1010, 1014 (9th Cir. 1999) ("there do not appear to be any reported cases extending

the rule articulated in *Heyne* to such an amorphous group.  All the reported cases in

which evidence of other incidents was allowed involved evidence related to a group

defined by clearly established parameters such as gender or race."); *Romero v. Cty.*

*of Santa Clara*, 666 Fed. Appx. 609, 612 (9th Cir. 2016) (unpublished) ("Because

the evidence at issue did not show SCVMC's hostility toward 'a group defined by

clearly established parameters such as gender or race,' the district court could

reasonably conclude that the testimony would be of limited probative value")

(citing *Beachy*, 191 F.3d at 1014); *Schmitz v. City of Wilsonville*, 1999 WL 778586,

at *7 (D. Or. Sept. 17, 1999) (distinguishing *Heyne* because "[plaintiff] wishes to

admit evidence regarding actions by a former interim transit director against a

different union member to prove that hostility existed between the City of

Wilsonville and the union.  Such evidence is irrelevant to [plaintiff's supervisor's]

motivation and has no bearing on her independent decision to terminate

[plaintiff]").

Similarly misplaced is Plaintiff's reliance upon *Sprint/United Mgmt. Co. v.*

*Mendelsohn*, 552 U.S. 379, 388 (2008).  There, the Court held, "The question

whether evidence of discrimination by other supervisors is relevant in an individual

ADEA case is fact based and depends on many factors, including how closely

related the evidence is to the plaintiff's circumstances and theory of the case." *Id.*

This is not an ADEA case and, in any event, Battelle has not advocated any *per se*

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 11
Case No. 4:18-cv-05109-SMJ
4841-6250-7689v.4 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    rule of exclusion; instead, Mr. Anderson's testimony is inadmissible under the facts

2    of this case as applied to Rules 402, 403, 404(b), and construing case law.

3            **7.      The Court Should Exclude Evidence Regarding Plaintiff's**
                **Uncorroborated Allegations of Past Retaliation, Harassment, and**
4                **Discrimination.  (Fed. R. Evid. 402, 403, 404(b)(1)).  ECF No. 161**
                **at 17:17-20:22.**
5
            The Court should grant Battelle's Motion in Limine 7.  ***First***, Plaintiff does
6
    not oppose Battelle's motion to the extent it concerns "her report to Dr. LaFemina
7
    of two LGBT women employees."  ECF No. 215 at 24:17-19.
8
            ***Second***, Plaintiff concedes her alleged "reporting of Jeff Deal and the
9
    retaliation she experienced as a result of that reporting" is not relevant.  *See id.* at
10
    23:14-16 (Plaintiff claiming it "is likely to be relevant").  Instead, Plaintiff contends
11
    her uncorroborated and baseless allegations that Mr. Deal is a "sexual harasser"
12
    who "retaliated" against Plaintiff will ***become*** relevant if Battelle questions Plaintiff
13
    at trial about a March 2, 2016 email exchange between Plaintiff and Dr. LaFemina
14
    in which Plaintiff stated she had applied for another position at PNNL because
15
    serving as the AIM Team Manager "is hard on me.  I'm struggling . . . a lot."  ECF
16
    No. 85-19 at 2-3; ECF No 174-3.  According to Plaintiff, if Battelle questions her at
17
    trial about this email (which does not mention Mr. Deal), she should be permitted to
18
    testify regarding allegations she made about Mr. Deal in her previously filed
19
    declaration, but her argument makes no sense, and her allegations about Mr. Deal
20
    have nothing to do with this case.  ECF No. 215 at 23:14-24:16.  For example,
21
    Plaintiff's declaration states, "I DID NOT KNOW THAT JEFF DEAL WOULD
22
    BE IN THE INTERVIEW.  He sexually harassed Sarah Timmons, I turned him in
23
    DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 12
    Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   and he created a hostile work environment for both of us," ECF No. 134 at 47:15-

2   21, "Clearly my disclosure of sexual harassment and hostile work environment was

3   acceptable behavior by John [LaFemina]," ECF No. 134 at 48:11-15, and "I even

4   said that to the sexual harasser [*i.e.*, Mr. Deal] in an e-mail," ECF No. 134 at 52:3-

5   9. *See also* ECF No. 158 at 96:8-18; 97:5-98:10; 101:6-16; 102:18-103:18

6   (Battelle's requests to strike related portions of Plaintiff's declaration).

