Mark N. Bartlett, WSBA No. 15672
Gillian Murphy, WSBA No. 37200
Arthur A. Simpson, WSBA No. 44479
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALETA BUSSELMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BATTELLE MEMORIAL INSTITUTE, an Ohio nonprofit corporation,<br><br>　　　　　Defendant. | No. 4:18-cv-05109-SMJ<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Defendant Battelle Memorial Institute responds to Plaintiff's objections to Defendant's deposition designations and counter-designations.

**Plaintiff's Objections to Defendant's Designations of the Deposition of Aleta Busselman and Defendant's Response**

| Plaintiff's Objection | Basis for Objection | Defendant's Response |
|---|---|---|
| 14:11-18:25 | ER 602, 701 | Plaintiff objected to a series of questions regarding Plaintiff's alleged damages. In summary, Plaintiff was asked how much money she believed she should receive in connection with the lawsuit and whether she wanted her job back. Plaintiff's objection on the basis of ER 602 and ER 701 is misplaced.<br><br>Plaintiff, presumably, has personal knowledge of her own beliefs. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602).<br><br>In addition, her answers regarding the damages she believes she is owed do not require "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 49:20-50:7 | ER 602, 701 | Plaintiff was asked about the comments contained in her 2016 performance review |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 1
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | and whether she believed they were "not positive." Plaintiff's objection on the basis of ER 602 and ER 701 is misplaced.<br><br>Plaintiff, presumably, has personal knowledge of her own beliefs. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602).<br><br>In addition, her answer regarding her interpretation of her 2016 performance review does not require "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 51:2-10 | ER 602, 701 | Plaintiff was asked whether she believed it was Cindy Doyle and John LaFemina's fault that she did not meet a particular performance expectation. Plaintiff's objection on the basis of ER 602 and ER 701 is misplaced.<br><br>Plaintiff, presumably, has personal knowledge of her own beliefs. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602).<br><br>In addition, her answer regarding her belief |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 2
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | as to why she did not meet a particular performance expectation does not require "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 85:9-19 | ER 402, 403, 611, 802 | Plaintiff was asked about the context of an email she received from her manager where he suggested she was struggling. Plaintiff was asked whether she believed his email was related to prior communications where she told him she was stressed out. Plaintiff's objection on the basis of ER 402, 403, 611, and 802, is misplaced.<br><br>*First*, whether Plaintiff was struggling and/or stressed out about her job is relevant to the inquiry regarding her manager's motive for reorganizing her position. Fed. R. Evid. 402.<br><br>*Second*, while communications regarding Plaintiff's dissatisfaction with her job are prejudicial to Plaintiff's case, they are not unfairly prejudicial. Fed. R. Evid. 403. Plaintiff has not otherwise articulated any Rule 403 argument.<br><br>*Third*, Plaintiff did not articulate a Rule 611 argument. Regardless, the designation should not be excluded on this basis.<br><br>*Fourth*, Battelle will establish at trial that this email itself is a business record and also falls within Rule 807's residual exception. Fed. R. Evid. 803(6); Fed. R. Evid. 807.<br><br>*Fifth*, Battelle is not offering the contents of this document for the truth of the matters asserted but, instead, that Dr. LaFemina's |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
DEPOSITION DESIGNATIONS AND COUNTER-
DESIGNATIONS – 3
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | decision to reorganize Plaintiff's position was motivated by Plaintiff's dissatisfaction with her role.  Fed. R. Evid. 801(c)(2).<br><br>*Sixth*, Plaintiff's statements within the email chain are statements by a party opponent. Fed. R. Evid. 801(d)(2). |
| 91:9-18 | ER 402, 403, 602, 611, 701 | Plaintiff was asked about an email she sent to a career coach stating that "it is never too late to find a career that gives you joy." Plaintiff was asked whether she believed that statement could be interpreted to mean that Plaintiff did not feel joy in her current role. Plaintiff's objection on the basis of ER 402, 403, 602, 611, and 701, is misplaced.<br><br>*First*, it is beyond reasonable dispute that Plaintiff's dissatisfaction with her role managing the AIM Team and her desire to find another position at PNNL is relevant. That is a central issue in this lawsuit.  Fed. R. Evid. 402.<br><br>*Second*, while Plaintiff's email and answer during the deposition (that she was "joking") is prejudicial to Plaintiff's case, it is not unfairly prejudicial.  Fed. R. Evid. 403. Plaintiff has not otherwise articulated any Rule 403 argument.<br><br>*Third,* Plaintiff has personal knowledge of her own beliefs with regard to how her comments might be interpreted and/or what she was trying to convey. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 4
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602). *Fourth,* Plaintiff did not articulate a Rule 611 argument.  Regardless, the designation should not be excluded on this basis. *Fifth*, her answer is based on her own perception on not on "scientific, technical, or other specialized knowledge."  Fed. R. Evid. 701(c). |
| 110:16-111:3 | ER 402, 403 | Plaintiff was asked whether she had made multiple statements regarding being stressed out, drowning, or unhappy with her job. Plaintiff's objection on the basis of ER 402, 403 is misplaced. *First*, it is beyond reasonable dispute that Plaintiff's dissatisfaction with her role managing the AIM Team and her desire to find another position at PNNL is relevant. That is a central issue in this lawsuit.  Fed. R. Evid. 402. *Second*, while Plaintiff's statements on this topic are prejudicial to Plaintiff's case, they are not unfairly prejudicial.  Fed. R. Evid. 403.  Plaintiff has not otherwise articulated any Rule 403 argument. |
| 114:25-115:7 | ER 602, 701 | Plaintiff was asked whether she told Steve Cooke that she did not like her job. Plaintiff's objection on the basis of ER 602 and 701 does not make sense. Plaintiff, presumably, has personal |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 5
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | knowledge of what she says to people. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602). <br><br> In addition, her answer about whether she did or did not say something does not require "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 125:25-126:4; 128:20-129:25 | ER 402, 403, 602 | Plaintiff testified that she reviewed the causal report at issue. She was then asked whether she read in the report that two government entities were separately investigating the fraud issue and related questions. Plaintiff's objection on the basis of ER 402, 403, and 602 is misplaced. <br><br> *First*, whether Plaintiff knew that the fraud was previously disclosed and being investigated by other entities is relevant to whether she reasonably believed she was engaging in protected whistleblower activity. Fed. R. Evid. 402. <br><br> *Second*, while Plaintiff's statements on this topic are prejudicial to Plaintiff's case, they are not unfairly prejudicial. Fed. R. Evid. 403. Plaintiff has not otherwise articulated any Rule 403 argument. <br><br> *Third*, Plaintiff was essentially being asked whether she had personal knowledge of the |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 6

4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | | |
|---|---|---|---|
| | | | other investigations and that process. Plaintiff, presumably, has personal knowledge of her own personal knowledge. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602). |
| | 141:13-18 | ER 402, 403, 611 | Plaintiff was asked whether a draft of the causal report at issue in this case that she received was a "work in progress." Plaintiff's objection on the basis of ER 402, 403, and 611 is misplaced.<br><br>*First*, the process related to the creation of the final causal report and any revisions to the language therein is a central issue in this lawsuit. Fed. R. Evid. 402.<br><br>*Second*, Plaintiff has not articulated any Rule 403 argument.<br><br>*Third,* Plaintiff has not articulated a Rule 611 argument except during the deposition when Plaintiff's counsel stated that the question was a "mischaracterization." |
| | 146:1-25 | ER 404(a), 602, 701 | Plaintiff did not underline the portion of this designation that she believes is objectionable. Regardless, Defendant's questions regarding Plaintiff's opinion of Steve Cooke's personality and her interpretation of his comments are not objectionable. |
| | 151:18-152:1 | ER 402, 403, 602, 611, 701 | Plaintiff was asked about whether the causal report was still subject to input at a particular |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
DEPOSITION DESIGNATIONS AND COUNTER-
DESIGNATIONS – 7
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | point in time and whether that is consistent with her understanding of the causal analysis process.  Plaintiff's objection on the basis of ER 402, 403, and 602 is misplaced.<br><br>*First*, Plaintiff's central claim is that the causal analysis process was not being followed.  These questions are central to this case.  Fed. R. Evid. 402.<br><br>*Second*, while Plaintiff's statements on this topic are prejudicial to Plaintiff's case, they are not unfairly prejudicial.  Fed. R. Evid. 403.  Plaintiff has not otherwise articulated any Rule 403 argument.<br><br>*Third,* Plaintiff has personal knowledge about her own beliefs about the causal process. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602).<br><br>*Fourth,* Plaintiff's answer about her understanding of the causal process does not require "scientific, technical, or other specialized knowledge," but rather is based on her experience as a manager of that process.  Fed. R. Evid. 701(c). |
| 165:1-15 | ER 403, 611, 802 | Plaintiff was asked about her email response regarding the causal analysis process.<br><br>Defendant is unclear as to the basis of Plaintiff's ER 403 and ER 611 objection. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 8
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | Plaintiff's statements within the email chain are statements by a party opponent. Fed. R. Evid. 801(d)(2). |
| 187:10-188:13 | ER 602, 701 | Plaintiff was asked whether she agreed that a particular causal analysis procedures document would be interpreted by others as being "not mandatory."<br><br>Plaintiff, presumably, has personal knowledge of whether she agrees with a particular interpretation. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602).<br><br>In addition, her answer about how a particular document might be perceived by others does not require "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 191:20-192:3 | ER 402, 403, 602, 611, 701 | Plaintiff was asked whether her disclosures related to the gross waste of federal funds.<br><br>*First*, it is beyond reasonable dispute that the nature of Plaintiff's alleged disclosure is relevant. That is a central issue in this lawsuit. Fed. R. Evid. 402.<br><br>*Second*, while Plaintiff's answer during the deposition is prejudicial to Plaintiff's case, it is not unfairly prejudicial. Fed. R. Evid. 403. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
DEPOSITION DESIGNATIONS AND COUNTER-
DESIGNATIONS – 9
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | Plaintiff has not otherwise articulated any Rule 403 argument. |
|---|---|---|
| | | ***Third***, Plaintiff has personal knowledge of her own beliefs with regard to the nature of her alleged disclosure. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602). |
| | | ***Fourth***, Plaintiff did not articulate a Rule 611 argument. Regardless, the designation should not be excluded on this basis. |
| | | ***Fifth***, her answer is based on her own perception on not on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 197:22-202:23 | ER 602, MIL | Plaintiff was asked questions about the investigation conducted by the DOE. This topic is a subject of one of Plaintiff's MIL. Defendant relies on its briefing in response to this objection. |
| 209:13-211:24 | ER 402, 403, 602, 611, 701, 802 | Plaintiff was asked questions about the investigation conducted by the DOE. This topic is a subject of one of Plaintiff's MIL. Defendant relies on its briefing in response to this objection. |
| 225:22-226:5 | ER 602, 701, 802 | Plaintiff was asked about a different causal analysis and whether substantial changes made to the draft were appropriate.<br><br>Plaintiff has personal knowledge of whether |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 10
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | she believes changes made to a document were appropriate or otherwise followed the causal analysis process. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602). |
| | | Plaintiff's answer (suggesting that the changes were appropriate) is based on her own perception on not on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| | | Plaintiff did not articulate an 802 argument and Defendant is not clear how a question about Plaintiff's beliefs is hearsay. |
| 257:11-17 | ER 402, 403, 602, 701, 802 | Plaintiff was asked whether she perceived emails from her manager and mentor to be sincere concerns about Plaintiff's well-being. |
| | | *First*, Plaintiff's beliefs about her manager and mentor's motives with regard to her job change are relevant. Fed. R. Evid. 402. |
| | | *Second*, Plaintiff's answer is not prejudicial to Plaintiff's case. Fed. R. Evid. 403. Plaintiff has not otherwise articulated any Rule 403 argument. |
| | | *Third,* Plaintiff has personal knowledge of how she interpreted an email. *See Stephens v.* |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 11

4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | *Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602).<br><br>***Fourth,*** Plaintiff's answer is based on her own perception on not on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c).<br><br>***Fifth,*** Battelle will establish at trial that this email itself is a business record and also falls within Rule 807's residual exception. Fed. R. Evid. 803(6); Fed. R. Evid. 807.<br><br>***Fifth***, Battelle is not offering the contents of this document for the truth of the matters asserted. Fed. R. Evid. 801(c)(2).<br><br>***Sixth***, Plaintiff's statements within the email chain are statements by a party opponent. Fed. R. Evid. 801(d)(2). |
| 268:15-24 | ER 602, 701 | Plaintiff was asked whether she believes Battelle managers think about what is best for the lab.<br><br>Plaintiff has personal knowledge of what she thinks. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602). |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 12
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| | | Plaintiff's answer is based on her own perception on not on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 285:4-23 | ER 602, 701 | Plaintiff was asked how she spends her time in her current position.<br><br>Plaintiff has personal knowledge of how she spends her time. *See Stephens v. Douglas Cty. Fire Dist. No. 2*, 2016 WL 9462337, at *3 (E.D. Wash. Sept. 7, 2016) ("'A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter'") (citing Fed. R. Evid. 602).<br><br>Plaintiff's answer is based on her own perception on not on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). |
| 320:11-321:2 | ER 402, 403, 611, 802 | Plaintiff was asked whether the DOE investigation report caused her anxiety.<br><br>***First***, the causes of Plaintiff's alleged anxiety are relevant to this lawsuit. Fed. R. Evid. 402.<br><br>***Second***, while Plaintiff's answer is prejudicial to Plaintiff's case, it is not unfairly prejudicial. Fed. R. Evid. 403. Plaintiff has not otherwise articulated any Rule 403 argument.<br>***Third,*** Plaintiff has not articulated a 611 argument. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 13
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

|  |  | *Fourth,* Plaintiff was asked how the investigation report made her feel, not about the contents of the report, itself.  ER 802. |
|---|---|---|
| 321:6-323:15 | ER 403, 611 | Plaintiff was asked whether the litigation process has been a source of her stress and anxiety.<br><br>The source of Plaintiff's alleged emotional harm is highly relevant to this lawsuit as it is the sole nature of the damages she seeks.  Her answers are relevant and not unfairly prejudicial.  Fed. R. Evid. 403.<br><br>Plaintiff has not articulated a 611 argument. |

| **Plaintiff's Objections to Defendant's Cross-Designations of the Deposition of John LaFemina and Defendant's Response** | | |
|---|---|---|
| Plaintiff's Objection | Basis For Objection | Defendant's Response |
| 29:12-30:9 | ER 602, 701, 802 | Dr. LaFemina's was asked a series of questions about the causal analysis policies and practices at PNNL.  He describes his understanding of that practice in this counter-designation.  To the extent Plaintiff's designations are admissible, this counter-designation should also be admitted as it is based on Dr. LaFemina's personal knowledge, does not require technical or scientific knowledge, and is not hearsay. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO
DEPOSITION DESIGNATIONS AND COUNTER-
DESIGNATIONS – 14
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| 54:14-18 | ER 403, FRCP 32(a)(6) | After designating several passages regarding the reason Dr. LaFemina reorganized Plaintiff's position, Plaintiff omitted this direct question and direct answer. <br><br> While Dr. LaFemina's answer is prejudicial to Plaintiff's case, it is not unfairly prejudicial, and is, in fact, at the heart of Plaintiff's lawsuit. <br><br> To the extent Plaintiff's designations are admissible, this counter-designation should also be admitted. |
|---|---|---|

**Plaintiff's Objections to Defendant's Cross-Designations of the Deposition of Iris Anderson and Defendant's Response**

| Plaintiff's Objection | Basis for Objection | Defendant's Response |
|---|---|---|
| 22:3-21 | ER 402, 601 | Plaintiff designated a series of questions and answers regarding Ms. Anderson's knowledge of PNNL's processes related to combating fraud. To the extent any of these designations are admissible, this counter-designation should also be admitted to demonstrate that Ms. Anderson testified several times that she did not know what the specific processes were or who was responsible for those processes. |

**Plaintiff's Objections to Defendant's Cross-Designations of the Deposition of Marty Conger and Defendant's Response**

| Plaintiff's Objection | Basis for Objection | Defendant's Response |
|---|---|---|

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 15
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

| | | |
|---|---|---|
| 54:16-55:5 | ER 602, FRCP 32(a)(6) | Mr. Conger was asked what he recalled about a particular meeting. His answer was responsive and provides context to the other passages that Plaintiff designated. To the extent any Plaintiff's designations are admissible, Defendant's cross-designation should be admitted, as well. |

DATED this 15th day of October, 2019.

Davis Wright Tremaine LLP
Attorneys for Battelle Memorial Institute

By *s/ Mark N. Bartlett*
Mark N. Bartlett, WSBA No. 15672
Gillian Murphy, WSBA No. 37200
Arthur A. Simpson, WSBA No. 44479
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300 |
Seattle, Washington 98104
Telephone: 206.622.3150
Facsimile: 206.757.7700
markbartlett@dwt.com
gillianmurphy@dwt.com
arthursimpson@dwt.com

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 16
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John P. Sheridan
The Sheridan Law Firm, P.S.
Hoge Building
705 Second Avenue
Seattle, WA 98104
jack@sheridanlawfirm.com

DATED this 15th day of October, 2019.

*s/ Mark N. Bartlett*
Mark N. Bartlett, WSBA No. 15672

DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEPOSITION DESIGNATIONS AND COUNTER-DESIGNATIONS – 17
4848-7437-7129v.1 0021368-000014

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax