1  John P. Sheridan, WSBA No. 21473
   Mark W. Rose, WSBA No. 41916
2  Andra Kranzler, WSBA No. 44098
   Justin O. Abbasi, WSBA No. 53582
3  The Sheridan Law Firm, P.S.
   705 Second Avenue, Suite 1200
4  Seattle, WA 98104
   Tel: 206-381-5949
5
   *Attorneys for Plaintiff*
6
                IN THE UNITED STATES DISTRICT COURT
7            FOR THE EASTERN DISTRICT OF WASHINGTON

8  ALETA BUSSELMAN, an individual,
                                          No. 4:18-cv-05109-SMJ
9            Plaintiff,

10     *vs.*                              PLAINTIFF'S FIRST AMENDED
                                          PROPOSED JURY INSTRUCTIONS
11  BATTELLE MEMORIAL                     AND SPECIAL VERDICT FORM
    INSTITUTE, an Ohio nonprofit
12  corporation,

13           Defendant.

14

15

16

17

18

19

20

PLAINTIFF'S PROPOSED JURY                SHERIDAN LAW FIRM, P.S.
INSTRUCTIONS                             Hoge Building, Suite 1200
Case No. 4:18-cv-05109-SMJ                     705 Second Avenue
                                             Seattle, WA  98104
                                     Tel: 206-381-5949  Fax: 206-447-9206

1    DATED this 25th day of November, 2019.

2                                         THE SHERIDAN LAW FIRM, P.S.

3

           By:   s/John P. Sheridan
4                      John P. Sheridan, WSBA # 21473
                       Mark W. Rose, WSBA # 41916
5                      Andra Kranzler, WSBA # 44098
                       Justin O. Abbasi, WSBA # 53582
6                      Hoge Building, Suite 1200
                       705 Second Avenue
7                      Seattle, WA 98104
                       Phone: 206-381-5949
8                      Fax: 206-447-9206
                       jack@sheridanlawfirm.com
9                      mark@sheridanlawfirm.com
                       andra@sheridanlawfirm.com
10                     justin@sheridanlawfirm.com

11                     *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

PLAINTIFF'S PROPOSED JURY                      SHERIDAN LAW FIRM, P.S.
INSTRUCTIONS                                     Hoge Building, Suite 1200
Case No. 4:18-cv-05109-SMJ                          705 Second Avenue
                                                    Seattle, WA  98104
                                          Tel: 206-381-5949  Fax: 206-447-9206

1

# TABLE OF CONTENTS

2

## SECTION I: PRELIMINARY INSTRUCTIONS

3

**Plaintiff's Proposed Instruction No. 1** - Preliminary Instruction To Be Given To The Entire Panel Before Jury Selection ................................................... 1

4

5

- https://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-ImplicitBias.pdf

6

**Plaintiff's Proposed Instruction No. 2** - Preliminary Instructions To Be Given Before Opening Statements,  Duty Of Jury .................................................. 2

7

- Ninth Circuit Model Civil Jury Instruction 1.2 (modified)

8

- https://www.wawd.uscourts.gov/sites/wawd/files/criminaljuryinstructions-implicitbias.pdf

9

10

**Plaintiff's Proposed Instruction No. 6** - Credibility of Witnesses ....................... 4

11

- Ninth Circuit Model Civil Jury Instruction 1.14 (Credibility of Witnesses) (modified)

12

- https://www.wawd.uscourts.gov/sites/wawd/files/criminaljuryinstructions-implicitbias.pdf

13

14

**Plaintiff's Proposed Instruction No. 7** - Protected Disclosure under the NDAA-ECP ................................................................................................ 7

15

- 41 U.S.C § 4712(a)(1)

16

- ECF No. 244 (Order), at 11:1-7, quoting *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 890 (9th Cir. 2004)

17

18

- ECF No. 244 (Order), at 11:7-12, quoting *Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1382 (Fed. Cir. 2008)

19

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - i
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**Plaintiff's Proposed Instruction No. 8** - Burden of Proof of Plaintiff under NDAA-ECP ........................................................................................... 9

- 5 U.S.C. § 1221(e)(1), *incorporated by reference in* 41 U.S.C. § 4712(c)(6)

- Ninth Circuit Model Civil Jury Instruction 10.8 (Civil Rights—Title VII—Retaliation—Elements and Burden of Proof) (modified)

- Ninth Circuit Model Civil Jury Instruction 9.9 (First Amendment-Public Employees-Speech) (modified)

**Plaintiff Proposed Instruction No. 12** - Burden of Proof of Defendant for Same Action Defense ........................................................................... 10

- 5 U.S.C. §1221(e)(2), *incorporated by reference in* 41 U.S.C. § 4712(c)(6)

- *Sagendorf-Teal v. Cty. of Rensselaer*, 100 F.3d 270, 275 (2d Cir. 1996)

- *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995),

- *Price Waterhouse v. Hopkins,* 490 U.S. 228, 252, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989)

- *Bd. of Cty. Comm'rs, Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 685, 116 S. Ct. 2342, 135 L. Ed. 2d 843 (1996)

**Plaintiff Proposed Instruction No. 14** – Judicial Notice ................................... 12

- Ninth Circuit Model Civil Jury Instruction 2.3 (modified);

- Fed.R.Evid. 201(f);

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - ii
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

- ECF NO. 20 (Order Granting In Part And Denying In Part Plaintiff's Request For Judicial Notice, And Denying Defendant's Motion To Dismiss) at 11:8-13:9 quoting:

  o 48 C.F.R. § 970.5203-1(A)(1);

  o 48 C.F.R. § 970.5203-1(A)(2);

  o 48 C.F.R. § 970.5203-1(B);

  o ECF No. 10-1 (Defendant's Contract, H-27, I-114, I-115, I-116) at 4-7, 12, 14-15; and

  o ECF No. 10-1 (Energy Department Handbook) at 102, 106, 126, 129, 131).

## SECTION II: FINAL INSTRUCTIONS

**Plaintiff Proposed Instruction No. 13** – Damages ............................................ 15

- Ninth Circuit Model Civil Jury Instruction 5.1 & 5.2 (modified)

- 6A Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.81

- *Bunch v. King Cty. Dep't of Youth Servs.*, 155 Wn.2d 165, 180 & n.8, 116 P.3d 381 (2005)

- *Miller V. Equifax Info. Servs., LLC*, No. 3:11-CV-01231-BR, 2014 WL 2178257, AT *5 (D. Or. May 23, 2014)

- *Medina v. Metro. Interpreters & Translators, Inc.*, 139 F. Supp. 3D 1170, 1176 (S.D. Cal. 2015), *aff'd sub nom. Bates v. Metro. Interpreters & Translators, Inc.,* 742 F. App'x 268 (9th Cir. 2018)

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - iii
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

- *Cano v. Zurich Am. Ins. Co.*, No. CV-05-0511-PHX-SRB, 2007 WL 9724259, at *2 (D. Ariz. Apr. 18, 2007)

- *Rollins V. Traylor Bros.*, No. C14-1414-JCC, 2017 wl 1756576, at *6 (W.D. Wash. May 5, 2017)

- *Karrani v. JetBlue Airways Corp.*, No. C18-01510-RSM, 2019 WL 2269818, at *3 (W.D. Wash. May 28, 2019)

- *Tennison v. City & Cty. of San Francisco*, No. C-04-0574 CW (EMC), 2005 WL 8160037, at *4 (N.D. Cal. July 5, 2005)

<u>SECTION III: SPECIAL VERDICT FORM</u>

**Special Verdict Form** ........................................................................... 18

- Ninth Circuit Model Civil Jury Instruction 10.1 (modified)

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - iv
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

**PROPOSED INSTRUCTION NO. 1**

INSTRUCTION NO. _____

PRELIMINARY INSTRUCTION TO BE GIVEN TO
THE ENTIRE PANEL BEFORE JURY SELECTION

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the [plaintiff,] defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial. Accordingly, during this voir dire and jury selection process, I [the lawyers] may ask questions [or use demonstrative aids] related to the issues of bias and unconscious bias.

https://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-ImplicitBias.pdf

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 1
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

**PROPOSED INSTRUCTION NO. 2**

INSTRUCTION NO. _____
PRELIMINARY INSTRUCTIONS TO BE GIVEN
BEFORE OPENING STATEMENTS

DUTY OF JURY

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must decide the case solely on the evidence and law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 2
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1    unconscious bias. Unconscious biases are stereotypes, attitudes, or

2    preferences that people may consciously reject but may be expressed without

3    conscious awareness, control, or intention. Like conscious bias, unconscious

4    bias, too, can affect how we evaluate information and make decisions.

5         Please do not read into these instructions or anything I may say or do

6    that I have an opinion regarding the evidence or what your verdict should be.

Ninth Circuit Model Civil Jury Instruction 1.2 (modified);

https://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-
ImplicitBias.pdf;

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 3
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1

## PROPOSED INSTRUCTION NO. 6    **

2

INSTRUCTION NO. _____

3    In deciding the facts in this case, you may have to decide which

4  testimony to believe and which testimony not to believe. You may believe

5  everything a witness says, or part of it, or none of it.

6    In considering the testimony of any witness, you may take into account:

7    (1) the opportunity and ability of the witness to see or hear or know the

8    things testified to;

9    (2) the witness's memory;

10    (3) the witness's manner while testifying;

11    (4) the witness's interest in the outcome of the case, if any;

12    (5) the witness's bias or prejudice, if any;

13    (6) whether other evidence contradicted the witness's testimony;

14    (7) the reasonableness of the witness's testimony in light of all the

15    evidence; and

16    (8) any other factors that bear on believability.

17

_____

18  ** Plaintiff's instructions are non-sequential, because the parties agreed not to

19  renumber the proposed jury instructions they previously submitted.

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 4
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1    You must avoid bias, conscious or unconscious, based on the witness's

2 race, color, religious beliefs, national origin, sexual orientation, gender

3 identity, or gender in your determination of credibility.

4    Sometimes a witness may say something that is not consistent with

5 something else he or she said. Sometimes different witnesses will give

6 different versions of what happened. People often forget things or make

7 mistakes in what they remember. Also, two people may see the same event

8 but remember it differently. You may consider these differences, but do not

9 decide that testimony is untrue just because it differs from other testimony.

10    However, if you decide that a witness has deliberately testified

11 untruthfully about something important, you may choose not to believe

12 anything that witness said. On the other hand, if you think the witness

13 testified untruthfully about some things but told the truth about others, you

14 may accept the part you think is true and ignore the rest.

15    The weight of the evidence as to a fact does not necessarily depend on

16 the number of witnesses who testify. What is important is how believable the

17 witnesses were, and how much weight you think their testimony deserves.

18

19 Ninth Circuit Model Civil Jury Instruction 1.14 (Credibility of Witnesses)

(modified);

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 5
Case No. 4:18-cv-05109-SMJ

1  https://www.wawd.uscourts.gov/sites/wawd/files/CriminalJuryInstructions-

2  ImplicitBias.pdf, Model Ninth Circuit Criminal Instruction 1.7 (modified).

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 6
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

## PROPOSED INSTRUCTION NO. 7

INSTRUCTION NO. _____

The plaintiff brings a claim for whistleblower retaliation under the National Defense Authorization Act's Enhancement of Contractor Protection from Reprisal for Disclosure of Certain Information Act (the "NDAA-ECP").

Under the NDAA-ECP, an employee of a federal contractor may not be subject to an adverse employment action as a reprisal for:

(1) disclosing to a management official or other employee who has the responsibility to investigate, discover, or address misconduct,

(2)  information that the employee reasonably believes is evidence of:

(a)     gross mismanagement of a Federal contract or grant,

(b)     a gross waste of Federal funds,

(c)     an abuse of authority relating to a Federal contract or grant,

(d)     a substantial and specific danger to public health or safety, or

(e)     a violation of law, rule, or regulation related to a Federal contract.

If an employee engages in the conduct described in paragraphs 1 and 2 above, she has made a "protected disclosure" under the NDAA-ECP.

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 7
Case No. 4:18-cv-05109-SMJ

1    To establish that she held a reasonable belief, the plaintiff must

2  demonstrate that a disinterested observer with knowledge of the essential

3  facts known to and readily ascertainable by the employee could reasonably

4  conclude that the actions at issue evidence gross mismanagement, a gross

5  waste of funds, an abuse of authority, or a violation of any law, rule, or

6  regulation.

7    To establish that she held the requisite reasonable belief, Plaintiff need

8  not prove that the condition disclosed actually established one or more of the

9  listed categories of wrongdoing, but instead must show that the matter

10  disclosed was one which a reasonable person in her position would believe

11  evidenced one of the situations specified.

12

13

14

15

16  41 U.S.C § 4712(a)(1); *and* ECF No. 244 (Order), at 11:1-12, quoting *Coons v.*

17  *Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 890 (9th Cir. 2004) (first alteration

18  in original) (quoting Lachance v. White, 174 F.3d 1378, 1381 (Fed. Cir. 1999));

19  and *Drake v. Agency for Int'l Dev.*, 543 F.3d 1377, 1382 (Fed. Cir. 2008).

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 8
Case No. 4:18-cv-05109-SMJ

## PROPOSED INSTRUCTION NO. 8

INSTRUCTION NO. _____

In order to prevail on her NDAA-ECP whistleblower retaliation claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

(1)    the plaintiff made a protected disclosure under the NDAA-ECP;

(2)    the defendant took an adverse employment action against the plaintiff; and

(3)    the plaintiff's protected disclosure was a contributing factor for the adverse employment action.

Ninth Circuit Model Civil Jury Instruction 10.8 (Civil Rights—Title VII—Retaliation—Elements and Burden of Proof) (modified); Ninth Circuit Model Civil Jury Instruction 9.9 (First Amendment-Public Employees-Speech) (modified); and 5 U.S.C. § 1221(e)(1) (providing "contributing factor" burden of proof"), *incorporated by reference in* 41 U.S.C. § 4712(c)(6).

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 9
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1

2

## PROPOSED INSTRUCTION NO. 12

INSTRUCTION NO. _____

3

4

5

   If you find that Plaintiff's protected disclosure was a contributing factor in the adverse employment action, the plaintiff is entitled to your verdict, even if you find that the defendant's conduct was also motivated by a lawful reason.

6

7

8

9

10

   If, however, the defendant proves by clear and convincing evidence that the defendant would have taken the same adverse employment action on the same day that the action occurred even if the plaintiff's protected disclosure had played no role in the employment decision, your verdict should be for the defendant.

11

12

13

14

15

16

17

18

19

20

*See* 5 U.S.C. §1221(e)(2) ("Corrective action … may not be ordered if, after a finding that a protected disclosure was a contributing factor, the **agency** demonstrates by clear and convincing evidence that it would have taken the same **personnel action** in the absence of such disclosure."), incorporated by reference in 41 U.S.C §4712(c)(6); and *see Sagendorf-Teal v. Cty. of Rensselaer*, 100 F.3d 270, 275 (2d Cir. 1996) (affirming "same day" instruction on the same

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 10
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA 98104
Tel: 206-381-5949  Fax: 206-447-9206

1   action defense in the context of a case alleging retaliation under the First

2   Amendment), citing *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 360,

3   115 S. Ct. 879, 130 L. Ed. 2d 852 (1995), and *Price Waterhouse v. Hopkins,* 490

4   U.S. 228, 252, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) (plurality opinion)

5   (employer's legitimate reason for discharge in mixed-motive case will not suffice

6   "if that reason did not motivate it at the time of the decision"; "proving 'that the

7   same decision would have been justified ... is not the same as proving that the

8   same decision would have been made.'"); *see also Bd. of Cty. Comm'rs,*

9   *Wabaunsee Cty., Kan. v. Umbehr*, 518 U.S. 668, 685, 116 S. Ct. 2342, 135 L. Ed.

10  2d 843 (1996) ("[T]he Board will have a valid defense if it can show… that, in

11  light of their knowledge, perceptions, and policies at the time of the termination,

12  the Board members would have terminated the contract regardless of his speech").

13

14

15

16

17

18

19

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 11
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

## PROPOSED INSTRUCTION NO. 14

### INSTRUCTION NO. _____

The court has decided to accept as proved the following facts, which you must accept as true.

By regulation, an energy department contractor shall be responsible for maintaining, as an integral part of its organization, effective systems of management controls. These controls must reasonably ensure that financial, statistical, and other reports necessary to maintain accountability and managerial control are accurate, reliable, and timely. Further, these controls shall be documented and satisfactory to the energy department. Also, an energy department contractor shall be responsible for maintaining, as a part of its operational responsibilities, a baseline quality assurance program that implements documented control and assessment techniques.

Defendant's contract contains identical provisions as the regulation quoted above. Additionally, the contract provides Defendant shall develop a Contractor assurance system that is implemented throughout the Contractor's organization. This system, at a minimum, shall include the following key attributes, as relevant here. First, this system must include a comprehensive description of the assurance system with processes, key activities, and accountabilities clearly identified.

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 12
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1    Second, this system must include rigorous, risk-based, credible self-assessments,

2    including independent reviews. Finally, this system must include identification

3    and correction of negative compliance trends.

4    According to an energy department handbook, an Enforcement

5    Coordinator's responsibilities include ensuring that contractor managers have a

6    working knowledge of the energy department's enforcement program, monitoring

7    contractor compliance assurance program effectiveness and progress in moving

8    toward a culture of critical self-evaluation and continuous improvement,

9    managing or overseeing screening of problems, issues, findings, and conditions to

10    identify noncompliances, and, critically ensuring proper and timely reporting of

11    noncompliances.

12    'Noncompliance' is a condition that does not meet an energy department

13    regulatory requirement. Sometimes, 'noncompliances that led to the event may not

14    be identified until the root cause analysis and preliminary inquiry have been

15    completed. Thus, an effective causal analysis is essential.

16    Generally, a root cause analysis is appropriate for more significant or

17    complex issues. But regardless of the issue involved, the energy department

18    expects a contractor conducting an investigation/causal analysis to ensure that  the

19    personnel who conduct the investigation are sufficiently independent of

20    PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 13
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

involvement in the event and adequately trained and qualified. Contractors should investigate whether organizational and management issues contributed to the failure. And any identified noncompliances should be reported along with associated corrective actions developed from the causal/root cause analysis.

Ninth Circuit Model Civil Jury Instruction 2.3 (modified); Fed.R.Evid. 201(f) ("Instructing the Jury. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive."); ECF No. 20 (Order Granting In Part And Denying In Part Plaintiff's Request For Judicial Notice, And Denying Defendant's Motion To Dismiss) at 11:8-13:9 (quoting 48 C.F.R. § 970.5203-1(a)(1); 48 C.F.R. § 970.5203-1(a)(2); 48 C.F.R. § 970.5203-1(b) and ECF No. 10-1 (Defendant's Contract, H-27, I-114, I-115, I-116) at 4-7, 12, 14-15 and ECF No. 10-1 (Energy Department handbook) at 102, 106, 126, 129, 131).

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 14
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA 98104
Tel: 206-381-5949  Fax: 206-447-9206

1

## SECTION II: FINAL INSTRUCTIONS

2

**PROPOSED INSTRUCTION NO. 13**

3

INSTRUCTION NO. _____

4

It is the duty of the Court to instruct you about the measure of damages. By

5

instructing you on damages, the Court does not mean to suggest for which party

6

your verdict should be rendered.

7

If you find for the plaintiff on her NDAA-ECP whistleblower retaliation

8

claim, you must determine the plaintiff's damages. The plaintiff has the burden of

9

proving damages by a preponderance of the evidence. Damages means the amount

10

of money that will reasonably and fairly compensate the plaintiff for any injury

11

you find was caused by the defendant. You should consider the following:

12

The nature and extent of the injuries;

13

The emotional suffering experienced, such as stress, loss of enjoyment of

14

life, humiliation, embarrassment, fear, anxiety, or grief, and which with

15

reasonable probability will be experienced in the future;

16

It is for you to determine what damages, if any, have been proved.

17

Your award must be based upon evidence and not upon speculation,

18

guesswork or conjecture.

19

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 15
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1    Ninth Circuit Model Civil Jury Instruction 5.1 & 5.2 (modified); *see also* 6A

2    Wash. Prac., Wash. Pattern Jury Instr. Civ. WPI 330.81 ("emotional harm…,

3    including *[emotional distress] [loss of enjoyment of life] [humiliation] [pain and*

4    *suffering] [personal indignity, embarrassment]*, *[fear, anxiety, and/or*

5    *anguish]* experienced and with reasonable probability to be experienced by (name

6    of employee) in the future.]"); *accord Bunch v. King Cty. Dep't of Youth Servs.*,

7    155 Wn.2d 165, 180 & n.8, 116 P.3d 381 (2005); *and see Miller v. Equifax Info.*

8    *Servs., LLC*, No. 3:11-CV-01231-BR, 2014 WL 2178257, at *5 (D. Or. May 23,

9    2014) ("the jury was specifically instructed that Miller's "claim for actual damages

10   is for emotional distress, including <u>humiliation</u>, <u>mental anguish</u>, loss of reputation,

11   invasion of privacy, and <u>fear</u> of lost credit opportunities"); *Medina v. Metro.*

12   *Interpreters & Translators, Inc.*, 139 F. Supp. 3d 1170, 1176 (S.D. Cal. 2015)

13   (jury was instructed, "In determining the measure of damages, you should

14   consider past and future: (2) emotional distress such as any inconvenience,

15   <u>grief</u>, <u>anxiety</u>, <u>humiliation</u>, worry, or shame, and which with reasonable

16   probability will be experienced in the future."), *aff'd sub nom. Bates v. Metro.*

17   *Interpreters & Translators, Inc.,* 742 F. App'x 268 (9th Cir. 2018); *Cano v. Zurich*

18   *Am. Ins. Co.*, No. CV-05-0511-PHX-SRB, 2007 WL 9724259, at *2 (D. Ariz.

19   Apr. 18, 2007) ("The jury was instructed that compensable damages for the bad

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 16
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

faith claim included 'emotional distress, <u>humiliation</u>, inconvenience and <u>anxiety</u> experienced and reasonably probable to be experienced in the future."); *Rollins v. Traylor Bros.*, No. C14-1414-JCC, 2017 WL 1756576, at *6 (W.D. Wash. May 5, 2017) (describing "pray for relief for '<u>humiliation</u>, <u>loss of enjoyment of life</u>, pain and suffering, personal indignity, <u>embarrassment</u>, <u>fear</u>, sadness, anger, <u>anxiety</u>, <u>anguish</u>, and <u>other forms of emotional distress</u> they have experienced" as a claim for garden variety emotional distress); *accord Karrani v. JetBlue Airways Corp.*, No. C18-01510-RSM, 2019 WL 2269818, at *3 (W.D. Wash. May 28, 2019) ("Mr. Karrani only alleges 'garden variety' emotional distress. He seeks non-medical emotional harm damages related to <u>stress</u>, <u>loss of enjoyment of life</u>, <u>humiliation</u>, <u>embarrassment</u>, <u>fear</u>, <u>anxiety</u>, and <u>anguish/grief</u> as a result of Defendant's conduct."); see also, e.g., *Tennison v. City & Cty. of San Francisco*, No. C-04-0574 CW (EMC), 2005 WL 8160037, at *4 (N.D. Cal. July 5, 2005) (recognizing "<u>fear</u> of being assaulted" is ***not*** a claim for "unusually severe" emotional distress and thus denying Rule 35 exam).

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 17
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

1

2

3                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF WASHINGTON
4

5    ALETA BUSSELMAN, an individual,          No. 4:18-cv-05109-SMJ

6                Plaintiff,

7         *vs.*                                SPECIAL VERDICT FORM

8    BATTELLE MEMORIAL
     INSTITUTE, an Ohio nonprofit
9    corporation,                              Ninth Circuit Model Civil Jury
                                               Instruction 10.1 (modified)
                 Defendant.
10

11          WE THE JURY, answer the following questions submitted by the Court as

12   follows:

13   1.     Has the plaintiff proved by a preponderance of the evidence that she made a

14   protected disclosure, and that it was a contributing factor in an adverse

15   employment action being taken against her by the defendant?

16

17          _____   _____
            Yes          No
18

     *If the answer to Question No. 1 is "no," do not answer any further questions.*
19   *If the answer to Question No. 1 is "yes," proceed to Question No. 2*

20

     PLAINTIFF'S PROPOSED JURY                SHERIDAN LAW FIRM, P.S.
     INSTRUCTIONS - 18                            Hoge Building, Suite 1200
     Case No. 4:18-cv-05109-SMJ                      705 Second Avenue
                                                     Seattle, WA  98104
                                          Tel: 206-381-5949  Fax: 206-447-9206

2.    Has the defendant proved by clear and convincing evidence that the

adverse employment action was also motivated by a lawful reason?


_____    _____

Yes            No

*If the answer to Question No. 2 is "no," proceed to Question 4. If the answer
to Question No. 1 is "yes," proceed to Question No. 3.*


3.    Has the defendant proved by clear and convincing evidence that the

defendant would have taken the same adverse employment action on the same

day even if the plaintiff's protected disclosure had played no role in the

defendant's decision?


_____    _____

Yes            No

*If your answer to Question No. 3 is "yes," do not answer any further
questions. If your answer to Question No. 3 is "no", proceed to Question 4.*

4    Did Plaintiff suffer damages caused by the actions of Defendant?


_____    _____

Yes            No

*If your answer is "yes," please complete the next section as to the amount of
damages you find that Plaintiff has sustained as the result of Defendant's
actions*?

.

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 19
Case No. 4:18-cv-05109-SMJ

SHERIDAN LAW FIRM, P.S.
Hoge Building, Suite 1200
705 Second Avenue
Seattle, WA  98104
Tel: 206-381-5949  Fax: 206-447-9206

Stress                              $_____

Loss of enjoyment of life           $_____

Humiliation                         $_____

Embarrassment                       $_____

Fear                                $_____

Anxiety                             $_____

Grief                               $_____



Dated this _____ day of December, 2019.


                                    _____
                                    Presiding Juror


PLAINTIFF'S PROPOSED JURY                SHERIDAN LAW FIRM, P.S.
INSTRUCTIONS - 20                           Hoge Building, Suite 1200
Case No. 4:18-cv-05109-SMJ                     705 Second Avenue
                                             Seattle, WA  98104
                                     Tel: 206-381-5949  Fax: 206-447-9206

1

## CERTIFICATE OF SERVICE

2      I certify that on November 25, 2019, I electronically filed the above and

3  foregoing pleading using the CM/ECF System. Notice of Electronic Filing was

4  provided to the following counsel:

5      Mark Nelson Bartlett
       Gillian Murphy
6      Arthur Simpson
       DAVIS WRIGHT TREMAINE, LLP
7      1201 Third Avenue, Suite 220
       Seattle, Washington 98101
8
       *Attorneys for Defendant*
9

10
                              s/Mark Rose
11                            Mark Rose, WSBA # 41916

12

13

14

15

16

17

18

19

20

PLAINTIFF'S PROPOSED JURY
INSTRUCTIONS - 21
Case No. 4:18-cv-05109-SMJ