7        Although Plaintiff does not specifically invoke the doctrine—or otherwise

8   cite any authority—she essentially contends that if Battelle questions her at trial

9   regarding her March 2, 2016 email to Dr. LaFemina, Battelle will somehow "open

10  the door" to Plaintiff's tarring of Mr. Deal and PNNL through Plaintiff's

11  uncorroborated and unfounded testimony that Mr. Deal is a "sexual harasser" with

12  whom she apparently refuses to work.  While the logic supporting Plaintiff's

13  contention is not apparent, she misunderstands the doctrine she obliquely invokes.

14  "Under the rule of curative admissibility, or the 'opening the door' doctrine, the

15  introduction of inadmissible evidence by one party allows an opponent, in the

16  court's discretion, to introduce evidence on the same issue to rebut any false

17  impression that might have resulted from the earlier admission." *U.S. v. Whitworth*,

18  856 F.2d 1268, 1285 (9th Cir. 1988) (citations omitted).  "The doctrine does not

19  permit the introduction of evidence that is related to a different issue or is irrelevant

20  to the evidence previously admitted." *Id.*

21        Here, Plaintiff's invocation of this doctrine fails because her March 2, 2016

22  email to Dr. LaFemina—in which Plaintiff explained that she was struggling in her

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 13
Case No. 4:18-cv-05109-SMJ
4841-6250-7689v.4 0021368-000014

1  AIM Team Manager role and wanted to seek other opportunities at PNNL—is both

2  relevant and admissible.  Moreover, Plaintiff's testimony that, according to her,

3  Mr. Deal is a "sexual harasser" with whom she apparently refuses to work is not

4  necessary "to rebut any false impression that might have resulted from the earlier

5  admission" of her March 2, 2016 email.  Plaintiff's highly relevant email exchange

6  with Dr. LaFemina, which does not mention Mr. Deal, is not misleading.

7        Even if Battelle's submission of that March 2, 2016 email as evidence and its

8  related lines of questioning did somehow open the proverbial door, "[E]vidence

9  cannot come through the open door if it is inadmissible even under the expanded

10  realm of relevance opened by the adversary.  As a corollary, opening the door does

11  not deprive the trial court of the power to exclude evidence coming through it by an

12  exercise of the discretion conferred by Rule 403."  21 Kenneth W. Graham, Jr., *Fed.*

13  *Prac. & Proc. Evid.* § 5039.1 (2d ed. 2019); *accord U.S. v. Sine*, 493 F.3d 1021,

14  1037 (9th Cir. 2007) ("the 'opening the door' doctrine is not so capacious as to

15  allow the admission of any evidence made relevant by the opposing party's

16  strategy, without regard to the Federal Rules of Evidence").[5]  "The open door

17  doctrine is supposed to prevent prejudice (not to introduce or exacerbate it), and it is

18  often wise to limit or block attempts to offer rebuttal evidence."  1 Christopher B.

19  Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 1:12 (4th ed. 2019); *accord*

---

20

21  [5]  *See also Sine*, 493 F.3d at 1037 n. 17 ("The Federal Rules of Evidence's

22  'principle of completeness' also does not allow the admission of otherwise

23  inadmissible statements.") (citations omitted).

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 14
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1 *U.S. v. Johnson*, 502 F.2d 1373, 1376 (7th Cir. 1974) ("The doctrine of curative

2 admissibility can, of course, only be used to prevent prejudice; it cannot be

3 'subverted into a rule for injection of prejudice.'") (citations omitted).

4       Plaintiff's testimony that Mr. Deal is a "sexual harasser" with whom she

5 refuses to work is irrelevant to Plaintiff's NDAA claim.  Mr. Deal was not

6 Plaintiff's manager during any time relevant to this action and played no role in the

7 personnel decision at issue.  Fed. R. Evid. 401.  Moreover, Plaintiff's contemplated

8 testimony is inadmissible character evidence under Rule 404.  *See Harris*, 2009 WL

9 10715688, at *2 ("[T]he proffered evidence does not possess inherent value other

10 than the inadmissible purpose of showing the defendant's alleged propensity to

11 engage in similar acts. . . and therefore the jury cannot be asked to infer that a

12 general discriminatory culture, if any can be shown, is imputable onto the

13 decisionmakers identified in this case.").  Finally, Plaintiff's proposed testimony

14 would be confusing and unfairly prejudicial.  *OSI Rest. Partners*, 2010 WL

15 11519258, at *4 ("The jury may also conclude that Defendants are deserving of

16 punishment for employing a person of bad character like Mr. Rawson.").

17 Permitting Plaintiff to tar Mr. Deal as a "sexual harasser" will also give rise to a

18 time-wasting mini-trial, as Battelle vehemently denies the allegation and would

19 have to call rebuttal witnesses to refute Plaintiff's baseless allegations against

20 Mr. Deal.  Fed. R. Evid. 403.

21

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 15
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1

**8.      The Court Should Prohibit Plaintiff from Offering Evidence**
**Regarding the Reputation of PNNL Managers or PNNL,**
2      **Generally.  ECF No. 161 at 21:1-22:5.**

3          The Court should grant Battelle's Motion in Limine 8, and Plaintiff should be

4   required to try this case on the facts instead of relying upon her inadmissible and

5   unsubstantiated attacks upon the characters of former Battelle employees and PNNL

6   itself.  Rather than concede the obvious point that Plaintiff's contemplated

7   testimony is inadmissible, Plaintiff raises a host of arguments in an attempt to

8   preserve her ability to tar the reputations of Mr. Conger, the late Ms. Doyle, and

9   PNNL.  However, each of Plaintiff's arguments fails.

10          ***First***, Plaintiff incorrectly contends Battelle's motion "is premature" and

11  "lacks adequate specificity."  ECF No. 215 at 25:8-12.  Not so.  Battelle's motion

12  offers three concrete examples of the unsubstantiated and inadmissible character

13  evidence Plaintiff intends to offer at trial.  ECF No. 161 at 21:3-10 ("Marty Conger

14  has a reputation for bad behavior"; the late Ms. Doyle was "a dishonest person

15  without integrity"; and "[Plaintiff has] seen corruption in this laboratory").

16          ***Second***, Plaintiff asserts that at trial "Battelle/PNNL witnesses may be

17  impeached by evidence of "bias, inconsistent statements, and contradiction."  ECF

18  No. 215 at 25:1-7.  However, none of Battelle's cited examples of Plaintiff's

19  contemplated trial testimony concern bias, inconsistent statements, or contradiction

20  and there is no hypothetical scenario under which Plaintiff's contemplated

21  testimony could implicate these methods of impeachment.

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 16
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    ***Third***, Plaintiff argues, "Reputation of course is admissible impeachment

2    [under] Fed. R. Evid. 608."  ECF No. 215 at 25:7.  Plaintiff misunderstands Rule

3    608's scope:

4    > The admissibility of evidence under subdivision (a) is expressly made subject
>     to two limitations, the first of which states that the evidence ***may refer only to***

5    > ***'character for truthfulness or untruthfulness.'***  Thus, opinion or reputation
>     testimony pertaining to any other character trait is, by implication,

6    > inadmissible on the issue of witness credibility.  This means that testimony
>     concerning related character traits, such as 'honesty', or testimony concerning

7    > the general moral character of the witness, will be excluded.

8    28 Victor J. Gold, *Fed. Prac. & Proc. Evid.* § 6115 (2d ed. 2019) (emphasis added);

9    *accord Flythe v. D.C.*, 4 F. Supp. 3d 222, 232 n. 5 (D.D.C. 2014) ("In accordance

10   with the bulk of judicial authority, the inquiry is strictly limited to character for

11   veracity, *rather than allowing evidence as to character generally.*") (quoting

12   Advisory Committee Notes Fed. R. Evid. 608(a)) (emphasis in original).

13   ***Fourth***, Plaintiff erroneously contends she may offer the purported out-of-

14   court statement of "Battelle/PNNL Employee Concerns Specialist (Marnae Litke

15   Collins)" that "Marty Conger has a reputation for bad behavior at the Laboratory"—

16   which Plaintiff alleges Ms. Collins said *after* the events giving rise to this case to

17   demonstrate Plaintiff had a "reasonable belief" for purposes of the NDAA.[6]  ECF

18   _____

19   [6] Ms. Collins's purported out-of-court statement is inadmissible hearsay because it

20   would not have been made within the scope of her employment.  Fed. R. Evid.

21   801(d)(1)(2)(D).  Ms. Collins's purported statement is also inadmissible reputation

22   evidence because it does not concern Mr. Conger's "character for truthfulness or

23   untruthfulness."  Fed. R. Evid. 608(a).

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 17
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  No. 215 at 26:14-27:14.  Plaintiff's argument that the nature of her cause of action

2  excuses her from complying with the Federal Rules of Evidence is without merit.

3  "[Fed. R. Evid.] 1101(b) provides that the Evidence Rules apply generally 'to civil

4  actions and proceedings, including admiralty and maritime cases.'  This implements

5  the decision of the drafters to create a uniform set of evidence principles to govern

6  all types of civil matters."  31 Victor J. Gold, *Fed. Prac. & Proc. Evid.* § 8075 (1st

7  ed. 2019).  Plaintiff must support her claim with admissible evidence.

8      ***Fifth***, Plaintiff apparently contends she should be permitted to testify at trial

9  that the late Ms. Doyle was, according to Plaintiff, "a dishonest person without

10  integrity" because, Plaintiff argues, "it is a fair explanation of why she was removed

11  from her job."  ECF No. 215 at 27:15-28:9.  Questions of decorum aside, if Plaintiff

12  wishes to offer at trial opinion or reputation testimony regarding the deceased

13  Ms. Doyle's character for truthfulness or untruthfulness (but not "integrity"), she

14  should only be permitted to do so pursuant to Rule 608's procedural and substantive

15  requirements.  The Federal Rules of Evidence do not permit Plaintiff to assert to the

16  jury that the late Ms. Doyle was "a dishonest person without integrity," as Plaintiff

17  apparently intends to do.  Moreover, Plaintiff's maligning of her deceased former

18  colleague in this fashion would also be unfairly prejudicial.  Fed. R. Evid. 403.

19      ***Sixth***, Plaintiff incorrectly argues she should be permitted to testify to the

20  jury, "I've seen corruption at the laboratory" because, according to Plaintiff, it

21  would "clearly [be] a reference to the matter she blew the whistle on and for which

22  she claims she was retaliated against."  ECF No. 215 at 28:10-29:41.  Accepting for

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 18
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  argument's sake Plaintiff's characterization of her contemplated testimony,

2  permitting Plaintiff to characterize the innocuous events at issue in this lawsuit as

3  "corruption" would be unfairly prejudicial to Battelle.  Indeed, courts have excluded

4  such inflammatory language in cases that actually concerned criminal charges of

5  public corruption.  *E.g.*, *U.S. v. Dimora*, 843 F. Supp. 2d 799, 847 (N.D. Ohio 2012)

6  ("[R]eferring to Dimora as the 'corrupt commissioner,' may be gratuitously

7  inflammatory, especially when alternative and less inflammatory means of

8  summarizing the government's position are available.  Further, describing him as

9  'corrupt' tends to suggest guilt in a conclusory fashion without reference to the

10  elements of the crime charged.  Therefore, the Court will not permit counsel for the

11  government to use the phrase 'corrupt commissioner' at trial.").

12          **9.    The Court Should Prohibit Plaintiff From Using the Phrase
                  "Hostile Work Environment."  (Fed. R. Evid. 403, 701).  ECF No.
13                161 at 22:6-23:15.**

14          The Court should grant Battelle's Motion in Limine 9 because Plaintiff will

15  be able to convey to the jury "the 'tension' in her relationship with Cindy Doyle"

16  without using terminology charged with legal significance, such as "hostile work

17  environment," "hostile environment," and permutations of the same.  *Compare* ECF

18  No. 161 at 22:6-23:15 *with* ECF No. 215 at 29:5-30:10.  For example, instead of

19  using conclusory appellations such as "hostile behavior" and "hostile work

20  environment," Plaintiff should be required to ***describe*** the late Ms. Doyle's alleged

21  behaviors that Plaintiff would apparently prefer to describe in conclusory fashion

22  using legally charged terminology.  *See* Fed. R. Evid. 602; *U.S. v. Evans*, 484 F.2d

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 19
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   1178, 1181 (2d Cir. 1973) ("what the witness represents as his knowledge must be

2   an impression derived from the exercise of his own senses") (citations omitted).

3          As Plaintiff notes, the elements of her NDAA claim "do no concern 'hostile'

4   behavior or the existence of a 'hostile work environment.'"  ECF No. 215 at 30:7-

5   10.  Therefore, Plaintiff's utilization of such charged terminology is unnecessary

6   and will only confuse the jurors.  Fed. R. Evid. 403.  *See DataTreasury Corp. v.*

7   *Wells Fargo & Co.*, 2010 WL 11538713, at *8 (E.D. Tex. Feb. 26, 2010) (granting

8   similar motion in limine in patent infringement case, requiring "[a]ny party seeking

9   to introduce evidence of Plaintiff's 'hostile work environment' [to] first approach

10  the bench and establish a foundation for relevance and for why any probative value

11  is not substantially outweighed by any danger of unfair prejudice").

12         **10.    The Court Should Exclude Evidence Regarding Plaintiff's**
           **Allegations of Subsequent Retaliation at PNNL.  (Fed. R. Civ. P.**
13         **12(b)(1); Fed. R. Evid. 402, 403, 404(b)(1), 602).  ECF No. 161 at**
           **23:16-27:20.**

14

15         The Court should grant Battelle's Motion in Limine 10 lest Plaintiff's

16  unexhausted and unsubstantiated allegations of ongoing "retaliation"—over which

17  the Court does not possess subject matter jurisdiction—infect the trial record.  As

18  stated in Battelle's motion, it appears that every federal district court to address the

19  issue has held that federal whistleblower statutes require complainants to

20  administratively exhaust allegations of subsequent retaliation prior to raising those

21  same allegations in court.  *See Roganti v. Metro. Life Ins. Co.*, 2012 WL 2324476,

22  at *5 (S.D.N.Y. June 18, 2012); *Portes v. Wyeth Pharm., Inc.*, 2007 WL 2363356,

23  at *6 (S.D.N.Y. Aug. 20, 2007); *Willis v. Vie Fin. Grp., Inc.*, 2004 WL 1774575, at

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 20
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   *1 (E.D. Pa. Aug. 6, 2004).  The U.S. Department of Labor, which administers

2   SOX and to which Plaintiff has repeatedly asked this Court to defer, also adopted

3   this rule for administrative proceedings.  *In the Matter of: William Messer,*

4   *Complainant v. John Elway Dodge, Respondent*, 2007 WL 7135746 (U.S. Dept. of

5   Labor SAROX), 28.  Indeed, Plaintiff does not cite to a single judicial or

6   administrative decision that has held to the contrary.  *See* ECF No. 215 at 30:11-

7   38:10.

8          Yet Plaintiff nevertheless intends to testify at trial that she was subjected to

9   various alleged acts of retaliation that were not raised in either her June 21, 2017

10  administrative complaint to the DOE, ECF No. 217-4, or in her virtually identical

11  Complaint filed in this action, ECF No. 1.  These include Plaintiff's following

12  unexhausted and unfounded allegations:

13     "6.  Delay in obtaining cause analyst qualification meeting";

14     "7.  Never assigned to work as root cause analyst";

15     "8.  Cindy Doyle had full access to Ms. Busselman's past performance
       reviews, and she deleted her 2017 goals for next year's performance";
16
       "9.  On May 24, 2017, after telling Dr. LaFemina that she went to employee
17     concerns to complain about being removed, she was selected to have a drug
       test";[7]
18
       "10.  After being assigned the windowless office, when working from home,
19     Ms. Busselman's email file regarding Mr. Cooke was deleted from her email
       account"; and
20

21

22  _____

23  [7] Plaintiff concedes this allegation should be excluded.  ECF No. 215 at 38:8-10.

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 21
Case No. 4:18-cv-05109-SMJ                                    Davis Wright Tremaine LLP
                                                                   LAW OFFICES
4841-6250-7689v.4 0021308-000014                            920 Fifth Avenue, Suite 3300
                                                                  Seattle, WA 98104
                                                          206.622.3150 main · 206.757.7700 fax

1    "11.  In March 2018, Ms. Busselman applied for a manager position within
2    Dr. LaFemina's organization and soon thereafter the opportunity was
     withdrawn."

3    ECF No. 133 at 18:5-19:33 (citations omitted).  Plaintiff does not explain why she

4    did not bring these new allegations to the DOE's attention either during the

5    pendency of her administrative complaint or after the agency issued its July 5, 2018

6    determination that her NDAA claim is without merit.  ECF No. 16 at 10-33 (DOE

7    OIG's Investigative Report to Management); *see also* 41 U.S.C. § 4712(b)(4)

8    (NDAA's three-year statute of limitations to file administrative complaint).

9         Nevertheless, Plaintiff's arguments in opposition to Battelle's motion fail.

10   *First*, Plaintiff cites to *Wallace v. Tesoro Corporation*, 796 F.3d 468 (5th Cir. 2015)

11   and *Jones v. Southpeak Interactive Corporation of Delaware*, 777 F.3d 658 (4th

12   Cir. 2015) for the proposition that the scope of a judicial action related to a SOX

13   administrative complaint "is limited to the sweep of . . . investigation that can

14   reasonably be expected to ensue from the administrative complaint."  ECF No. 215

15   at 30:17-31:7.  However, unlike the cases Battelle cites, neither *Wallace* nor *Jones*

16   addressed whether allegations of subsequent retaliation must be administratively

17   exhausted.  Instead, *Wallace* addressed the question of whether the plaintiff could

18   pursue in his judicial action allegedly protected activity omitted from his

19   administrative complaint.  *See* 796 F.3d at 477 ("By failing entirely to reference a

20   distinct category of protected activity in his OSHA complaint, Wallace did not file a

21   complaint whose investigation would reach that activity.").

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 22
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    Similarly, *Jones* addressed the question of whether individuals not named as

2 respondents in an administrative complaint could be named as defendants in a

3 subsequent judicial action.  777 F.3d 658, 669–70 ("[T]he OSHA complaint plainly

4 identifies Mroz and Phillips as 'person(s) who are alleged to have violated the Act

5 (who the complaint is being filed against).'  Nothing more precise is required.")

6 (citations omitted).  In any event, even if this Court accepts the Title VII concepts

7 from *Wallace* and *Jones* regarding these entirely different issues, the Court should

8 still grant Battelle's motion because Plaintiff's new allegations of supposed

9 retaliation are not within "the sweep of . . . investigation that can reasonably be

10 expected to ensue from [her] administrative complaint."  Indeed, the DOE OIG's

11 23-page investigative report summarizes at length the agency's investigatory

12 interviews with Plaintiff, yet that report does not contain a single reference to

13 Plaintiff's new allegations of supposed retaliation.  *See generally* ECF No. 16 at 9-

14 33.

15    ***Second***, Plaintiff contends Battelle's motion is a "bald assertion that the

16 jurisdictional nature of the NDAA requires excluding related acts that occurred after

17 the charge is filed" although Plaintiff "agrees that '[l]ater allegations that are of a

18 drastically different type from those contained in the complaint may not, consistent

19 with due process, be considered in the instant case.'"  ECF No. 215 at 31:8-12

20 (*quoting Messer*, 2007 WL 7135746, 28).  Battelle's motion is hardly a "bald

21 assertion," as Plaintiff's response conspicuously omits passages that bookend the

22 language she quoted from *Messer*: (**1**) "The exhaustion requirement of the

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 23
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    whistleblower provision of the Sarbanes-Oxley Act precludes recovery for a

2    discrete act of retaliation that arose after the filing of the administrative complaint

3    which was never presented to OSHA for investigation"; and **(2)** "Accordingly, to

4    the extent that any later allegations constitute distinct acts of retaliation, the

5    complainant must file a new complaint with OSHA raising those allegations."

6    *Messer*, 2007 WL 7135746, 29 (citing *Willis*, 2004 WL 1774575; *Reines v. Venture*

7    *Bank and Venture Financial Group*, 2005-SOX-112 at 49 n.15 (ALJ Mar. 13,

8    2007); and *Kingoff v. Maxim Group LLC*, 2004-SOX-57, slip op. at 4 (July 21,

9    2004)).

10        ***Third***, Plaintiff cites to a litany of Title VII cases for the proposition that her

11    "civil suit may 'include acts of discrimination that occur *after* the charge is filed.'"

12    ECF No. 215 at 31:18-33:12 (citations omitted).  However, Plaintiff's cited Title

13    VII cases are not persuasive on this point because "[t]he administrative scheme

14    underlying [federal whistleblower statutes are] judicial in nature and [are] designed

15    to resolve the controversy on its merits, as opposed to the administrative procedures

16    underlying Title VII.  []  The purpose of permitting subsequent, unexhausted Title

17    VII claims to proceed was to foster informal conciliation."  *Willis, Inc.*, 2004 WL

18    1774575, at *5–6.  Conversely, permitting Plaintiff to advance unexhausted

19    retaliation claims in this case would "bypass[] Congress's carefully constructed

20    scheme [and] frustrate the congressional intent that whistleblower claims be

21    resolved at the agency level, if possible."  *Tamosaitis v. URS Inc.*, 781 F.3d 468,

22    477-78 (9th Cir. 2015).

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 24
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    **Fourth**, Plaintiff incorrectly contends her newly asserted allegations of

2    subsequent retaliation are evidence of damages as opposed to liability.  ECF No.

3    215 at 35:14-16.  This argument is illogical because alleged acts of retaliation only

4    make sense as liability events from which claimed compensatory damages (*i.e.*,

5    emotional distress) may theoretically flow.  Indeed, the NDAA sets forth in entirely

6    separate statutory sections potentially actionable liability events ("discharged,

7    demoted, or otherwise discriminated against"), 41 U.S.C. § 4712(a)(1), and

8    recoverable categories of damages ("compensatory damages (including back pay)"),

9    41 U.S.C. § 4712(c)(1)(B).  That is presumably why Plaintiff's response to

10   Battelle's pending Motion for Summary Judgment framed these new and unfounded

11   allegations of retaliation as liability events and not as damages: "The defense brief

12   does not discuss or defend any adverse actions listed above aside from the removal

13   from her job, so summary judgment should be denied without further ado as to the

14   rest."  ECF No. 133 at 19:9-11.

15   **Fifth**, Plaintiff erroneously argues her "testimony that her emails with Steve

16   Cooke were deleted from her account" is admissible "to show that Defendant

17   understood the conduct Ms. Busselman opposed was unlawful."  ECF No. 215 at

18   36:14-37:5.  Notwithstanding that Plaintiff has never presented any competent

19   evidence supporting this allegation—much less identified a single email she claims

20   was "deleted"—her cited authority does not support her assertion that such

21   allegations are not subject to administrative exhaustion.  Plaintiff cites to *Phillips v.*

22   *Potter*, 2009 WL 2588830, at *2 (W.D. Pa. Aug. 19, 2009), a Title VII case in

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 25
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1  which the Court ruled, "[T]he introduction of the alleged destruction would serve

2  no relevant purpose at trial.  Therefore, Defendant's Motion with regard to the

3  alleged destruction of emails and other documents is granted."  That does not

4  support Plaintiff's contention.  Plaintiff also cites to *Perez v. U.S. Postal Service*, 76

5  F. Supp. 3d 1168, 1197 (W.D. Wash. 2015), but that opinion does not address

6  administrative exhaustion.  Instead, it addresses evidence presented during a bench

7  trial, which demonstrated, "[S]upervisors were undoubtedly aware of the

8  wrongfulness of their conduct, instructing recipients of harassing emails to delete

9  them."  *Id.*  There is no such evidence in this case, only Plaintiff's uncorroborated

10  and unexhausted allegations, which the Court should exclude at trial.

11      **11.  The Court Should Exclude Plaintiff from Offering into Evidence or Otherwise Referencing Irrelevant Department of Energy Regulations, Policies, and Orders She has Identified as Trial Exhibits.  (Fed. R. Evid. 403, 701).  ECF No. 161 at 28:1-19.**

13         The Court should grant Battelle's Motion in Limine 11 because the Court

15  should not allow Plaintiff to confuse the jurors with the same tactic she employed in

16  her summary judgment opposition materials.  Fed. R. Evid. 403.  Specifically,

17  Plaintiff's opposition submissions included literal reams of DOE regulations,

18  policies, orders, and contract materials, including many to which she never cited.

19  *See* ECF Nos. 136-6, 136-20, 136-21, 136-22, 136-23, 136-24, 136-26, 136-27,

20  136-28, 136-29, 136-30, 137-24.  Vaguely alluding to these hundreds of pages of

21  documents, Plaintiff erroneously represented to the Court, "There is a myriad of

22  established policies, procedures, regulations, and contract terms that . . .

23  prohibit[ed] the manipulative actions of management in changing the March 2017

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 26
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    root cause statement." ECF No. 133 at 7:9-13. However, to this day Plaintiff has

2    not identified a single provision in these voluminous DOE materials that actually or

3    arguably prohibited Mr. Cooke and Mr. Conger from offering to Ms. Pryor for her

4    consideration proposed revisions to the root cause statements (after both Plaintiff

5    and Ms. Pryor agreed they could do so).

6         Plaintiff's arguments in opposition to Battelle's motion in limine each fail.

7    ***First***, Plaintiff argues Battelle has not identified "any specific trial exhibit, DOE

8    regulation, policy or order that it argues is irrelevant." ECF No. 215 at 38:13-18.

9    However, Battelle's motion clearly referred to ***all*** such materials Plaintiff listed as

10   proposed trial exhibits. *See* ECF No. 161 at 28:3-6 (citing ECF No. 153). Lest

11   there be any confusion, Plaintiff's trial exhibits at issue are Exhibits 20, 28, 30, 31,

12   32, 33, 34, 35, 36, 37, 57, 58, 68, and 99. ECF Nos. 171-15, 171-23, 171-25

13   through 171-32, 171-50, 171-51, 171-59, 171-84.

14        ***Second***, Plaintiff incorrectly asserts that Battelle "includes no argument as to

15   why any given DOE regulation, policy or order identified by the plaintiff is

16   inapplicable or irrelevant." ECF No. 215 at 39:1-9. However, Battelle does not

17   carry the burden of parsing though Plaintiff's voluminous submission to contend at

18   length why each of them is irrelevant. Instead, the burden is upon ***Plaintiff*** to

19   establish that they are relevant to her NDAA claim: "[I]t is the proponent's burden

20   to demonstrate the relevancy of proffered evidence." *DesRosiers v. Moran*, 949

21   F.2d 15, 23 (1st Cir. 1991) (citations omitted); *accord U.S. v. Conners*, 825 F.2d

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 27
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1   1384, 1390 (9th Cir. 1987) ("the government must carry the burden of showing how

2   the proffered evidence is relevant to one or more issues in the case").

3       **Third**, Plaintiff has not met her burden of establishing the relevance of any of

4   these 14 Exhibits.  Instead, Plaintiff asserts without any factual support that her

5   proposed trial exhibits include "a guidance document [that] lies at the heart of the

6   AIM team's finding that management failed to adopt adequate internal controls to

7   prevent the vendor fraud."  ECF No. 215 at 39:12-16.  However, Plaintiff's NDAA

8   claim does not concern **how** the Fowler Fraud cause analysis team (which did not

9   include Plaintiff) reached its substantive conclusions in the Fowler Fraud Report,

10  which conclusions were never substantively altered.  Instead, Plaintiff's claim

11  concerns her still unsubstantiated allegation that some unspecified policy,

12  procedure, law, rule, or regulation prohibited Mr. Cooke and Mr. Conger from

13  offering Ms. Pryor proposed root cause statement revisions for her consideration.

14  Even if the "guidance document" to which Plaintiff refers was somehow marginally

15  relevant to that issue, it should still be excluded because of the high probability its

16  admission at trial will confuse the jury and waste limited trial time.  Fed. R. Evid.

17  403.

18

19

20

21

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 28
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

1    DATED this 15th day of October, 2019.

2
                                    Davis Wright Tremaine LLP
3                                   Attorneys for Battelle Memorial Institute

4
                                    By s/ Mark N. Bartlett
5                                       Mark N. Bartlett, WSBA No. 15672
                                        Gillian Murphy, WSBA No. 37200
6                                       Arthur A. Simpson, WSBA No. 44479
                                        Davis Wright Tremaine LLP
7                                       920 Fifth Avenue, Suite 3300 |
                                        Seattle, Washington  98104-1610
8                                       Telephone:  206.622.3150
                                        Facsimile:  206.757.7700
9                                       markbartlett@dwt.com
                                        gillianmurphy@dwt.com
10                                      arthursimpson@dwt.com

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT'S REPLY I/S/O OMNIBUS MILs - 29
Case No. 4:18-cv-05109-SMJ

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

**PROOF OF SERVICE**

I hereby certify that on the 15th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John P. Sheridan
The Sheridan Law Firm, P.S.
Hoge Building
705 Second Avenue
Seattle, WA 98104
jack@sheridanlawfirm.com

Attorney for Plaintiff

s/ Mark N. Bartlett
Mark N. Bartlett, WSBA No. 15672

DEFENDANT'S REPLY I/S/O OMNIBUS MILs
Case No. 4:18-cv-05109-SMJ
4841-6250-7689v.4 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax